# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

Consolidated Appeal Nos. 22-3042 and 22-3050

**VIRGINIA L. GIUFFRE,**
*Plaintiff-Appellee*,

v.

**GHISLAINE MAXWELL,**
*Defendant*,

v.

**DOES 107, 171,**
*Objectors-Appellants,*

v.

**MIAMI HERALD MEDIA CO., JULIE BROWN,**
*Intervenors-Appellees*

v.

**SHARON CHURCHER, JEFFREY EPSTEIN,**
*Respondents*

**INTERVENORS JULIE BROWN AND MIAMI HERALD MEDIA CO.'S OPPOSITION TO DOE 107'S EMERGENCY MOTION TO STAY UNSEALING ORDER PENDING APPEAL**

On Appeal from the United States District Court for the
Southern District of New York, No. 15-cv-07433-LAP

>HOLLAND & KNIGHT, LLP
>
>Christine N. Walz
>31 West 52nd Street
>New York, NY 10019
>Telephone: 212.513.3200
>Fax: 212.385.9010
>
>*Counsel for Intervenors Julie Brown and Miami Herald Media Company*

Dated: December 2, 2022
   New York, New York

## TABLE OF CONTENTS

INTRODUCTION ..........................................................................................................1

STANDARD OF REVIEW ..........................................................................................2

ARGUMENT ................................................................................................................2

    I.    DOE 107 CANNOT DEMONSTRATE THAT THE DISTRICT COURT ABUSED ITS DISCRETION IN ORDERING THE DOCUMENTS UNSEALED; THUS, DOE 107 CANNOT SUCCEED ON THE MERITS. ...............................................................................................2

    II.    DOE 107 OVERSTATES THE POTENTIAL FOR IRREPARABLE HARM. ...........................................................................................................4

    III.    FAILURE TO PROVIDE TIMELY ACCESS TO JUDICIAL RECORDS CAUSES INJURY TO BOTH INTERVENORS AND THE PUBLIC INTEREST. ..................................................................................4

CONCLUSION .............................................................................................................6

# **TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*Bridges v. California*,
 314 U.S. 252, 62 S.Ct. 190, 86 L.Ed. 192 (1941)...................................................5

*Brown v. Maxwell*,
 929 F.3d 41 (2d Cir. 2019) ..................................................................................1, 3

*Courthouse News Serv. v. Planet*,
 947 F.3d 581 (9th Cir. 2020) ....................................................................................5

*Courthouse News Serv. v. Schaefer*,
 440 F. Supp. 3d 532 (E.D. Va. 2020) .......................................................................5

*New York v. Trump*,
 490 F. Supp. 3d 736 (S.D.N.Y. 2020) ......................................................................2

*Thapa v. Gonzales*,
 460 F.3d 323 (2d Cir. 2006) .................................................................................2, 4

*United States v. Erie Cty., N.Y.*,
 763 F.3d 235 (2d Cir. 2014) .....................................................................................5

# **INTRODUCTION**

This Court, in an earlier appeal of this matter, directed the District Court to "review the remaining sealed materials individually and unseal those materials as appropriate." *Brown v. Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019). The District Court has reviewed the documents at issue as instructed by this Court and evaluated the docket entries separately for their eligibility for unsealing with a procedure for notifying non-party "Does" and applying necessary redactions—all in accordance with this Court's order. *See id.* at 50-51.

For the documents concerning Doe 107, the District Court made specific, well-reasoned findings on the record, determining that documents containing information concerning Doe 107 were judicial records that should be unsealed. *See generally* DE 22-2. To overturn the District Court's ruling, Doe 107 will need to show that the court abused its discretion. Such a finding is not appropriate here.

Each of the factors used in determining whether to grant a motion to stay pending appeal favor denial of the stay: Doe 107 is not likely to succeed on the merits of the appeal, Doe 107 exaggerates the potential for irreparable injury, and a stay would injure both Intervenors and the public interest. For these reasons, Intervenors respectfully request that the Court deny Doe 107's Emergency Motion to Stay Unsealing Order Pending Appeal.

## STANDARD OF REVIEW

In considering a request to stay pending an appeal, the Court must consider: "(1) whether the movant has 'made a strong showing' that it 'is likely to succeed on the merits'; (2) whether the movant 'will be irreparably injured absent a stay'; (3) whether a stay 'will substantially injure the other parties interested in the proceeding'; and (4) 'where the public interest lies.'" *New York v. Trump*, 490 F. Supp. 3d 736, 741 (S.D.N.Y. 2020). This Court has held that these factors should be considered "somewhat like a sliding scale," such that "more of one excuses less of the other." *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006). The first two factors—merits of the claim and the showing of irreparable harm—are typically "have typically been evaluated on a sliding scale, so that a strong showing that the applicant is likely to succeed excuses a weaker showing of irreparable injury." *Trump*, 490 F. Supp. 3d at 741. The movant seeking the stay bears the burden of showing that a balance of all four factors exists. *See id.* Doe 107 cannot meet this burden.

