# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 22-3050

**Caption [use short title]:** Giuffre v. Maxwell

**Motion for:** Non-Party Doe 171's Motion to File Briefs Under Seal and to Supplement the Record on Appeal

**Set forth below precise, complete statement of relief sought:**
Non-party Doe 171 requests that this Court allow her Motion for Stay Pending Appeal of Ore Tenus Unsealing Order (Doc. 17) to be filed under seal.

**MOVING PARTY:** Jane Doe 171
☑ Appellant/Petitioner

**OPPOSING PARTY:** Intervenor-Appellee, Julie Brown & The Miami Herald, Plaintiff-Appellee Virginia Giuffre

**MOVING ATTORNEY:** Jeffrey W. Gutchess
AXS Law Group, PLLC
2121 NW 2nd AVE, Suite 201 Miami, FL 33127
(305)297-1878 jeff@axslawgroup.com

**OPPOSING ATTORNEY:** Christine Walz (for Intervenor Miami Herald & Brown)
Holland & Knight 31 West 52nd St New York, NY 10019 (212) 385-9010 christine.walz@hklaw.com
Sigrid McCawley (for Giuffre) - Boise Schiller & Flexner LLP
401 E. Las Olas Blvd. Ste. 1200 Ft. Lauderdale, FL 333301 (951)356-0011 smccawley@bsfllp.com

**Court- Judge/ Agency appealed from:** United States District Court (SDNY), Hon. Loretta A. Preska

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date:

**Signature of Moving Attorney:**
/s/ Jeffrey W. Gutchess **Date:** 12-5-2022 **Service by:** ☑ CM/ECF ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

CASE NO. 22-3050

VIRGINIA GIUFFRE,

    *Plaintiff*,

v.

GHISLAINE MAXWELL,

    *Defendant*,

v.

JANE DOE 171,

    *Objector-Appellant*,

v.

MIAMI HERALD COMPANY and
JULIE BROWN,

    *Intervenor-Appellee*.
_____/

### NON-PARTY DOE 171'S MOTION TO FILE BRIEFS UNDER SEAL AND TO SUPPLEMENT THE RECORD ON APPEAL

Appellant Non-Party Doe 171 respectfully moves this Court for entry of an Order, *nunc pro tunc*, permitting her to file under seal her November 2, 2022 (Unredacted) Motion for Stay Pending Appeal of *Ore Tenus* Unsealing Order (Doc. 17).

This appeal stems from the Jeffrey Epstein saga, and in particular a November 18, 2022 videoconference, in which no argument was permitted, where the district court announced an *ore tenus* ruling to unseal documents pertaining to a number of Non-Party Does, including Doe 171. While the district court's *ore tenus* order imposed measures to protect the privacy of at least one other Non-Party Doe who "continues to experience trauma as a result" of the events that were the subject of the litigation, it declined to even consider whether any such protective measures were necessary to protect the privacy of Doe 171 on the ground that "[n]umerous . . . public sources" purportedly referred to her as "an assistant to Ghislaine Maxwell" when she was a young woman. Nov. 18, 2022 Hr'g Tr. at 6-7; *accord Brown v. Maxwell*, 929 F.3d 41, 47 (CA2 2019) ("We . . . emphasize the courts' responsibility to exercise the[ ] powerful tools" available to minimize the "harms to privacy and reputation" that can result when "damaging material irrevocably enters the public record"). The questions on appeal are intertwined with other delicate issues that remain pending in the district court. *See* Doc. 1285 (citing, *inter alia*, Fed. R. Civ. P. 62.1).[1]

---

[1] Based on our initial investigation, it appears that the first round of unsealing which identified Doe 171 by name—and thus triggered all of the subsequent harmful disclosures that have continued to occur ever since—took place in August 2019, without providing Doe 171 any notice or opportunity to object at a time when Doe 171 was not represented by counsel. We are attempting to learn more about whether, how, and why this happened.

Although the district court's *ore tenus* unsealing order would have the effect of irrevocably and permanently destroying Doe 171's personal privacy interests by releasing new and sickening fabrications about events that are alleged to have occurred over 20 years ago, this appeal was initiated under extreme time constraints. Notably, despite Doe 171's request, the named parties and intervenors refuse to consent to any extensions or stays as a professional courtesy to undersigned counsel who were retained to represent Doe 171 in this sensitive and complex matter on November 23, 2022, only approximately one week ago. Meanwhile, the district court's temporary stay of its *ore tenus* unsealing order as to Doe 171 was set to expire on its own terms if Doe 171 did not ask this Court to extend the stay pending appeal by December 2, 2022.

