# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### Consolidated Appeal Nos. 22-3042 and 22-3050

**VIRGINIA L. GIUFFRE,**
*Plaintiff-Appellee*,

v.

**GHISLAINE MAXWELL,**
*Defendant*,

v.

**DOES 107, 171,**
*Objectors-Appellants,*

v.

**MIAMI HERALD MEDIA CO., JULIE BROWN,**
*Intervenors-Appellees*

v.

**SHARON CHURCHER, JEFFREY EPSTEIN,**
*Respondents*

---

**INTERVENORS JULIE BROWN AND MIAMI HERALD MEDIA CO.'S OPPOSITION TO DOE 171'S MOTION FOR STAY PENDING APPEAL OF *ORE TENUS* UNSEALING ORDER**

---

On Appeal from the United States District Court for the
Southern District of New York, No. 15-cv-07433-LAP

        HOLLAND & KNIGHT, LLP

        Christine N. Walz
        31 West 52nd Street
        New York, NY 10019
        Telephone: 212.513.3200
        Fax: 212.385.9010

        *Counsel for Intervenors Julie Brown and Miami Herald Media Company*

Dated: December 5, 2022
    New York, New York

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................1

STANDARD OF REVIEW .......................................................................................1

ARGUMENT ..............................................................................................................2

CONCLUSION...........................................................................................................5

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Moroughan v. Cnty. of Suffolk*, No. 12CV0512JFBAKT, 2021 WL
    280053, at *4 (E.D.N.Y. Jan. 24, 2021) ...................................................................4

*New York v. Trump*,
    490 F. Supp. 3d 736 (S.D.N.Y. 2020) ......................................................................2

*Thapa v. Gonzales*,
    460 F.3d 323 (2d Cir. 2006) .....................................................................................2

*United States v. Basciano*, Nos. 03-CR-0929. 05-CR-0060, 2010 WL
    1685810, at *3-4 (E.D.N.Y. Apr. 23, 2010) .............................................................4

*United States v. Cohen*, No. 18-CR-0602, 2019 WL 3226988, at *1
    (S.D.N.Y. July 17, 2019) .........................................................................................4

## **INTRODUCTION**

Intervenors incorporate by reference and adopt the same arguments asserted in their opposition to Doe 107's emergency motion to stay into this opposition to Doe 171's motion to stay unsealing. Intervenors respond herein only with respect to arguments that are specific to Doe 171 – whom the District Court has identified as Emmy Tayler. *See* Case 22-3042, DE 22-2, at 5-6.[1]

Ms. Tayler has spoken publicly about her involvement in events relevant to this matter and her identity is already a matter of public record. Testimony from Ms. Maxwell's trial and other litigation has identified Ms. Tayler as a contributor to the abuse, rather than a victim of sexual assault. She has provided no legitimate basis for continuing to seal documents in this matter, and Intervenors respectfully request that Ms. Tayler's motion to stay be denied.

## **STANDARD OF REVIEW**

In considering a request to stay pending an appeal, the Court must consider: "(1) whether the movant has 'made a strong showing' that it 'is likely to succeed on the merits'; (2) whether the movant 'will be irreparably injured absent a stay'; (3)

---

[1] Ms. Tayler has improperly redacted portions of the transcript of the District Court's ruling throughout her motion to stay. *See, e.g.*, Case 22-3050, DE 17, at 3, 9, 16. The ruling was made in open court, the transcript was attached in its entirety to Doe 107's emergency motion to stay, and it is part of the record in this appeal. Ms. Tayler has no basis for redacting a public court ruling – the very ruling she is appealing – and Intervenors request that she be required to re-file her motion without redactions to the District Court's ruling.

whether a stay 'will substantially injure the other parties interested in the proceeding'; and (4) 'where the public interest lies.'" *New York v. Trump*, 490 F. Supp. 3d 736, 741 (S.D.N.Y. 2020). This Court has held that these factors should be considered "somewhat like a sliding scale," such that "more of one excuses less of the other." *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006). The first two factors—merits of the claim and the showing of irreparable harm—are typically "have typically been evaluated on a sliding scale, so that a strong showing that the applicant is likely to succeed excuses a weaker showing of irreparable injury." *Trump*, 490 F. Supp. 3d at 741. The movant seeking the stay bears the burden of showing that a balance of all four factors exists. *See id.* Ms. Tayler cannot meet this burden.

## ARGUMENT

Ms. Tayler has spoken publicly about her involvement in events relevant to the underlying case, most notably in the form of lawsuits that she filed against Intervenor Julie Brown and book publisher Harper Collins, in which she alleges that she was defamed by statements made regarding her involvement with Jeffrey Epstein and Ghislaine Maxwell. For all of the reasons stated below, Ms. Tayler is not likely to succeed in her appeal, and her motion to stay should be denied.

