# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007  Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 22-3050

**Caption [use short title]**

**Motion for:** Non-Party Doe 171's Motion to File Appellate Brief and Appendix Under Seal

**Set forth below precise, complete statement of relief sought:**
Non-party Doe 171 requests that this Court allow her Appellate Brief and Appendix to be filed under seal.

Giuffre v. Maxwell

**MOVING PARTY:** Jane Doe 171  
**OPPOSING PARTY:** Intervenor-Appellee, Julie Brown & The Miami Herald, Plaintiff-Appellee Virginia Giuffre

☐ Plaintiff    ☐ Defendant  
☑ Appellant/Petitioner    ☐ Appellee/Respondent

**MOVING ATTORNEY:** Jeffrey W. Gutchess  
**OPPOSING ATTORNEY:** Christine Walz (for Intervenor Miami Herald & Brown)

[name of attorney, with firm, address, phone number and e-mail]

AXS Law Group, PLLC  
2121 NW 2nd AVE, Suite 201 Miami, FL 33127  
(305)297-1878 jeff@axslawgroup.com

Holland & Knight 31 West 52nd St New York, NY 10019 (212) 385-9010 christine.walz@hklaw.com  
Sigrid McCawley (for Giuffre) - Boise Schiller & Flexner LLP  
401 E. Las Olas Blvd. Ste. 1200 Ft. Lauderdale, FL 333301 (951)356-0011 smccawley@bsfllp.com

**Court- Judge/ Agency appealed from:** United States District Court (SDNY), Hon. Loretta A. Preska

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):  
☑ Yes    ☐ No (explain): _____

Opposing counsel's position on motion:  
☐ Unopposed  ☑ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:  
☐ Yes  ☐ No  ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  ☐ Yes  ☐ No  
Has this relief been previously sought in this court?  ☐ Yes  ☐ No  
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?  ☐ Yes  ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes  ☑ No  If yes, enter date: _____

**Signature of Moving Attorney:**

/s/ Jeffrey W. Gutchess    **Date:** 2-14-2023    Service by: ☑ CM/ECF  ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

CASE NO. 22-3050

VIRGINIA GIUFFRE,

    *Plaintiff*,

v.

GHISLAINE MAXWELL,

    *Defendant*,

v.

JANE DOE 171,

    *Objector-Appellant*,

v.

MIAMI HERALD COMPANY and
JULIE BROWN,

    *Intervenor-Appellee*.
_____/

## NON-PARTY DOE 171'S MOTION TO FILE APPELLATE BRIEF AND APPENDIX UNDER SEAL

Appellant Non-Party Doe 171 respectfully moves this Court for entry of an Order permitting her to file her appellate brief and appendix under seal so that she

may employ narrowly tailored redactions necessary to preserve her privacy interests that are the very subject of this appeal.[1]

This appeal stems from the Jeffrey Epstein saga, and in particular a November 18, 2022 videoconference, in which no argument was permitted, where the district court announced an *ore tenus* ruling to unseal documents pertaining to a number of Non-Party Does, including Doe 171. While the district court's *ore tenus* order imposed measures to protect the privacy of at least one other Non-Party Doe who "continues to experience trauma as a result" of the events that were the subject of the litigation, it declined to even consider whether any such protective measures were necessary to protect the privacy of Doe 171 on the ground that "[n]umerous . . . public sources" already referred to her as "an assistant to Ghislaine Maxwell" when she was a young woman. Nov. 18, 2022 Hr'g Tr. at 6-7.

Doe 171 filed this appeal of the district court's *ore tenus* ruling because the prior identification of Doe 171 as Ms. Maxwell's former employee did not obviate the district court's responsibility to "exercise the[ ] powerful tools" available to minimize the "harms to privacy and reputation" of releasing "damaging material [into] the public record" without conducting a "particularized" and "individualized review" of the new information and balancing the legitimate public interest in any

---

[1] Per the Court's December 16, 2022 Order, the brief is due on February 16, 2023. ECF No. 57.

further disclosures against the risk of harm of releasing the new information for the first time. *Brown v. Maxwell*, 929 F.3d 41, 47 (CA2 2019).

Accordingly, Doe 171 respectfully requests this Court's permission to file her appellate brief and appendix under seal to allow her and her counsel to fully and properly advocate for her privacy and anonymity rights during this appeal. In order to fully explain the basis of why the sensitive and private information and documents that are at issue should not be unsealed, Doe 171's appellate brief details not only the content of that information that this appeal is designed to keep concealed, but also the context in which that information was divulged, the reasons why the information is neither reliable nor accurate, as well as other information that would contradict the objective of the appeal if it were disclosed in the appellate briefing process. The Appendix to her brief also contains documents that were filed under seal in the proceedings below, as well as one *ex parte* letter submitted by Doe 171 to the District Court, all of which detailed Doe 171's objections to the unsealing of the documents at issue in this appeal, and all of which were part of the record before the District Court but are not otherwise publicly available on the docket.

Doe 171's request to submit a sealed filing with limited redactions is particularly warranted in light of her status as a non-party who has not participated, much less given testimony, in this case, among other reasons that are described in her brief and not appropriate for public disclosure. In short, the redacted portions of

her brief contain highly personal, sensitive and confidential information that is subject to the district court's protective orders. Docs. 1113, 1187, 1196. Should this redacted information in the motion to stay be revealed publicly, Doe 171 would be subjected to public scorn, shame, and embarrassment.

WHEREFORE, Appellant Non-Party Doe 171 respectfully requests that this Court permit her to file under seal her unredacted appellate brief and to file a redacted brief on the public docket, particularly given that no interested party will be prejudiced by this relief, and it is consistent with the interests of justice to allow Doe 171's appeal to be considered in its entirety. *See* Docs. 1113, 1187, 1196 (protective orders).

Dated: February 14, 2023

                                              Respectfully submitted,

                                              By: */s/ Jeffrey Gutchess*
Jeffrey W. Gutchess, Esq.
**AXS LAW GROUP, PLLC**
2121 NW 2nd Ave, Suite 201
Miami, Florida 33127
Telephone: (305) 297-1878
Florida Bar No. 702641
jeff@axslawgroup.com
eservice@axslawgroup.com

*Counsel for Doe 171*

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2023, a true and correct copy of the foregoing document was served and filed via the Court's CM/ECF system on all counsel of record.

/s/ *Jeffrey Gutchess*
Jeffrey W. Gutchess

## CERTIFICATE OF COMPLIANCE

I certify that, pursuant to FRAP 27 and 32 and Local Rule 27.1 and 32.1, the foregoing motion was prepared on a computer using Microsoft Word. The proportionally spaced typeface, font size, and spacing used are as follows:

Name of typeface: Times New Roman

Pont Size: 14

Line Spacing: Double

The total number of words in the motion, based upon the Microsoft Word software count, exclusive of the cover and signature, is 671 words.

Dated: February 14, 2023

/s/ *Jeffrey W. Gutchess*
Jeffrey W. Gutchess, Esq.