# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

Consolidated Appeal Nos. 22-3042 and 22-3050

**VIRGINIA L. GIUFFRE,**
*Plaintiff-Appellee*,

v.

**GHISLAINE MAXWELL,**
*Defendant*,

v.

**DOES 107, 171,**
*Objectors-Appellants,*

v.

**MIAMI HERALD MEDIA CO., JULIE BROWN,**
*Intervenors-Appellees*

v.

**SHARON CHURCHER, JEFFREY EPSTEIN,**
*Respondents*

**INTERVENORS JULIE BROWN AND MIAMI HERALD MEDIA CO.'S OPPOSITION TO DOE 171'S MOTION TO FILE APPELLATE BRIEF AND APPENDIX UNDER SEAL**

On Appeal from the United States District Court for the
Southern District of New York, No. 15-cv-07433-LAP

                                  HOLLAND & KNIGHT, LLP

                                  Christine N. Walz
                                  31 West 52nd Street
                                  New York, NY 10019
                                  Telephone: 212.513.3200
                                  Fax: 212.385.9010

                                  *Counsel for Intervenors Julie Brown and*
                                  *Miami Herald Media Company*

Dated: February 15, 2023
    New York, New York

Intervenors Julie Brown and Miami Herald Media Company hereby oppose Doe 171's Motion to File Appellate Brief and Appendix Under Seal. (DE 63).

An appellate brief filed with this Court is at the height "releva[nce] to the performance of the judicial function and useful in the judicial process" and therefore is a judicial document subject to "a strong presumption of access." *See Brown v. Maxwell*, 929 F.3d 41, 47, 49 (2d Cir. 2019).

Doe 171 seeks to file her brief and the appendix under seal, with supposed "limited redactions" on the public docket, based on conclusory claims of the documents containing "highly personal, sensitive and confidential information." (DE 63, at 5). Yet the information that Doe 171 seeks to file under seal is already publicly known, including her name, which is stated in the transcript on the public docket in the record below and was attached to Doe 107's notice of appeal in this consolidated appeal. (*See* 1:15-cv-07433-LAP, Dkt. 1284, at 5-6; Appeal No. 22-3042, DE 22-2, at 5-6). The transcript below also contains these details regarding Doe 171:

> "[Doe 171] filed a federal lawsuit against Intervenor Julie Brown, the reporter, and Harper Collings alleging that Ms. Brown's book, *Perversion of Justice*, contains allegedly defamatory statements about [Doe 171] and her alleged association with Jeffrey Epstein. In her complaint [Doe 171] republishes certain allegedly defamatory statements made in the book, and she states that 'from 1997 to 2001, she was employed in London and then New York as an assistant to Ghislaine Maxwell.' Numerous other public sources, including unsealed portions of Ms. Maxwell's criminal trial transcript, similarly refer to [Doe 171]."

Dkt. 1284, at 5-6.

Substantial details regarding Doe 171's involvement with Ms. Maxwell and Mr. Epstein are already in the public domain, including information put there by Doe 171 herself by filing litigation, and from Ms. Maxwell's criminal trial. *Id.* Moreover, the testimony from Ms. Maxwell's trial and other publicly available information relates to Doe 171's actions as an employee of Ms. Maxwell. It is not a matter of "privacy" when the matter involves the abuse of young girls at the hands of the wealthy and connected for years with impunity. Doe 171's vague and conclusory claims of "privacy" must give way to the greater public interest in holding accountable those who contributed to the abuse and understanding the legal system's role in allowing the perpetrators to go unchallenged and unpunished for years.

Given that the public is already aware of the relevant information concerning Doe 171, there is no basis for continued secrecy. *See United States v. Cohen*, No. 18-CR-0602, 2019 WL 3226988, at *1 (S.D.N.Y. July 17, 2019) ("[T]he involvement of most of the relevant third-party actors is now public knowledge, undercutting the need for continued secrecy."); *see also United States v. Basciano*, Nos. 03-CR-0929. 05-CR-0060, 2010 WL 1685810, at *3-4 (E.D.N.Y. Apr. 23, 2010) (privacy interest in sealing documents was weakened by the fact that the public was already aware of the relevant information); *see also Moroughan*, 2021

2

WL 280053, at *4 ("[G]iven the critical nature of those issues in this litigation and their presence in other public documents, … the public has a strong interest in access to *all the evidence* surrounding those issues in the Court's Opinion ….") (italics in original).