## ARGUMENT

**I.  DOE 107 CANNOT DEMONSTRATE THAT THE DISTRICT COURT ABUSED ITS DISCRETION IN ORDERING THE DOCUMENTS UNSEALED; THUS, DOE 107 CANNOT SUCCEED ON THE MERITS.**

Doe 107's request for a stay should be denied because Doe 107 has not demonstrated the requisite "strong showing" of a likelihood of success on the merits of this appeal.

2

To prevail on the appeal, Doe 107 must demonstrate that the District Court abused its discretion in concluding that the documents concerning Doe 107 should be unsealed. *See Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). Doe 107 cannot do so.

In ruling to unseal documents referencing Doe 107, the Court held that the "the information contained in these excerpts is not particularly salacious." DE 22-2, at 12. In response, Doe 107 says the documents could be considered salacious "*when putting those excerpts in the context of the overall litigation.*" DE 22-1, at 18. In other words, Doe 107 contends the contents themselves are not actually salacious or injurious to Doe 107's reputation, but simply being associated with the overall litigation is objectionable. If that were sufficient grounds for sealing a third party's identity, then every Doe's name appearing in the documents would automatically be sealed, and there would be no need for a particularized review. But that is not the governing legal standard.

The District Court specifically addressed this argument with respect to Doe 107, stating that "Doe 107 objects essentially on the grounds that unsealing would connect that Doe with this case and would unnecessarily invade Doe 107's privacy." DE 22-2, at 12. The District Court went on to find that Doe 107's "generalized concerns of adverse publicity do not outweigh the presumption of public access."

3

DE 22-2, at 12. To overturn this ruling, the Court will need to find that the District Court abused its discretion, but no grounds exist for doing so.

Doe 107 offers no plausible grounds for reversal of the District Court's decision. As a result, Doe 107 fails to establish a strong showing of a likelihood of success on the merits of this appeal.

## II. DOE 107 OVERSTATES THE POTENTIAL FOR IRREPARABLE HARM.

Doe 107 also fails to show a potential for irreparable harm if a stay is not granted. According to the District Court's findings, "the information [about Doe 107] contained in these excerpts is not particularly salacious," and Doe 107 has alleged only "generalized concerns of adverse publicity" if the documents were to be released. (DE 22-2, at 12.)

Because there is no plausible grounds supporting Doe 107's appeal, there is no irreparable harm that Doe 107 would suffer harm if the stay is denied. *See Thapa*, 460 F.3d at 334 ("[T]hese criteria should be applied 'somewhat like a sliding scale . . . more of one excuses less of the other.'").

## III. FAILURE TO PROVIDE TIMELY ACCESS TO JUDICIAL RECORDS CAUSES INJURY TO BOTH INTERVENORS AND THE PUBLIC INTEREST.

In contrast to the marginal interests that Doe 107 has in further delaying disclosure of public records, the Intervenors and the public have constitutional and common law rights to *timely access* to judicial records that would be impaired if the

4

stay is granted. The documents at issue have been improperly sealed for years in violation of both the First Amendment and common law rights of access. *See Courthouse News Serv. v. Planet*, 947 F.3d 581, 585, 589 (9th Cir. 2020); *Courthouse News Serv. v. Schaefer*, 440 F. Supp. 3d 532, 563 (E.D. Va. 2020) ("To efficiently inform the public, the media must have complete and timely access in our increasingly data-driven decision making."); *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 244 (2d Cir. 2014) ("recognizing the 'importance of immediate access where a right to access is found . . . .'").

"[A] necessary corollary of the right to access is a right to *timely* access." *Planet*, 947 F.3d at 594 (emphasis added). The news media's reporting on judicial records "must be timely to be newsworthy and to allow for ample and meaningful public discussion regarding the functioning of our nation's court systems." *Id.* The Supreme Court long ago held that "a ban on reporting news 'just at the time [the] audience would be most receptive' would be effectively equivalent to 'a deliberate statutory scheme of censorship.'" *Id.* (citing *Bridges v. California*, 314 U.S. 252, 62 S.Ct. 190, 86 L.Ed. 192 (1941)). "In other words, the public interest in obtaining news is an interest in obtaining contemporaneous news." *Id.* The District Court determined the documents referencing Doe 107 were judicial documents that did not warrant sealing, and any continued delay in releasing this public record is the

5

equivalent of a denial of access in contravention of Intervenors' First Amendment rights and the public interest.

The documents at issue have been improperly sealed for years—in a way that allowed Mr. Epstein, Ms. Maxwell, and others' abuse of young girls to go on unchallenged and unpunished, and allowed a legal system that protected perpetrators over victims to go unquestioned. Any further delay is unjustified, and there is a substantial public interest in remedying those injustices by providing immediate access to these records.

## CONCLUSION

For the foregoing reasons, Intervenors respectfully request that the Court deny Doe 107's Emergency Motion to Stay Unsealing Order Pending Appeal.

Dated: December 2, 2022
   New York, New York

Respectfully submitted,

HOLLAND & KNIGHT, LLP

/s/ Christine N. Walz
Christine N. Walz
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
Fax: 212.385.9010

*Attorney for Intervenors Julie Brown and Miami Herald Media Company*

6