And the reason why this motion to seal did not precede or accompany Doe 171's motion for stay is because the factual landscape has been shifting under Doe 171's feet up until the time that she was finalizing her motion to extend the district court's stay pending appeal under these already-exigent circumstances. Specifically, in addition to directing the unsealing of certain materials based on apparent mistakes, misapprehensions, or oversights of fact, the district court also—albeit seemingly inadvertently—made incidental assertions on the record at the November 18, 2022 videoconference that are potentially inimical to Doe 171's privacy rights. But these incidental assertions did not give rise to an issue that was

either ripe or relevant to this appeal because there was no indication that they had, "in any meaningful sense, entered the public sphere" based on anyone "from the public"—"i.e., [any]one not bound by confidentiality restrictions"—having been present at the videoconference, having "heard the inadvertent statement," or having been provided "direct access to" the potentially private disclosure. *In re Trust for Gore*, 2011 WL 13175994, at *3 (Del. Ch. Ct. Dec. 22, 2010); *accord Richardson v. Mylan, Inc.*, 2011 WL 837148, at *2 (S.D. Cal. Mar. 9, 2011) (sealing portions of trial transcript revealing sensitive information).[2]

Then, while Doe 171 and her undersigned counsel were preoccupied finalizing their motion to extend the district court's stay pending appeal—and without giving Doe 171 any notice or opportunity to object—unrelated parties filed the entire, unredacted transcript of the videoconference as attachments to their briefing in this Court. *Compare* Doc. 1284 ("Docket Text: . . . The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript"), *with Giuffre v. Maxwell*, No. 22-3050, Docs. 11 & 16 (attaching unredacted transcript).

---

[2] Given the sensitive nature of the information that the district court—albeit seemingly unintentionally—disclosed about Doe 171 during the hearing, Doe 171 has sought urgent relief in the district court, which remains pending. *See* Doc. 1285 (citing Docs. 1113, 1187, 1196 (protective orders); Doc. 1284 (Notice of Filing Official Transcript).

Though Doe 171 and her undersigned counsel initially expected to file an ordinary sealed motion for an extension of the district court's stay pending appeal—which would require them to deliver unredacted versions of the brief to the Court and interested parties—they realized in the hours preceding their filing deadline that Doe 171's privacy interests may have been compromised without due process yet again. In turn, Doe 171 lost confidence that it was possible to preserve her privacy interests in any court proceedings at all, even in materials that she might file under seal. Doc. 17 (explaining that Doe 171 filed her motion to extend the district court's stay without providing an accompanying unredacted version "in an abundance of caution to avoid the inadvertent waiver of any of Doe 171's . . . rights in the event that this Court were to reject a sealed filing or strike any redactions"). As a result of these extenuating eleventh-hour events, Doe 171 filed a redacted version of her motion—without serving or filing a sealed, unredacted version of her motion—while she and her counsel conferred to evaluate the impact of the videoconference transcript and to determine how to proceed.

Upon consideration, Doe 171 has decided to request this Court's permission to file her complete brief under seal, while emphasizing her grave interest in maintaining the confidentiality of the redacted excerpts. Doe 171's request to submit a sealed filing is particularly warranted in light of her status as a non-party who has not participated, much less given testimony, in this case, among other reasons that

are described in her brief and not appropriate for public disclosure. In short, the redacted portions of her brief contain highly personal, sensitive and confidential information that is subject to the district court's protective orders. Docs. 1113, 1187, 1196. Should this redacted information in the motion to stay be revealed publicly, Doe 171 would be subjected to public scorn, shame, and embarrassment.

WHEREFORE, based on these seemingly unprecedented circumstances, Appellant Non-Party Doe 171 respectfully requests that this Court permit her to file under seal her Motion for Stay Pending Appeal of *Ore Tenus* Unsealing Order, *nunc pro tunc* (Doc. 17), particularly given that no interested party will be prejudiced by this relief, and it is consistent with the interests of justice to allow Doe 171's motion to stay to be considered in its entirety. *See* Docs. 1113, 1187, 1196 (protective orders).

Dated: December 5, 2022

                                                                         Respectfully submitted,

By: */s/ Jeffrey Gutchess*
Jeffrey W. Gutchess, Esq.
**AXS LAW GROUP, PLLC**
2121 NW 2nd Ave, Suite 201
Miami, Florida 33127
Telephone: (305) 297-1878
Florida Bar No. 702641
jeff@axslawgroup.com
eservice@axslawgroup.com

*Counsel for Doe 171*

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2022, a true and correct copy of the foregoing document was served and filed via the Court's CM/ECF system on all counsel of record.

/s/ *Jeffrey Gutchess*

Jeffrey W. Gutchess

## CERTIFICATE OF COMPLIANCE

I certify that, pursuant to FRAP 27 and 32 and Local Rule 27.1 and 32.1, the foregoing motion was prepared on a computer using Microsoft Word. The proportionally spaced typeface, font size, and spacing used are as follows:

Name of typeface: Times New Roman

Pont Size: 14

Line Spacing: Double

The total number of words in the motion, based upon the Microsoft Word software count, exclusive of the cover and signature, is 1,230 words.

Dated: December 5, 2022

/s/ *Jeffrey W. Gutchess*
Jeffrey W. Gutchess, Esq.