In ruling to unseal documents referencing Ms. Tayler, the District Court noted "on July 19, 2022, Ms. Tayler filed a federal lawsuit against Julie Brown, the reporter, and Harper Collins, alleging that Ms. Brown's book, *Perversion of Justice*,

2

contains allegedly defamatory statements about Ms. Tayler and her alleged association with Jeffrey Epstein." Case 22-3042, DE 22-2, at 6. The District Court discussed how Ms. Tayler's public complaint "republishes certain allegedly defamatory statements" and states that "'from 1997 to 2001, she was employed in London and then in New York as an assistant to Ghislaine Maxwell.'" *Id.* at 6. The Court also noted that several other public sources, including testimony from Ms. Maxwell's trial transcript, refer to Ms. Tayler's identity. *Id*.

In her motion, Ms. Tayler claims that the District Court and parties' counsel failed to provide her with requisite notice and opportunity to respond. That is entirely irrelevant because Ms. Tayler has placed her identity and the factual and legal issues at issue here in the public domain. The initiation of Ms. Tayler's lawsuit also spurred a flurry of media attention reporting on the allegations made in Ms. Tayler's complaint.[2]

---

[2] Daniel Bates, *Ghislaine Maxwell's 'slave' sues author who claimed she organized Jeffrey Epstein's massages*, DAILY MAIL ONLINE (2022), https://www.dailymail.co.uk/news/article-11037867/Ghislaine-Maxwells-slave-sues-author-claimed-organized-Jeffrey-Epsteins-massages.html (last visited Dec 5, 2022); Kate Briquelet, *Ghislaine Maxwell's Former Assistant Sues Julie Brown and HarperCollins Over Epstein Book*, YAHOO! FINANCE (2022), https://finance.yahoo.com/news/ghislaine-maxwell-former-assistant-sues-223712620.html (last visited Dec 5, 2022); Debbie White, *Ghislaine Maxwell's former PA sues 'perversion of justice' author*, THE TIMES (2022), https://www.thetimes.co.uk/article/emmy-tayler-ghislaine-maxwell-s-former-pa-sues-perversion-of-justice-author-x5hxj8xmc (last visited Dec 5, 2022).

3

Ms. Tayler argues that "just because 'some information relating to the documents in question has already been discussed in the public record or reported in the media does not mean that the concerned third parties have lost any remaining privacy in their contents.'" ECF No. 17, at 9, 17. However, where the factual and legal issues pertaining to the documents a party seeks to keep private "are already a part of the public domain… there is no discernible interest in concealing a portion of the evidence related to those issues." *Moroughan v. Cnty. of Suffolk*, No. 12CV0512JFBAKT, 2021 WL 280053, at *4 (E.D.N.Y. Jan. 24, 2021).

Further, given the fact that these same factual and legal issues are of critical nature in another lawsuit, Ms. Tayler should not be allowed to use sealing to restrict access to information that could be relevant to that lawsuit. She cannot use the legal system as a sword in one instance and a shield in another. Given that the public is already aware of the relevant information, and because of the critical nature of these issues in this litigation, as well as other relevant litigation, there is no basis for continued secrecy. *See United States v. Cohen*, No. 18-CR-0602, 2019 WL 3226988, at *1 (S.D.N.Y. July 17, 2019) ("[T]he involvement of most of the relevant third-party actors is now public knowledge, undercutting the need for continued secrecy."); *see also United States v. Basciano*, Nos. 03-CR-0929. 05-CR-0060, 2010 WL 1685810, at *3-4 (E.D.N.Y. Apr. 23, 2010) (privacy interest in sealing documents was weakened by the fact that the public was already aware of the

relevant information); *see also Moroughan*, 2021 WL 280053, at *4 ("[G]iven the critical nature of those issues in this litigation and their presence in other public documents, it is the Court's view that the public has a strong interest in access to *all the evidence* surrounding those issues in the Court's Opinion in order to allow the public to make their own assessment of the parties' summary judgment arguments and the Court's decision.") (italics in original).

Further, there is no plausible basis for keeping documents concerning allegations of Ms. Tayler's involvement in sexual abuse private. Ms. Tayler fails to establish the requisite standard necessary to succeed on the merits of this appeal, and the motion to stay should be denied.

## **CONCLUSION**

For the foregoing reasons, Intervenors respectfully request that the Court deny Doe 171's Motion for a Stay Pending Appeal of *Ore Tenus* Unsealing Order.

Dated: December 5, 2022
    New York, New York

Respectfully submitted,

HOLLAND & KNIGHT, LLP

/s/ Christine N. Walz
Christine N. Walz
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
Fax: 212.385.9010

*Attorney for Intervenors Julie Brown and Miami Herald Media Company*

5