The presumption of access is especially high with regard to the filing of an appellate brief. Briefs involving far graver issues have been filed publicly, for example, in the *Pentagon Papers* case and a case involving restricted data on how to make a hydrogen bomb, each involving national security. *See Matter of Krynicki*, 983 F.2d at 76 (citing *New York Times Co. v. United States*, 403 U.S. 713 (1971) (*Pentagon Papers*); *United States v. Progressive, Inc.*, 467 F.Supp. 990, rehearing denied, 486 F.Supp. 5 (W.D.Wis.), appeal dismissed, 610 F.2d 819 (7th Cir. 1979) (hydrogen bomb case)). While portions of the appendices may have been sealed, "[t]he parties present public arguments leading to a public decision." *Id.* As the Seventh Circuit noted, which is particularly relevant here: "Public argument is the norm even, perhaps especially, when the case is about the right to suppress publication of information." *Id.*

Indeed, even in this case's prior appeal to this Court, where the entire summary judgment record and one-fifth of the docket was sealed, the parties managed to file briefs without redactions. *See Brown*, 929 F.3d at 46; Appeal No. 18-2868, DE 83, DE 95.

3

Thus, Intervenors respectfully request that Doe 171's request to file her brief under seal be denied.

With respect to the appendix, Intervenors continue to take the position that none of the referenced documents from the record below should have been sealed in the first place. Intervenors and the public have constitutional and common law rights to ***timely access*** to judicial records, and the documents at issue have been improperly sealed for *years*. *See Courthouse News Serv. v. Planet*, 947 F.3d 581, 585, 589 (9th Cir. 2020); *Courthouse News Serv. v. Schaefer*, 440 F. Supp. 3d 532, 563 (E.D. Va. 2020) ("To efficiently inform the public, the media must have complete and timely access in our increasingly data-driven decision making."); *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 244 (2d Cir. 2014) ("recognizing the 'importance of immediate access where a right to access is found . . . .'").

"[A] necessary corollary of the right to access is a right to *timely* access." *Planet*, 947 F.3d at 594 (emphasis added). The news media's reporting on judicial records "must be timely to be newsworthy and to allow for ample and meaningful public discussion regarding the functioning of our nation's court systems." *Id.* The Supreme Court long ago held that "a ban on reporting news 'just at the time [the] audience would be most receptive' would be effectively equivalent to 'a deliberate statutory scheme of censorship.'" *Id.* (citing *Bridges v. California*, 314 U.S. 252, 62 S.Ct. 190, 86 L.Ed. 192 (1941)). "In other words, the public interest in obtaining

4

news is an interest in obtaining contemporaneous news." *Id.* The District Court determined the documents referencing Doe 171 were judicial documents that did not warrant sealing, and any continued delay in releasing these judicial documents is the equivalent of a denial of access in contravention of Intervenors' First Amendment rights and the public interest.

Thus, Intervenors strongly oppose filing under seal any documents in the Appendix that have already been made public. Regarding documents that remain sealed below, Intervenors respectfully request that they be unsealed as expeditiously as possible. The documents at issue have been improperly sealed for years—in a way that allowed Mr. Epstein, Ms. Maxwell, and others' abuse of young girls to go on unchallenged and unpunished, and allowed a legal system that protected perpetrators over victims to go unquestioned. There is a substantial public interest in remedying those injustices by providing immediate access to these records.

| | |
|---|---|
| Dated: February 15, 2023<br>New York, New York | Respectfully submitted,<br><br>HOLLAND & KNIGHT, LLP<br><br>/s/ Christine N. Walz<br>Christine N. Walz<br>31 West 52nd Street<br>New York, NY 10019<br>Telephone: 212.513.3200<br>Fax: 212.385.9010<br><br>*Attorney for Intervenors Julie Brown and Miami Herald Media Company* |

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2023, a true and correct copy of the foregoing was served and filed via the Court's CM/ECF system on all counsel of record.

/s/ Christine N. Walz
Christine N. Walz

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure ("FRAP") 32(g), I certify that this document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,145 words, fewer than 5,200 words. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6).

Date: February 15, 2023

/s/ Christine N. Walz
Christine N. Walz