# 22-3042-cv(L), 22-3050-cv(CON)

## United States Court of Appeals

### *for the*

## Second Circuit

VIRGINIA L. GIUFFRE,

*Plaintiff-Appellee,*

– v. –

SHARON CHURCHER, JEFFREY EPSTEIN,

*Respondents,*

– v. –

GHISLAINE MAXWELL,

*Defendant,*

– v. –

JOHN DOE 107, JOHN DOE 171,

*Objectors-Appellants,*

– v. –

JULIE BROWN, MIAMI HERALD MEDIA COMPANY,

*Intervenors-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## APPENDIX FOR OBJECTOR-APPELLANT JOHN DOE 171

CHRISTINE WALZ
HOLLAND & KNIGHT LLP
*Attorneys for Intervenors-Appellees*
31 West 52nd Street, 12th Floor
New York, New York 10019
(212) 513-3200

RICHARD W. LEVITT
LEVITT & KAIZER
*Attorneys for Objector-Appellant
  John Doe 107*
40 Fulton Street, 17th Floor
New York, New York 10038
(212) 480-4000

JEFFREY W. GUTCHESS
AXS LAW GROUP PLLC
*Attorneys for Objector-Appellant
  John Doe 171*
2121 NW 2nd Avenue, Suite 201
Miami, Florida 33127
(305) 297-1878

SIGRID S. MCCAWLEY
BOIES, SCHILLER & FLESNER LLP
*Attorneys for Plaintiff-Appellee*
401 East Las Olas Boulevard,
  Suite 1200
Fort Lauderdale, Florida 33301
(954) 356-0011

## <u>TABLE OF CONTENTS</u>

PAGE

Docket Entries……………………………………………………………………...A-0001

Protective Order (DE 62)………………………………………………………..A-0135

Opinion of United States Court of Appeals Regarding
    Sealing of Documents (DE 968) …........................................................A-0141

Dissent, In Part to Opinion of United States Court of Appeals
    Regarding Sealing of Documents (DE 968-1)……………………………..A-0166

Order Granting in Part Request to Modify Protective Order (DE 1113) …………….…A-0167

Order Revising Protective Order (DE 1187) …………………………………...….... A-0174
.
Transcript of Proceedings Held on January 19, 2021 (DE 1196)…………………………A-0177

Order Setting November 18, 2022 Telephonic Conference (DE 1271)………………...A-0209

Notice of Appeal by Doe 171 (DE 1280) …………………………………………...A-0210

Transcript of Proceedings Held on November 18, 2022 (DE 1283) ………………………A-0212

Complaint in Tayler v. Julie Brown and Harper Collins Publishers LLC,
    Case No. 22-CV-61350-RS…………………………………………………………...A-0229

UK Judgment, Case No. QB-2022-000353…………………………………………...A-0236

## <u>ADDITIONAL DOCUMENTS DESIGNATED BY APPELLEES AND INTERVENORS</u>

Order Denying DE 1285 Letter Motion to Seal (DE 1294) ………………………………A-0248

A-0001

## U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:15-cv-07433-LAP

Giuffre v. Maxwell
Assigned to: Judge Loretta A. Preska
Related Case: 1:17-mc-00025-RWS
Case in other court: U.S. Court of Appeals, Second Circuit, 17-01625
Cause: 28:1332ct Diversity-(Citizenship)

Date Filed: 09/21/2015
Date Terminated: 05/25/2017
Jury Demand: Both
Nature of Suit: 320 Assault Libel & Slander
Jurisdiction: Diversity

**Plaintiff**

**Virginia L. Giuffre**                    represented by   **Bradley J Edwards**
Edwards Pottinger LLC
425 North Andrew Avenue
Ste 2
Fort Lauderdale, FL 33301
954-524-2820
Fax: 954-524-2822
Email: maria@epllc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Pottinger**
J. Stanley Pottinger PLLC
49 Twin Lakes Road
South Salem, NY 10590
(917)-446-4641
Email: stanpottinger@aol.com
*ATTORNEY TO BE NOTICED*

**Meredith L Schultz**
Boies, Schiller & Flexner LLP (FL)
401 East Las Olas Boulevard
Suite 1200
Fort Lauderdale, FL 33301
(954)-356-0011
Fax: (954)-356-0022
Email: mschultz@bsfllp.com
*ATTORNEY TO BE NOTICED*

**Paul G Cassell**
S.J. Quinney College of Law At The
University of Utah
383 S. University Street
Salt Lake City, UT 84112-0730
(801)-585-5202
Fax: (801)-585-2750
Email: cassellp@law.utah.edu

**A-0002**

*ATTORNEY TO BE NOTICED*

**Sigrid S. McCawley**
Boies, Schiller & Flexner LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, FL 33301
954-356-0011
Fax: 954-356-0022
Email: smccawley@bsfllp.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ghislaine Maxwell**                    represented by    **Jeffrey S. Pagliuca**
*TERMINATED: 05/25/2017*                                  Haddon Morgan and Foreman
                                                          150 East 10th Avenue
                                                          Denver, CO 80203
                                                          (303)-831-7364
                                                          Fax: (303)-832-2628
                                                          Email: jpagliuca@hmflaw.com
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Laura A. Menninger**
                                                          Haddon, Morgan and Foreman, P.C.
                                                          150 East Tenth Avenue
                                                          Denver, CO 80203
                                                          (303)-831-7364
                                                          Fax: (303)-832-2628
                                                          Email: lmenninger@hmflaw.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Ty Gee**
                                                          Haddon, Morgan and Foreman, P.C.
                                                          150 East 10th Avenue
                                                          Denver, CO 80203
                                                          303-831-7364
                                                          Email: tgee@hmflaw.com
                                                          *ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Sharon Churcher**                      represented by    **Eric Joel Feder**
                                                          Davis Wright Tremaine LLP
                                                          1301 K Street NW
                                                          Suite 500 East
                                                          Washington, DC 20005
                                                          202-973-4200
                                                          Email: ericfeder@dwt.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

# A-0003

**Laura R. Handman**
Davis Wright Tremaine LLP
1301 K Street, NW
Suite 500 East
Washington, DC 20005
202-973-4224
Fax: 202-973-4499
Email: laurahandman@dwt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Jeffrey Epstein**                          represented by   **Gregory L. Poe**
Poe & Burton PLLC
1030 15th Steet., NW Suite 580 West
Washington, DC 20005
(202) 583-2500
Fax: (202) 583-0565
Email: gpoe@poeburton.com
*TERMINATED: 08/17/2016*
*LEAD ATTORNEY*

**Jack Alan Goldberger**
Atterbury, Goldberger & Weiss, P.A.
250 Australian Avenue South, #1400
West Palm Beach, FL 33401
(561)-659-8305
Fax: (561)-835-8691
Email: jgoldberger@agwpa.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Martin Gary Weinberg**
Martin G. Weinberg, PC
20 Park Plaza, Suite 1000
Boston, MA 02116
617-227-3700
Fax: 617-338-9538
Email: owlmgw@att.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Campion Miller**
Steptoe & Johnson, LLP (NYC)
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3900
Fax: (212) 506-3950
Email: mmiller@steptoe.com
*ATTORNEY TO BE NOTICED*

**Rachel S Li Wai Suen**

**A-0004**

Robbins, Russell, Englert, Orseck,
Untereiner & Sauber
2000 K Street, N.W.
Ste 4th Floor
Washington, DC 20006
202-775-4495
Fax: 202-775-4510
Email: rliwaisuen@orrick.com
*TERMINATED: 08/17/2016*

**Applicant**

**John Stanley Pottinger**

**ADR Provider**

**John Doe**

**Objector**

**John Doe 107**

**Objector**

**Jane Doe 171**                           represented by  **Jeffrey W. Gutchess**
AXS Law Group PLLC
2121 NW 2nd Ave
Ste 201
Miami, FL 33127
305-297-1878
Email: jeff@axslawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Miscellaneous**

**Nadia Marcinko**                          represented by  **Erica Tamar Dubno**
Fahringer & Dubno
767 Third Avenue, Suite 3600
New York, NY 10017
212-319-5351
Fax: 212-319-6657
Email: erica.dubno@fahringerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Sarah Vickers**                           represented by  **Alexander Seton Lorenzo**
Alston & Bird, LLP(NYC)
90 Park Avenue
New York, NY 10016
(212) 210-9400
Fax: (212) 210-9444
Email: alexander.lorenzo@alston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**A-0005**

**John E. Stephenson , Jr.**
Alston & Bird LLP (GA)
One Atlantic Center, 1201 West Peachtree
Street
Atlanta, GA 30309
(404)-881-7697
Email: john.stephenson@alston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**
**NYP Holdings, Inc.,**

**Interested Party**
**Daily News, L.P.**

V.

**Material Witness**

**Sarah Ransome**                    represented by  **Paul G Cassell**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **John Pottinger**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

V.

**Intervenor**

**Alan M. Dershowitz**               represented by  **Andrew G. Celli**
                                                     Emery Celli Brinckerhoff & Abady, LLP
                                                     600 Fifth Avenue 10th Floor
                                                     New York, NY 10020
                                                     212-763-5000
                                                     Fax: 212-763-5001
                                                     Email: acelli@ecbawm.com
                                                     *TERMINATED: 06/24/2020*
                                                     *LEAD ATTORNEY*

                                                     **Imran H. Ansari**
                                                     Aidala Bertuna & Kamins PC
                                                     546 Fifth Avenue
                                                     Ste 6th Floor
                                                     New York, NY 10036
                                                     212-486-0011
                                                     Fax: 212-750-8297
                                                     Email: iansari@aidalalaw.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**A-0006**

**David A Lebowitz**
Kaufman Lieb Lebowitz & Frick LLP
10 East 40th Street
Suite 3307
New York, NY 10016
212-660-2332
Email: dlebowitz@ecbalaw.com
*TERMINATED: 04/09/2020*

**Intervenor**

**Michael Cernovich d/b/a Cernovich Media**       represented by   **Jay Marshall Wolman**
Randazza Legal Group PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
702-420-2001
Fax: 305-437-7662
Email: jmw@randazza.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Julie Brown**       represented by   **Christine Walz**
Holland & Knight
31 West 52nd Street
New York, NY 10019
(212)-513-3368
Fax: (212)-385-9010
Email: christine.walz@hklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sanford Lewis Bohrer**
Holland & Knight LLP (Miami)
701 Brickell Avenue
Suite 3000
Miami, FL 33131
(305)-789-7678
Fax: (305)-679-6335
Email: sandy.bohrer@hklaw.com
*TERMINATED: 08/10/2022*
*LEAD ATTORNEY*

**Cynthia Gierhart**
Holland & Knight LLP
800 17th Street NW
Suite 1100
Washington, DC 20006
202-469-5416
Email: cindy.gierhart@hklaw.com
*ATTORNEY TO BE NOTICED*

**Madelaine Jane Woolfrey Harrington**
Holland & Knight LLP (NY)
31 West 52nd Street

**A-0007**

New York, NY 10019
(212)-513-3374
Fax: (212)-385-9010
Email: madelaine.harrington@hklaw.com
*ATTORNEY TO BE NOTICED*

<u>**Intervenor**</u>

**Miami Herald Media Company**          represented by   **Christine Walz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sanford Lewis Bohrer**
(See above for address)
*TERMINATED: 08/10/2022*
*LEAD ATTORNEY*

**Cynthia Gierhart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Madelaine Jane Woolfrey Harrington**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Intervenor**</u>

**United States Virgin Islands**          represented by   **Michael J. Quirk**
Motley Rice LLC
40 West Evergreen Avenue
Suite 104
Philadelphia, PA 19118-3324
610-579-9932
Fax: 856-667-5133
Email: mquirk@motleyrice.com
*ATTORNEY TO BE NOTICED*

**William H. Narwold**
Motley Rice LLC (CT)
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
860-882-1676
Fax: 860-882-1682
Email: bnarwold@motleyrice.com
*ATTORNEY TO BE NOTICED*

<u>**Intervenor**</u>

**TGP Communications, LLC**          represented by   **Jay Marshall Wolman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

A-0008

| Date Filed | # | Docket Text |
|---|---|---|
| 09/21/2015 | 1 | COMPLAINT against MAXWELL GHISLAINE. (Filing Fee $ 400.00, Receipt Number 0208-11409928)Document filed by VIRGINIA L. GIUFFRE.(McCawley, Sigrid) (Entered: 09/21/2015) |
| 09/21/2015 | 2 | **FILING ERROR - DEFICIENT PLEADING - SIGNATURE ERROR -** CIVIL COVER SHEET filed. (McCawley, Sigrid) Modified on 9/22/2015 (dgo). (Entered: 09/21/2015) |
| 09/21/2015 | 3 | REQUEST FOR ISSUANCE OF SUMMONS as to Ghislaine Maxwell, re: 1 Complaint. Document filed by VIRGINIA L. GIUFFRE. (McCawley, Sigrid) (Entered: 09/21/2015) |
| 09/21/2015 | 4 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION for Sigrid S. McCawley to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-11410210. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by VIRGINIA L. GIUFFRE. (Attachments: # 1 Text of Proposed Order) (McCawley, Sigrid) Modified on 9/21/2015 (sdi). (Entered: 09/21/2015) |
| 09/21/2015 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE-FILE Document No. 4 MOTION for Sigrid S. McCawley to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-11410210. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from Supreme Court of Florida; Missing case number on the Motion and Proposed Order;. Re-file the motion as a Corrected Motion to Appear Pro Hac Vice - attach the correct signed PDF - select the correct named filer/filers - attach valid Certificates of Good Standing issued within the past 30 days - attach Proposed Order.. (sdi)** (Entered: 09/21/2015) |
| 09/22/2015 | | **\*\*\*NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Sigrid S. McCawley. The party information for the following party/parties has been modified: VIRGINIA L. GIUFFRE, MAXWELL GHISLAINE. The information for the party/parties has been modified for the following reason/reasons: party name contained a typographical error; party name was entered in all caps;. (dgo)** (Entered: 09/22/2015) |
| 09/22/2015 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Robert W. Sweet. Please download and review the Individual Practices of the assigned District Judge, located at http://nysd.uscourts.gov/judges/District. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://nysd.uscourts.gov/ecf_filing.php. (dgo) (Entered: 09/22/2015) |
| 09/22/2015 | | Magistrate Judge Ronald L. Ellis is so designated. (dgo) (Entered: 09/22/2015) |
| 09/22/2015 | | Case Designated ECF. (dgo) (Entered: 09/22/2015) |
| 09/22/2015 | 5 | ELECTRONIC SUMMONS ISSUED as to Ghislaine Maxwell. (dgo) (Entered: 09/22/2015) |
| 09/25/2015 | 6 | MOTION to Amend/Correct Notice Regarding Deficient Motion to Appear Pro Hac vice,,, *Corrected Pro Hac Vice Motion (S. McCawley)*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Text of Proposed Order Proposed Order for Corrected Pro Hac Vice Motion (S. McCawley))(McCawley, Sigrid) (Entered: 09/25/2015) |

| 09/25/2015 | 7 | CIVIL COVER SHEET filed. (McCawley, Sigrid) (Entered: 09/25/2015) |
|---|---|---|
| 09/25/2015 | 8 | SUMMONS RETURNED EXECUTED Summons and Complaint served. Ghislaine Maxwell served on 9/22/2015, answer due 10/13/2015. Service was accepted by Ghislaine Maxwell, Defendant. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 09/25/2015) |
| 09/29/2015 | 9 | ORDER FOR ADMISSION PRO HAC VICE granting 6 Motion to Amend/Correct. The motion of Sigrid S. McCawley for admission to practice Pro Hac Vice in the above captioned action is granted. (Signed by Judge Robert W. Sweet on 9/28/2015) (ajs) (Entered: 09/29/2015) |
| 10/08/2015 | 10 | PRETRIAL ORDER: Pretrial Conference set for 10/28/2015 at 04:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (See Order.) (Signed by Judge Robert W. Sweet on 10/8/2015) (ajs) (Entered: 10/08/2015) |
| 10/13/2015 | 11 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 10/9/2015 re: I write pursuant to Section 1.E. of Your Honor's Individual Practice Rules to request an extension of Defendant's time to answer, move or otherwise respond to Plaintiff's Complaint from October 13, 2015 up to and including November 30. 2015. ENDORSEMENT: So ordered. Ghislaine Maxwell answer due 11/30/2015. (Signed by Judge Robert W. Sweet on 10/12/2015) (rjm) (Entered: 10/13/2015) |
| 10/13/2015 | 12 | NOTICE OF APPEARANCE by Laura A. Menninger on behalf of Ghislaine Maxwell. (Menninger, Laura) (Entered: 10/13/2015) |
| 10/28/2015 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Initial Pretrial Conference held on 10/28/2015. (Chan, Tsz) (Entered: 10/30/2015) |
| 10/30/2015 | 13 | ORDER: IT IS HEREBY ORDERED that: 1. All motions are to be made returnable at 12:00 noon on Wednesday and in compliance with the rules of this Court. Fact Discovery due by 7/1/2016. Expert Discovery due by 8/3/2016. Motions due by 9/7/2016. Final Pretrial Conference set for 9/7/2016 at 04:30 PM before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 10/28/2015) (spo) (Entered: 10/30/2015) |
| 12/01/2015 | 14 | MOTION to Dismiss . Document filed by Ghislaine Maxwell. Responses due by 12/17/2015 Return Date set for 1/7/2016 at 12:00 PM.(Menninger, Laura) (Entered: 12/01/2015) |
| 12/01/2015 | 15 | MEMORANDUM OF LAW in Support re: 14 MOTION to Dismiss . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 12/01/2015) |
| 12/01/2015 | 16 | DECLARATION of Laura A. Menninger in Support re: 14 MOTION to Dismiss .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit)(Menninger, Laura) (Entered: 12/01/2015) |
| 12/01/2015 | 17 | MOTION to Stay *Discovery Pending Decision on Defendant's Motion to Dismiss*. Document filed by Ghislaine Maxwell. Return Date set for 1/7/2016 at 12:00 PM. (Attachments: # 1 Exhibit)(Menninger, Laura) (Entered: 12/01/2015) |
| 12/01/2015 | 18 | MEMORANDUM OF LAW in Support re: 17 MOTION to Stay *Discovery Pending Decision on Defendant's Motion to Dismiss*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 12/01/2015) |
| 12/02/2015 | 19 | ORDER: Defendant's motions to dismiss and for a stay of discovery shall be heard at noon on January 14, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. Set Deadlines/Hearing as to 17 MOTION to Stay *Discovery Pending Decision on* |

| | | |
|---|---|---|
| | | *Defendant's Motion to Dismiss.* 14 MOTION to Dismiss. : Motion Hearing set for 1/14/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 12/2/2015) (spo) (Entered: 12/02/2015) |
| 12/10/2015 | 20 | RESPONSE in Opposition to Motion re: 17 MOTION to Stay *Discovery Pending Decision on Defendant's Motion to Dismiss.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 12/10/2015) |
| 12/10/2015 | 21 | DECLARATION of Sigrid S. McCawley in Opposition re: 17 MOTION to Stay *Discovery Pending Decision on Defendant's Motion to Dismiss.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Composite Exhibit 2 Part 1, # 3 Exhibit Composite Exhibit 2 Part 2, # 4 Exhibit Exhibit 3, # 5 Exhibit Exhibit 4, # 6 Exhibit Composite Exhibit 5 Part 1, # 7 Exhibit Composite Exhibit 5 Part 2, # 8 Exhibit Exhibit 6, # 9 Exhibit Exhibit 7, # 10 Exhibit Exhibit 8, # 11 Exhibit Exhibit 9)(McCawley, Sigrid) (Entered: 12/10/2015) |
| 12/15/2015 | 22 | REPLY MEMORANDUM OF LAW in Support re: 17 MOTION to Stay *Discovery Pending Decision on Defendant's Motion to Dismiss.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 12/15/2015) |
| 12/17/2015 | 23 | MEMORANDUM OF LAW in Opposition re: 14 MOTION to Dismiss . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 12/17/2015) |
| 12/17/2015 | 24 | DECLARATION of Sigrid McCawley in Opposition re: 14 MOTION to Dismiss .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(McCawley, Sigrid) (Entered: 12/17/2015) |
| 12/28/2015 | 25 | REPLY MEMORANDUM OF LAW in Support re: 14 MOTION to Dismiss . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 12/28/2015) |
| 01/08/2016 | 26 | NOTICE of Supplemental Authority. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit)(McCawley, Sigrid) (Entered: 01/08/2016) |
| 01/11/2016 | 27 | MOTION for Leave to Bring Personal Electronic Device and General Purpose Computing Device . Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit) (McCawley, Sigrid) (Entered: 01/11/2016) |
| 01/14/2016 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 1/14/2016 re: 19 Order, Set Motion and R&R Deadlines/Hearings. Motion to dismiss and for stay held.Decision is reserved. (Court Reporter Michael McDaniel) (Chan, Tsz) (Entered: 01/21/2016) |
| 01/20/2016 | 28 | OPINION #106149 re: 17 MOTION to Stay *Discovery Pending Decision on Defendant's Motion to Dismiss*, filed by Ghislaine Maxwell. Defendant is directed to respond or object to Plaintiff's First Request for Production within fourteen days of the date of this opinion. For the foregoing reasons and as set forth above, Defendant's motion to stay is denied, the motion to extend is granted, and discovery shall proceed as set forth above. (As further set forth in this Order.) (Signed by Judge Robert W. Sweet on 1/19/2016) (spo) Modified on 1/21/2016 (ca). (Entered: 01/20/2016) |
| 01/22/2016 | 29 | NOTICE of Supplemental Authority re: 15 Memorandum of Law in Support of Motion. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 01/22/2016) |
| 01/25/2016 | 30 | NOTICE of Response to Defendant's Notice of Supplemental Authority re: 29 Notice (Other). Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/25/2016) |

| 01/28/2016 | 31 | TRANSCRIPT of Proceedings re: ARGUMENT held on 1/14/2016 before Judge Robert W. Sweet. Court Reporter/Transcriber: Michael McDaniel, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/22/2016. Redacted Transcript Deadline set for 3/3/2016. Release of Transcript Restriction set for 5/2/2016. (McGuirk, Kelly) (Entered: 01/28/2016) |
|---|---|---|
| 01/28/2016 | 32 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a ARGUMENT proceeding held on 1/14/16 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 01/28/2016) |
| 02/26/2016 | 33 | MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege . Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 02/26/2016) |
| 02/26/2016 | 34 | DECLARATION of Sigrid McCawley in Support re: 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit) (McCawley, Sigrid) (Entered: 02/26/2016) |
| 02/26/2016 | 35 | MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections . Document filed by Virginia L. Giuffre. (Attachments: # 1 Appendix) (McCawley, Sigrid) (Entered: 02/26/2016) |
| 02/26/2016 | 36 | DECLARATION of Sigrid McCawley in Support re: 35 MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4 Part 1, # 5 Exhibit Exhibit 4 Part 2, # 6 Exhibit Exhibit 5, # 7 Exhibit Exhibit 6, # 8 Exhibit Exhibit 7, # 9 Exhibit Exhibit 8, # 10 Exhibit Exhibit 9, # 11 Exhibit Exhibit 10 Part 1, # 12 Exhibit Exhibit 10 Part 2, # 13 Exhibit Exhibit 11)(McCawley, Sigrid) (Entered: 02/26/2016) |
| 02/29/2016 | 37 | OPINION #106248 re: 14 MOTION to Dismiss, filed by Ghislaine Maxwell. For the foregoing reasons and as set forth above, Defendant's motion to dismiss is denied. (As further set forth in this Order.) (Signed by Judge Robert W. Sweet on 2/26/2016) (spo) Modified on 3/2/2016 (ca). (Entered: 02/29/2016) |
| 03/02/2016 | 38 | MOTION for Protective Order . Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/02/2016) |
| 03/02/2016 | 39 | DECLARATION of Laura A. Menninger in Support re: 38 MOTION for Protective Order .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A) (Menninger, Laura) (Entered: 03/02/2016) |
| 03/04/2016 | 40 | RESPONSE to Motion re: 38 MOTION for Protective Order . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/04/2016) |
| 03/04/2016 | 41 | DECLARATION of Sigrid McCawley in Opposition re: 38 MOTION for Protective Order .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(McCawley, Sigrid) (Entered: 03/04/2016) |
| 03/04/2016 | 42 | MEMORANDUM OF LAW in Opposition re: 35 MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections ., 33 MOTION to |

| | | |
|---|---|---|
| | | Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/04/2016) |
| 03/07/2016 | 43 | REPLY MEMORANDUM OF LAW in Support re: 35 MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections ., 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/07/2016) |
| 03/07/2016 | 44 | DECLARATION of Sigrid McCawley in Support re: 35 MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections ., 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(McCawley, Sigrid) (Entered: 03/07/2016) |
| 03/07/2016 | 45 | SUPPLEMENTAL MEMORANDUM OF LAW in Opposition re: 35 MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/07/2016) |
| 03/07/2016 | 46 | SUPPLEMENTAL MEMORANDUM OF LAW in Opposition re: 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/07/2016) |
| 03/07/2016 | 47 | DECLARATION of Laura A. Menninger in Opposition re: 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Menninger, Laura) (Entered: 03/07/2016) |
| 03/08/2016 | 48 | ORDER: Plaintiff's motions to compel, filed February 26, and Defendant's motion for a protective order, filed March 2, 2016, shall be heard at noon on March 17, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. (Motion Hearing set for 3/17/2016 at 12:00 PM before Judge Robert W. Sweet in Courtroom 18C, United States Courthouse, 500 Pearl Street.) (Signed by Judge Robert W. Sweet on 3/6/2016) (spo) Modified on 3/10/2016 (spo). (Entered: 03/09/2016) |
| 03/09/2016 | 49 | REPLY to Response to Motion re: 38 MOTION for Protective Order . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/09/2016) |
| 03/10/2016 | 50 | INTERNET CITATION NOTE: Material from decision with Internet citation re: 37 Memorandum & Opinion. (Attachments: # 1 Internet Citation, # 2 Internet Citation) (vf) (Entered: 03/10/2016) |
| 03/14/2016 | 51 | ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO BRING PERSONAL ELECTRONIC DEVICES AND GENERAL PURPOSE COMPUTING DEVICES INTO THE COURTHOUSE FOR JANUARY 14, 2016 HEARING granting 27 Motion for Leave to Bring Personal Electronic Devices. It is ORDERED AND ADJUDGED that the motion is hereby GRANTED. Plaintiffs counsel Sigrid S. Mccawley shall be permitted, to bring and to use Personal Electronic Device(s) and/or the General Purpose Computing Device(s) (collectively, "Devices") listed below into the Courthouse for use in this action. Attorney: Sigrid McCawley. Device(s): Personal Electronic Device; and General Purpose Computing Device. (Signed by Judge Robert W. Sweet on 1/13/2016) Copies Sent By Chambers. (spo) Modified on 3/14/2016 (spo). (Entered: 03/14/2016) |

# A-0013

| 03/14/2016 | 52 | MOTION for Jeffrey S. Pagliuca to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12065065. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ghislaine Maxwell. (Attachments: # 1 Proposed Order, # 2 Certificate of Good Standing)(Pagliuca, Jeffrey) (Entered: 03/14/2016) |
| --- | --- | --- |
| 03/14/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 52 MOTION for Jeffrey S. Pagliuca to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12065065. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 03/14/2016) |
| 03/14/2016 | 53 | REPLY to Response to Motion re: 35 MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/14/2016) |
| 03/14/2016 | 54 | ANSWER to 1 Complaint with JURY DEMAND. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/14/2016) |
| 03/14/2016 | 55 | DECLARATION of Sigrid McCawley in Support re: 35 MOTION to Compel Ghislaine Maxwell to Produce Documents Subject to Improper Objections .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1 Part 1, # 2 Exhibit Exhibit 1 Part 2, # 3 Exhibit Exhibit 2 Part 1, # 4 Exhibit Exhibit 2 Part 2, # 5 Exhibit Exhibit 3 Part 1, # 6 Exhibit Exhibit 3 Part 2, # 7 Exhibit Exhibit 3 Part 3, # 8 Exhibit Exhibit 3 Part 4, # 9 Exhibit Exhibit 4, # 10 Exhibit Exhibit 5, # 11 Exhibit Exhibit 6, # 12 Exhibit Exhibit 7 Part 1, # 13 Exhibit Exhibit 7 Part 2, # 14 Exhibit Exhibit 7 Part 3, # 15 Exhibit Exhibit 8, # 16 Exhibit Exhibit 9, # 17 Exhibit Exhibit 10, # 18 Exhibit Exhibit 11 Part 1, # 19 Exhibit Exhibit 11 Part 2, # 20 Exhibit Exhibit 12, # 21 Exhibit Exhibit 13 Part 1, # 22 Exhibit Exhibit 13 Part 2, # 23 Exhibit Exhibit 13 Part 3)(McCawley, Sigrid) (Entered: 03/14/2016) |
| 03/14/2016 | 56 | REPLY to Response to Motion re: 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/14/2016) |
| 03/14/2016 | 57 | DECLARATION of Sigrid McCawley in Support re: 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(McCawley, Sigrid) (Entered: 03/14/2016) |
| 03/15/2016 | 58 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** NOTICE of Motion for Leave to Serve Rolling Production and Privilege Log. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) Modified on 3/17/2016 (ldi). (Entered: 03/15/2016) |
| 03/15/2016 | 59 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** MOTION for Leave to Serve Rolling Production and Privilege Log re: 58 Notice (Other) *And Incorporated Memorandum of Law*. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) Modified on 3/17/2016 (ldi). (Entered: 03/15/2016) |
| 03/16/2016 | 60 | ORDER FOR ADMISSION PRO HAC VICE granting 52 Motion for Jeffrey S. Pagliuca to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 3/15/2016) (rjm) (Entered: 03/16/2016) |
| 03/16/2016 | 61 | ORDER: Plaintiff's motions for leave to serve rolling production and privilege log, filed March 16, 2016, shall be heard at noon on March 17, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. Motion Hearing set for 3/17/2016 at 12:00 PM in |

| | | Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 3/16/2016) (cf) (Entered: 03/16/2016) |
|---|---|---|
| 03/17/2016 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Sigrid S. McCawley to RE-FILE Document 58 Notice (Other). Use the event type Miscellaneous Relief found under the event list Motions. (ldi) (Entered: 03/17/2016) |
| 03/17/2016 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Sigrid S. McCawley to RE-FILE Document 59 MOTION for Leave to Serve Rolling Production and Privilege Log re: 58 Notice (Other) And Incorporated Memorandum of Law. Use the event type Memorandum of Law in Support of Motion found under the event list Replies, Opposition and Supporting Documents. (ldi) (Entered: 03/17/2016) |
| 03/17/2016 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 3/17/2016 re: 58 Notice (Other) filed by Virginia L. Giuffre. Motion Pending. (Court Reporter Vincent Bologna) (Chan, Tsz) (Entered: 03/21/2016) |
| 03/18/2016 | 62 | PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material... (Signed by Judge Robert W. Sweet on 3/17/2016) (mro) (Entered: 03/18/2016) |
| 03/22/2016 | 63 | MOTION for Protective Order Regarding Deposition of Defendant. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/22/2016) |
| 03/22/2016 | 64 | MOTION to Compel Plaintiff to Disclose Pursuant to Fed. R. Civ. P. Rule 26. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/22/2016) |
| 03/22/2016 | 65 | DECLARATION of Laura A. Menninger in Support re: 63 MOTION for Protective Order Regarding Deposition of Defendant.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Menninger, Laura) (Entered: 03/22/2016) |
| 03/23/2016 | 66 | TRANSCRIPT of Proceedings re: MOTION held on 3/17/2016 before Judge Robert W. Sweet. Court Reporter/Transcriber: Vincent Bologna, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/18/2016. Redacted Transcript Deadline set for 4/28/2016. Release of Transcript Restriction set for 6/24/2016.(McGuirk, Kelly) (Entered: 03/23/2016) |
| 03/23/2016 | 67 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a MOTION proceeding held on 3/17/16 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 03/23/2016) |
| 03/23/2016 | 68 | RESPONSE in Opposition to Motion re: 64 MOTION to Compel Plaintiff to Disclose Pursuant to Fed. R. Civ. P. Rule 26. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/23/2016) |
| 03/23/2016 | 69 | DECLARATION of Sigrid S. McCawley in Opposition re: 64 MOTION to Compel Plaintiff to Disclose Pursuant to Fed. R. Civ. P. Rule 26.. Document filed by Virginia L. |

A-0015

| | | |
|---|---|---|
| | | Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(McCawley, Sigrid) (Entered: 03/23/2016) |
| 03/23/2016 | 70 | RESPONSE in Opposition to Motion re: 63 MOTION for Protective Order *Regarding Deposition of Defendant*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/23/2016) |
| 03/23/2016 | 71 | DECLARATION of Sigrid S. McCawley in Opposition re: 63 MOTION for Protective Order *Regarding Deposition of Defendant*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6)(McCawley, Sigrid) (Entered: 03/23/2016) |
| 03/24/2016 | 72 | MOTION for Meredith L. Schultz to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12103899. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Text of Proposed Order Proposed Order)(Schultz, Meredith) (Entered: 03/24/2016) |
| 03/24/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 72 MOTION for Meredith L. Schultz to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12103899. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sdi)** (Entered: 03/24/2016) |
| 03/24/2016 | | Minute Entry The motion to compel on March 24, 2016 is agreed upon by counsel and the Court that it will be heard telephonically in Chambers at 4:00 p.m. (Chan, Tsz) (Entered: 03/24/2016) |
| 03/24/2016 | 73 | ORDER: Plaintiff's motion to compel Defendant to produce documents subject to improper objections, docket no. 35, is resolved as set forth in the official transcript of proceedings held March 17, 2016, docket no. 66. With respect to Plaintiff's motion to compel Defendant to produce documents subject to improper objections, docket no. 33, the parties are directed to submit further briefing as set forth in the transcript. Defendant's motion for a protective order, docket no. 63, and motion to compel, docket no. 64, shall be heard at noon on Thursday, March 24, 2016 as stipulated, in Courtroom 18C, United States Courthouse, 500 Pearl Street. (Motion Hearing set for 3/24/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 3/23/2016) (spo) (Entered: 03/24/2016) |
| 03/28/2016 | 74 | ORDER FOR ADMISSION PRO HAC VICE granting 72 Motion for Meredith L. Schultz to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 3/24/2016) (spo) (Entered: 03/28/2016) |
| 03/31/2016 | 75 | MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/31/2016) |
| 03/31/2016 | 76 | DECLARATION of Laura A. Menninger in Support re: 75 MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Menninger, Laura) (Entered: 03/31/2016) |
| 03/31/2016 | 77 | NOTICE of Submission of Declaration in Support of Defendant's In Camera Submission in Opposition to Plaintiff's Motion to Compel the Production of Documents Subject to Improper Claim of Privilege. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/31/2016) |

| 04/04/2016 | 78 | RESPONSE in Opposition to Motion re: 75 MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/04/2016) |
| --- | --- | --- |
| 04/04/2016 | 79 | DECLARATION of Sigrid S. McCawley in Opposition re: 75 MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6) (McCawley, Sigrid) (Entered: 04/04/2016) |
| 04/05/2016 | 80 | MOTION for Paul G. Cassell to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12149795. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Text of Proposed Order)(Cassell, Paul) (Entered: 04/05/2016) |
| 04/05/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 80 MOTION for Paul G. Cassell to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12149795. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 04/05/2016) |
| 04/06/2016 | 81 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated 4/5/2016 re: Request for temporary seal of docket no. 79. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 4/6/2016) (spo) (Entered: 04/06/2016) |
| 04/07/2016 | 82 | TRANSCRIPT of Proceedings re: Argument held on 3/24/2016 before Judge Robert W. Sweet. Court Reporter/Transcriber: Pamela Utter, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016.(Grant, Patricia) (Entered: 04/07/2016) |
| 04/07/2016 | 83 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Conference proceeding held on 03/24/2016 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Grant, Patricia) (Entered: 04/07/2016) |
| 04/07/2016 | 84 | ORDER: Defendant's letter objection to pro hac vice admission of Paul G. Cassell, submitted April 6, 2015, will be treated as a motion and heard at 10:00am on Wednesday April 13, 2016. Plaintiff's reply to Defendant's letter, if any, shall be submitted on or before Monday, April 11, 2016. (Motion Hearing set for 4/13/2016 at 10:00 AM before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 4/6/2016) (spo) (Entered: 04/07/2016) |
| 04/07/2016 | 85 | ORDER: Defendant' s motion to compel, filed March 31, 2016, shall be heard at noon on April 21, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. Motion Hearing set for 4/21/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 4/7/2016) (cf) (Entered: 04/07/2016) |
| 04/07/2016 | 86 | MOTION for Bradley James Edwards to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12160815. **Motion and supporting papers to be reviewed by** |

A-0017

| | | |
|---|---|---|
| | | **Clerk's Office staff.** Document filed by Virginia L. Giuffre. (Attachments: # 1 Certificate Good Standing_Edwards, # 2 Text of Proposed Order)(Edwards, Bradley) (Entered: 04/07/2016) |
| 04/07/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12160815. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 04/07/2016) |
| 04/07/2016 | 87 | MOTION for Adjournment of Hearing on April 13, 2016 . Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 04/07/2016) |
| 04/08/2016 | 88 | RESPONSE in Opposition to Motion re: 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12160815. **Motion and supporting papers to be reviewed by Clerk's Office staff.** . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/08/2016) |
| 04/08/2016 | 90 | ORDER granting in part and denying in part 87 Motion for Adjournment of Conference. Defendant's motion to adjourn, filed April 7, 2016, is granted in part and denied in part. Any objection to the pro hac vice admission of Paul G. Cassell and Bradley James Edwards will be treated as motions and heard at 11:00am on Thursday April 21, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. Defendant's motion to compel is similarly adjourned to 11:00am on Thursday April 21, 2016. Plaintiff's reply to Defendant's letter with respect to Mr. Cassell, if any, remains returnable on or before Monday, April 11, 2016. Defendant's objection to the admission of Mr. Edwards, if any, shall be submitted on or before April 13, 2016. Plaintiff's reply to Defendant's objection with respect to Mr. Edwards shall be submitted on or before April 19, 2016. (Signed by Judge Robert W. Sweet on 4/8/2016) (mro) (Entered: 04/11/2016) |
| 04/08/2016 | | Set/Reset Deadlines Responses due by 4/13/2016 Replies due by 4/19/2016. Motion Hearing set for 4/21/2016 at 11:00 AM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (mro) (Entered: 04/11/2016) |
| 04/10/2016 | 89 | REPLY to Response to Motion re: 80 MOTION for Paul G. Cassell to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12149795. **Motion and supporting papers to be reviewed by Clerk's Office staff.,** 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12160815. **Motion and supporting papers to be reviewed by Clerk's Office staff.** . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 04/10/2016) |
| 04/11/2016 | 91 | MOTION for Leave to File Excess Pages *For Reply In Support Of Defendants Motion To Compel*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 04/11/2016) |
| 04/11/2016 | 92 | REPLY to Response to Motion re: 75 MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/11/2016) |
| 04/11/2016 | 93 | **FILING ERROR - DEFICIENT DOCKET ENTRY (SEE 94 Declaration) -** AFFIDAVIT of Laura A. Menninger in Support re: 75 MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit D)(Menninger, Laura) Modified on 4/12/2016 (db). (Entered: 04/11/2016) |
| 04/11/2016 | 94 | DECLARATION of Laura A. Menninger in Support re: 75 MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff*.. Document filed |

| | | |
|---|---|---|
| | | by Ghislaine Maxwell. (Attachments: # 1 Exhibit D)(Menninger, Laura) (Entered: 04/11/2016) |
| 04/12/2016 | 95 | MEMO ENDORSEMENT on 91 granting Motion for Leave to File Excess Pages. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 4/12/2016) (spo) (Entered: 04/12/2016) |
| 04/13/2016 | 96 | MOTION for Clarification of Court's Order and For Forensic Examination . Document filed by Virginia L. Giuffre.(McCawley, Sigrid) Modified on 4/21/2016 (spo). (Entered: 04/13/2016) |
| 04/13/2016 | 97 | DECLARATION of Sigrid McCawley in Support re: 96 MOTION for Clarification of Court's Order and For Forensic Examination .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit)(McCawley, Sigrid) (Entered: 04/13/2016) |
| 04/15/2016 | 98 | ORDER denying in part 96 Motion for Clarification of the Court's order and Forensic examination. Plaintiff's motion for clarification of the Court's March 17, 2016 ruling is denied on the grounds that the following matters were resolved by the Court at the March 17, 2016 hearing as further set forth in this Order. Plaintiff's motion for a forensic examination shall be heard on Thursday, April 28, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. Opposition, if any, shall be served on or before April 21, 2016. Plaintiff's reply, if any, shall be served on or before April 25, 2016. (Signed by Judge Robert W. Sweet on 4/15/2016) (spo) (Entered: 04/15/2016) |
| 04/15/2016 | 99 | REPLY to Response to Motion re: 75 MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff. Resubmitted*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/15/2016) |
| 04/15/2016 | 100 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 4/15/2016 re: Defendants' requesting that the Reply be placed under seal and that we substitute for public filing a Reply which omits words from page 9 about which Plaintiff complains. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 4/15/2016) (cf) (Entered: 04/15/2016) |
| 04/15/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 100 Endorsed Letter to the Sealed Records Clerk for the sealing or unsealing of document or case. (cf) (Entered: 04/15/2016) |
| 04/18/2016 | 101 | MOTION to Compel *Plaintiff to Disclose Alleged "On-going Criminal Investigations by Law Enforcement [sic]" or, In the Alternative, to Stay Proceedings*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 04/18/2016) |
| 04/19/2016 | 102 | RESPONSE in Opposition to Motion re: 101 MOTION to Compel *Plaintiff to Disclose Alleged "On-going Criminal Investigations by Law Enforcement [sic]" or, In the Alternative, to Stay Proceedings*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/19/2016) |
| 04/19/2016 | 103 | DECLARATION of Sigrid McCawley in Opposition re: 101 MOTION to Compel *Plaintiff to Disclose Alleged "On-going Criminal Investigations by Law Enforcement [sic]" or, In the Alternative, to Stay Proceedings*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(McCawley, Sigrid) (Entered: 04/19/2016) |
| 04/19/2016 | 104 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** SUPPLEMENTAL MOTION *to Defendant Ghislaine Maxwell's Objection to Motions for Admission Pro Hac Vice by Paul G. Cassell, and Bradley J Edwards*. Document filed |

| | | |
|---|---|---|
| | | by Ghislaine Maxwell.(Menninger, Laura) Modified on 4/20/2016 (db). (Entered: 04/19/2016) |
| 04/19/2016 | 105 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** DECLARATION of Jeffrey S. Pagliuca in Support re: 104 SUPPLEMENTAL MOTION *to Defendant Ghislaine Maxwell's Objection to Motions for Admission Pro Hac Vice by Paul G. Cassell, and Bradley J Edwards.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) Modified on 4/20/2016 (db). (Entered: 04/19/2016) |
| 04/19/2016 | 106 | ORDER granting in part and denying in part 35 Motion to Compel; granting in part and denying in part 63 Motion for Protective Order; denying 64 Motion to Compel. Plaintiff's motion to compel Defendant to Produce Documents Subject to Improper Objections, filed February 26, 2016, ECF No. 35, was granted in part and denied in part as set forth in open court on March 17, 2016. See ECF Nos. 66, 98. Defendant's motion for a protective order regarding deposition of Defendant, filed March 22, 2016, ECF No. 63, was granted in part and denied in part as set forth in open court on March 24, 2016. Tr. 4:7-7:16, ECF No. 82. Defendant's motion to compel Plaintiff to disclose pursuant to Federal Rule of Civil Procedure 26, filed March 22, 2016, ECF No. 64, was denied with leave granted to refile as set forth in open court on March 24, 2016. Tr. 3:19 4:6. (Signed by Judge Robert W. Sweet on 4/19/2016) (mro) (Entered: 04/20/2016) |
| 04/20/2016 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Laura A. Menninger to RE-FILE Document 105 Declaration in Support of Motion. Use the event type Declaration in Support (non-motion) found under the event list Other Answers. (db)** (Entered: 04/20/2016) |
| 04/20/2016 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Laura A. Menninger to RE-FILE Document 104 SUPPLEMENTAL MOTION** *to Defendant Ghislaine Maxwell's Objection to Motions for Admission Pro Hac Vice by Paul G. Cassell, and Bradley J Edwards..* **Use the event type Response to Motion found under the event list Replies, Opposition and Supporting Documents, then link to 80 and 86 Motions. (db)** (Entered: 04/20/2016) |
| 04/20/2016 | 107 | Objection re: 80 MOTION for Paul G. Cassell to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12149795. **Motion and supporting papers to be reviewed by Clerk's Office staff.**, 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12160815. **Motion and supporting papers to be reviewed by Clerk's Office staff.** . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/20/2016) |
| 04/20/2016 | 108 | DECLARATION of Jeffrey S. Pagliuca in Support re: 107 Objection (non-motion),,. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Menninger, Laura) (Entered: 04/20/2016) |
| 04/20/2016 | 109 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/20/2016) |
| 04/21/2016 | 110 | RESPONSE in Opposition to Motion re: 96 MOTION for Clarification of Court's Order and For Forensic Examination . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/21/2016) |
| 04/21/2016 | 111 | DECLARATION of Laura A. Menninger in Opposition re: 96 MOTION for Clarification of Court's Order and For Forensic Examination .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) (Entered: 04/21/2016) |

| | | |
|---|---|---|
| 04/21/2016 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 4/21/2016 re: [10 MOTION to Compel Plaintiff to Disclose Alleged "On-going Criminal Investigations by Law Enforcement [sic]" or, In the Alternative, to Stay Proceedings. filed by Ghislaine Maxwell, 80 MOTION for Paul G. Cassell to Appear Pro Hac Vic Filing fee $ 200.00, receipt number 0208-12149795.Motion and supporting papers to be reviewed by Clerk's Office staff filed by Virginia L. Giuffre, 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice Filing fee $ 200.00, receipt number 0208-12160815. Motion and supporting papers to be reviewed by Clerk's Office staff filed by Virginia L. Giuffre, 75 MOTION to Compel Responses to Defendant's First Set of Discovery Requests to Plaintiff filed by Ghislaine Maxwell. (Court Reporter Steven Greenblum)As set forth in open court, Defendant's motin to compel ECF No. 75 is granted in part and denied in part, the pro hace vice motions of Paul G. Cassell ECF No. 80 and Bradley James Edward ECF No. 86 are denied with leave to renew, and Defndant's motion to compel ECF No. 101 is granted in part and denied in part.(Chan, Tsz) (Entered: 04/21/2016) |
| 04/21/2016 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Motion(s) terminated: 80 MOTION for Paul G. Cassell to Appear Pro Hac Vice Filing fee $ 200.00, receipt number 0208-12149795 Motion and supporting papers to be reviewed by Clerk's Office staff filed by Virginia L. Giuffre, 75 MOTION to Compel Responses to Defendant's First Set of Discovery Requests to Plaintiff filed by Ghislaine Maxwell, 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice Filing fee $ 200.00, receipt number 0208-12160815 and supporting papers to be reviewed by Clerk's Office staff filed by Virginia L. Giuffre, 101 MOTION to Compel Plaintiff to Disclose Alleged "On-going Criminal Investigations by Law Enforcement [sic]" or, In the Alternative, to Stay Proceedings filed by Ghislaine Maxwell. (Court Reporter Steven Greenblum) (Chan, Tsz) (Entered: 04/21/2016) |
| 04/21/2016 | 112 | MOTION for Paul G. Cassell to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Text of Proposed Order) (McCawley, Sigrid) Modified on 4/22/2016 (sdi). Modified on 4/22/2016 (bcu). (Entered: 04/21/2016) |
| 04/21/2016 | 113 | LETTER RESPONSE to Motion addressed to Judge Robert W. Sweet from Sigrid McCawley dated April 21, 2016 re: 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12160815. **Motion and supporting papers to be reviewed by Clerk's Office staff.** . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/21/2016) |
| 04/21/2016 | 114 | DECLARATION of Bradley Edwards in Support re: 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12160815. **Motion and supporting papers to be reviewed by Clerk's Office staff.**. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (McCawley, Sigrid) (Entered: 04/21/2016) |
| 04/21/2016 | 115 | MOTION for Bradley J. Edwards to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Text of Proposed Order) (McCawley, Sigrid) (Entered: 04/21/2016) |
| 04/21/2016 | 116 | MEMORANDUM OF LAW in Opposition re: 112 MOTION for Paul G. Cassell to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff., 115** MOTION for Bradley J. Edwards to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/21/2016) |

# A-0021

| 04/21/2016 | 117 | DECLARATION of Menninger in Opposition re: 112 MOTION for Paul G. Cassell to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff., 115 MOTION for Bradley J. Edwards to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff..** Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) (Entered: 04/21/2016) |
|---|---|---|
| 04/22/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 115 MOTION for Bradley J. Edwards to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sdi)** (Entered: 04/22/2016) |
| 04/22/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 112 MOTION for Paul G. Cassell to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 04/22/2016) |
| 04/22/2016 | 118 | ORDER FOR ADMISSION PRO HAC VICE granting 115 Motion for Bradley J. Edwards to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 4/22/2016) (mro) (Entered: 04/22/2016) |
| 04/22/2016 | 119 | ORDER FOR ADMISSION PRO HAC VICE: The motion of Paul G. Cassell, for admission to practice Pro Hac Vice in the above captioned action is granted. (Signed by Judge Robert W. Sweet on 4/22/2016)(mro) (Entered: 04/22/2016) |
| 04/25/2016 | 120 | LETTER MOTION to Seal Document addressed to Judge Robert W. Sweet from Sigrid McCawley dated April 25, 2016. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 04/25/2016) |
| 04/25/2016 | 121 | REPLY MEMORANDUM OF LAW in Support re: 96 MOTION for Clarification of Court's Order and For Forensic Examination . *REDACTED*. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/25/2016) |
| 04/25/2016 | 122 | DECLARATION of Sigrid McCawley in Support re: 96 MOTION for Clarification of Court's Order and For Forensic Examination .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit REDACTED, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit REDACTED, # 8 Exhibit REDACTED)(McCawley, Sigrid) (Entered: 04/25/2016) |
| 04/26/2016 | 123 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** AFFIDAVIT of Erika Perez in Support re: 96 MOTION for Clarification of Court's Order and For Forensic Examination .. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) Modified on 4/27/2016 (ldi). (Entered: 04/26/2016) |
| 04/27/2016 | 124 | MOTION *Unopposed for Adjournment of Hearing on Plaintiff's Motion for Forensic Examination*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 04/27/2016) |
| 04/27/2016 | 125 | ORDER granting 120 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 4/26/2016) (spo) (Entered: 04/27/2016) |
| 04/27/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 125 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (spo) (Entered: 04/27/2016) |
| 04/27/2016 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Sigrid S. McCawley to RE-FILE Document 123** |

| | | |
|---|---|---|
| | | **Affidavit in Support of Motion. Use the event type Affidavit of Service Other found under the event list Service of Process. (ldi)** (Entered: 04/27/2016) |
| 04/28/2016 | 126 | AFFIDAVIT OF SERVICE of Plaintiff's Non-Redacted Reply in Support of Motion for Forensic Examination Filed Under Seal served on Laura Menninger and Jeffrey Pagliuca on April 26, 2016. Service was made by E-MAIL. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/28/2016) |
| 04/28/2016 | 127 | ORDER granting 124 Motion to adjourn conference. With respect to Defendant's motion for an adjournment of the April 28, 2016 hearing, filed April 27, 2016, Plaintiff's motion for a forensic examination is adjourned and shall instead be heard at noon on May 12, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. In the event the matter is resolved prior to the hearing, Plaintiff may accordingly withdraw her motion with leave granted to refile, and the parties are directed to jointly notify the Court by letter. This Order resolves ECF No. 124. (Signed by Judge Robert W. Sweet on 4/28/2016) (spo) (Entered: 04/28/2016) |
| 04/28/2016 | | Set/Reset Deadlines as to Motion Hearing set for 5/12/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (spo) (Entered: 04/28/2016) |
| 04/28/2016 | 128 | NOTICE of Submission of Law Enforcement Materials for In Camera Review. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/28/2016) |
| 04/29/2016 | 129 | NOTICE of Filing Under Seal Joint Proposed Redacted Order Regarding Privilege. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/29/2016) |
| 04/29/2016 | 130 | Objection re: 128 Notice (Other) *to Submission of Law Enforcement Materials for In Camera Review*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/29/2016) |
| 05/01/2016 | 131 | RESPONSE re: 130 Objection (non-motion) . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 05/01/2016) |
| 05/01/2016 | 132 | DECLARATION of Sigrid McCawley in Opposition re: 130 Objection (non-motion). Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit)(McCawley, Sigrid) (Entered: 05/01/2016) |
| 05/02/2016 | 133 | SEALED DOCUMENT placed in vault.(mps) (Entered: 05/02/2016) |
| 05/02/2016 | 134 | ORDER: With respect to Plaintiff's April 28, 2016 in camera submissions, the Plaintiff is directed to submit a log in camera on or before April 4, 2016, identifying the documents at issue, the applicable page range and category of grouped documents (that is, documents spanning more than one page in their original form), the dates of any submission, the law enforcement agency to which provided, any individuals, agencies, or organizations to whom it has been released or made available, and a statement identifying the privilege claimed and any authorities relied upon. The statement concerning privilege and authorities will be provided to the Defendant. (Signed by Judge Robert W. Sweet on 5/2/2016) (spo) (Entered: 05/02/2016) |
| 05/02/2016 | 135 | OPINION #106433 re: 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege, filed by Virginia L. Giuffre. For the foregoing reasons and as set forth above, Plaintiff's motion to compel is granted in part and denied in part. Defendant is directed to produce documents as set forth above on or before April 18, 2016. This matter being subject to a Protective Order dated March 17, 2016, the parties are directed to meet and confer regarding redactions to this Opini6n consistent with that Order. The parties are further directed to jointly file a proposed redacted version of this Opinion or notify the Court that none are necessary |

**A-0023**

| | | |
|---|---|---|
| | | within two weeks of the date of receipt of this Opinion. (As further set forth in this Order.) (Signed by Judge Robert W. Sweet on 4/15/2016) (spo) Modified on 5/4/2016 (ca). (Entered: 05/02/2016) |
| 05/03/2016 | 136 | TRANSCRIPT of Proceedings re: conference held on 4/21/2016 before Judge Robert W. Sweet. Court Reporter/Transcriber: Steven Greenblum, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/27/2016. Redacted Transcript Deadline set for 6/6/2016. Release of Transcript Restriction set for 8/4/2016. (McGuirk, Kelly) (Entered: 05/03/2016) |
| 05/03/2016 | 137 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a conference proceeding held on 4/21/16 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 05/03/2016) |
| 05/04/2016 | 138 | LETTER MOTION to Seal Document *Brief in Support of the Privilege Claimed for In Camera Submission* addressed to Judge Robert W. Sweet from Sigrid McCawley dated May 4, 2016. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/04/2016) |
| 05/04/2016 | 139 | RESPONSE re: 134 Order,, *Redacted*. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 05/04/2016) |
| 05/04/2016 | 140 | DECLARATION of Sigrid McCawley re: 139 Response ., DECLARATION of Sigrid McCawley in Support. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Redacted, # 2 Exhibit, # 3 Exhibit)(McCawley, Sigrid) (Entered: 05/04/2016) |
| 05/04/2016 | 141 | NOTICE of In Camera Submission re: 134 Order,,. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 05/04/2016) |
| 05/05/2016 | 142 | LETTER MOTION to Seal Document *Plaintiff's Motion to Compel Defendant to Answer Deposition Questions* addressed to Judge Robert W. Sweet from Sigrid McCawley dated May 5, 2016. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/05/2016) |
| 05/05/2016 | 143 | ***STRICKEN DOCUMENT. Deleted document number 143 from the case record. The document was stricken from this case pursuant to 1093 Order Striking Document from Record, . (kgo)** MOTION to Compel Defendant Ghislaine Maxwell to Answer Deposition Questions *Redacted*. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) Modified on 8/1/2020 (kgo). (Entered: 05/05/2016) |
| 05/05/2016 | 144 | DECLARATION of Sigrid McCawley in Support re: 143 MOTION to Compel Defendant Ghislaine Maxwell to Answer Deposition Questions *Redacted*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Redacted, # 2 Exhibit Redacted, # 3 Exhibit, # 4 Exhibit Redacted, # 5 Exhibit Redacted, # 6 Exhibit Redacted, # 7 Exhibit Redacted)(McCawley, Sigrid) (Entered: 05/05/2016) |
| 05/06/2016 | 145 | ORDER granting 142 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 5/6/2016) (spo) (Entered: 05/06/2016) |
| 05/06/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 145 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (spo) (Entered: 05/06/2016) |

# A-0024

| | | |
|---|---|---|
| 05/06/2016 | 146 | ORDER granting 138 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 5/6/2016) (spo) (Entered: 05/06/2016) |
| 05/06/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 146 Order on Motion to Seal Document 145 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (spo) (Entered: 05/06/2016) |
| 05/06/2016 | 147 | ORDER: Plaintiff's motion to compel, filed May 5, 2016, shall be heard at noon on Thursday May 12, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. (Motion Hearing set for 5/12/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 5/6/2016) (spo) (Entered: 05/06/2016) |
| 05/09/2016 | 148 | REPLY *In Opposition to In Camera Submission*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 05/09/2016) |
| 05/10/2016 | 149 | RESPONSE to Motion re: 143 MOTION to Compel Defendant Ghislaine Maxwell to Answer Deposition Questions *Redacted*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 05/10/2016) |
| 05/10/2016 | 150 | DECLARATION of Jeffrey S. Pagliuca in Opposition re: 143 MOTION to Compel Defendant Ghislaine Maxwell to Answer Deposition Questions *Redacted*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 05/10/2016) |
| 05/11/2016 | 151 | LETTER MOTION to Seal Document *Plaintiff's Reply In Support of her Motion to Compel* addressed to Judge Robert W. Sweet from Sigrid McCawley dated May 11, 2016. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/11/2016) |
| 05/11/2016 | 152 | REPLY MEMORANDUM OF LAW in Support re: 143 MOTION to Compel Defendant Ghislaine Maxwell to Answer Deposition Questions *Redacted*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 05/11/2016) |
| 05/11/2016 | 153 | DECLARATION of Sigrid McCawley in Support re: 143 MOTION to Compel Defendant Ghislaine Maxwell to Answer Deposition Questions *Redacted*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1 Redacted, # 2 Exhibit Exhibit 2 Part 1, # 3 Exhibit Exhibit 2 Part 2, # 4 Exhibit Exhibit 2 Part 3, # 5 Exhibit Exhibit 3 Part 1, # 6 Exhibit Exhibit 3 Part 2, # 7 Exhibit Exhibit 4, # 8 Exhibit Exhibit 5, # 9 Exhibit Exhibit 6, # 10 Exhibit Exhibit 7)(McCawley, Sigrid) (Entered: 05/11/2016) |
| 05/12/2016 | 154 | SEALED DOCUMENT placed in vault.(rz) (Entered: 05/12/2016) |
| 05/12/2016 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 5/12/2016 re: 143 MOTION to Compel Defendant Ghislaine Maxwell to Answer Deposition Questions filed by Virginia L. Giuffre. Decision Reserved.The proceeding was filed under seal.The transcript are seal by the Court. (Court Reporter Tom Murray) (Chan, Tsz) (Entered: 05/13/2016) |
| 05/20/2016 | 155 | MOTION to Compel *Non-Privileged Documents*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 05/20/2016) |
| 05/20/2016 | 156 | DECLARATION of Laura A. Menninger in Support re: 155 MOTION to Compel *Non-Privileged Documents*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Menninger, Laura) (Entered: 05/20/2016) |

# A-0025

| | | |
|---|---|---|
| 05/23/2016 | 157 | ORDER: Defendant's motion to compel, filed May 20, 2016, shall be heard at noon on Thursday June 2, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. Motion Hearing set for 6/2/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 5/23/2016) (cf) (Entered: 05/23/2016) |
| 05/23/2016 | 158 | ENDORSED LETTER addressed to Judge Robert W. Sweet from LAura A. Menninger dated 5/20/2016 re: Request to file Confidential information Under Seal. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 5/23/2016) (spo) Modified on 6/13/2016 (tro). (Entered: 05/23/2016) |
| 05/25/2016 | 159 | LETTER MOTION to Seal Document *Plaintiff's Motion for Leave to Serve Three Deposition Subpoenas by Means Other than Personal Service* addressed to Judge Robert W. Sweet from Sigrid McCawley dated May 25, 2016. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/25/2016) |
| 05/25/2016 | 160 | MOTION for Leave to Serve Three Deposition Subpoenas by Means Other Than Personal Service *Redacted*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/25/2016) |
| 05/25/2016 | 161 | DECLARATION of Sigrid McCawley in Support re: 160 MOTION for Leave to Serve Three Deposition Subpoenas by Means Other Than Personal Service *Redacted*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Exhibit 1, # 2 Exhibit Exhibit 2 Redacted, # 3 Exhibit Composite Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8, # 9 Exhibit Composite Exhibit 9)(McCawley, Sigrid) (Entered: 05/25/2016) |
| 05/25/2016 | 162 | MOTION for John Stanley Pottinger to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12345610. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Virginia L. Giuffre. (Attachments: # 1 Appendix Certificate of Good Standing, # 2 Appendix Proposed Order)(Pottinger, John) (Entered: 05/25/2016) |
| 05/26/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 162 MOTION for John Stanley Pottinger to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12345610. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sdi)** (Entered: 05/26/2016) |
| 05/26/2016 | 163 | ORDER granting 151 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 5/26/2016) (spo) (Entered: 05/26/2016) |
| 05/26/2016 | 164 | MOTION to Compel *all Attorney-Client Communications and Work Product Put At Issue by Plaintiff and Her Attorneys*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 05/26/2016) |
| 05/26/2016 | 165 | DECLARATION of Laura A. Menninger in Support re: 164 MOTION to Compel *all Attorney-Client Communications and Work Product Put At Issue by Plaintiff and Her Attorneys*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q)(Menninger, Laura) (Entered: 05/26/2016) |
| 05/27/2016 | 166 | ORDER: Plaintiff's motion for leave to serve, filed May 25, 2016, shall be heard at noon on Thursday June 2, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. (Motion Hearing set for 6/2/2016 at 12:00 PM in Courtroom 18C, 500 Pearl |

| | | |
|---|---|---|
| | | Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 5/26/2016) (spo) Modified on 6/13/2016 (tro). (Entered: 05/27/2016) |
| 05/27/2016 | 167 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 5/26/2016 re: Request to file under seal. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 5/27/2016) (spo) (Entered: 05/27/2016) |
| 05/27/2016 | 168 | ORDER granting 159 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 5/27/2016) (spo) (Entered: 05/27/2016) |
| 05/27/2016 | 169 | ORDER. Defendant's motion to compel, filed May 26, 2016, shall be heard at noon on Thursday June 2, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. It is so ordered. (Oral Argument set for 6/2/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 5/27/2016) (rjm) (Entered: 05/27/2016) |
| 05/27/2016 | 170 | ORDER FOR ADMISSION PRO HAC VICE granting 162 Motion for J. Stanley Pottinger to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 5/26/2016) (kgo) (Entered: 05/27/2016) |
| 05/27/2016 | 171 | LETTER MOTION to Seal Document *Plaintiff's Motion to Exceed Presumptive Ten Deposition Limit* addressed to Judge Robert W. Sweet from Sigrid McCawley dated May 27, 2016. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/27/2016) |
| 05/27/2016 | 172 | MOTION To Exceed Presumptive Ten Deposition Limit *Redacted*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/27/2016) |
| 05/27/2016 | 173 | DECLARATION of Sigrid McCawley in Support re: 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5 Redacted, # 6 Exhibit Exhibit 6 Redacted, # 7 Exhibit Exhibit 7 Part 1, # 8 Exhibit Exhibit 7 Part 2, # 9 Exhibit Exhibit 8, # 10 Exhibit Exhibit 9)(McCawley, Sigrid) (Entered: 05/27/2016) |
| 05/27/2016 | 174 | ORDER: All pending motions scheduled to be heard at noon on Thursday June 2, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street are advanced to 10:00 am. Motion Hearing set for 6/2/2016 at 10:00 AM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 5/27/2016) (kgo) (Entered: 05/27/2016) |
| 05/27/2016 | 175 | NOTICE of of Acceptance of Service re: 160 MOTION for Leave to Serve Three Deposition Subpoenas by Means Other Than Personal Service *Redacted*.. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 05/27/2016) |
| 05/27/2016 | 176 | MOTION for Extension of Time *to Respond to 24-Page Motion on Attorney-Client Waiver Issues*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 05/27/2016) |
| 05/31/2016 | 177 | LETTER MOTION to Seal Document *Response in Opposition to Defendant's Motion to Compel Non-Privileged Documents* addressed to Judge Robert W. Sweet from Meredith Schultz dated May 31, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 05/31/2016) |
| 05/31/2016 | 178 | ORDER granting 171 Motion to Seal Document Plaintiff's Motion to Exceed Presumptive Ten Deposition Limit. So ordered. (Signed by Judge Robert W. Sweet on 5/31/2016) (kko) (Entered: 05/31/2016) |

A-0027

| 05/31/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 178 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (kko) (Entered: 05/31/2016) |
| --- | --- | --- |
| 05/31/2016 | 179 | RESPONSE in Opposition to Motion re: 155 MOTION to Compel *Non-Privileged Documents*. . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 05/31/2016) |
| 05/31/2016 | 180 | DECLARATION of Meredith L. Schultz in Opposition re: 155 MOTION to Compel *Non-Privileged Documents*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Redacted, # 2 Exhibit Redacted, # 3 Exhibit Redacted, # 4 Exhibit, # 5 Redacted, # 6 Redacted, # 7 Exhibit)(Schultz, Meredith) (Entered: 05/31/2016) |
| 06/01/2016 | 181 | LETTER MOTION to Seal Document 164 MOTION to Compel *all Attorney-Client Communications and Work Product Put At Issue by Plaintiff and Her Attorneys*. addressed to Judge Robert W. Sweet from Meredith Schultz dated 06/01/16. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 06/01/2016) |
| 06/01/2016 | 182 | FIRST MOTION for Leave to File Excess Pages . Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 06/01/2016) |
| 06/01/2016 | 183 | ORDER granting 177 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 5/31/2016) (cf) (Entered: 06/01/2016) |
| 06/01/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 183 Order to the Sealed Records Clerk for the sealing or unsealing of document or case. (cf) (Entered: 06/01/2016) |
| 06/01/2016 | 184 | RESPONSE in Opposition to Motion re: 164 MOTION to Compel *all Attorney-Client Communications and Work Product Put At Issue by Plaintiff and Her Attorneys*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 06/01/2016) |
| 06/01/2016 | 185 | DECLARATION of Sigrid S. McCawley in Opposition re: 181 LETTER MOTION to Seal Document 164 MOTION to Compel *all Attorney-Client Communications and Work Product Put At Issue by Plaintiff and Her Attorneys*. addressed to Judge Robert W. Sweet from Meredith Schultz dated 06/01/16.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2 Sealed, # 3 Exhibit 3 Sealed, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11 Sealed, # 12 Exhibit 12, # 13 Exhibit 13 Sealed, # 14 Exhibit 14 Sealed, # 15 Exhibit 15 Sealed, # 16 Exhibit 16 Sealed)(McCawley, Sigrid) (Entered: 06/01/2016) |
| 06/02/2016 | | Minute Entry The motions on June 2, 2016 was taken on submission. (Chan, Tsz) (Entered: 06/07/2016) |
| 06/03/2016 | 186 | ORDER granting 181 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 6/3/2016) (kl) (Entered: 06/03/2016) |
| 06/03/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 186 Order on Motion to Seal Document, to the Sealed Records Clerk for the sealing or unsealing of document or case. (kl) (Entered: 06/03/2016) |
| 06/06/2016 | 187 | ORDER: Plaintiff's motion to exceed the ten deposition limit shall be returnable on submission on June 16, 2016. All papers shall be served in accordance with Local Civil Rule 6.1. (Signed by Judge Robert W. Sweet on 6/6/2016) (cf) (Entered: 06/06/2016) |
| 06/06/2016 | 188 | MEMO ENDORSEMENT granting 176 Motion for Extension of Time to respond to motion. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 5/31/2016) (spo) (Entered: 06/06/2016) |

# A-0028

| 06/06/2016 | 189 | RESPONSE in Opposition to Motion re: 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 06/06/2016) |
|---|---|---|
| 06/06/2016 | 190 | DECLARATION of Laura A. Menninger in Opposition re: 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 06/06/2016) |
| 06/06/2016 | 191 | REPLY to Response to Motion re: 155 MOTION to Compel *Non-Privileged Documents*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 06/06/2016) |
| 06/06/2016 | 192 | DECLARATION of Laura A. Menninger in Support re: 155 MOTION to Compel *Non-Privileged Documents*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit K, # 2 Exhibit L, # 3 Exhibit M)(Menninger, Laura) (Entered: 06/06/2016) |
| 06/06/2016 | 193 | REPLY to Response to Motion re: 164 MOTION to Compel *all Attorney-Client Communications and Work Product Put At Issue by Plaintiff and Her Attorneys*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 06/06/2016) |
| 06/06/2016 | 194 | DECLARATION of Laura A. Menninger in Support re: 164 MOTION to Compel *all Attorney-Client Communications and Work Product Put At Issue by Plaintiff and Her Attorneys*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit Q, # 2 Exhibit R, # 3 Exhibit S)(Menninger, Laura) (Entered: 06/06/2016) |
| 06/07/2016 | 195 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 6/6/2016 re: Letter motion for file exhibits. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 6/7/2016) (spo) (Entered: 06/07/2016) |
| 06/07/2016 | 196 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 6/6/2016 re: Request to file exhibit S. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 6/7/2016) (spo) (Entered: 06/07/2016) |
| 06/07/2016 | 197 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 6/6/2016 re: Request to file exhibit A. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 6/7/2016) (spo) (Entered: 06/07/2016) |
| 06/08/2016 | 198 | SEALED DOCUMENT placed in vault.(mps) (Entered: 06/08/2016) |
| 06/10/2016 | 199 | MOTION for Extension of Time *to Complete Depositions*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 06/10/2016) |
| 06/10/2016 | 200 | DECLARATION of Sigrid S. McCawley in Support re: 199 MOTION for Extension of Time *to Complete Depositions*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit)(Schultz, Meredith) (Entered: 06/10/2016) |
| 06/13/2016 | 201 | MOTION to Maintain Confidentiality Designation . Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 06/13/2016) |
| 06/13/2016 | 202 | LETTER MOTION to Seal Document *re Reply* addressed to Judge Robert W. Sweet from Meredith Schultz dated 06/13/2016. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 06/13/2016) |
| 06/13/2016 | 203 | RESPONSE in Support of Motion re: 202 LETTER MOTION to Seal Document *re Reply* addressed to Judge Robert W. Sweet from Meredith Schultz dated 06/13/2016., 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted*. . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 06/13/2016) |
| 06/13/2016 | 204 | DECLARATION of Sigrid S. McCawley in Support re: 202 LETTER MOTION to Seal Document *re Reply* addressed to Judge Robert W. Sweet from Meredith Schultz dated |

| | | |
|---|---|---|
| | | 06/13/2016., 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1 (Sealed), # 2 Exhibit 2 (Sealed), # 3 Exhibit 3 (Sealed))(Schultz, Meredith) (Entered: 06/13/2016) |
| 06/13/2016 | 205 | MOTION for Protective Order *re Subpoena to Apple, Inc. Seeking Production of All of Ms. Giuffre's Sent and Received Emails and Relevant Data*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 06/13/2016) |
| 06/13/2016 | 206 | DECLARATION of Meredith L. Schultz in Support re: 205 MOTION for Protective Order *re Subpoena to Apple, Inc. Seeking Production of All of Ms. Giuffre's Sent and Received Emails and Relevant Data*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit)(Schultz, Meredith) (Entered: 06/13/2016) |
| 06/13/2016 | 207 | MOTION for Protective Order *re the Subpoena to Microsoft Corporation Seeking Production of All of Ms. Giuffre's Sent and Received Emails and Related Data*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 06/13/2016) |
| 06/13/2016 | 208 | DECLARATION of Meredith L Schultz in Support re: 207 MOTION for Protective Order *re the Subpoena to Microsoft Corporation Seeking Production of All of Ms. Giuffre's Sent and Received Emails and Related Data*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit)(Schultz, Meredith) (Entered: 06/13/2016) |
| 06/14/2016 | 209 | ORDER granting 202 LETTER MOTION to Seal Document re Reply addressed to Judge Robert W. Sweet from Meredith Schultz dated 06/13/2016. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 6/14/2016) (rjm) (Entered: 06/14/2016) |
| 06/14/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 209 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 06/14/2016) |
| 06/14/2016 | 210 | ORDER. Plaintiff's motions for a protective order, to maintain the confidentiality designations, and for an extension of time shall be heard at noon on Thursday June 23, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. It is so ordered. (Oral Argument set for 6/23/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 6/14/2016) (rjm) (Entered: 06/14/2016) |
| 06/14/2016 | 211 | REPLY to Response to Motion re: 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted*. *CORRECTED*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 06/14/2016) |
| 06/14/2016 | 212 | DECLARATION of Meredith L Schultz in Support re: 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit SEALED, # 2 Exhibit SEALED, # 3 Exhibit SEALED) (Schultz, Meredith) (Entered: 06/14/2016) |
| 06/15/2016 | 213 | NOTICE OF APPEARANCE by Eric Joel Feder on behalf of Sharon Churcher. (Feder, Eric) (Entered: 06/15/2016) |
| 06/15/2016 | 214 | NOTICE OF APPEARANCE by Laura R. Handman on behalf of Sharon Churcher. (Handman, Laura) (Entered: 06/15/2016) |
| 06/15/2016 | 215 | MOTION to Quash subpoena of Sharon Churcher . Document filed by Sharon Churcher. (Handman, Laura) (Entered: 06/15/2016) |
| 06/15/2016 | 216 | DECLARATION of Sharon Churcher in Support re: 215 MOTION to Quash subpoena of Sharon Churcher .. Document filed by Sharon Churcher. (Attachments: # 1 Exhibit 1 |

A-0030

| | | |
|---|---|---|
| | | to Churcher Decl., # 2 Exhibit 2 to Churcher Decl., # 3 Exhibit 3 to Churcher Decl., # 4 Exhibit 4 to Churcher Decl., # 5 Exhibit 5 to Churcher Decl., # 6 Exhibit 6 to Churcher Decl., # 7 Exhibit 7 to Churcher Decl., # 8 Exhibit 8 to Churcher Decl.)(Feder, Eric) (Entered: 06/15/2016) |
| 06/15/2016 | 217 | DECLARATION of Laura R. Handman in Support re: 215 MOTION to Quash subpoena of Sharon Churcher .. Document filed by Sharon Churcher. (Attachments: # 1 Exhibit A to Handman Decl.)(Feder, Eric) (Entered: 06/15/2016) |
| 06/15/2016 | 218 | MEMORANDUM OF LAW in Support re: 215 MOTION to Quash subpoena of Sharon Churcher . . Document filed by Sharon Churcher. (Feder, Eric) (Entered: 06/15/2016) |
| 06/16/2016 | 219 | MOTION for Gregory Lawrence Poe to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12430113. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Jeffrey Epstein. (Attachments: # 1 Appendix Certificate of Good Standing, # 2 Text of Proposed Order Proposed Order)(Poe, Gregory) (Entered: 06/16/2016) |
| 06/16/2016 | 220 | NOTICE OF APPEARANCE by Rachel S Li Wai Suen on behalf of Jeffrey Epstein. (Li Wai Suen, Rachel) (Entered: 06/16/2016) |
| 06/16/2016 | 221 | MOTION to Quash Subpoena of Jeffrey Epstein *or in the Alternative Modify Subpoena and for a Protective Order*. Document filed by Jeffrey Epstein.(Li Wai Suen, Rachel) (Entered: 06/16/2016) |
| 06/16/2016 | 222 | MEMORANDUM OF LAW in Support re: 221 MOTION to Quash Subpoena of Jeffrey Epstein *or in the Alternative Modify Subpoena and for a Protective Order*. . Document filed by Jeffrey Epstein. (Li Wai Suen, Rachel) (Entered: 06/16/2016) |
| 06/16/2016 | 223 | DECLARATION of Gregory L. Poe in Support re: 221 MOTION to Quash Subpoena of Jeffrey Epstein *or in the Alternative Modify Subpoena and for a Protective Order*.. Document filed by Jeffrey Epstein. (Attachments: # 1 Exhibit 1 to Poe Decl., # 2 Exhibit 2 to Poe Decl., # 3 Exhibit 3 to Poe Decl., # 4 Exhibit 4 to Poe Decl., # 5 Exhibit 5 to Poe Decl., # 6 Exhibit 6 to Poe Decl., # 7 Exhibit 7 to Poe Decl.)(Li Wai Suen, Rachel) (Entered: 06/16/2016) |
| 06/16/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 219 MOTION for Gregory Lawrence Poe to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12430113. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 06/16/2016) |
| 06/17/2016 | | ***DELETED DOCUMENT. Deleted document number 224 Reply. The document was incorrectly filed in this case. (rj)** (Entered: 06/17/2016) |
| 06/17/2016 | 224 | REPLY to Response to Motion re: 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted. AMENDED*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 06/17/2016) |
| 06/20/2016 | 225 | ORDER FOR ADMISSION PRO HAC VICE: granting 219 Motion for Gregory Lawrence Poe to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 6/20/2016) (ama) (Entered: 06/20/2016) |
| 06/20/2016 | 226 | ORDER: Jeffrey Epstein's motion to quash shall be heard at noon on Thursday June 23, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. IT IS SO ORDERED., Set Deadlines/Hearing as to ( Motion Hearing set for 6/23/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 6/20/2016) (ama) (Entered: 06/20/2016) |

# A-0031

| | | |
|---|---|---|
| 06/20/2016 | 227 | ORDER: Sharon Churcher's motion to quash shall be heard at noon on Thursday June 23, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. IT IS SO ORDERED., Set Deadlines/Hearing as to ( Motion Hearing set for 6/23/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 6/20/2016) (ama) (Entered: 06/20/2016) |
| 06/20/2016 | 228 | RESPONSE in Opposition to Motion re: 199 MOTION for Extension of Time *to Complete Depositions*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 06/20/2016) |
| 06/20/2016 | 229 | DECLARATION of Laura A. Menninger in Opposition re: 199 MOTION for Extension of Time *to Complete Depositions*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Menninger, Laura) (Entered: 06/20/2016) |
| 06/20/2016 | 230 | MOTION to Reopen Deposition of Plaintiff Virginia Giuffre . Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 06/20/2016) |
| 06/20/2016 | 231 | MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a)*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 06/20/2016) |
| 06/20/2016 | 232 | DECLARATION of Laura A. Menninger in Support re: 231 MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a)*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Menninger, Laura) (Entered: 06/20/2016) |
| 06/20/2016 | 233 | RESPONSE in Opposition to Motion re: 221 MOTION to Quash Subpoena of Jeffrey Epstein *or in the Alternative Modify Subpoena and for a Protective Order*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 06/20/2016) |
| 06/20/2016 | 234 | DECLARATION of Sigird S. McCawley in Opposition re: 221 MOTION to Quash Subpoena of Jeffrey Epstein *or in the Alternative Modify Subpoena and for a Protective Order*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5 Part 1 of 3, # 6 Exhibit Exhibit 5 Part 2 of 3, # 7 Exhibit Exhibit 5 Part 3 of 3)(McCawley, Sigrid) (Entered: 06/20/2016) |
| 06/21/2016 | 235 | DECLARATION of Laura A. Menninger in Support re: 230 MOTION to Reopen Deposition of Plaintiff Virginia Giuffre .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit K, # 11 Exhibit L, # 12 Exhibit M, # 13 Exhibit N)(Menninger, Laura) (Entered: 06/21/2016) |
| 06/21/2016 | 236 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 6/20/2016 re: This is a letter motion to file under seal the following Motions, as well as Declarations and certain exhibits thereto, under seal pursuant to this Court's Protective Order (Doc. #62), the documents as further specified and listed in this letter. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 6/20/2016) (rjm) (Entered: 06/21/2016) |
| 06/21/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 236 Endorsed Letter to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: |

**A-0032**

| | | |
|---|---|---|
| | | 06/21/2016) |
| 06/21/2016 | 237 | ORDER with respect to 230 Motion to Reopen Plaintiff's deposition; with respect to 231 Motion for Sanctions: Defendant's motion to reopen Plaintiff's deposition and motion for sanctions shall be taken on submission returnable Thursday, June 30, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Signed by Judge Robert W. Sweet on 6/21/2016) (tn) (Entered: 06/21/2016) |
| 06/21/2016 | 238 | REPLY MEMORANDUM OF LAW in Support re: 221 MOTION to Quash Subpoena of Jeffrey Epstein *or in the Alternative Modify Subpoena and for a Protective Order*. . Document filed by Jeffrey Epstein. (Li Wai Suen, Rachel) (Entered: 06/21/2016) |
| 06/21/2016 | 239 | DECLARATION of Gregory L. Poe (Supplemental Declaration) in Support re: 221 MOTION to Quash Subpoena of Jeffrey Epstein *or in the Alternative Modify Subpoena and for a Protective Order*.. Document filed by Jeffrey Epstein. (Attachments: # 1 Exhibit 1)(Li Wai Suen, Rachel) (Entered: 06/21/2016) |
| 06/22/2016 | 240 | SEALED DOCUMENT placed in vault.(mps) (Entered: 06/22/2016) |
| 06/22/2016 | 241 | SEALED DOCUMENT placed in vault.(rz) (Entered: 06/22/2016) |
| 06/22/2016 | 242 | SEALED DOCUMENT placed in vault.(mps) (Entered: 06/22/2016) |
| 06/22/2016 | 243 | SEALED DOCUMENT placed in vault.(rz) (Entered: 06/22/2016) |
| 06/22/2016 | 244 | SEALED DOCUMENT placed in vault.(rz) (Entered: 06/22/2016) |
| 06/22/2016 | 245 | LETTER MOTION to Seal Document addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated June 22, 2016. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 06/22/2016) |
| 06/22/2016 | 246 | RESPONSE in Opposition to Motion re: 215 MOTION to Quash subpoena of Sharon Churcher . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 06/22/2016) |
| 06/22/2016 | 247 | DECLARATION of Laura A. Menninger in Opposition re: 215 MOTION to Quash subpoena of Sharon Churcher .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Menninger, Laura) (Entered: 06/22/2016) |
| 06/22/2016 | 248 | REPLY MEMORANDUM OF LAW in Support re: 199 MOTION for Extension of Time *to Complete Depositions*. *REDACTED*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 06/22/2016) |
| 06/22/2016 | 249 | DECLARATION of Sigrid McCawley in Support re: 199 MOTION for Extension of Time *to Complete Depositions*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit REDACTED, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit REDACTED, # 14 Exhibit REDACTED, # 15 Exhibit REDACTED)(Schultz, Meredith) (Entered: 06/22/2016) |
| 06/23/2016 | 251 | ORDER: The Clerk of Court is directed to place the above entitled docket under seal. (Signed by Judge Robert W. Sweet on 6/23/2016) (tro) (Entered: 06/24/2016) |
| 06/23/2016 | 254 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 6/22/2016 re: This is a letter motion to file under seal the Defendant's Response to Nonparty Sharon Churcher's Motion tn Quash Subpoena, as well as Declaration and certain exhibits thereto, under seal pursuant to this Court's Protective Order (Doc. #62). |

| | | |
|---|---|---|
| | | ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 6/23/2016) (rjm) (Entered: 06/24/2016) |
| 06/23/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 254 Endorsed Letter to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 06/24/2016) |
| 06/23/2016 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 6/23/2016 re: 221 MOTION to Quash Subpoena of Jeffrey Epstein or in the Alternative Modify Subpoena and for a Protective Order filed by Jeffrey Epstein, 205 MOTION for Protective Order re Subpoena to Apple, Inc. Seeking Production of All of Ms. Giuffre's Sent and Received Emails and Relevant Data filed by Virginia L. Giuffre, 215 MOTION to Quash subpoena of Sharon Churcher filed by Sharon Churcher, 207 MOTION for Protective Order re the Subpoena to Microsoft Corporation Seeking Production of All of Ms. Giuffre's Sent and Received Emails and Related Data filed by Virginia L. Giuffre. Motion to extend: Granted. Counsel is directed to meet and confer on a further schedule.Confidentiality designation : Motion granted, confidentiality will be maintained.Apple Subpoena: Motion to quash granted.Microsoft Subpoena: Motion to quash granted, with leave to renew.Churcher Subpoena: Decision reserved.Epstein Subpoena: Reserved on the bench (order subsequently filed denied the motion to quash). (Court Reporter Vincent Bologna) (Chan, Tsz) (Entered: 06/27/2016) |
| 06/24/2016 | 250 | ORDER, The Court directs the Clerk of Court and Records Department to unseal the docket and seal ECF No. 246. It is so ordered. (Signed by Judge Robert W. Sweet on 06/24/2016) (mps) (Entered: 06/24/2016) |
| 06/24/2016 | 252 | MEMO ENDORSEMENT on NOTICE OF MOTION TO QUASH (OR IN THE ALTERNATIVE MODIFY) SUBPOENA AND FOR A PROTECTIVE ORDER. ENDORSEMENT: The motion to quash is denied. So ordered. Denying 221 Motion to Quash. (Signed by Judge Robert W. Sweet on 6/23/2016) (rjm) (Entered: 06/24/2016) |
| 06/24/2016 | 253 | ORDER granting 245 LETTER MOTION to Seal Document addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated June 22, 2016. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 6/23/2016) (rjm) (Entered: 06/24/2016) |
| 06/24/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 253 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 06/24/2016) |
| 06/28/2016 | 255 | LETTER MOTION to Seal Document *Plaintiff's Response in Opposition to Defendant's Motion for Rule 37 Sanctions* addressed to Judge Robert W. Sweet from Meredith Schultz dated June 28, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 06/28/2016) |
| 06/28/2016 | 256 | LETTER MOTION to Seal Document *Plaintiff's Response in Opposition to Defendant's Motion to Reopen Plaintiff's Deposition* addressed to Judge Robert W. Sweet from Meredith Schultz dated June 28, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 06/28/2016) |
| 06/28/2016 | 257 | RESPONSE in Opposition to Motion re: 231 MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a)*. *REDACTED*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 06/28/2016) |
| 06/28/2016 | 258 | DECLARATION of Sigrid McCawley in Opposition re: 231 MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a)..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, |

| | | |
|---|---|---|
| | | # 2 Exhibit REDACTED, # 3 Exhibit REDACTED, # 4 Exhibit REDACTED, # 5 Exhibit REDACTED, # 6 Exhibit REDACTED, # 7 Exhibit REDACTED, # 8 Exhibit REDACTED, # 9 Exhibit REDACTED, # 10 Errata REDACTED)(Schultz, Meredith) (Entered: 06/28/2016) |
| 06/28/2016 | 259 | RESPONSE in Opposition to Motion re: 230 MOTION to Reopen Deposition of Plaintiff Virginia Giuffre . *REDACTED*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 06/28/2016) |
| 06/28/2016 | 260 | DECLARATION of Sigrid McCawley in Opposition re: 230 MOTION to Reopen Deposition of Plaintiff Virginia Giuffre .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED)(Schultz, Meredith) (Entered: 06/28/2016) |
| 07/01/2016 | 261 | RESPONSE in Opposition to Motion re: 231 MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a)*. *REDACTED-CORRECTED*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 07/01/2016) |
| 07/05/2016 | 262 | LETTER MOTION for Leave to File *Reply Brief in Further Support of Motion to Quash* addressed to Judge Robert W. Sweet from Eric J. Feder dated July 5, 2016., LETTER MOTION to Seal Document addressed to Judge Robert W. Sweet from Eric J. Feder dated July 5, 2016. Document filed by Sharon Churcher.(Feder, Eric) (Entered: 07/05/2016) |
| 07/05/2016 | 263 | REPLY MEMORANDUM OF LAW in Support re: 215 MOTION to Quash subpoena of Sharon Churcher . . Document filed by Sharon Churcher. (Feder, Eric) (Entered: 07/05/2016) |
| 07/05/2016 | 264 | NOTICE of of FILING REDACTED OPINION. Document filed by Virginia L. Giuffre. (Attachments: # 1 Text of Proposed Order Proposed Redacted Opinion)(Schultz, Meredith) (Entered: 07/05/2016) |
| 07/07/2016 | 265 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 6/30/2016 re: I write to request a brief 3-day extension of time to file Ms. Maxwell's Reply in Support of her Motions to Re-open Plaintiff's Deposition and for Rule 37(b) and (c) Sanctions until July 8, 2016. ENDORSEMENT: So ordered. (Replies due by 7/8/2016.) (Signed by Judge Robert W. Sweet on 7/5/2016) (rjm) (Entered: 07/07/2016) |
| 07/07/2016 | 266 | ORDER granting 255 LETTER MOTION to Seal Document Plaintiff's Response in Opposition to Defendant's Motion for Rule 37 Sanctions addressed to Judge Robert W. Sweet from Meredith Schultz dated June 28, 2016. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 7/5/2016) (rjm) (Entered: 07/07/2016) |
| 07/07/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 266 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 07/07/2016) |
| 07/08/2016 | 267 | REPLY to Response to Motion re: 230 MOTION to Reopen Deposition of Plaintiff Virginia Giuffre . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 07/08/2016) |
| 07/08/2016 | 268 | DECLARATION of Laura A. Menninger in Support re: 230 MOTION to Reopen Deposition of Plaintiff Virginia Giuffre .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit O, # 2 Exhibit P)(Menninger, Laura) (Entered: 07/08/2016) |

| 07/08/2016 | 269 | REPLY to Response to Motion re: 231 MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a)*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 07/08/2016) |
|---|---|---|
| 07/08/2016 | 270 | DECLARATION of Laura A. Menninger in Support re: 231 MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a)*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit O, # 2 Exhibit P, # 3 Exhibit Q, # 4 Exhibit R, # 5 Exhibit S, # 6 Exhibit T)(Menninger, Laura) (Entered: 07/08/2016) |
| 07/12/2016 | 271 | LETTER MOTION to Seal Document addressed to Judge Robert W. Sweet from Meredith Schultz dated July 12, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/12/2016) |
| 07/12/2016 | 272 | LETTER MOTION for Leave to File Sur-Reply addressed to Judge Robert W. Sweet from Sigrid McCawley dated July 12, 2016. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED Sur-Reply, # 2 Exhibit REDACTED Declaration, # 3 Exhibit REDACTED Exhibit 1, # 4 Exhibit REDACTED Exhibit 2, # 5 Exhibit REDACTED Exhibit 3, # 6 Exhibit REDACTED Exhibit 4, # 7 Exhibit REDACTED Exhibit 5, # 8 Exhibit REDACTED Exhibit 6, # 9 Exhibit REDACTED Exhibit 7, # 10 Exhibit REDACTED Exhibit 8)(Schultz, Meredith) (Entered: 07/12/2016) |
| 07/13/2016 | 273 | ORDER granting 256 LETTER MOTION to Seal Document Plaintiff's Response in Opposition to Defendant's Motion to Reopen Plaintiff's Deposition addressed to Judge Robert W. Sweet from Meredith Schultz dated June 28, 2016. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 7/11/2016) (rjm) (Entered: 07/13/2016) |
| 07/13/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 273 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 07/13/2016) |
| 07/13/2016 | 274 | MEMO ENDORSEMENT on THE PARTIES' AGREED NOTICE OF FILING REDACTED OPINION. ENDORSEMENT: So ordered. re: 264 NOTICE of of FILING REDACTED OPINION. Document filed by Virginia L. Giuffre. (Signed by Judge Robert W. Sweet on 7/11/2016) (rjm) (Entered: 07/13/2016) |
| 07/13/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 274 Memo Endorsement to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 07/13/2016) |
| 07/13/2016 | 275 | ORDER granting 262 LETTER MOTION for Leave to File Reply Brief in Further Support of Motion to Quash addressed to Judge Robert W. Sweet from Eric J. Feder dated July 5, 2016. LETTER MOTION to Seal Document addressed to Judge Robert W. Sweet from Eric J. Feder dated July 5, 2016. Document filed by Sharon Churcher. So ordered. (Signed by Judge Robert W. Sweet on 7/11/2016) (rjm) (Entered: 07/13/2016) |
| 07/13/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 275 Order on Motion for Leave to File Document, Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 07/13/2016) |
| 07/13/2016 | 276 | TRANSCRIPT of Proceedings re: motion held on 6/23/2016 before Judge Robert W. Sweet. Court Reporter/Transcriber: Vincent Bologna, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/8/2016. Redacted |

| | | |
|---|---|---|
| | | Transcript Deadline set for 8/18/2016. Release of Transcript Restriction set for 10/14/2016.(McGuirk, Kelly) (Entered: 07/13/2016) |
| 07/13/2016 | 277 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a MOTION proceeding held on 6/23/16 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 07/13/2016) |
| 07/13/2016 | 278 | LETTER MOTION to Seal Document *Plaintiff's Motion for an Adverse Inference Instruction* addressed to Judge Robert W. Sweet from Meredith Schultz dated July 13, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/13/2016) |
| 07/13/2016 | 279 | MOTION for Sanctions *Motion for Adverse Inference Instruction REDACTED*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/13/2016) |
| 07/13/2016 | 280 | DECLARATION of Meredith Schultz in Support re: 279 MOTION for Sanctions *Motion for Adverse Inference Instruction REDACTED*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # 3 Exhibit) (Schultz, Meredith) (Entered: 07/13/2016) |
| 07/15/2016 | 281 | ORDER granting 271 Motion to Seal Document: So ordered. (Signed by Judge Robert W. Sweet on 7/15/2016) (tn) (Entered: 07/15/2016) |
| 07/15/2016 | 282 | ORDER granting 278 Motion to Seal Document. SO ORDERED.(Signed by Judge Robert W. Sweet on 7/15/2016) (ama) (Entered: 07/15/2016) |
| 07/15/2016 | 283 | ORDER: Cassell's motion to quash shall be taken on submission returnable Thursday, August 4, 2016. All papers shall be served in accordance with Local Civil Rule 6.1. (Signed by Judge Robert W. Sweet on 7/11/2016) (tn) (Entered: 07/15/2016) |
| 07/15/2016 | 284 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 7/8/2016 re: that the Court permit the filing of Ms. Maxwell's Reply In Support Of Motion for Rule 37(b) & (c) Sanctions For Failure To Comply With Court Order And Failure To Comply With Rule 26(a) in excess of the 10 pages permitted pursuant to this Court's Practice Standard 2D. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 7/15/2016) (tn) (Entered: 07/15/2016) |
| 07/15/2016 | 285 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 7/8/2016 re: Ms. Maxwell therefore requests permission to file the Confidential information under seal. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 7/15/2016) (tn) (Entered: 07/15/2016) |
| 07/15/2016 | 286 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 7/13/2016 re: letter motion to file Ms. Maxwell's Letter Motion requesting the Court to strike and disregard Plaintiff's Sur-Reply in Response to Defendant's Reply in Support of Motion for Sanctions. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 7/15/2016) (tn) Modified on 7/15/2016 (tn). (Entered: 07/15/2016) |
| 07/15/2016 | 287 | ORDER with respect to 279 Motion for Sanctions: Plaintiff's motion for an adverse inference instruction shall be taken in submission returnable August 11, 2016. All papers shall be served in accordance with Local Civil Rule 6.1 and pursuant to this Court's previous orders. (Signed by Judge Robert W. Sweet on 7/15/2016) (tn) (Entered: 07/15/2016) |
| 07/15/2016 | 288 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** LETTER MOTION for Discovery *to Strike Plaintiff Virginia Giuffre's Motion for an* |

| | | |
|---|---|---|
| | | *Adverse Inference Instruction Pursuant to Rule 37(b), (e), and (f), Fed.R.Civ.P* addressed to Judge Robert W. Sweet from Laura A. Menninger dated June 15, 2016. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Menninger, Laura) Modified on 7/22/2016 (db). (Entered: 07/15/2016) |
| 07/18/2016 | 289 | LETTER MOTION to Seal Document *Response in Opposition to Defendant's Letter Motion to Strike* addressed to Judge Robert W. Sweet from Meredith Schultz dated July 18, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/18/2016) |
| 07/18/2016 | 290 | LETTER RESPONSE in Opposition to Motion addressed to Judge Robert W. Sweet from Meredith Schultz dated July 18, 2016 re: 288 LETTER MOTION for Discovery *to Strike Plaintiff Virginia Giuffre's Motion for an Adverse Inference Instruction Pursuant to Rule 37(b), (e), and (f), Fed.R.Civ.P* addressed to Judge Robert W. Sweet from Laura A. Menninger dated June 15, 201 *REDACTED*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 07/18/2016) |
| 07/18/2016 | 291 | DECLARATION of Meredith Schultz in Opposition re: 288 LETTER MOTION for Discovery *to Strike Plaintiff Virginia Giuffre's Motion for an Adverse Inference Instruction Pursuant to Rule 37(b), (e), and (f), Fed.R.Civ.P* addressed to Judge Robert W. Sweet from Laura A. Menninger dated June 15, 201. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED)(Schultz, Meredith) (Entered: 07/18/2016) |
| 07/19/2016 | 292 | SEALED DOCUMENT placed in vault.(mps) (Entered: 07/19/2016) |
| 07/19/2016 | 293 | SEALED DOCUMENT placed in vault.(mps) (Entered: 07/19/2016) |
| 07/19/2016 | 294 | SEALED DOCUMENT placed in vault.(rz) (Entered: 07/19/2016) |
| 07/19/2016 | 295 | SEALED DOCUMENT placed in vault.(rz) (Entered: 07/19/2016) |
| 07/19/2016 | 296 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 7/13/2016 re: Defendant Maxwell requests the Court strike and disregard Plaintiff's Sur-Reply in Response to Defendant's Reply in Support of Motion for Sanctions, or in the alternative, permit Ms. Maxwell to file a Sur Sur-Reply responding to both the matters raised therein and new documents disclosed contemporaneously with the Sur-Reply. ENDORSEMENT: Sur sur reply permitted. So ordered. (Signed by Judge Robert W. Sweet on 7/18/2016) (kko) (Entered: 07/19/2016) |
| 07/20/2016 | 297 | ORDER granting 289 Motion to Seal Document: So ordered. (Signed by Judge Robert W. Sweet on 7/19/2016) (tn) (Entered: 07/20/2016) |
| 07/20/2016 | 298 | SEALED DOCUMENT placed in vault.(mps) (Entered: 07/20/2016) |
| 07/21/2016 | 299 | SEALED DOCUMENT placed in vault.(rz) (Entered: 07/21/2016) |
| 07/22/2016 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Laura A. Menninger to RE-FILE Document 288 LETTER MOTION for Discovery *to Strike Plaintiff Virginia Giuffre's Motion for an Adverse Inference Instruction Pursuant to Rule 37(b), (e), and (f), Fed.R.Civ.P* addressed to Judge Robert W. Sweet from Laura A. Menninger dated June 15, 201. Use the event type Letter found under the event list Other Documents. (db) (Entered: 07/22/2016) |
| 07/22/2016 | 300 | LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated July 15, 2016 re: Motion to Strike Plaintiff Virginia Giuffre's Motion for an Adverse Inference Instruction Pursuant to Rule 37(b), (e), and (f), Fed.R.Civ.P. Document filed by |

| | | |
|---|---|---|
| | | Ghislaine Maxwell. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Menninger, Laura) (Entered: 07/22/2016) |
| 07/22/2016 | 301 | ORDER: Defendant's motion to strike Plaintiff's motion for an Adverse Inference Instruction, ECF No. 288 is denied. The parties are directed to submit proposed search terms and any briefs in support for court determination within ten days of the date of filing of this order. The briefing schedule and submission date for Plaintiff's motion for an Adverse Inference Instruction, ECF No. 279, set forth in the Court's July 15, 2016 Order, ECF No. 287, is adjourned. A briefing schedule and submission date will be set after search terms are determined. (Signed by Judge Robert W. Sweet on 7/20/2016) (cf) (Entered: 07/22/2016) |
| 07/25/2016 | 302 | JOINT MOTION Proposed Discovery and Case Management Deadlines and Request to Modify Pretrial Scheduling Order re: 13 Scheduling Order, . Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 07/25/2016) |
| 07/25/2016 | 303 | REPLY to Response to Motion re: 272 LETTER MOTION for Leave to File Sur-Reply addressed to Judge Robert W. Sweet from Sigrid McCawley dated July 12, 2016. *Defendant's Sur Sur-Reply In Support of Motion for Rule 37(b) & (c) Sanctions*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 07/25/2016) |
| 07/25/2016 | 304 | DECLARATION of Laura A. Menninger in Support re: 231 MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a)*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit U, # 2 Exhibit V, # 3 Exhibit W, # 4 Exhibit X)(Menninger, Laura) (Entered: 07/25/2016) |
| 07/25/2016 | 305 | LETTER MOTION to Seal Document *Plaintiff's Motion for an Extension of Time to Serve Process Upon and Depose Ross Gow* addressed to Judge Robert W. Sweet from Meredith Schultz dated July 25, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/25/2016) |
| 07/25/2016 | 306 | MOTION for Extension of Time to Complete Discovery *to Serve and Depose Ross Gow*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/25/2016) |
| 07/25/2016 | 307 | DECLARATION of Meredith Schultz in Support re: 306 MOTION for Extension of Time to Complete Discovery *to Serve and Depose Ross Gow*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit REDACTED, # 8 Exhibit REDACTED, # 9 Exhibit) (Schultz, Meredith) (Entered: 07/25/2016) |
| 07/25/2016 | 308 | MOTION for Sanctions *and finding Civil Contempt against Sarah Kellen for Ignoring Subpoena*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/25/2016) |
| 07/25/2016 | 309 | DECLARATION of Meredith Schultz in Support re: 308 MOTION for Sanctions *and finding Civil Contempt against Sarah Kellen for Ignoring Subpoena*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Schultz, Meredith) (Entered: 07/25/2016) |
| 07/25/2016 | 310 | MOTION for Sanctions *and for Finding of Civil Contempt Against Nadia Marcinkova for Ignoring Subpoena*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/25/2016) |
| 07/25/2016 | 311 | DECLARATION of Meredith Schultz in Support re: 310 MOTION for Sanctions *and for Finding of Civil Contempt Against Nadia Marcinkova for Ignoring Subpoena*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Schultz, Meredith) (Entered: 07/25/2016) |

# A-0039

| 07/29/2016 | 312 | LETTER MOTION to Seal Document *Notice of Supplemental Authority* addressed to Judge Robert W. Sweet from Meredith Schultz dated July 29, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/29/2016) |
|---|---|---|
| 07/29/2016 | 313 | NOTICE of Supplemental Authority re: 257 Response in Opposition to Motion. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED) (Schultz, Meredith) (Entered: 07/29/2016) |
| 07/29/2016 | 314 | LETTER MOTION to Seal Document *Motion to Enforce the Court's Order* addressed to Judge Robert W. Sweet from Meredith Schultz dated July 29, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/29/2016) |
| 07/29/2016 | 315 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** MOTION to Compel *and Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) Modified on 8/10/2016 (db). (Entered: 07/29/2016) |
| 07/29/2016 | 316 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** DECLARATION of Meredith Schultz in Support re: 315 MOTION to Compel *and Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED, # 4 Exhibit REDACTED, # 5 Exhibit REDACTED, # 6 Exhibit REDACTED, # 7 Exhibit REDACTED, # 8 Exhibit REDACTED)(Schultz, Meredith) Modified on 8/10/2016 (db). (Entered: 07/29/2016) |
| 08/01/2016 | 317 | MEMO ENDORSEMENT on PROPOSED DISCOVERY AND CASE MANAGEMENT DEADLINES AND REQUEST TO MODIFY PRETRIAL SCHEDULING ORDER. ENDORSEMENT: So ordered. Granting 302 JOINT MOTION Proposed Discovery and Case Management Deadlines and Request to Modify Pretrial Scheduling Order re: 13 Scheduling Order. Document filed by Ghislaine Maxwell. (Signed by Judge Robert W. Sweet on 7/30/2016) (rjm). (Entered: 08/01/2016) |
| 08/01/2016 |  | Set/Reset Deadlines: Deposition due by 10/14/2016. Motions in Limine due by 11/21/2016. Pretrial Order due by 11/21/2016. (rjm) (Entered: 08/01/2016) |
| 08/01/2016 | 318 | ORDER: Plaintiff's motions for a finding of civil contempt against Sarah Kellen and Nadia Marcinkova shall be taken on submission returnable August 25, 2016. All papers shall be served in accordance with Local Civil Rule 6.1 and pursuant to this Court's previous orders. (Signed by Judge Robert W. Sweet on 7/30/2016) (cf) (Entered: 08/01/2016) |
| 08/01/2016 | 319 | ORDER granting 305 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 7/30/2016) (cf) (Entered: 08/01/2016) |
| 08/01/2016 |  | Transmission to Sealed Records Clerk. Transmitted re: 319 Order to the Sealed Records Clerk for the sealing or unsealing of document or case. (cf) (Entered: 08/01/2016) |
| 08/01/2016 | 320 | MOTION *Defendant's Submission Regarding "Search Terms" And Notice Of Compliance With Court Order Concerning Forensic Examination Of Devices*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 08/01/2016) |
| 08/01/2016 | 321 | DECLARATION of Laura A. Menninger in Support re: 320 MOTION *Defendant's Submission Regarding "Search Terms" And Notice Of Compliance With Court Order Concerning Forensic Examination Of Devices*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Menninger, Laura) (Entered: 08/01/2016) |

# A-0040

| 08/01/2016 | 322 | LETTER MOTION to Seal Document *Plaintiff's Proposed Search Terms* addressed to Judge Robert W. Sweet from Meredith Schutlz dated August 1, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/01/2016) |
|---|---|---|
| 08/01/2016 | 323 | NOTICE of of Sumbission of Proposed Search Terms re: 301 Order,,. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 08/01/2016) |
| 08/02/2016 | 324 | SEALED DOCUMENT placed in vault.(rz) (Entered: 08/02/2016) |
| 08/02/2016 | 325 | ORDER granting 314 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 8/2/2016) (kl) (Entered: 08/02/2016) |
| 08/02/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 325 Order on Motion to Seal Document, to the Sealed Records Clerk for the sealing or unsealing of document or case. (kl) (Entered: 08/02/2016) |
| 08/02/2016 | 326 | ORDER: Plaintiff's second motion to compel defendant to answer deposition questions shall be taken on submission returnable August 18, 2016. All papers shall be served in accordance with Local Civil Rule 6.1 and pursuant to this Court's previous orders. It is so ordered. (Signed by Judge Robert W. Sweet on 8/2/2016) (kl) (Entered: 08/02/2016) |
| 08/02/2016 | 327 | ORDER: Plaintiff's motion for an extension of time to serve process upon and depose Ross Gow shall be taken on submission returnable August 11, 2016. All papers shall be served pursuant to this Court's previous orders. It is so ordered. (Signed by Judge Robert W. Sweet on 8/2/2016) (kl) (Entered: 08/02/2016) |
| 08/02/2016 | 328 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 7/25/2016 re: This is a letter motion to file Ms. Maxwell's Sur Sur-Reply In Support of Motion for Rule 37(b) & (c) Sanctions exhibits under seal pursuant to this Court's Protective Order (Doc. # 62). ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/2/2016) (kl) (Entered: 08/02/2016) |
| 08/02/2016 | 329 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 8/1/2016 re: This is a letter motion to file Ms. Maxwell's Submission Regarding "Search Terms" and Notice of Compliance with Court Order Concerning Forensic Examination of Computer Device and supporting exhibits under seal pursuant to this Court's Protective Order (Doc. # 62). ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/2/2016) (kl) (Entered: 08/02/2016) |
| 08/03/2016 | 330 | APPLICATION FOR LETTERS ROGATORY by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 08/03/2016) |
| 08/03/2016 | 331 | APPLICATION FOR LETTERS ROGATORY by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1 (Composite), # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Schultz, Meredith) (Entered: 08/03/2016) |
| 08/04/2016 | 332 | ORDER granting 312 LETTER MOTION to Seal Document Notice of Supplemental Authority addressed to Judge Robert W. Sweet from Meredith Schultz dated July 29, 2016. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 8/3/2016) (rjm) (Entered: 08/04/2016) |
| 08/04/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 332 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 08/04/2016) |
| 08/04/2016 | 333 | RESPONSE in Opposition to Motion re: 306 MOTION for Extension of Time to Complete Discovery *to Serve and Depose Ross Gow*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/04/2016) |

# A-0041

| | | |
|---|---|---|
| 08/08/2016 | 334 | LETTER MOTION to Seal Document *Motion for Protective Order* addressed to Judge Robert W. Sweet from Sigrid McCawley dated August 8, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/08/2016) |
| 08/08/2016 | 335 | MOTION for Protective Order *and Motion for the Court to Direct Defendant to Disclose All Individuals to whom Defendant has Disseminated Confidential Information*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/08/2016) |
| 08/08/2016 | 336 | DECLARATION of Sigrid McCawley in Support re: 335 MOTION for Protective Order *and Motion for the Court to Direct Defendant to Disclose All Individuals to whom Defendant has Disseminated Confidential Information.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED)(Schultz, Meredith) (Entered: 08/08/2016) |
| 08/08/2016 | 337 | LETTER MOTION to Seal Document *Plaintiff's Supplement to Motion for Adverse Inference Instruction Based on New Information* addressed to Judge Robert W. Sweet from Meredith Schultz dated August 8, 2016. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 08/08/2016) |
| 08/08/2016 | 338 | MEMORANDUM OF LAW in Support re: 279 MOTION for Sanctions *Motion for Adverse Inference Instruction REDACTED. Supplement Based on New Information*. Document filed by Virginia L. Giuffre. (Attachments: # 1 REDACTED DECLARATION, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED, # 4 Exhibit REDACTED, # 5 Exhibit REDACTED, # 6 Exhibit REDACTED, # 7 Exhibit REDACTED, # 8 Exhibit REDACTED, # 9 Exhibit REDACTED, # 10 Exhibit REDACTED)(Schultz, Meredith) (Entered: 08/08/2016) |
| 08/08/2016 | 339 | RESPONSE in Opposition to Motion re: 315 MOTION to Compel *and Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions.*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/08/2016) |
| 08/08/2016 | 340 | DECLARATION of Jeffrey S. Pagliuca in Opposition re: 315 MOTION to Compel *and Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Menninger, Laura) (Entered: 08/08/2016) |
| 08/09/2016 | 341 | SEALED DOCUMENT placed in vault.(mps) (Entered: 08/09/2016) |
| 08/09/2016 | 342 | SEALED DOCUMENT placed in vault.(mps) (Entered: 08/09/2016) |
| 08/09/2016 | 343 | REPLY MEMORANDUM OF LAW in Support re: 306 MOTION for Extension of Time to Complete Discovery *to Serve and Depose Ross Gow.*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 08/09/2016) |
| 08/09/2016 | 344 | LETTER MOTION to Seal Document *Plaintiff's Motion to Compel* addressed to Judge Robert W. Sweet from Sigrid McCawley dated August 9, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/09/2016) |
| 08/09/2016 | 345 | MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/09/2016) |
| 08/09/2016 | 346 | DECLARATION of Meredith Schultz in Support re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED, # 4 Exhibit REDACTED, # 5 Exhibit REDACTED)(Schultz, Meredith) (Entered: 08/09/2016) |

A-0042

| 08/09/2016 | 347 | ORDER. Plaintiff's motion for a protective order shall be taken on submission returnable Thursday, September 1, 2016. All papers shall be served pursuant to Local Civil Rule 6.1 and this Court's previous orders. It is so ordered. (Signed by Judge Robert W. Sweet on 8/9/2016) (rjm) (Entered: 08/10/2016) |
|---|---|---|
| 08/09/2016 | 348 | STANDING ORDER. To reduce unnecessary filings and delay, it is hereby ordered that letter motions to file submissions under seal pursuant to the Court's Protective Order, ECF No. 62, are granted. The Protective Order is amended accordingly such that filing a letter motion seeking sealing for each submission is no longer necessary. A party wishing to challenge the sealing of any particular submission may do so by motion. It is so ordered. Granting 322 LETTER MOTION to Seal Document Plaintiff's Proposed Search Terms addressed to Judge Robert W. Sweet from Meredith Schutlz dated August 1, 2016. Document filed by Virginia L. Giuffre; Granting 334 LETTER MOTION to Seal Document Motion for Protective Order addressed to Judge Robert W. Sweet from Sigrid McCawley dated August 8, 2016. Document filed by Virginia L. Giuffre; Granting 337 LETTER MOTION to Seal Document Plaintiff's Supplement to Motion for Adverse Inference Instruction Based on New Information addressed to Judge Robert W. Sweet from Meredith Schultz dated August 8, 2016. Document filed by Virginia L. Giuffre; Granting 344 LETTER MOTION to Seal Document Plaintiff's Motion to Compel addressed to Judge Robert W. Sweet from Sigrid McCawley dated August 9, 2016. Document filed by Virginia L. Giuffre. (Signed by Judge Robert W. Sweet on 8/9/2016) (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 348 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | 349 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 8/8/2016 re: This is a letter motion to file Ms. Maxwell's Response in Opposition to Plaintiff's Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions Filed Under Seal and Supporting exhibits under seal pursuant to this Court's Protective Order (Doc. #62). ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/9/2016) (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 349 Endorsed Letter to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | 350 | MEMO ENDORSEMENT on re: 337 LETTER MOTION to Seal Document Plaintiff's Supplement to Motion for Adverse Inference Instruction Based on New Information addressed to Judge Robert W. Sweet from Meredith Schultz dated August 8, 2016. Document filed by Virginia L. Giuffre. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/9/2016) (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 350 Memo Endorsement to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | 351 | MEMO ENDORSEMENT on re: 334 LETTER MOTION to Seal Document Motion for Protective Order addressed to Judge Robert W. Sweet from Sigrid McCawley dated August 8, 2016. Document filed by Virginia L. Giuffre. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/9/2016) (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 351 Memo Endorsement to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 08/10/2016) |

A-0043

| 08/09/2016 | 352 | ORDER. Defendant will run Plaintiff's Proposed Search Terms as set forth in Plaintiff's August 1, 2016 submission. Defendant will search all text and associated metadata set forth below, and as further specified and set forth in this Order. Terminating 320 MOTION Defendant's Submission Regarding "Search Terms" And Notice Of Compliance With Court Order Concerning Forensic Examination Of Devices. Document filed by Ghislaine Maxwell. (Signed by Judge Robert W. Sweet on 8/9/2016) (rjm) (Entered: 08/10/2016) |
|---|---|---|
| 08/10/2016 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Meredith L Schultz to RE-FILE Document 315 MOTION to Compel *and Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions*. Use the event type Direct found under the event list Motions. (db) (Entered: 08/10/2016) |
| 08/10/2016 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Meredith L Schultz to RE-FILE Document 316 Declaration in Support of Motion. ERROR(S): Document(s) linked to filing error(s). (db) (Entered: 08/10/2016) |
| 08/10/2016 | 353 | MOTION to Strike Document No. [338, and all supporting documents] *to Plaintiff's Supplement to Motion for Adverse Inference Instruction Based on New Information*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 08/10/2016) |
| 08/10/2016 | 354 | MOTION to Compel *Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 08/10/2016) |
| 08/10/2016 | 355 | DECLARATION of Laura A. Menninger in Support re: 354 MOTION to Compel *Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) (Entered: 08/10/2016) |
| 08/11/2016 | 356 | MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS FILED UNDER SEAL*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/11/2016) |
| 08/11/2016 | 357 | FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS [SCHULTZ DECLARATION ISO_DE 356_MOTION]*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2 (Sealed), # 3 Exhibit 3 (Sealed), # 4 Exhibit 4 (Sealed), # 5 Exhibit 5 (Sealed), # 6 Exhibit 6 (Sealed), # 7 Exhibit 7 (Sealed), # 8 Exhibit 8 (Sealed))(Schultz, Meredith) Modified on 8/12/2016 (db). (Entered: 08/11/2016) |
| 08/11/2016 | 358 | REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY). THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, presents its compliments to the Foreign and Commonwealth Office, London SW1A 2AL, United Kingdom or other appropriate judicial authority and, pursuant to the Evidence (Proceedings in other Jurisdictions) Act 1975 and Part 34 of the English Civil Procedure Rules, requests international judicial assistance to issue orders of subpoena duces tecum to require a witness to appear for questioning and to produce documents so that evidence may be obtained for a civil proceeding in the above-captioned action which is pending before this Court, and as further specified and set forth in this Request for International Judicial Assistance (Letter Rogatory). (Signed by Judge Robert W. Sweet on 8/11/2016) (rjm) (Entered: 08/11/2016) |

| 08/11/2016 | | Transmission to Judgments and Orders Clerk. Transmitted re: 358 Order to the Judgments and Orders Clerk. (rjm) (Entered: 08/11/2016) |
|---|---|---|
| 08/11/2016 | 359 | ORDER. Defendant's motion to strike, motion to compel, and motion for sanctions shall be taken on submission returnable Thursday, September 8, 2016. All papers shall be served pursuant to Local Civil Rule 6.1 and this Court's previous orders. It is so ordered. (Signed by Judge Robert W. Sweet on 8/11/2016) (rjm) (Entered: 08/11/2016) |
| 08/11/2016 | 360 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 8/10/2016 re: This is a letter motion requesting that the Court permit the filing of Ms. Maxwell's Motion to Compel Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions in excess of the 25 pages permitted pursuant to this Court's Practice Standard 2D. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/11/2016) (rjm) (Entered: 08/11/2016) |
| 08/11/2016 | 361 | ORDER. Plaintiff's motion to compel shall be taken on submission returnable Thursday, September 1, 2016. All papers shall be served pursuant to Local Civil Rule 6.1 and this Court's previous orders. It is so ordered. (Signed by Judge Robert W. Sweet on 8/11/20916) (rjm) (Entered: 08/11/2016) |
| 08/11/2016 | 362 | MOTION to Intervene ., MOTION to Unseal Document *or in the Alternative to Modify Protective Order*.( Return Date set for 9/8/2016 at 12:00 PM.) Document filed by Alan M. Dershowitz.(Celli, Andrew) (Entered: 08/11/2016) |
| 08/11/2016 | 363 | DECLARATION of Alan M. Dershowitz in Support re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*.. Document filed by Alan M. Dershowitz. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Celli, Andrew) (Entered: 08/11/2016) |
| 08/11/2016 | 364 | MEMORANDUM OF LAW in Support re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*. . Document filed by Alan M. Dershowitz. (Celli, Andrew) (Entered: 08/11/2016) |
| 08/11/2016 | 365 | NOTICE OF APPEARANCE by Andrew G. Celli on behalf of Alan M. Dershowitz. (Celli, Andrew) (Entered: 08/11/2016) |
| 08/11/2016 | 366 | NOTICE OF APPEARANCE by David A Lebowitz on behalf of Alan M. Dershowitz. (Lebowitz, David) (Entered: 08/11/2016) |
| 08/12/2016 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Meredith L Schultz to RE-FILE Document 357 MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS [SCHULTZ DECLARATION ISO_DE 356_MOTION]*. Use the event type Declaration in Support of Motion found under the event list Replies, Opposition and Supporting Documents. (db) (Entered: 08/12/2016) |
| 08/12/2016 | 367 | DECLARATION of Meredith Schultz in Support re: 357 MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS [SCHULTZ DECLARATION ISO_DE 356_MOTION]*., 315 MOTION to Compel *and Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions*., 356 MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS FILED UNDER SEAL*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1 (Sealed), # 2 Exhibit 2 (Sealed), # 3 Exhibit 3 (Sealed), # 4 Exhibit 4 (Sealed), # 5 Exhibit 5 (Sealed), # 6 Exhibit 6 (Sealed), # 7 Exhibit 7 (Sealed), # 8 Exhibit 8 (Sealed))(Schultz, Meredith) (Entered: 08/12/2016) |

# A-0045

| | | |
|---|---|---|
| 08/12/2016 | 368 | REPLY MEMORANDUM OF LAW in Support re: 315 MOTION to Compel *and Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions*., 357 MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS [SCHULTZ DECLARATION ISO_DE 356_MOTION]*., 356 MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS FILED UNDER SEAL*.. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 08/12/2016) |
| 08/12/2016 | 369 | DECLARATION of Sigrid McCawley in Support re: 357 MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS [SCHULTZ DECLARATION ISO_DE 356_MOTION]*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED, # 4 Exhibit REDACTED, # 5 Exhibit REDACTED, # 6 Exhibit REDACTED, # 7 Exhibit REDACTED, # 8 Exhibit REDACTED, # 9 Exhibit REDACTED, # 10 Exhibit REDACTED, # 11 Exhibit REDACTED, # 12 Exhibit REDACTED, # 13 Exhibit REDACTED, # 14 Exhibit REDACTED, # 15 Exhibit REDACTED, # 16 Exhibit REDACTED)(Schultz, Meredith) (Entered: 08/12/2016) |
| 08/12/2016 | 370 | MOTION for Protective Order *(REDACTED) Regarding Personal Financial Information*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 08/12/2016) |
| 08/12/2016 | 371 | DECLARATION of Laura A. Menninger in Support re: 370 MOTION for Protective Order *(REDACTED) Regarding Personal Financial Information*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Menninger, Laura) (Entered: 08/12/2016) |
| 08/15/2016 | 372 | SEALED DOCUMENT placed in vault.(mps) (Entered: 08/15/2016) |
| 08/15/2016 | 373 | ORDER: Defendant's motion for a protective order shall be taken on submission returnable Thursday, September 8, 2016. All papers shall be served pursuant to Local Civil Rule 6.1 and this Court's previous orders. (Signed by Judge Robert W. Sweet on 8/15/2016) (cf) (Entered: 08/15/2016) |
| 08/15/2016 | 374 | ORDER: Proposed Intervenor Alan Dershowitz's motion for permissive intervention and unsealing shall be taken on submission returnable Thursday, September 8, 2016. All papers shall be served pursuant to Local Civil Rule 6.1 and this Court's previous orders. (Signed by Judge Robert W. Sweet on 8/15/2016) (cf) (Entered: 08/15/2016) |
| 08/17/2016 | 375 | RESPONSE in Opposition to Motion re: 353 MOTION to Strike Document No. [338, and all supporting documents] *to Plaintiff's Supplement to Motion for Adverse Inference Instruction Based on New Information*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 08/17/2016) |
| 08/17/2016 | 376 | NOTICE OF WITHDRAWAL AND SUBSTITUTION OF COUNSEL FOR NON-PARTY JEFFREY EPSTEIN: Undersigned counsel and non-party Jeffrey Epstein, through counsel, respectfully submit this notice of withdrawal and substitution of counsel Upon approval of this Court, the Law Offices of Gregory L. Poe PLLC (including Gregory L. Poe and Rachel S. Li Wai Suen) shall withdraw from the representation of Mr. Epstein in connection with this action and Jack Goldberger, Atterbury, Goldberger & Weiss, P.A., 250 N. Australian Avenue #1400, West Palm Beach, Florida 33401, (561) 207-8305, shall enter an appearance on behalf of Mr. Epstein as a non-party in this action. So ordered. Attorney Jack Alan Goldberger for Jeffrey Epstein added. Attorney Rachel S. Li Wai Suen and Gregory L. Poe terminated. (Signed by Judge Robert W. Sweet on 8/17/2016) (rjm) (Entered: 08/17/2016) |
| 08/17/2016 | 377 | MOTION for Leave to File Excess Pages *for Plaintiff's Response In Opposition to Defendant's Motion to Compel and for Sanctions*. Document filed by Virginia L. |

| | | Giuffre.(McCawley, Sigrid) (Entered: 08/17/2016) |
|---|---|---|
| 08/17/2016 | 378 | RESPONSE in Opposition to Motion re: 354 MOTION to Compel *Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 08/17/2016) |
| 08/17/2016 | 379 | DECLARATION of Sigrid McCawley in Opposition re: 354 MOTION to Compel *Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Redacted, # 2 Exhibit, # 3 Exhibit Redacted, # 4 Exhibit Redacted, # 5 Exhibit Redacted, # 6 Exhibit Redacted)(McCawley, Sigrid) (Entered: 08/17/2016) |
| 08/18/2016 | 380 | RESPONSE in Opposition to Motion re: 335 MOTION for Protective Order *and Motion for the Court to Direct Defendant to Disclose All Individuals to whom Defendant has Disseminated Confidential Information*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/18/2016) |
| 08/18/2016 | 381 | DECLARATION of Laura A. Menninger in Opposition re: 335 MOTION for Protective Order *and Motion for the Court to Direct Defendant to Disclose All Individuals to whom Defendant has Disseminated Confidential Information*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Menninger, Laura) (Entered: 08/18/2016) |
| 08/19/2016 | 382 | DECLARATION of Alan M. Dershowitz in Support re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*.. Document filed by Alan M. Dershowitz. (Lebowitz, David) (Entered: 08/19/2016) |
| 08/19/2016 | 383 | RESPONSE in Opposition to Motion re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/19/2016) |
| 08/19/2016 | 384 | DECLARATION of Laura A. Menninger in Opposition re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 08/19/2016) |
| 08/19/2016 | 385 | DECLARATION of REDACTED in Opposition re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege*.. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/19/2016) |
| 08/19/2016 | 386 | DECLARATION of REDACTED in Opposition re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege*.. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/19/2016) |
| 08/19/2016 | 387 | DECLARATION of REDACTED in Opposition re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege*.. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/19/2016) |
| 08/22/2016 | 388 | RESPONSE in Opposition to Motion re: 370 MOTION for Protective Order *(REDACTED) Regarding Personal Financial Information*. . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 08/22/2016) |
| 08/22/2016 | 389 | DECLARATION of Sigrid McCawley in Opposition re: 370 MOTION for Protective Order *(REDACTED) Regarding Personal Financial Information*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # |

| | | |
|---|---|---|
| | | 3 Exhibit REDACTED, # 4 Exhibit REDACTED, # 5 Exhibit REDACTED, # 6 Exhibit REDACTED, # 7 Exhibit REDACTED, # 8 Exhibit REDACTED, # 9 Exhibit REDACTED)(Schultz, Meredith) (Entered: 08/22/2016) |
| 08/22/2016 | 390 | MOTION to Compel Defendant to Produce Financial Information to Plaintiff . Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/22/2016) |
| 08/23/2016 | 391 | SEALED DOCUMENT placed in vault.(mps) (Entered: 08/23/2016) |
| 08/23/2016 | 392 | REPLY MEMORANDUM OF LAW in Support re: 335 MOTION for Protective Order *and Motion for the Court to Direct Defendant to Disclose All Individuals to whom Defendant has Disseminated Confidential Information*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 08/23/2016) |
| 08/23/2016 | 393 | DECLARATION of Sigrid McCawley in Support re: 335 MOTION for Protective Order *and Motion for the Court to Direct Defendant to Disclose All Individuals to whom Defendant has Disseminated Confidential Information*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4)(McCawley, Sigrid) (Entered: 08/23/2016) |
| 08/23/2016 | 394 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 8/22/2016 re: request that Ms. Maxwell be permitted to submit her reply by close of business on August 25. ENDORSEMENT: So ordered. Set Deadlines/Hearing as to 354 MOTION to Compel *Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions*: Replies due by 8/25/2016. (Signed by Judge Robert W. Sweet on 8/23/2016) (tn) (Entered: 08/23/2016) |
| 08/23/2016 | 395 | MEMO ENDORSEMENT granting 377 Letter Motion for Leave to File Excess Pages. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/23/2016) (tn) (Entered: 08/23/2016) |
| 08/23/2016 | 396 | ORDER with respect to 390 Motion to Compel: Plaintiff's motion to compel defendant to produce financial information, seeking relief oppositional to Defendant's motion for a protective order regarding financial information, shall be taken on submission the same date returnable Thursday, September 8, 2016. (Signed by Judge Robert W. Sweet on 8/23/2016) (tn) (Entered: 08/23/2016) |
| 08/24/2016 | 397 | REPLY MEMORANDUM OF LAW in Support re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 08/24/2016) |
| 08/24/2016 | 398 | DECLARATION of Sigrid McCawley in Support re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed Exhibit 1, # 2 Exhibit Sealed Exhibit 2, # 3 Exhibit Sealed Exhibit 3, # 4 Exhibit Sealed Exhibit 4, # 5 Exhibit Sealed Exhibit 5)(McCawley, Sigrid) (Entered: 08/24/2016) |
| 08/25/2016 | 399 | SEALED DOCUMENT placed in vault.(rz) (Entered: 08/25/2016) |
| 08/25/2016 | 400 | MOTION for Leave to File A Sur-Reply or, Alternatively, to Strike Plaintiff's Misrepresentations of Fact to the Court . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/25/2016) |
| 08/25/2016 | 401 | DECLARATION of Laura A. Menninger in Support re: 400 MOTION for Leave to File A Sur-Reply or, Alternatively, to Strike Plaintiff's Misrepresentations of Fact to the Court .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Menninger, Laura) (Entered: 08/25/2016) |

# A-0048

| | | |
|---|---|---|
| 08/25/2016 | 402 | REPLY MEMORANDUM OF LAW in Support re: 354 MOTION to Compel *Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/25/2016) |
| 08/25/2016 | 403 | DECLARATION of Laura A. Menninger in Support re: 354 MOTION to Compel *Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 08/25/2016) |
| 08/26/2016 | | LETTERS ROGATORY ISSUED on August 26, 2016, and picked up by Boies, Schiller & Flexner LLP and to be served in London, Senior Courts of England and Wales Foreign Process Section. (km) (Entered: 08/26/2016) |
| 08/29/2016 | 404 | REPLY to Response to Motion re: 370 MOTION for Protective Order *(REDACTED) Regarding Personal Financial Information*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/29/2016) |
| 08/29/2016 | 405 | DECLARATION of Laura A. Menninger in Support re: 370 MOTION for Protective Order *(REDACTED) Regarding Personal Financial Information*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit D)(Menninger, Laura) (Entered: 08/29/2016) |
| 08/29/2016 | 406 | RESPONSE in Opposition to Motion re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*. . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 08/29/2016) |
| 08/29/2016 | 407 | DECLARATION of Sigrid McCawley in Opposition re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit)(Schultz, Meredith) (Entered: 08/29/2016) |
| 08/29/2016 | 408 | DECLARATION of Paul Cassell in Opposition re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Schultz, Meredith) (Entered: 08/29/2016) |
| 08/30/2016 | 409 | MOTION for Jack A. Goldberger to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12703881. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Jeffrey Epstein. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Goldberger, Jack) (Entered: 08/30/2016) |
| 08/30/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 409 MOTION for Jack A. Goldberger to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12703881. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 08/30/2016) |
| 08/30/2016 | 410 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 8/29/2016 re: Request that the Court permit the filing of Ms. Maxwell's Reply in Support of Motion for Protective Order Regarding Personal Financial Information in excess of the 10 pages permitted pursuant to this Court's Practice Standard 2D. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/30/2016) (kko) (Entered: 08/30/2016) |

# A-0049

| | | |
|---|---|---|
| 08/30/2016 | 411 | ORDER granting 400 Motion for Leave to File Document. Leave granted to file a sur reply. (Signed by Judge Robert W. Sweet on 8/30/2016) (cf) (Entered: 08/30/2016) |
| 08/30/2016 | 412 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 8/25/2016 re: This is a letter motion concerns Ms. Maxwell's Reply In Support of her Motion to Compel Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions. We request that the defense be permitted to exceed the 10-page limit. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/30/2016) (kko) (Entered: 08/30/2016) |
| 08/31/2016 | 413 | MOTION Modify Scheduling Order re: 317 Order on Motion for Miscellaneous Relief, . Document filed by Virginia L. Giuffre.(Edwards, Bradley) (Entered: 08/31/2016) |
| 09/01/2016 | 414 | RESPONSE to Motion re: 390 MOTION to Compel Defendant to Produce Financial Information to Plaintiff . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 09/01/2016) |
| 09/01/2016 | 415 | SEALED DOCUMENT placed in vault.(mps) (Entered: 09/01/2016) |
| 09/01/2016 | 416 | SEALED DOCUMENT placed in vault.(mps) (Entered: 09/01/2016) |
| 09/06/2016 | 417 | LETTER MOTION for Leave to File Excess Pages *(Reply Brief)* addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated 09/06/16. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 09/06/2016) |
| 09/06/2016 | 418 | REPLY to Response to Motion re: 390 MOTION to Compel Defendant to Produce Financial Information to Plaintiff . . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 09/06/2016) |
| 09/06/2016 | 419 | ORDER FOR ADMISSION PRO HAC VICE granting 409 Motion for Jack A. Goldberger to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 9/1/2016) (rjm) (Entered: 09/06/2016) |
| 09/06/2016 | 420 | MEMO ENDORSEMENT granting 413 MOTION Modify Scheduling Order re: 317 Order on Motion for Miscellaneous Relief. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 9/6/2016) (kl) (Entered: 09/06/2016) |
| 09/06/2016 | 421 | MEMO ENDORSEMENT on re: 256 LETTER MOTION to Seal Document *Plaintiff's Response in Opposition to Defendant's Motion to Reopen Plaintiff's Deposition* addressed to Judge Robert W. Sweet from Meredith Schultz dated June 28, 2016, filed by Virginia L. Giuffre. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 9/6/2016) (kl) (Entered: 09/06/2016) |
| 09/06/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 421 Memo Endorsement, to the Sealed Records Clerk for the sealing or unsealing of document or case. (kl) (Entered: 09/06/2016) |
| 09/06/2016 | 422 | MOTION to Compel *Settlement Agreement (Renewed)*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 09/06/2016) |
| 09/06/2016 | 423 | DECLARATION of Laura A. Menninger in Support re: 422 MOTION to Compel *Settlement Agreement (Renewed)*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Menninger, Laura) (Entered: 09/06/2016) |
| 09/07/2016 | 424 | ORDER. Defendant's renewed motion to compel production of the settlement agreement shall be heard at noon on Thursday, September 22, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. It is so ordered. (Oral Argument set for 9/22/2016 at 12:00 PM in |

| | | |
|---|---|---|
| | | Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 9/7/2016) (rjm) (Entered: 09/07/2016) |
| 09/07/2016 | 425 | ORDER granting 417 LETTER MOTION for Leave to File Excess Pages (Reply Brief) addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated 09/06/16. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 9/7/2016) (rjm) (Entered: 09/07/2016) |
| 09/07/2016 | 426 | LETTER MOTION for Extension of Time to File Response/Reply as to 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*. addressed to Judge Robert W. Sweet from Andrew G. Celli, Jr. and David A. Lebowitz dated September 7, 2016. Document filed by Alan M. Dershowitz.(Lebowitz, David) (Entered: 09/07/2016) |
| 09/08/2016 | 427 | MOTION for Extension of Time *to File Expert Reports (Unopposed)*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 09/08/2016) |
| 09/09/2016 | 428 | SEALED DOCUMENT placed in vault.(rz) (Entered: 09/09/2016) |
| 09/09/2016 | 429 | ORDER granting 426 Letter Motion for Extension of Time to File Response/Reply. So ordered. Replies due by 9/15/2016. (Signed by Judge Robert W. Sweet on 9/8/2016) (kl) (Main Document 429 replaced on 9/13/2016) (kgo). (Main Document 429 replaced on 9/13/2016) (kgo). (Entered: 09/09/2016) |
| 09/12/2016 | 430 | MEMO ENDORSEMENT granting 427 Letter Motion for Extension of Time. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 9/12/2016) (kgo) (Main Document 430 replaced on 9/13/2016) (kgo). (Entered: 09/12/2016) |
| 09/13/2016 | 431 | SEALED DOCUMENT placed in vault.(mps) (Entered: 09/13/2016) |
| 09/13/2016 | 432 | SEALED DOCUMENT placed in vault.(mps) (Entered: 09/13/2016) |
| 09/15/2016 | 433 | **Vacated as to Nadia Marcinkova as per Judge's Order dated 3/20/2017, Doc. # 757** ENDORSED LETTER addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated 9/13/2016 re: Ms. Giuffre would respectfully request that the Court Order that (1) that Nadia Marcinkova and Sarah Kellen be directed to appear for deposition (2) that Nadia Marcinkova and Sarah Kellen pay Giuffre's costs and reasonable attorney's fees associated with bringing the motion, and that (3) Nadia Marcinkova and Sarah Kellen be ordered to pay a civil penalty of $200 per day for each day after which they fail to appear at the rescheduled deposition and any other sanction the court believes is just and proper. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 9/15/2016) (rjm) Modified on 3/20/2017 (jwh). (Entered: 09/15/2016) |
| 09/15/2016 | 434 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Paul G. Cassell dated 9/13/2016 re: Undersigned counsel sends this letter advising that Cassell believes no redactions are required to the Court's opinion. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 9/15/2016) (rjm) (Entered: 09/15/2016) |
| 09/15/2016 | 435 | DECLARATION of Alan M. Dershowitz in Support re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*.. Document filed by Alan M. Dershowitz. (Attachments: # 1 Exhibit O, # 2 Exhibit P, # 3 Exhibit Q, # 4 Exhibit R, # 5 Exhibit S, # 6 Exhibit T, # 7 Exhibit U, # 8 Exhibit V, # 9 Exhibit W, # 10 Exhibit X)(Celli, Andrew) (Entered: 09/15/2016) |
| 09/15/2016 | 436 | REPLY MEMORANDUM OF LAW in Support re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*. . Document filed by Alan M. Dershowitz. (Celli, Andrew) (Entered: 09/15/2016) |

A-0051

| 09/16/2016 | 437 | NOTICE of Parties' Joint Stipulation regarding Discovery Motion re: 422 MOTION to Compel *Settlement Agreement (Renewed)*.. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 09/16/2016) |
|---|---|---|
| 09/19/2016 | 438 | MEMO ENDORSEMENT on re: 437 NOTICE of Parties' Joint Stipulation regarding Discovery Motion re: 422 MOTION to Compel Settlement Agreement (Renewed). Document filed by Virginia L. Giuffre. ENDORSEMENT: So ordered. The following hearing(s) was terminated: Oral Argument. (Signed by Judge Robert W. Sweet on 9/19/2016) (rjm) (Entered: 09/19/2016) |
| 09/20/2016 | 439 | SEALED DOCUMENT placed in vault.(mps) (Entered: 09/20/2016) |
| 09/20/2016 | 440 | NOTICE of Filing Proposed Redacted Opinion. Document filed by Sharon Churcher. (Attachments: # 1 Exhibit Proposed Redacted Opinion)(Feder, Eric) (Entered: 09/20/2016) |
| 09/21/2016 | 441 | MOTION for Discovery *for Court Approval of Plaintiff's Certification of Production*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 09/21/2016) |
| 09/21/2016 | 442 | DECLARATION of Sigrid McCawley in Support re: 441 MOTION for Discovery *for Court Approval of Plaintiff's Certification of Production*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2 Sealed, # 3 Exhibit 3 Sealed, # 4 Exhibit 4 Sealed, # 5 Exhibit 5 Sealed)(McCawley, Sigrid) (Entered: 09/21/2016) |
| 09/22/2016 | 443 | NOTICE of Plaintiff Notice of Related Action in the United Kingdom to Obtain the Deposition of Defendant's Press Agent, Ross Gow. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2)(McCawley, Sigrid) (Entered: 09/22/2016) |
| 09/26/2016 | 444 | LETTER MOTION for Leave to File a less-redacted version of Professor Dershowitzs Reply Declaration addressed to Judge Robert W. Sweet from Andrew G. Celli dated 9/26/2016. Document filed by Alan M. Dershowitz.(Celli, Andrew) (Entered: 09/26/2016) |
| 09/26/2016 | 445 | ORDER: Plaintiff's Motion for Court Approval of Plaintiff's Certification of Production shall be heard at noon on Thursday, October 13, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1 Motion Hearing set for 10/13/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 9/23/2016) (cf) (Entered: 09/26/2016) |
| 09/27/2016 | 446 | MEMO ENDORSEMENT: on PLAINTIFF VIRGINIA GIUFFRE'S MOTION FOR AN EXTENSION OF TIME TO SERVE PROCESS UPON AND DEPOSE ROSS GOW. ENDORSEMENT: Motion granted. Time extended 60 days. So ordered. Granting 306 Motion for Extension of Time to Complete Discovery. The following deadline(s) was terminated: Deposition Deadline. (Signed by Judge Robert W. Sweet on 9/27/2016) (rjm) (Entered: 09/27/2016) |
| 09/28/2016 | 447 | LETTER RESPONSE to Motion addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated September 28, 2016 re: 444 LETTER MOTION for Leave to File a less-redacted version of Professor Dershowitzs Reply Declaration addressed to Judge Robert W. Sweet from Andrew G. Celli dated 9/26/2016. . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 09/28/2016) |
| 09/29/2016 | 448 | NOTICE of Plaintiff's Notice of English Court's Issuance of Order Commanding Ross Gow to Sit for Deposition. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Exhibit 1)(McCawley, Sigrid) (Entered: 09/29/2016) |

# A-0052

| 09/30/2016 | 449 | MOTION to Compel *Testimony of Jeffrey Epstein*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 09/30/2016) |
|---|---|---|
| 09/30/2016 | 450 | DECLARATION of Jeffrey S. Pagliuca in Support re: 449 MOTION to Compel *Testimony of Jeffrey Epstein*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F) (Menninger, Laura) (Entered: 09/30/2016) |
| 09/30/2016 | 451 | JOINT MOTION re: 13 Scheduling Order, *Amended Proposed Discovery and Case Management Deadlines and Request to Modify Pretrial Scheduling Order*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 09/30/2016) |
| 10/03/2016 | 452 | ORDER re: 444 LETTER MOTION for Leave to File a less-redacted version of Professor Dershowitzs Reply Declaration addressed to Judge Robert W. Sweet from Andrew G. Celli dated 9/26/2016. Proposed Intervenor Alan M. Dershowitz's September 26, 2016 letter motion for leave to publicly file a less-redacted version of Dershowitz's Reply Declaration shall be heard at noon on Thursday, October 13, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. Motion Hearing set for 10/13/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 9/30/2016) (cf) (Entered: 10/03/2016) |
| 10/03/2016 | 453 | ORDER terminating 441 Letter Motion for Discovery. Hearing vacated as moot. So ordered. (Signed by Judge Robert W. Sweet on 10/3/2016) (cf) (Entered: 10/03/2016) |
| 10/03/2016 | 454 | NOTICE of Withdrawal of Opposition to DE 444 re: 444 LETTER MOTION for Leave to File a less-redacted version of Professor Dershowitzs Reply Declaration addressed to Judge Robert W. Sweet from Andrew G. Celli dated 9/26/2016., 452 Order Setting Hearing on Motion,,. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 10/03/2016) |
| 10/03/2016 | 455 | ORDER granting 451 Motion. So ordered. (Signed by Judge Robert W. Sweet on 10/3/2016) (cf) (Entered: 10/03/2016) |
| 10/03/2016 | | Set/Reset Deadlines: Deposition due by 11/30/2016. Motions due by 2/24/2017. Pretrial Order due by 2/10/2017. Responses due by 1/31/2017 Replies due by 2/10/2017. (cf) (Entered: 10/03/2016) |
| 10/03/2016 | 456 | ORDER: Defendant's motion to compel the testimony of Jeffrey Epstein shall be heard at noon on Thursday, October 20, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. Motion Hearing set for 10/20/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 10/3/2016) (cf) (Entered: 10/03/2016) |
| 10/06/2016 | 457 | LETTER addressed to Judge Robert W. Sweet from David A. Lebowitz dated October 6, 2016 re: Plaintiff's Proposed Order Granting Leave to File Less Redacted Declaration. Document filed by Alan M. Dershowitz.(Lebowitz, David) (Entered: 10/06/2016) |
| 10/07/2016 | 458 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/07/2016) |
| 10/11/2016 | 459 | LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Robert W. Sweet from Jack Goldberger dated October 5, 2016. Document filed by Jeffrey Epstein.(Goldberger, Jack) (Entered: 10/11/2016) |
| 10/11/2016 | 460 | JOINT LETTER MOTION to Continue addressed to Judge Robert W. Sweet from Jack Goldberger dated October 11, 2016. Document filed by Jeffrey Epstein.(Goldberger, Jack) (Entered: 10/11/2016) |

**A-0053**

| 10/11/2016 | 461 | ORDER GRANTING DERSHOWITZ'S SEPTEMBER 26, 2016, LETTER MOTION TO PUBLICALLY FILE A LESS REDACTED VERSION OF DERSHOWITZ'S REPLY DECLARATION. Proposed Intervenor Alan M. Dershowitz's Motion to re-file Dershowitz's Reply Declaration with all references to paragraphs 20 and 21 of Mr. Cassell's declaration unredacted and not under seal is GRANTED: Proposed Intervenor Alan M. Dershowitz is directed to re-file Dershowitz' s Reply Declaration with all references to paragraphs 20 and 21 of Mr. Cassell' s declaration unredacted and not under seal. The hearing scheduled for Thursday, October 13, 2016, is hereby vacated. It is so ordered. Granting 444 LETTER MOTION for Leave to File a less-redacted version of Professor Dershowitzs Reply Declaration addressed to Judge Robert W. Sweet from Andrew G. Celli dated 9/26/2016. Document filed by Alan M. Dershowitz. (Signed by Judge Robert W. Sweet on 10/6/2016) (rjm) (Entered: 10/11/2016) |
|---|---|---|
| 10/11/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 461 Order on Motion for Leave to File Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 10/11/2016) |
| 10/11/2016 | 462 | LETTER MOTION for Extension of Time to File Response/Reply as to 449 MOTION to Compel *Testimony of Jeffrey Epstein*., 459 LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Robert W. Sweet from Jack Goldberger dated October 5, 2016. addressed to Judge Robert W. Sweet from Sigrid McCawley dated October 11, 2016. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 10/11/2016) |
| 10/11/2016 | 463 | ORDER granting 459 Letter Motion for Extension of Time to File Response/Reply re 449 MOTION to Compel *Testimony of Jeffrey Epstein*: So ordered. Responses due by 10/17/2016. (Signed by Judge Robert W. Sweet on 10/7/2016) (tn) (Entered: 10/11/2016) |
| 10/12/2016 | 464 | ORDER: Defendant's motion to compel the testimony of Jeffrey Epstein previously scheduled for October 20 shall instead be heard at noon on Thursday, November 3, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. (Set Deadlines/Hearing as to 449 MOTION to Compel *Testimony of Jeffrey Epstein*. : Motion Hearing set for 11/3/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 10/12/2016) (cla) (Entered: 10/12/2016) |
| 10/13/2016 | 465 | ORDER granting 462 LETTER MOTION for Extension of Time to File Response/Reply as to 449 MOTION to Compel Testimony of Jeffrey Epstein., 459 LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Robert W. Sweet from Jack Goldberger dated October 5, 2016. addressed to Judge Robert W. Sweet from Sigrid McCawley dated October 11, 2016. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 10/12/2016) (rjm) (Entered: 10/13/2016) |
| 10/14/2016 | 466 | MOTION to Reopen *Defendant's Deposition Based on Defendant's Late Production of New, Key Documents*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 10/14/2016) |
| 10/14/2016 | 467 | DECLARATION of Sigrid McCawley in Support re: 466 MOTION to Reopen *Defendant's Deposition Based on Defendant's Late Production of New, Key Documents*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed Composite, # 2 Exhibit Sealed Composite, # 3 Exhibit Sealed)(McCawley, Sigrid) (Entered: 10/14/2016) |
| 10/14/2016 | 468 | MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account *and for an Adverse Inference Instruction*. Document filed by Virginia L. |

| | | |
|---|---|---|
| | | Giuffre.(McCawley, Sigrid) (Entered: 10/14/2016) |
| 10/14/2016 | 469 | DECLARATION of Sigrid McCawley in Support re: 468 MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account *and for an Adverse Inference Instruction*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed Exhibit 1, # 2 Exhibit Sealed Composite Exhibit 2, # 3 Exhibit Sealed Exhibit 3)(McCawley, Sigrid) (Entered: 10/14/2016) |
| 10/17/2016 | 470 | RESPONSE to Motion re: 449 MOTION to Compel *Testimony of Jeffrey Epstein*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 10/17/2016) |
| 10/17/2016 | 471 | DECLARATION of Sigrid McCawley in Support re: 449 MOTION to Compel *Testimony of Jeffrey Epstein*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed Composite)(McCawley, Sigrid) (Entered: 10/17/2016) |
| 10/17/2016 | 472 | ORDER: Plaintiff's motion to reopen Defendant's deposition and motion to compel shall be heard at noon on Thursday, November 3, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Set Deadlines/Hearing as to 468 MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account *and for an Adverse Inference Instruction*., 466 MOTION to Reopen *Defendant's Deposition Based on Defendant's Late Production of New, Key Documents*. : Motion Hearing set for 11/3/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 10/17/2016) (cla) (Entered: 10/17/2016) |
| 10/17/2016 | 473 | RESPONSE in Opposition to Motion re: 449 MOTION to Compel *Testimony of Jeffrey Epstein*. . Document filed by Jeffrey Epstein. (Goldberger, Jack) (Entered: 10/17/2016) |
| 10/17/2016 | 474 | DECLARATION of Jack Goldberger in Opposition re: 449 MOTION to Compel *Testimony of Jeffrey Epstein*.. Document filed by Jeffrey Epstein. (Goldberger, Jack) (Entered: 10/17/2016) |
| 10/20/2016 | 475 | MOTION for Martin G. Weinberg to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12896050. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Jeffrey Epstein. (Attachments: # 1 Certificate of Good Standing, # 2 Proposed Order)(Weinberg, Martin) (Entered: 10/20/2016) |
| 10/20/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 475 MOTION for Martin G. Weinberg to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12896050. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 10/20/2016) |
| 10/20/2016 | 476 | LETTER addressed to Judge Robert W. Sweet from Eric J. Feder dated 10/20/2016 re: Request to Publish Redacted Opinion (See Dkt 440). Document filed by Sharon Churcher.(Feder, Eric) (Entered: 10/20/2016) |
| 10/21/2016 | 477 | ORDER FOR ADMISSION PRO HAC VICE granting 475 Motion for Martin G. Weinberg to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 10/21/2016) (rjm) (Entered: 10/21/2016) |
| 10/24/2016 | 478 | NOTICE of Plaintiff's Notice of Nadia Marcinkova's Failure to Appear at Her Deposition. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(McCawley, Sigrid) (Entered: 10/24/2016) |
| 10/24/2016 | 479 | RESPONSE in Opposition to Motion re: 468 MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account *and for an Adverse Inference* |

| | | |
|---|---|---|
| | | *Instruction.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 10/24/2016) |
| 10/24/2016 | 480 | DECLARATION of Laura A. Menninger in Opposition re: 468 MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account *and for an Adverse Inference Instruction.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Menninger, Laura) (Entered: 10/24/2016) |
| 10/24/2016 | 481 | RESPONSE in Opposition to Motion re: 466 MOTION to Reopen *Defendant's Deposition Based on Defendant's Late Production of New, Key Documents.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 10/24/2016) |
| 10/24/2016 | 482 | DECLARATION of Laura A. Menninger in Opposition re: 466 MOTION to Reopen *Defendant's Deposition Based on Defendant's Late Production of New, Key Documents.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Menninger, Laura) (Entered: 10/24/2016) |
| 10/24/2016 | 483 | REPLY to Response to Motion re: 449 MOTION to Compel *Testimony of Jeffrey Epstein.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 10/24/2016) |
| 10/26/2016 | 484 | ORDER. Non-party Sharon Churcher's request for issuance of the redacted version of the Court's opinion shall be treated as a motion and heard on Thursday, November 3, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. It is so ordered. (Oral Argument set for 11/3/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 10/25/2016) (rjm) (Entered: 10/26/2016) |
| 10/27/2016 | 485 | ORDER: Defendant's letter dated October 26, 2016 shall be designated as confidential pursuant to the Protective Order. It is so ordered. (Signed by Judge Robert W. Sweet on 10/27/2016) (kl) (Entered: 10/27/2016) |
| 10/27/2016 | 486 | ORDER: Non-party Sharon Churcher's request for issuance of the redacted version of the Court's opinion, previously scheduled to be heard on November 3, shall instead heard at noon on Thursday, November 10, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. It is so ordered. (Oral Argument set for 11/10/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 10/27/2016) (kl) (Entered: 10/27/2016) |
| 10/27/2016 | 487 | NOTICE OF APPEARANCE by Erica Tamar Dubno on behalf of Nadia Marcinko. (Dubno, Erica) (Entered: 10/27/2016) |
| 10/27/2016 | 488 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 10/26/2016 re: writing to request the Court continue the hearing currently scheduled on November 3, 2016 to November 10, 2016 because counsel for Ms. Maxwell are unavailable on November 3, 2016. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 10/27/2016) (kl) (Entered: 10/27/2016) |
| 10/28/2016 | 489 | SEALED DOCUMENT placed in vault.(rz) (Entered: 10/28/2016) |
| 10/28/2016 | 490 | REPLY to Response to Motion re: 468 MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account *and for an Adverse Inference Instruction. REDACTED.* Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 10/28/2016) |

# A-0056

| | | |
|---|---|---|
| 10/28/2016 | 491 | DECLARATION of Meredith Schultz in Support re: 468 MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account *and for an Adverse Inference Instruction*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED, # 4 Exhibit REDACTED)(Schultz, Meredith) (Entered: 10/28/2016) |
| 10/28/2016 | 492 | REPLY to Response to Motion re: 466 MOTION to Reopen *Defendant's Deposition Based on Defendant's Late Production of New, Key Documents. REDACTED*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 10/28/2016) |
| 10/28/2016 | 493 | DECLARATION of Meredith Schultz in Support re: 466 MOTION to Reopen *Defendant's Deposition Based on Defendant's Late Production of New, Key Documents*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED) (Schultz, Meredith) (Entered: 10/28/2016) |
| 10/31/2016 | 494 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/31/2016) |
| 10/31/2016 | 495 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 10/28/2016 re: I am writing to request the Court continue the deadline to submit one of the defense rebuttal expert opinions by one business day from October 28, 2016 to October 31, 2016. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 10/31/2016) (rjm) (Entered: 10/31/2016) |
| 11/03/2016 | 496 | SEALED DOCUMENT placed in vault.(mps) (Entered: 11/03/2016) |
| 11/07/2016 | 497 | ORDER: The portions of the November 2, 2016 Opinion pertaining to ECF No. 354 were issued in error and are hereby withdrawn. It is so ordered. (Signed by Judge Robert W. Sweet on 11/7/2016) (kl) (Entered: 11/07/2016) |
| 11/10/2016 | 498 | SEALED DOCUMENT placed in vault.(rz) (Entered: 11/10/2016) |
| 11/10/2016 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 11/10/2016 re: 451 JOINT MOTION re: 13 Scheduling Order, Amended Proposed Discovery and Case Management Deadlines and Request to Modify Pretrial Scheduling Order filed by Ghislaine Maxwell, 468 MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Accountand for an Adverse Inference Instruction filed by Virginia L. Giuffre, 449 MOTION to CompelTestimony of Jeffrey Epstein. filed by Ghislaine Maxwell, 466 MOTION to Reopen Defendant's Deposition Based on Defendant's Late Production of New, Key Documents filed by Virginia L. Giuffre. (Court Reporter Martha Martin) Motion to compel discovery pending. (Chan, Tsz) (Entered: 11/15/2016) |
| 11/15/2016 | 499 | SEALED DOCUMENT placed in vault.(mps) (Entered: 11/15/2016) |
| 11/16/2016 | 500 | **FILING ERROR - NO ORDER SELECTED FOR APPEAL -** NOTICE OF INTERLOCUTORY APPEAL. Document filed by Alan M. Dershowitz. Filing fee $ 505.00, receipt number 0208-12994142. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Celli, Andrew) Modified on 11/17/2016 (tp). (Entered: 11/16/2016) |
| 11/17/2016 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Celli, Andrew to RE-FILE Document No. 500 Notice of Interlocutory Appeal. The filing is deficient for the following reason(s): the order/judgment being appealed was not selected. Re-file the appeal using the event type Corrected Notice of Appeal found under the event list Appeal Documents - attach the correct signed PDF - select the correct named filer/filers - select the correct order/judgment being appealed. (tp)** (Entered: 11/17/2016) |

# A-0057

| | | |
|---|---|---|
| 11/17/2016 | 501 | ORDER: Defendant's motion for reconsideration of portions of the Court's November 2, 2016 opinion shall be heard at noon on Thursday, December 8, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. IT IS SO ORDERED., ( Oral Argument set for 12/8/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 11/17/2016) (ama) (Entered: 11/17/2016) |
| 11/21/2016 | 502 | NOTICE of Filing Under Seal Defendant's Motion for Reconsideration or Clarification of Portions of Court's November 2, 2016 Order. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 11/21/2016) |
| 11/21/2016 | 503 | [REDACTED] SEALED OPINION # 106882 re: 215 MOTION to Quash subpoena of Sharon Churcher , filed by Sharon Churcher. Upon the conclusions set forth above, the motion of Churcher is granted and the Subpoena is quashed. The parties are directed to jointly file a proposed redacted version of this Opinion consistent with the Protective Order or notify the Court that none are necessary within two weeks of the date of receipt of this Opinion. (Signed by Judge Robert W. Sweet on 9/1/16) (cla) (Entered: 11/21/2016) |
| 11/23/2016 | 504 | NOTICE OF APPEAL from 496 Sealed Order. Document filed by Alan M. Dershowitz. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (tp) (Entered: 11/23/2016) |
| 11/23/2016 | | Appeal Fee Paid electronically via Pay.gov: for 504 Notice of Appeal. Filing fee $ 505.00. Pay.gov receipt number 0208-12994142, paid on 11/16/2016. (tp) (Entered: 11/23/2016) |
| 11/23/2016 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 504 Notice of Appeal. (tp) (Entered: 11/23/2016) |
| 11/23/2016 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 504 Notice of Appeal filed by Alan M. Dershowitz were transmitted to the U.S. Court of Appeals. (tp) (Entered: 11/23/2016) |
| 11/30/2016 | 505 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Meredith L. Schultz dated 11/28/2016 re: This is an agreed letter motion to extend the time to file the Plaintiff's Response in Opposition to Defendant's Motion for Reconsideration to Monday, December 5, 2016. ENDORSEMENT: So ordered. (Responses due by 12/5/2016) (Signed by Judge Robert W. Sweet on 11/29/2016) (rjm) (Entered: 11/30/2016) |
| 11/30/2016 | 506 | ORDER. Defendant's motion for reconsideration previously scheduled to be heard on December 8, 2016 shall instead be taken on submission. It is so ordered. The following hearing(s) was terminated: Oral Argument. (Signed by Judge Robert W. Sweet on 11/30/2016) (rjm) (Entered: 11/30/2016) |
| 12/05/2016 | 507 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated 11/30/2016 re: We request permission to conclude the Defendant's expert depositions on Friday December 2, 2016. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 12/1/2016) (kgo) (Entered: 12/05/2016) |
| 12/08/2016 | 508 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 12/7/2016 re: agreed letter motion to extend the time to file the Defendant's Reply in Support of her Motion for Reconsideration or Clarification of Portion of Court's November 2, 2016 Order to December 14, 2016. ENDORSEMENT: So ordered. |

| | | |
|---|---|---|
| | | (Replies due by 12/14/2016.) (Signed by Judge Robert W. Sweet on 12/8/2016) (cf) (Entered: 12/08/2016) |
| 12/09/2016 | 509 | MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 12/09/2016) |
| 12/09/2016 | 510 | DECLARATION of Laura A. Menninger in Support re: 509 MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Menninger, Laura) (Entered: 12/09/2016) |
| 12/13/2016 | 511 | SEALED DOCUMENT placed in vault.(mps) (Entered: 12/13/2016) |
| 12/13/2016 | 512 | ORDER: Defendant's motion for sanctions shall be heard at noon on Thursday, January 19, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1., Set Deadlines/Hearing as to 509 MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence*. :( Motion Hearing set for 1/19/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 12/13/2016) (lmb) (Entered: 12/13/2016) |
| 12/16/2016 | 513 | RESPONSE in Opposition to Motion re: 509 MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 12/16/2016) |
| 12/16/2016 | 514 | DECLARATION of Meredith Schultz in Opposition re: 509 MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5, # 6 Exhibit Sealed Composite 6)(McCawley, Sigrid) (Entered: 12/16/2016) |
| 12/20/2016 | 515 | REPLY to Response to Motion re: 509 MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 12/20/2016) |
| 12/20/2016 | 516 | DECLARATION of Laura A. Menninger in Support re: 509 MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit E, # 2 Exhibit F, # 3 Exhibit G)(Menninger, Laura) (Entered: 12/20/2016) |
| 12/21/2016 | 517 | SEALED DOCUMENT placed in vault.(mps) (Entered: 12/21/2016) |
| 01/03/2017 | 518 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 12/19/2016 re: Letter Motion to file the Reply in Support of Defendant's Motion for Sanctions to and including December 20, 2016. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 12/24/2016) (cla) (Entered: 01/03/2017) |
| 01/05/2017 | 519 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 12/29/2016 re: I am writing to request the Court to extend the deposition deadline of Plaintiff's designated expert Dianne Flores from December 29, 2016 to January 5, 2017. ENDORSEMENT: So ordered. (Deposition due by 1/5/2017.) (Signed by Judge Robert W. Sweet on 1/4/2016) (rjm) (Entered: 01/05/2017) |
| 01/05/2017 | 520 | MOTION in Limine *To Exclude Expert Testimony and Opinion of Chris Anderson*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 521 | DECLARATION of Jeffrey S. Pagliuca in Support re: 520 MOTION in Limine *To Exclude Expert Testimony and Opinion of Chris Anderson*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 |

| | | |
|---|---|---|
| | | Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 522 | MOTION in Limine *To Exclude Expert Testimony and Opinions of William F. Chandler*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 523 | DECLARATION of Jeffrey S. Pagliuca in Support re: 522 MOTION in Limine *To Exclude Expert Testimony and Opinions of William F. Chandler.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 524 | MOTION in Limine *To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D.*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 525 | DECLARATION of Jeffrey S. Pagliuca in Support re: 524 MOTION in Limine *To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D...* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 526 | MOTION in Limine *To Exclude Expert Testimony and Opinion of Dianne C. Flores*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 527 | DECLARATION of Jeffrey S. Pagliuca in Support re: 526 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dianne C. Flores.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 528 | MOTION in Limine *To Exclude Expert Testimony and Opinion of Dr. Bernard Jansen*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 529 | DECLARATION of Jeffrey S. Pagliuca in Support re: 528 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dr. Bernard Jansen.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 530 | MOTION in Limine *To Exclude Expert Testimony and Opinion of Doctor Gilbert Kliman*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 531 | DECLARATION of Jeffrey S. Pagliuca in Support re: 530 MOTION in Limine *To Exclude Expert Testimony and Opinion of Doctor Gilbert Kliman.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 01/05/2017) |
| 01/06/2017 | 532 | ORDER. The motion to quash filed by Bradley J. Edwards in the Southern District of Florida under case number 16-mc-61292-JG has been transferred to this Court. Therefore, the motion, which was originally filed June 13, 2016, shall be heard at noon on Thursday, February 2, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. It is so ordered. (Oral Argument set for 2/2/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 1/6/2017) (rjm) (Entered: 01/06/2017) |
| 01/06/2017 | 533 | MOTION in Limine *and Incorporated Memorandum of Law*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 01/06/2017) |

A-0060

| 01/06/2017 | 534 | DECLARATION of Sigrid McCawley in Support re: 533 MOTION in Limine *and Incorporated Memorandum of Law*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3) (McCawley, Sigrid) (Entered: 01/06/2017) |
|---|---|---|
| 01/06/2017 | 535 | MOTION in Limine *and Incorporated Memorandum of Law*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 01/06/2017) |
| 01/06/2017 | 536 | DECLARATION of Sigrid McCawley in Support re: 535 MOTION in Limine *and Incorporated Memorandum of Law*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Redacted 1, # 2 Exhibit Redacted 2, # 3 Exhibit Redacted 3, # 4 Exhibit Redacted 4, # 5 Exhibit Redacted 5)(McCawley, Sigrid) (Entered: 01/06/2017) |
| 01/06/2017 | 537 | NOTICE of Motion for Summary Judgment. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 01/06/2017) |
| 01/06/2017 | 538 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** MOTION for Summary Judgment . Document filed by Ghislaine Maxwell.(Menninger, Laura) Modified on 1/9/2017 (db). (Entered: 01/06/2017) |
| 01/06/2017 | 539 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** DECLARATION of Laura A. Menninger in Support re: 538 MOTION for Summary Judgment .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G-KK, # 8 Exhibit LL, # 9 Exhibit MM)(Menninger, Laura) Modified on 1/9/2017 (db). (Entered: 01/06/2017) |
| 01/09/2017 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Laura A. Menninger to RE-FILE Document 538 MOTION for Summary Judgment . Use the event type Memorandum in Support of Motion found under the event list Replies, Opposition and Supporting Documents. \*\*\*REMINDER\*\*\* - Refile the 537 Notice AS THE MOTION for Summary Judgment, then file and link any supporting documents. (db)** (Entered: 01/09/2017) |
| 01/09/2017 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Laura A. Menninger to RE-FILE Document 539 Declaration in Support of Motion. ERROR(S): Document(s) linked to filing error. (db)** (Entered: 01/09/2017) |
| 01/09/2017 | 540 | MOTION for Summary Judgment . Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/09/2017) |
| 01/09/2017 | 541 | MEMORANDUM OF LAW in Support re: 540 MOTION for Summary Judgment . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 01/09/2017) |
| 01/09/2017 | 542 | DECLARATION of Laura A. Menninger in Support re: 540 MOTION for Summary Judgment .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G-KK, # 8 Exhibit LL, # 9 Exhibit MM)(Menninger, Laura) (Entered: 01/09/2017) |
| 01/12/2017 | 543 | SEALED DOCUMENT placed in vault.(rz) (Entered: 01/12/2017) |
| 01/12/2017 | 544 | ORDER: Defendant's motion for summary judgment shall be heard at noon on Thursday, February 9, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Motion Hearing set for 2/9/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 1/11/2017) (cla) (Entered: 01/12/2017) |

# A-0061

| 01/12/2017 | 545 | ORDER: Plaintiff's motions in limine shall be heard at noon on Thursday, February 2, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Motion Hearing set for 2/2/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 1/11/2017) (cla) (Entered: 01/12/2017) |
|---|---|---|
| 01/13/2017 | 546 | SEALED DOCUMENT placed in vault.(mps) (Entered: 01/13/2017) |
| 01/17/2017 | 547 | NOTICE OF APPEARANCE by Alexander Seton Lorenzo on behalf of Sarah Vickers. (Lorenzo, Alexander) (Entered: 01/17/2017) |
| 01/18/2017 | 548 | ORDER: Defendant's motions in limine shall be heard at noon on Thursday, February 2, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Motion Hearing set for 2/2/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 1/18/2017) (cla) (Entered: 01/18/2017) |
| 01/19/2017 | 549 | NOTICE OF APPEARANCE by Jay Marshall Wolman on behalf of Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 01/19/2017) |
| 01/19/2017 | 550 | MOTION to Intervene *and Unseal*. Document filed by Michael Cernovich d/b/a Cernovich Media.(Wolman, Jay) (Entered: 01/19/2017) |
| 01/19/2017 | 551 | MEMORANDUM OF LAW in Support re: 550 MOTION to Intervene *and Unseal*. . Document filed by Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 01/19/2017) |
| 01/19/2017 | 552 | DECLARATION of Michael Cernovich in Support re: 550 MOTION to Intervene *and Unseal*.. Document filed by Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 01/19/2017) |
| 01/19/2017 | 553 | ORDER: The letters regarding page limits shall be treated as a motion and heard at noon on Thursday, January 26, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. Motion Hearing set for 1/26/2017 at 12:00 AM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 1/18/2017) (kgo) (Entered: 01/19/2017) |
| 01/19/2017 | 555 | MEMO ENDORSEMENT denying 509 Motion for Sanctions. ENDORSEMENT: Spoliation has not been established at the time of the Plaintiff's acts and the motion is denied. (Signed by Judge Robert W. Sweet on 1/19/2017) (kgo) Modified on 1/20/2017 (kgo). (Entered: 01/20/2017) |
| 01/19/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Motion Hearing held on 1/19/2017 re: 509 MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence filed by Ghislaine Maxwell. (Court Reporter Jennifer Thun) (Chan, Tsz) (Entered: 01/23/2017)* |
| 01/20/2017 | 554 | MOTION for John E. Stephenson, Jr. to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-13222415. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Sarah Vickers. (Attachments: # 1 Affidavit of John E. Stephenson, Jr., # 2 Certificate of Good Standing, # 3 Text of Proposed Order) (Stephenson, John) (Entered: 01/20/2017) |
| 01/20/2017 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 554 MOTION for John E. Stephenson, Jr. to Appear Pro Hac Vice . Filing fee $** |

| | | |
|---|---|---|
| | | **200.00, receipt number 0208-13222415. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (ma)** (Entered: 01/20/2017) |
| 01/20/2017 | [556](#) | ORDER: The arguments for the motion to quash filed by Bradley J. Edwards, Defendant's motions in limine, and Plaintiff's motions in limine, previously scheduled for February 2, and the argument for Defendant's motion for summary judgment, previously scheduled for February 9, shall instead be heard at noon on Thursday, February 16, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. Motion Hearing set for 2/16/2017 at 12:00 PM in Courtroom 18B, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet on 1/20/2017) (kgo) (Entered: 01/20/2017) |
| 01/23/2017 | [557](#) | ORDER FOR ADMISSION PRO HAC VICE granting [554](#) Motion for John E. Stephenson, Jr. to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 1/23/2017) (anc) (Entered: 01/23/2017) |
| 01/23/2017 | [558](#) | ORDER: The sealed letter motion submitted by Plaintiff on January 20, 2017 shall be heard at noon on Thursday, February 2, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. The motion to intervene filed January 19, 2017 shall be heard at noon on Thursday, February 16, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Motion Hearing set for 2/2/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. Motion Hearing set for 2/16/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 1/23/2017) (cla) (Entered: 01/23/2017) |
| 01/24/2017 | [559](#) | ORDER. Per the Agreed Letter Motion filed by the parties, the hearing scheduled to take place on Thursday, January 26, 2017 is hereby vacated. The Plaintiff is granted leave to file a response in opposition to the Defendant's motion for summary judgment that is the same page length as the Defendant's motion on the same. It is so ordered. (Signed by Judge Robert W. Sweet on 1/24/2017) (rjm) (Entered: 01/24/2017) |
| 01/25/2017 | [560](#) | NOTICE of Withdrawal. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/25/2017) |
| 01/27/2017 | [561](#) | MOTION in Limine *to Exclude Defendant's Designations of Deposition Excerpts of Alan Dershowitz*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 01/27/2017) |
| 01/27/2017 | [562](#) | DECLARATION of Sigrid McCawley in Support re: [561](#) MOTION in Limine *to Exclude Defendant's Designations of Deposition Excerpts of Alan Dershowitz*.. Document filed by Virginia L. Giuffre. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit Sealed 3, # [4](#) Exhibit Sealed 4)(McCawley, Sigrid) (Entered: 01/27/2017) |
| 01/27/2017 | [563](#) | MOTION in Limine *to Exclude Defendant's Designations of Deposition Excerpts of Virginia Giuffre in an Unrelated Case*. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/27/2017) |
| 01/27/2017 | [564](#) | DECLARATION of Sigrid McCawley in Support re: [563](#) MOTION in Limine *to Exclude Defendant's Designations of Deposition Excerpts of Virginia Giuffre in an Unrelated Case*.. Document filed by Virginia L. Giuffre. (Attachments: # [1](#) Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 01/27/2017) |
| 01/27/2017 | [565](#) | NOTICE of Filing Plaintiff's Objections to Defendant's Deposition Designations and Plaintiff's Cross Designations. Document filed by Virginia L. Giuffre. (McCawley, |

| | | Sigrid) (Entered: 01/27/2017) |
|---|---|---|
| 01/27/2017 | 566 | Objection *to Plaintiff's Deposition Designations*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 01/27/2017) |
| 01/27/2017 | 567 | MOTION in Limine *to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/27/2017) |
| 01/27/2017 | 568 | DECLARATION of Laura A. Menninger in Support re: 567 MOTION in Limine *to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Menninger, Laura) (Entered: 01/27/2017) |
| 01/30/2017 | 569 | RESPONSE in Opposition to Motion re: 530 MOTION in Limine *To Exclude Expert Testimony and Opinion of Doctor Gilbert Kliman*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/30/2017) |
| 01/30/2017 | 570 | DECLARATION of Sigrid McCawley in Opposition re: 530 MOTION in Limine *To Exclude Expert Testimony and Opinion of Doctor Gilbert Kliman.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5)(McCawley, Sigrid) (Entered: 01/30/2017) |
| 01/30/2017 | 571 | ORDER: Plaintiff's and Defendant's motions in limine filed January 27, 2017, and all issues related to deposition designations, shall be heard at noon on Thursday, February 23, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Motion Hearing set for 2/23/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 1/30/2017) (cla) (Entered: 01/30/2017) |
| 01/30/2017 | 572 | RESPONSE in Opposition to Motion re: 524 MOTION in Limine *To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D.*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/30/2017) |
| 01/30/2017 | 573 | DECLARATION of Sigrid McCawley in Opposition re: 524 MOTION in Limine *To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D..*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5)(McCawley, Sigrid) (Entered: 01/30/2017) |
| 01/30/2017 | 574 | RESPONSE in Opposition to Motion re: 522 MOTION in Limine *To Exclude Expert Testimony and Opinions of William F. Chandler*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/30/2017) |
| 01/30/2017 | 575 | DECLARATION of Sigrid McCawley in Opposition re: 522 MOTION in Limine *To Exclude Expert Testimony and Opinions of William F. Chandler.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 01/30/2017) |
| 01/30/2017 | 576 | NOTICE of Letter Reply in Support of Plaintiff's Letter Motion to Add New Witness re: 558 Order Setting Hearing on Motion,,. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/30/2017) |
| 01/31/2017 | 577 | RESPONSE in Opposition to Motion re: 526 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dianne C. Flores*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/31/2017) |

# A-0064

| 01/31/2017 | 578 | DECLARATION of Sigrid McCawley in Opposition re: 526 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dianne C. Flores.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5)(McCawley, Sigrid) (Entered: 01/31/2017) |
| --- | --- | --- |
| 01/31/2017 | 579 | RESPONSE in Opposition to Motion re: 520 MOTION in Limine *To Exclude Expert Testimony and Opinion of Chris Anderson.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/31/2017) |
| 01/31/2017 | 580 | DECLARATION of Sigrid McCawley in Opposition re: 520 MOTION in Limine *To Exclude Expert Testimony and Opinion of Chris Anderson.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4)(McCawley, Sigrid) (Entered: 01/31/2017) |
| 01/31/2017 | 581 | RESPONSE in Opposition to Motion re: 528 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dr. Bernard Jansen.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/31/2017) |
| 01/31/2017 | 582 | DECLARATION of Sigrid McCawley in Opposition re: 528 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dr. Bernard Jansen.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2) (McCawley, Sigrid) (Entered: 01/31/2017) |
| 01/31/2017 | 583 | RESPONSE in Opposition to Motion re: 535 MOTION in Limine *and Incorporated Memorandum of Law. Regarding Gregory B. Taylor and Kyle D. Jacobson*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 01/31/2017) |
| 01/31/2017 | 584 | RESPONSE in Opposition to Motion re: 533 MOTION in Limine *and Incorporated Memorandum of Law. Regarding Dr. Phillip Esplin*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 01/31/2017) |
| 01/31/2017 | 585 | DECLARATION of Jeffrey S. Pagliuca in Opposition re: 533 MOTION in Limine *and Incorporated Memorandum of Law.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 01/31/2017) |
| 01/31/2017 | 586 | RESPONSE in Opposition to Motion re: 540 MOTION for Summary Judgment . . Document filed by Virginia L. Giuffre. (Attachments: # 1 Appendix Rule 56.1 Statement of Facts, # 2 Exhibit Declaration, # 3 Exhibit Redacted 1-50)(McCawley, Sigrid) (Entered: 01/31/2017) |
| 02/02/2017 | 587 | TRANSCRIPT of Proceedings re: ARGUMENT held on 1/19/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Jennifer Thun, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/23/2017. Redacted Transcript Deadline set for 3/6/2017. Release of Transcript Restriction set for 5/3/2017. (McGuirk, Kelly) (Entered: 02/02/2017) |
| 02/02/2017 | 588 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a ARGUMENT proceeding held on 1/19/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 02/02/2017) |

# A-0065

| | | |
|---|---|---|
| 02/02/2017 | 589 | RESPONSE in Opposition to Motion re: 550 MOTION to Intervene *and Unseal.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 02/02/2017) |
| 02/02/2017 | 590 | DECLARATION of Sigrid McCawley in Opposition re: 550 MOTION to Intervene *and Unseal.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(McCawley, Sigrid) (Entered: 02/02/2017) |
| 02/02/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 2/2/2017 re: 591 LETTER MOTION to Reopen re: 576 Notice (Other), 558 Order Setting Hearing on Motion,, Discovery re New Witness (original filed 1/19/17) addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated 01/19/17. filed by Virginia L. Giuffre. (Court Reporter Khris Sellin)The Court resolved the motion and granted limited discovery as to depose the third person witness. (Chan, Tsz) (Entered: 02/03/2017) |
| 02/03/2017 | 591 | LETTER MOTION to Reopen re: 576 Notice (Other), 558 Order Setting Hearing on Motion,, *Discovery re New Witness (original filed 1/19/17)* addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated 01/19/17. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 02/03/2017) |
| 02/03/2017 | 592 | NOTICE of Filing Defendant's Counter-Designations to Plaintiff's Deposition Designations. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/03/2017) |
| 02/06/2017 | 593 | SEALED DOCUMENT placed in vault.(mps) (Entered: 02/06/2017) |
| 02/07/2017 | 594 | SEALED DOCUMENT placed in vault.(mps) (Entered: 02/07/2017) |
| 02/07/2017 | 595 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION for Ty Gee to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-13289811. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ghislaine Maxwell. (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Exhibit Certificate of Good Standing)(Menninger, Laura) Modified on 2/8/2017 (wb). (Entered: 02/07/2017) |
| 02/07/2017 | 596 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** DECLARATION of Ty Gee in Support re: 595 MOTION for Ty Gee to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-13289811. **Motion and supporting papers to be reviewed by Clerk's Office staff.**. Document filed by Ghislaine Maxwell. (Menninger, Laura) Modified on 2/8/2017 (wb). (Entered: 02/07/2017) |
| 02/08/2017 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE-FILE Document No. 595 MOTION for Ty Gee to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-13289811. Motion and supporting papers to be reviewed by Clerk's Office staff., 596 Declaration in Support of Motion,,. The filing is deficient for the following reason(s): Pursuant to rule 1.3. please attach and affadavit or Declaration of the Attorney;. Re-file the motion as a Motion to Appear Pro Hac Vice - attach the correct signed PDF - select the correct named filer/filers - attach valid Certificates of Good Standing issued within the past 30 days - attach Proposed Order.. (wb)** (Entered: 02/08/2017) |
| 02/08/2017 | 597 | MOTION for Ty Gee to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ghislaine Maxwell. (Attachments: # 1 Affidavit Declaration, # 2 Exhibit Certificate of Good Standing, # 3 Text of Proposed Order Proposed Order)(Menninger, Laura) (Entered: 02/08/2017) |
| 02/08/2017 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 597 MOTION for Ty Gee to Appear Pro Hac Vice . Motion and supporting** |

| | | |
|---|---|---|
| | | **papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 02/08/2017) |
| 02/08/2017 | 598 | SEALED DOCUMENT placed in vault.(mps) (Entered: 02/08/2017) |
| 02/09/2017 | 599 | REPLY MEMORANDUM OF LAW in Support re: 535 MOTION in Limine *and Incorporated Memorandum of Law*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 02/09/2017) |
| 02/09/2017 | 600 | DECLARATION of Sigrid McCawley in Support re: 535 MOTION in Limine *and Incorporated Memorandum of Law*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Composite Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 02/09/2017) |
| 02/09/2017 | 601 | NOTICE of Intent to Offer Statements Under, If Necessary, The Residual Hearsay Rule. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 02/09/2017) |
| 02/09/2017 | 602 | REPLY MEMORANDUM OF LAW in Support re: 533 MOTION in Limine *and Incorporated Memorandum of Law*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 02/09/2017) |
| 02/09/2017 | 603 | DECLARATION of Sigrid McCawley in Support re: 533 MOTION in Limine *and Incorporated Memorandum of Law*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Composite Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 02/09/2017) |
| 02/09/2017 | 604 | REPLY to Response to Motion re: 550 MOTION to Intervene *and Unseal*. . Document filed by Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 02/09/2017) |
| 02/09/2017 | 605 | DECLARATION of Jay M. Wolman in Support re: 550 MOTION to Intervene *and Unseal*.. Document filed by Michael Cernovich d/b/a Cernovich Media. (Attachments: # 1 Exhibit 1 - Daily Mail Article, # 2 Exhibit 2 - Palm Beach Daily News Article, # 3 Exhibit 3 - Silenced Cast)(Wolman, Jay) (Entered: 02/09/2017) |
| 02/10/2017 | 606 | RESPONSE in Opposition to Motion re: 567 MOTION in Limine *to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 02/10/2017) |
| 02/10/2017 | 607 | DECLARATION of Sigrid McCawley in Opposition re: 567 MOTION in Limine *to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 02/10/2017) |
| 02/10/2017 | 608 | MOTION in Limine *to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 02/10/2017) |
| 02/10/2017 | 609 | DECLARATION of Sigrid McCawley in Support re: 608 MOTION in Limine *to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1) (McCawley, Sigrid) (Entered: 02/10/2017) |
| 02/10/2017 | 610 | MEMORANDUM OF LAW in Support re: 550 MOTION to Intervene *and Unseal*. . Document filed by Alan M. Dershowitz. (Lebowitz, David) (Entered: 02/10/2017) |
| 02/10/2017 | 611 | REPLY to Response to Motion re: 520 MOTION in Limine *To Exclude Expert Testimony and Opinion of Chris Anderson*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/10/2017) |

A-0067

| 02/10/2017 | 612 | REPLY to Response to Motion re: 522 MOTION in Limine *To Exclude Expert Testimony and Opinions of William F. Chandler.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/10/2017) |
|---|---|---|
| 02/10/2017 | 613 | REPLY to Response to Motion re: 528 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dr. Bernard Jansen.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 614 | REPLY to Response to Motion re: 524 MOTION in Limine *To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D..* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 615 | DECLARATION of Jeffrey S. Pagliuca in Support re: 524 MOTION in Limine *To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D...* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit C, # 2 Exhibit D, # 3 Exhibit E) (Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 616 | REPLY to Response to Motion re: 526 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dianne C. Flores.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 617 | DECLARATION of Jeffrey S. Pagliuca in Support re: 526 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dianne C. Flores..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit B)(Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 618 | REPLY to Response to Motion re: 530 MOTION in Limine *To Exclude Expert Testimony and Opinion of Doctor Gilbert Kliman.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 619 | DECLARATION of Jeffrey S. Pagliuca in Support re: 530 MOTION in Limine *To Exclude Expert Testimony and Opinion of Doctor Gilbert Kliman..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit D, # 2 Exhibit E)(Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 620 | REPLY to Response to Motion re: 540 MOTION for Summary Judgment . . Document filed by Ghislaine Maxwell. (Attachments: # 1 Appendix Rule 56.1 Statement of Facts) (Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 621 | DECLARATION of Laura A. Menninger in Support re: 540 MOTION for Summary Judgment .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit NN, # 2 Exhibit OO, # 3 Exhibit PP, # 4 Exhibit QQ, # 5 Exhibit RR)(Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 622 | JOINT PRETRIAL STATEMENT . Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 02/10/2017) |
| 02/13/2017 | 623 | ORDER FOR ADMISSION PRO HAC VICE granting 597 Motion for Ty Gee to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 2/10/2017) (jwh) (Entered: 02/13/2017) |
| 02/14/2017 | 624 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 2/10/17 re: Counsel writes to request a five day, unopposed, extension of time to respond to Plaintiff's Motions. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 2/13/2017) (mro) (Entered: 02/14/2017) |
| 02/14/2017 | 625 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 2/10/2017 re: extension of the page limit for Ms. Maxwell's Reply in Support of |

| | | Summary Judgment. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 2/13/2017) (jwh) (Entered: 02/14/2017) |
|---|---|---|
| 02/14/2017 | 626 | ORDER: Plaintiff's motion in limine filed February 10, 2017 shall be heard at noon on Thursday, February 23, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. Any opposition shall be filed by February 16, 2017; any reply shall be filed by February 20 2017. ( Oral Argument set for 2/23/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 2/13/2017) (mro) (Entered: 02/14/2017) |
| 02/14/2017 | | Set/Reset Deadlines: Responses due by 2/16/2017 Replies due by 2/20/2017. (mro) (Entered: 02/14/2017) |
| 02/15/2017 | 627 | SEALED DOCUMENT placed in vault.(mps) (Entered: 02/15/2017) |
| 02/15/2017 | 628 | RESPONSE in Opposition to Motion re: 561 MOTION in Limine *to Exclude Defendant's Designations of Deposition Excerpts of Alan Dershowitz*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/15/2017) |
| 02/15/2017 | 629 | RESPONSE in Opposition to Motion re: 563 MOTION in Limine *to Exclude Defendant's Designations of Deposition Excerpts of Virginia Giuffre in an Unrelated Case*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/15/2017) |
| 02/16/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 2/16/2017 re: 524 MOTION in Limine To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D. filed by Ghislaine Maxwell, 540 MOTION for Summary Judgment filed by Ghislaine Maxwell, 533 MOTION in Limine and Incorporated Memorandum of Law filed by Virginia L. Giuffre, 526 MOTION in Limine To Exclude Expert Testimony and Opinion of Dianne C. Flores filed by Ghislaine Maxwell, 522 MOTION in Limine To Exclude Expert Testimony and Opinions of William F. Chandler filed by Ghislaine Maxwell, 550 MOTION to Intervene and Unseal filed by Michael Cernovich d/b/a Cernovich Media, 528 MOTION in Limine To Exclude Expert Testimony and Opinion of Dr. Bernard Jansen filed by Ghislaine Maxwell, 535 MOTION in Limine and Incorporated Memorandum of Law filed by Virginia L. Giuffre. (Court Reporter Eve Giniger)Decision reserve on the motion for Summary Judgment and Intervene + Unseal. (Chan, Tsz) (Entered: 02/16/2017) |
| 02/17/2017 | 630 | NOTICE of Plaintiff's Objections to Defendant's Counter Designations. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 02/17/2017) |
| 02/17/2017 | 631 | REPLY to Response to Motion re: 567 MOTION in Limine *to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/17/2017) |
| 02/17/2017 | 632 | DECLARATION of Laura A. Menninger in Support re: 567 MOTION in Limine *to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit F)(Menninger, Laura) (Entered: 02/17/2017) |
| 02/17/2017 | 633 | Objection *to Plaintiff's Cross Designation of Deposition Testimony*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/17/2017) |
| 02/17/2017 | 634 | TRANSCRIPT of Proceedings re: ARGUMENT held on 2/2/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Khristine Sellin, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/10/2017. Redacted |

| | | |
|---|---|---|
| | | Transcript Deadline set for 3/20/2017. Release of Transcript Restriction set for 5/18/2017.(McGuirk, Kelly) (Entered: 02/17/2017) |
| 02/17/2017 | 635 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a ARGUMENT proceeding held on 2/2/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 02/17/2017) |
| 02/21/2017 | 636 | ORDER: Plaintiff's motion in limine filed February 10, 2017 and previously scheduled to be heard February 23, 2017 shall instead be heard at noon on Thursday, March 9, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. Opposition papers shall be due February 24, 2017 and reply papers shall be due by March 2, 2017. (Oral Argument set for 3/9/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) Set Deadlines/Hearing as to 608 MOTION in Limine *to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference*. (Responses due by 2/24/2017, Replies due by 3/2/2017.) (Signed by Judge Robert W. Sweet on 2/21/2017) (jwh) (Entered: 02/21/2017) |
| 02/22/2017 | 637 | MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications . Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 02/22/2017) |
| 02/22/2017 | 638 | DECLARATION of Meredith Schultz in Support re: 637 MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Exhibit 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5) (McCawley, Sigrid) (Entered: 02/22/2017) |
| 02/22/2017 | 639 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 2/21/2017 re: requesting that the Court vacate the hearing to rule on deposition objections currently scheduled for Thursday, February 23, 2017. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 2/22/2017) (jwh) Modified on 2/28/2017 (jwh). (Entered: 02/22/2017) |
| 02/22/2017 | 640 | MOTION for Protective Order *for Non-Party Witness*. Document filed by John Stanley Pottinger, Sarah Ransome.(Pottinger, John) (Entered: 02/22/2017) |
| 02/22/2017 | 641 | DECLARATION of John Stanley Pottinger in Support re: 640 MOTION for Protective Order *for Non-Party Witness*.. Document filed by Sarah Ransome. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(Pottinger, John) (Entered: 02/22/2017) |
| 02/23/2017 | 642 | ORDER: Plaintiff's motion to compel and the non-party witness's motion for a protective order, both filed February 22, 2017, shall be heard at noon on Thursday, March 9, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. Opposition papers shall be due March 2, 2017, and reply papers shall be due March 7, 2017. (Motion Hearing set for 3/9/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.), (Responses due by 3/2/2017, Replies due by 3/7/2017.) (Signed by Judge Robert W. Sweet on 2/23/2017) (cf) (Entered: 02/23/2017) |
| 02/23/2017 | 643 | JOINT MOTION re: 455 Order on Motion for Miscellaneous Relief, 13 Scheduling Order, *Amended Second Proposed Discovery and Case Management Deadlines and Request to Modify Pretrial Scheduling Order*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/23/2017) |

A-0070

| 02/24/2017 | 644 | RESPONSE in Opposition to Motion re: 608 MOTION in Limine *to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/24/2017) |
|---|---|---|
| 02/24/2017 | 645 | DECLARATION of Laura A. Menninger in Opposition re: 608 MOTION in Limine *to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Menninger, Laura) (Entered: 02/24/2017) |
| 02/24/2017 | 646 | RESPONSE re: 601 Notice (Other) *Response to Plaintiffs Notice Of Intent To Offer Statements Under, If Necessary, The Residual Hearsay Rule.* Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/24/2017) |
| 02/27/2017 | 647 | SEALED DOCUMENT placed in vault.(rz) (Entered: 02/27/2017) |
| 02/27/2017 | 648 | AMENDED SECOND DISCOVERY AND CASE MANAGEMENT DEADLINES AND REQUEST TO MODIFY PRETRIAL SCHEDULING ORDER granting 643 Motion: The jury trial scheduled for March 13, 2017 is rescheduled to begin on May 15, 2017 and is anticipated to last four weeks; Motions in Limine/other motions shall be filed by March 3, 2017; March 9, 2017, hearing on Plaintiff Giuffre's Motion to Present Testimony from Jeffrey Epstein for Purposes of Obtaining an Adverse Inference, ECF #608, hearing on Plaintiff's Motion to Compel all Work Product and Attorney Client Communications with Philip Barden, ECF #637, hearing on outstanding motions including Motion to Quash Edwards Subpoena, filed in the Southern District of Florida on June 13, 2016 under case number 16-mc-61262, and March 23, 2017, hearing on 702 Motions ECF #520, 522, 524, 526, 528, 530, 533, 535 and motions in limine. April 6, 2017, hearing on objections to deposition designations. May 4, 2107, Pre-trial Conference to address any outstanding issues including confidentiality. So ordered. (Signed by Judge Robert W. Sweet on 2/24/2017) (jwh) (Entered: 02/27/2017) |
| 02/27/2017 | | Set/Reset Deadlines: Motions due by 3/3/2017. (jwh) (Entered: 02/27/2017) |
| 02/27/2017 | | Set/Reset Deadlines: Revised Joint Pretrial Order due by 4/15/2017. (jwh) (Entered: 03/03/2017) |
| 03/02/2017 | 649 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Sigrid McCawley dated March 2, 2017. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/02/2017) |
| 03/02/2017 | 650 | REPLY MEMORANDUM OF LAW in Support re: 608 MOTION in Limine *to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/02/2017) |
| 03/02/2017 | 651 | DECLARATION of Sigrid McCawley in Support re: 608 MOTION in Limine *to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(McCawley, Sigrid) (Entered: 03/02/2017) |
| 03/02/2017 | 652 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/02/2017) |
| 03/02/2017 | 653 | RESPONSE in Opposition to Motion re: 637 MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/02/2017) |
| 03/02/2017 | 654 | DECLARATION of Laura A. Menninger in Opposition re: 637 MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 03/02/2017) |

# A-0071

| 03/02/2017 | 655 | MOTION to Compel *Non-Party Witness to Produce Documents, Respond to Deposition Questions, and Response to Motion for Protective Order*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/02/2017) |
|---|---|---|
| 03/02/2017 | 656 | DECLARATION of Laura A. Menninger in Support re: 655 MOTION to Compel *Non-Party Witness to Produce Documents, Respond to Deposition Questions, and Response to Motion for Protective Order.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Menninger, Laura) (Entered: 03/02/2017) |
| 03/03/2017 | 657 | MOTION to Quash . Document filed by Jeffrey Epstein.(Weinberg, Martin) (Entered: 03/03/2017) |
| 03/03/2017 | 658 | ORDER granting 649 Letter Motion for Leave to File Excess Pages: So ordered. (Signed by Judge Robert W. Sweet on 3/3/2017) (jwh) (Entered: 03/03/2017) |
| 03/03/2017 | 659 | SECOND MOTION to Compel Ghislaine Maxwell to Disclose Data from Defendant's Undisclosed Email Account and for An Adverse Inference Instruction . Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/03/2017) |
| 03/03/2017 | 660 | DECLARATION of Meredith Schultz in Support re: 659 SECOND MOTION to Compel Ghislaine Maxwell to Disclose Data from Defendant's Undisclosed Email Account and for An Adverse Inference Instruction .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Exhibit 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4)(McCawley, Sigrid) (Entered: 03/03/2017) |
| 03/03/2017 | 661 | ORDER: Motions shall be heard on the following dates: Thursday, March 9: Motions corresponding to ECF Nos. 608, 637, 640, and the motion to quash in Bradley v. Maxwell, 17-mc-00025. Thursday, March 23: Motions corresponding to ECF Nos. 520, 522, 524, 526, 528, 530, 533, 535, 561, 563, and 567. Thursday, March 30: Defendant's motion to compel March 2, 2017 and all motions filed March 3, 2017. Wednesday, April 5: Objections to deposition designations. (Signed by Judge Robert W. Sweet on 3/3/2017) (jwh) (Entered: 03/03/2017) |
| 03/03/2017 | 662 | MOTION to Bifurcate *Trial Relating to Punitive Damages and Exclusion of any Reference to Defendants Financial Information in the Liability Phase*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 663 | MOTION in Limine *to Exclude Complaint and Settlement Agreement in Jane Doe 102 v. Jeffrey Epstein*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 664 | MOTION in Limine *to Exclude Late Disclosed Supplemental Report of Dr. James Jansen and Video Trial Exhibit of Dr. Gilbert Kliman*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 665 | MOTION in Limine *to Prohibit Questioning Regarding Defendants Adult Consensual Sexual Activities*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 666 | MOTION in Limine *to Exclude Evidence Barred as a Result of Plaintiffs Summary Judgment Concessions*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 667 | MOTION in Limine *to Exclude FBI 302 Statement of Plaintiff*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 668 | DECLARATION of Laura A. Menninger in Support re: 667 MOTION in Limine *to Exclude FBI 302 Statement of Plaintiff.*. Document filed by Ghislaine Maxwell. |

| | | (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 03/03/2017) |
|---|---|---|
| 03/03/2017 | 669 | MOTION in Limine *to Exclude References to Crime Victims Rights Act Litigation*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 670 | DECLARATION of Laura A. Menninger in Support re: 669 MOTION in Limine *to Exclude References to Crime Victims Rights Act Litigation*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 671 | MOTION in Limine *to Exclude Jeffrey Epstein Plea and Non-Prosecution Agreement and Sex Offender Registration*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 672 | DECLARATION of Laura A. Menninger in Support re: 671 MOTION in Limine *to Exclude Jeffrey Epstein Plea and Non-Prosecution Agreement and Sex Offender Registration*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 673 | MOTION in Limine *Exclude Deposition Testimony of Sarah Kellen and Nadia Marcinkova or Any Witness Invoking Their Fifth Amendment Privilege*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 674 | DECLARATION of Laura A. Menninger in Support re: 673 MOTION in Limine *Exclude Deposition Testimony of Sarah Kellen and Nadia Marcinkova or Any Witness Invoking Their Fifth Amendment Privilege*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 675 | MOTION in Limine *to Permit Questioning Regarding Plaintiffs Sexual History and Reputation*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 676 | DECLARATION of Laura A. Menninger in Support re: 675 MOTION in Limine *to Permit Questioning Regarding Plaintiffs Sexual History and Reputation*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 677 | MOTION in Limine *to Exclude Police Reports and Other Inadmissible Hearsay*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 678 | DECLARATION of Jeffrey S. Pagliuca in Support re: 677 MOTION in Limine *to Exclude Police Reports and Other Inadmissible Hearsay*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 679 | MOTION in Limine *to Exclude Unauthenticated Hearsay Document from a Suspect Source*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 680 | DECLARATION of Jeffrey S. Pagliuca in Support re: 679 MOTION in Limine *to Exclude Unauthenticated Hearsay Document from a Suspect Source*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 681 | MOTION in Limine *to Exclude Victim Notification Letter*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 682 | DECLARATION of Laura A. Menninger in Support re: 681 MOTION in Limine *to Exclude Victim Notification Letter*.. Document filed by Ghislaine Maxwell. |

| | | (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 03/03/2017) |
|---|---|---|
| 03/03/2017 | 683 | MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO ADMIT THE BLACK BOOK AS EVIDENCE AT TRIAL*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 03/03/2017) |
| 03/03/2017 | 684 | DECLARATION of Sigrid S. McCawley in Support re: 683 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO ADMIT THE BLACK BOOK AS EVIDENCE AT TRIAL.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1 (Filed Under Seal), # 2 Exhibit 2 (Filed Under Seal))(Schultz, Meredith) (Entered: 03/03/2017) |
| 03/03/2017 | 685 | MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING PLAINTIFFS ATTORNEYS AS WITNESSES AT TRIAL*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 03/03/2017) |
| 03/03/2017 | 686 | MOTION in Limine *PLAINTIFF MS. GIUFFRES MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRESENT ALL EVIDENCE OF DEFENDANTS INVOLVEMENT IN EPSTEIN SEXUAL ABUSE AND SEX TRAFFICKING*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 03/03/2017) |
| 03/03/2017 | 687 | DECLARATION of Sigrid S. McCawley in Support re: 686 MOTION in Limine *PLAINTIFF MS. GIUFFRES MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRESENT ALL EVIDENCE OF DEFENDANTS INVOLVEMENT IN EPSTEIN SEXUAL ABUSE AND SEX TRAFFICKING.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1 (Filed Under Seal))(Schultz, Meredith) (Entered: 03/03/2017) |
| 03/03/2017 | 688 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Sigrid McCawley dated March 3, 2017. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/03/2017) |
| 03/03/2017 | 689 | MOTION in Limine *to Present Testimony for Purpose of Obtaining an Adverse Inference Instruction*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/03/2017) |
| 03/03/2017 | 690 | DECLARATION of Sigrid McCawley in Support re: 689 MOTION in Limine *to Present Testimony for Purpose of Obtaining an Adverse Inference Instruction.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Exhibit 1) (McCawley, Sigrid) (Entered: 03/03/2017) |
| 03/03/2017 | 691 | MOTION in Limine *Omnibus*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/03/2017) |
| 03/03/2017 | 692 | DECLARATION of Sigrid McCawley in Support re: 691 MOTION in Limine *Omnibus.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5, # 6 Exhibit Sealed 6)(McCawley, Sigrid) (Entered: 03/03/2017) |
| 03/03/2017 | 693 | MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b)*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 694 | DECLARATION of Laura A. Menninger in Support re: 693 MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b).*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, |

| | | |
|---|---|---|
| | | # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Menninger, Laura) (Entered: 03/03/2017) |
| 03/06/2017 | 695 | ORDER granting 688 LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Sigrid McCawley dated March 3, 2017. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 3/6/2017) (rjm) (Entered: 03/06/2017) |
| 03/06/2017 | 696 | ORDER: An evidentiary hearing to determine the admissibility of the documents relied upon by proposed expert witness Dianne Flores, and to discuss the handling of Protective Order material at trial, shall be held on Thursday, March 16, 2017 at 1:00 PM in Courtroom 18C, United States Courthouse, 500 Pearl Street. (Evidentiary Hearing set for 3/16/2017 at 01:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 3/6/2017) (jwh) (Entered: 03/06/2017) |
| 03/07/2017 | 697 | REPLY MEMORANDUM OF LAW in Support re: 637 MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/07/2017) |
| 03/07/2017 | 698 | DECLARATION of Meredith Schultz in Support re: 637 MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Composite Sealed 2)(McCawley, Sigrid) (Entered: 03/07/2017) |
| 03/07/2017 | 699 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Meredith Schultz dated March 7, 2017. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/07/2017) |
| 03/07/2017 | 700 | ***STRICKEN DOCUMENT. Deleted document number 700 from the case record. The document was stricken from this case pursuant to 718 Order on Motion to Seal Document, . (jwh) REPLY MEMORANDUM OF LAW in Support re: 640 MOTION for Protective Order *for Non-Party Witness. and Opposition to [DE 655] MOTION to Compel Non-Party Witness to Produce Documents, and Respond to Deposition Questions*. Document filed by John Stanley Pottinger. (Pottinger, John) Modified on 3/15/2017 (jwh). (Entered: 03/07/2017) |
| 03/07/2017 | 701 | DECLARATION of J. Stanley Pottinger in Support re: 640 MOTION for Protective Order *for Non-Party Witness*.. Document filed by John Stanley Pottinger. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(Pottinger, John) (Entered: 03/07/2017) |
| 03/08/2017 | 702 | TRANSCRIPT of Proceedings re: CONFERENCE held on 2/16/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Eve Giniger, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/29/2017. Redacted Transcript Deadline set for 4/10/2017. Release of Transcript Restriction set for 6/6/2017. (McGuirk, Kelly) (Entered: 03/08/2017) |
| 03/08/2017 | 703 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 2/16/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 03/08/2017) |

# A-0075

| 03/08/2017 | 704 | ORDER granting 699 LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Meredith Schultz dated March 7, 2017. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 3/8/2017) (rjm) (Entered: 03/08/2017) |
|---|---|---|
| 03/09/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 3/9/2017 re: 640 MOTION for Protective Order for Non-Party Witness filed by John Stanley Pottinger, Sarah Ransome, 655 MOTION to Compel Non-Party Witness to Produce Documents, Respond to Deposition Questions, and Response to Motion for Protective Order filed by Ghislaine Maxwell, 637 MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications filed by Virginia L. Giuffre, 608 MOTION in Limine to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference filed by Virginia L. Giuffre. (Court Reporter Kelly Surina)Doc #608 Motion Reserved.Doc #637 Motion Reserved.Doc #655 Motion was on for 3-30-17 is now set for 3-16-17 at 12:00 p.m.Motion to quash 17 Mc-00025 will be heard on 3-16-17 (Part).Doc #640 Motion resolved. (Chan, Tsz) (Entered: 03/10/2017) |
| 03/10/2017 | 705 | NOTICE of Reply Notice of Intent to Offer Statements Under, If Necessary, the Residual Hearsay Rule re: 601 Notice (Other). Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/10/2017) |
| 03/10/2017 | 706 | NOTICE of Sigrid McCawley Declaration in Support of Reply Notice of Intent to Offer Statements Under, If Necessary, the Residual Hearsay Rule re: 705 Notice (Other). Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(McCawley, Sigrid) (Entered: 03/10/2017) |
| 03/13/2017 | 707 | REPLY MEMORANDUM OF LAW in Support re: 640 MOTION for Protective Order *for Non-Party Witness*., 655 MOTION to Compel *Non-Party Witness to Produce Documents, Respond to Deposition Questions, and Response to Motion for Protective Order*. *[RE-FILED W/ ADD'L REDACTION/REPLACE DE 700*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 03/13/2017) |
| 03/13/2017 | 708 | LETTER MOTION to Seal Document 700 Reply Memorandum of Law in Support of Motion, *[Replace DE 700 w/ Redacted DE 707]* addressed to Judge Robert W. Sweet from Meredith Schultz dated 03/13/17. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 03/13/2017) |
| 03/13/2017 | 709 | REPLY MEMORANDUM OF LAW in Support re: 640 MOTION for Protective Order *for Non-Party Witness*., 655 MOTION to Compel *Non-Party Witness to Produce Documents, Respond to Deposition Questions, and Response to Motion for Protective Order*. *[RE-FILED W/ADD'L REDACTION/REPLACE DE 700]*. Document filed by John Stanley Pottinger. (Pottinger, John) (Entered: 03/13/2017) |
| 03/13/2017 | 710 | LETTER MOTION to Seal Document 707 Reply Memorandum of Law in Support of Motion, 708 LETTER MOTION to Seal Document 700 Reply Memorandum of Law in Support of Motion, *[Replace DE 700 w/ Redacted DE 707]* addressed to Judge Robert W. Sweet from Meredith Schultz dated 03/13/17., 709 Reply Memorandum of Law in Support of Motion, 700 Reply Memorandum of Law in Support of Motion, addressed to Judge Robert W. Sweet from J. Stanley Pottinger dated 3/13/17. Document filed by Sarah Ransome.(Pottinger, John) (Entered: 03/13/2017) |
| 03/14/2017 | 711 | **\*\*\*STRICKEN DOCUMENT. Deleted document number 711 from the case record. The document was stricken from this case pursuant to 765 Order on Motion to Strike . (jwh)** NOTICE of Supplemental Authority. Document filed by |

| | | |
|---|---|---|
| | | Virginia L. Giuffre. (McCawley, Sigrid) Modified on 3/22/2017 (jwh). (Entered: 03/14/2017) |
| 03/14/2017 | 712 | RESPONSE in Opposition to Motion re: 657 MOTION to Quash . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/14/2017) |
| 03/14/2017 | 713 | DECLARATION of Sigrid McCawley in Opposition re: 657 MOTION to Quash .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(McCawley, Sigrid) (Entered: 03/14/2017) |
| 03/14/2017 | 714 | REPLY to Response to Motion re: 655 MOTION to Compel *Non-Party Witness to Produce Documents, Respond to Deposition Questions, and Response to Motion for Protective Order*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/14/2017) |
| 03/14/2017 | 715 | DECLARATION of Laura A. Menninger in Support re: 655 MOTION to Compel *Non-Party Witness to Produce Documents, Respond to Deposition Questions, and Response to Motion for Protective Order*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit J, # 2 Exhibit K)(Menninger, Laura) (Entered: 03/14/2017) |
| 03/15/2017 | 716 | RESPONSE in Opposition to Motion re: 679 MOTION in Limine *to Exclude Unauthenticated Hearsay Document from a Suspect Source* . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/15/2017) |
| 03/15/2017 | 717 | DECLARATION of Sigrid McCawley in Opposition re: 679 MOTION in Limine *to Exclude Unauthenticated Hearsay Document from a Suspect Source*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2) (McCawley, Sigrid) (Entered: 03/15/2017) |
| 03/15/2017 | 718 | ORDER withdrawing 708 Motion to Seal Document ; granting 710 Motion to Seal Document: So ordered. (Signed by Judge Robert W. Sweet on 3/15/2017) (jwh) (Entered: 03/15/2017) |
| 03/15/2017 | 719 | ENDORSED LETTER addressed to Judge Robert W. Sweet from J. Stanley Pottinger dated 3/13/2017 re: request a one-week continuance of the hearing on Defendant's Motion to Compel Non-Party Witness to Produce Documents and Respond to Depositions Questions (Doc. 655 ) and Motion for Protective Order for Non-Party Witness (Doc. 640 ). ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 3/15/2017) (jwh) (Entered: 03/15/2017) |
| 03/15/2017 | 720 | ENDORSED LETTER re: 659 SECOND MOTION to Compel Ghislaine Maxwell to Disclose Data from Defendant's Undisclosed Email Account and for An Adverse Inference Instruction , addressed to Judge Robert W. Sweet from Laura A. Menninger dated 3/10/2017 re: a one-week extension of time in which to file a Response to Plaintiff's Renewed Motion to Compel. ENDORSEMENT: So ordered. (Set Deadlines/Hearing as to 659 SECOND MOTION to Compel Ghislaine Maxwell to Disclose Data from Defendant's Undisclosed Email Account and for An Adverse Inference Instruction : Responses due by 3/17/2017) (Signed by Judge Robert W. Sweet on 3/13/2017) (jwh) (Entered: 03/15/2017) |
| 03/15/2017 | 721 | NOTICE of Notice of Intent to Redact Transcript of Proceedings re: 702 Transcript,,. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Transcript (Filed Under Seal))(Schultz, Meredith) (Entered: 03/15/2017) |
| 03/16/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Evidentiary Hearing held on 3/16/2017. (Court Reporter Martha Martin)Decision on hearing pending. (Chan, Tsz) (Entered: 03/17/2017) |

# A-0077

| | | |
|---|---|---|
| 03/17/2017 | 722 | RESPONSE in Opposition to Motion re: 673 MOTION in Limine *Exclude Deposition Testimony of Sarah Kellen and Nadia Marcinkova or Any Witness Invoking Their Fifth Amendment Privilege*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 723 | DECLARATION of Sigrid McCawley in Opposition re: 673 MOTION in Limine *Exclude Deposition Testimony of Sarah Kellen and Nadia Marcinkova or Any Witness Invoking Their Fifth Amendment Privilege*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 724 | RESPONSE in Opposition to Motion re: 663 MOTION in Limine *to Exclude Complaint and Settlement Agreement in Jane Doe 102 v. Jeffrey Epstein*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 725 | OPPOSITION BRIEF re: 721 Notice (Other) *of Intent to Redact Transcript of Proceedings*. Document filed by Michael Cernovich d/b/a Cernovich Media.(Wolman, Jay) (Entered: 03/17/2017) |
| 03/17/2017 | 726 | RESPONSE in Opposition to Motion re: 664 MOTION in Limine *to Exclude Late Disclosed Supplemental Report of Dr. James Jansen and Video Trial Exhibit of Dr. Gilbert Kliman*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 727 | DECLARATION of Sigrid McCawley in Opposition re: 664 MOTION in Limine *to Exclude Late Disclosed Supplemental Report of Dr. James Jansen and Video Trial Exhibit of Dr. Gilbert Kliman*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4) (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 728 | **\*\*\*STRICKEN DOCUMENT. Deleted document number 728 from the case record. The document was stricken from this case pursuant to 1093 Order Striking Document from Record, . (kgo)** RESPONSE in Opposition to Motion re: 669 MOTION in Limine *to Exclude References to Crime Victims Rights Act Litigation*. . Document filed by Virginia L. Giuffre. (Edwards, Bradley) Modified on 8/1/2020 (kgo). (Entered: 03/17/2017) |
| 03/17/2017 | 729 | DECLARATION of Bradley Edwards in Opposition re: 669 MOTION in Limine *to Exclude References to Crime Victims Rights Act Litigation*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Edwards, Bradley) (Entered: 03/17/2017) |
| 03/17/2017 | 730 | **\*\*\*STRICKEN DOCUMENT. Deleted document number 730 from the case record. The document was stricken from this case pursuant to 1093 Order Striking Document from Record, . (kgo)** RESPONSE in Opposition to Motion re: 667 MOTION in Limine *to Exclude FBI 302 Statement of Plaintiff*. . Document filed by Virginia L. Giuffre. (Edwards, Bradley) Modified on 8/1/2020 (kgo). (Entered: 03/17/2017) |
| 03/17/2017 | 731 | DECLARATION of Bradley Edwards in Opposition re: 667 MOTION in Limine *to Exclude FBI 302 Statement of Plaintiff*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit)(Edwards, Bradley) (Entered: 03/17/2017) |
| 03/17/2017 | 732 | RESPONSE in Opposition to Motion re: 681 MOTION in Limine *to Exclude Victim Notification Letter*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 733 | DECLARATION of Sigrid McCawley in Opposition re: 681 MOTION in Limine *to Exclude Victim Notification Letter*.. Document filed by Virginia L. Giuffre. |

| | | (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3) (McCawley, Sigrid) (Entered: 03/17/2017) |
|---|---|---|
| 03/17/2017 | 734 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT -** CONSENT MOTION to Vacate 433 Endorsed Letter,, *STIPULATION AND [PROPOSED] ORDER VACATING CIVIL CONTEMPT FINDING AND ORDER AS TO NON-PARTY NADIA MARCINKOVA*. Document filed by Nadia Marcinko.(Dubno, Erica) Modified on 3/21/2017 (db). (Entered: 03/17/2017) |
| 03/17/2017 | 735 | RESPONSE in Opposition to Motion re: 693 MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b)*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 736 | DECLARATION of Sigrid McCawley in Opposition re: 693 MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b)*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3) (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 737 | LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Robert W. Sweet from Sigrid McCawley dated March 17, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 738 | RESPONSE in Opposition to Motion re: 675 MOTION in Limine *to Permit Questioning Regarding Plaintiffs Sexual History and Reputation*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 739 | DECLARATION of Meredith Schultz in Opposition re: 675 MOTION in Limine *to Permit Questioning Regarding Plaintiffs Sexual History and Reputation*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4)(McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 740 | RESPONSE in Opposition to Motion re: 671 MOTION in Limine *to Exclude Jeffrey Epstein Plea and Non-Prosecution Agreement and Sex Offender Registration*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 741 | DECLARATION of Sigrid McCawley in Opposition re: 671 MOTION in Limine *to Exclude Jeffrey Epstein Plea and Non-Prosecution Agreement and Sex Offender Registration*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 742 | RESPONSE in Opposition to Motion re: 683 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO ADMIT THE BLACK BOOK AS EVIDENCE AT TRIAL*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | 743 | DECLARATION of Jeffrey S. Pagliuca in Opposition re: 683 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO ADMIT THE BLACK BOOK AS EVIDENCE AT TRIAL*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | 744 | RESPONSE in Opposition to Motion re: 686 MOTION in Limine *PLAINTIFF MS. GIUFFRES MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRESENT ALL EVIDENCE OF DEFENDANTS INVOLVEMENT IN EPSTEIN SEXUAL ABUSE AND SEX TRAFFICKING*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | 745 | DECLARATION of Laura A. Menninger in Opposition re: 686 MOTION in Limine *PLAINTIFF MS. GIUFFRES MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRESENT ALL EVIDENCE OF DEFENDANTS* |

| | | *INVOLVEMENT IN EPSTEIN SEXUAL ABUSE AND SEX TRAFFICKING..* Document filed by Ghislaine Maxwell. (Attachments: # [1] Exhibit A, # [2] Exhibit B, # [3] Exhibit C, # [4] Exhibit D, # [5] Exhibit E)(Menninger, Laura) (Entered: 03/17/2017) |
|---|---|---|
| 03/17/2017 | [746] | RESPONSE in Opposition to Motion re: [689] MOTION in Limine *to Present Testimony for Purpose of Obtaining an Adverse Inference Instruction*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | [747] | RESPONSE in Opposition to Motion re: [677] MOTION in Limine *to Exclude Police Reports and Other Inadmissible Hearsay*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | [748] | DECLARATION of Laura A. Menninger in Opposition re: [689] MOTION in Limine *to Present Testimony for Purpose of Obtaining an Adverse Inference Instruction..* Document filed by Ghislaine Maxwell. (Attachments: # [1] Exhibit A, # [2] Exhibit B, # [3] Exhibit C, # [4] Exhibit D, # [5] Exhibit E)(Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | [749] | RESPONSE in Opposition to Motion re: [691] MOTION in Limine *Omnibus*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | [750] | DECLARATION of Meredith Schultz in Opposition re: [677] MOTION in Limine *to Exclude Police Reports and Other Inadmissible Hearsay..* Document filed by Virginia L. Giuffre. (Attachments: # [1] Exhibit Sealed 1, # [2] Exhibit Sealed 2, # [3] Exhibit Sealed 3, # [4] Exhibit Composite Sealed 4, # [5] Exhibit Sealed 5, # [6] Exhibit Sealed 6, # [7] Exhibit Sealed 7, # [8] Exhibit Composite Sealed 8, # [9] Exhibit Sealed 9)(McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | [751] | DECLARATION of Laura A. Menninger in Opposition re: [691] MOTION in Limine *Omnibus..* Document filed by Ghislaine Maxwell. (Attachments: # [1] Exhibit A, # [2] Exhibit B, # [3] Exhibit C, # [4] Exhibit D, # [5] Exhibit E, # [6] Exhibit F, # [7] Exhibit G, # [8] Exhibit H, # [9] Exhibit I, # [10] Exhibit J, # [11] Exhibit K, # [12] Exhibit L, # [13] Exhibit M, # [14] Exhibit N, # [15] Exhibit O, # [16] Exhibit P, # [17] Exhibit Q, # [18] Exhibit R, # [19] Exhibit S)(Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | [752] | MOTION to Strike Document No. 711 *Plaintiff's Supplemental Authority*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | [753] | DECLARATION of Laura A. Menninger in Support re: [752] MOTION to Strike Document No. 711 *Plaintiff's Supplemental Authority..* Document filed by Ghislaine Maxwell. (Attachments: # [1] Exhibit A)(Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | [754] | REPLY MEMORANDUM OF LAW in Opposition re: [637] MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications . *Defendant's Surreply*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/17/2017) |
| 03/20/2017 | [755] | TRANSCRIPT of Proceedings re: CONFERENCE held on 3/9/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Kelly Surina, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/10/2017. Redacted Transcript Deadline set for 4/20/2017. Release of Transcript Restriction set for 6/19/2017.(McGuirk, Kelly) (Entered: 03/20/2017) |
| 03/20/2017 | [756] | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 3/9/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this |

| | | |
|---|---|---|
| | | transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 03/20/2017) |
| 03/20/2017 | 757 | STIPULATION AND ORDER VACATING CIVIL CONTEMPT FINDING AND ORDER AS TO NADIA MARCINKOVA: THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the parties through their undersigned counsel, that the Plaintiff's Motion for a Finding of Civil Contempt against Nadia Marcinkova shall be withdrawn without costs to any party; and IT IS FURTHER STIPULATED AND AGREED, by and among the parties, subject to the Order of the Court, that the Order dated September 15, 2016 [Docket No. 433], as to Nadia Marcinkova shall be vacated in its entirety. (Signed by Judge Robert W. Sweet on 3/20/2017) (jwh) (Entered: 03/20/2017) |
| 03/20/2017 | 758 | ENDORSED LETTER: addressed to Judge Robert W. Sweet from Laura A. Menninger dated March 17, 2017 re: To exceed page limit. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 3/20/2017) (ap) (Entered: 03/20/2017) |
| 03/20/2017 | 759 | ENDORSED LETTER re: 659 SECOND MOTION to Compel, 685 MOTION in Limine; addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 3/17/2017 re: a one week extension to file responses to Docket Entry # 659 and Docket Entry # 685 . ENDORSEMENT: So ordered. (Set Deadlines/Hearing as to 659 SECOND MOTION to Compel Ghislaine Maxwell to Disclose Data , 685 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING PLAINTIFFS ATTORNEYS AS WITNESSES AT TRIAL* : Responses due by 3/23/2017) (Signed by Judge Robert W. Sweet on 3/20/2017) (jwh) (Entered: 03/20/2017) |
| 03/20/2017 | 760 | ORDER granting 737 Letter Motion for Extension of Time to File Response/Reply re 666 MOTION in Limine *to Exclude Evidence Barred as a Result of Plaintiffs Summary Judgment Concessions*, 665 MOTION in Limine *to Prohibit Questioning Regarding Defendants Adult Consensual Sexual Activities*, 662 MOTION to Bifurcate *Trial Relating to Punitive Damages and Exclusion of any Reference to Defendants Financial Information in the Liability Phase*. So ordered Responses due by 3/22/2017. (Signed by Judge Robert W. Sweet on 3/20/2017) (jwh) (Entered: 03/20/2017) |
| 03/21/2017 | 761 | REPLY to Response to Motion re: 657 MOTION to Quash . . Document filed by Jeffrey Epstein. (Weinberg, Martin) (Entered: 03/21/2017) |
| 03/21/2017 | 762 | LETTER MOTION for Extension of Time addressed to Judge Robert W. Sweet from Sigrid McCawley dated March 21, 2017. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/21/2017) |
| 03/21/2017 | 763 | MOTION to Strike Document No. 725 . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/21/2017) |
| 03/21/2017 | 764 | RESPONSE in Opposition to Motion re: 666 MOTION in Limine *to Exclude Evidence Barred as a Result of Plaintiffs Summary Judgment Concessions*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/21/2017) |
| 03/22/2017 | 765 | ORDER granting 752 Motion to Strike Document No. 711 : The Defendant's motion to strike the Plaintiff's Notice of Supplemental Authority, ECF No. 711, is granted. The cited authority is inadmissible, and has been submitted previously in connection with Plaintiff's motion seeking financial information from the Defendant. (Signed by Judge Robert W. Sweet on 3/22/2017) (jwh) (Entered: 03/22/2017) |
| 03/22/2017 | 766 | RESPONSE in Opposition to Motion re: 662 MOTION to Bifurcate *Trial Relating to Punitive Damages and Exclusion of any Reference to Defendants Financial Information* |

| | | *in the Liability Phase*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/22/2017) |
|---|---|---|
| 03/22/2017 | 767 | ORDER granting 762 Letter Motion for Extension of Time. SO ORDERED. (Signed by Judge Robert W. Sweet on 3/22/2017) (ras) (Entered: 03/22/2017) |
| 03/22/2017 | 768 | RESPONSE in Opposition to Motion re: 665 MOTION in Limine *to Prohibit Questioning Regarding Defendants Adult Consensual Sexual Activities*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/22/2017) |
| 03/22/2017 | 769 | DECLARATION of Sigrid McCawley in Opposition re: 665 MOTION in Limine *to Prohibit Questioning Regarding Defendants Adult Consensual Sexual Activities*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(McCawley, Sigrid) (Entered: 03/22/2017) |
| 03/23/2017 | 770 | REPLY to Response to Motion re: 689 MOTION in Limine *to Present Testimony for Purpose of Obtaining an Adverse Inference Instruction. [Re Kellen/Marcinkova]*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Comp 1 (Sealed), # 2 Exhibit 2 (Sealed))(Schultz, Meredith) (Entered: 03/23/2017) |
| 03/23/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 3/23/2017 re: 524 MOTION in Limine To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D. filed by Ghislaine Maxwell, 561 MOTION in Limine to Exclude Defendant's Designations of Deposition Excerpts of Alan Dershowitz filed by Virginia L. Giuffre, 533 MOTION in Limine and Incorporated Memorandum of Law filed by Virginia L. Giuffre, 520 MOTION in Limine To Exclude Expert Testimony and Opinion of Chris Anderson filed by Ghislaine Maxwell, 526 MOTION in Limine To Exclude Expert Testimony and Opinion of Dianne C. Flores filed by Ghislaine Maxwell, 567 MOTION in Limine to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial filed by Ghislaine Maxwell, 522 MOTION in Limine To Exclude Expert Testimony and Opinions of William F. Chandler filed by Ghislaine Maxwell, 563 MOTION in Limine to Exclude Defendant's Designations of Deposition Excerpts of Virginia Giuffre in an Unrelated Case filed by Virginia L. Giuffre, 528 MOTION in Limine To Exclude Expert Testimony and Opinion of Dr. Bernard Jansen filed by Ghislaine Maxwell, 530 MOTION in Limine To Exclude Expert Testimony and Opinion of Doctor Gilbert Kliman filed by Ghislaine Maxwell, 535 MOTION in Limine and Incorporated Memorandum of Law filed by Virginia L. Giuffre. (Court Reporter Lisa Fellis) Documents #520,522,524,526,528,530,533,and 535 are taken on submission. Document #563 The Court will deal with this on trial. Document #567 Will be heard on April 5, 2017 at 12:00 p.m. Document #640, 655 Resolved in open court, partially granted and partially denied.(Chan, Tsz) (Entered: 03/23/2017) |
| 03/23/2017 | 771 | DECLARATION of Sigrid S. McCawley in Support re: 689 MOTION in Limine *to Present Testimony for Purpose of Obtaining an Adverse Inference Instruction*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite 1 (Sealed), # 2 Exhibit 2 (Sealed))(Schultz, Meredith) (Entered: 03/23/2017) |
| 03/23/2017 | 772 | RESPONSE in Opposition to Motion re: 685 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING PLAINTIFFS ATTORNEYS AS WITNESSES AT TRIAL*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/23/2017) |
| 03/23/2017 | 773 | DECLARATION of Jeffrey S. Pagliuca in Opposition re: 685 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING PLAINTIFFS ATTORNEYS AS WITNESSES AT TRIAL*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 |

Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)
(Menninger, Laura) (Entered: 03/23/2017)

| 03/24/2017 | 774 | REPLY MEMORANDUM OF LAW in Support re: 683 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO ADMIT THE BLACK BOOK AS EVIDENCE AT TRIAL.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/24/2017) |
|---|---|---|
| 03/24/2017 | 775 | DECLARATION of Sigrid McCawley in Support re: 683 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO ADMIT THE BLACK BOOK AS EVIDENCE AT TRIAL*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Sealed 1)(McCawley, Sigrid) (Entered: 03/24/2017) |
| 03/24/2017 | 776 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 3/22/17 re: Ms. Maxwell respectfully requests that she be permitted to submit her reply by March 31, 2017. ENDORSEMENT: Extension to 3/30 is granted. So ordered. ( Replies due by 3/30/2017.) (Signed by Judge Robert W. Sweet on 3/24/2017) (mro) (Entered: 03/24/2017) |
| 03/24/2017 | 777 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 3/23/17 re: This Court issued a sealed opinion today, March 23, 2017, that ordered additional briefing and a hearing on the issues related to the search of any email accounts, on dates to be decided by the parties. In light of this Court's Order, defendant requests that any response be combined in the upcoming briefing schedule. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 3/24/2017) (mro) (Entered: 03/24/2017) |
| 03/24/2017 | 778 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/24/2017) |
| 03/24/2017 | 779 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/24/2017) |
| 03/24/2017 | 780 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Sigrid McCawley dated March 24, 2017. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/24/2017) |
| 03/24/2017 | 781 | REPLY MEMORANDUM OF LAW in Support re: 686 MOTION in Limine *PLAINTIFF MS. GIUFFRES MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRESENT ALL EVIDENCE OF DEFENDANTS INVOLVEMENT IN EPSTEIN SEXUAL ABUSE AND SEX TRAFFICKING.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/24/2017) |
| 03/24/2017 | 782 | DECLARATION of Sigrid McCawley in Support re: 686 MOTION in Limine *PLAINTIFF MS. GIUFFRES MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRESENT ALL EVIDENCE OF DEFENDANTS INVOLVEMENT IN EPSTEIN SEXUAL ABUSE AND SEX TRAFFICKING*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Composite Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4)(McCawley, Sigrid) (Entered: 03/24/2017) |
| 03/24/2017 | 783 | REPLY to Response to Motion re: 667 MOTION in Limine *to Exclude FBI 302 Statement of Plaintiff.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 784 | REPLY to Response to Motion re: 669 MOTION in Limine *to Exclude References to Crime Victims Rights Act Litigation*. . Document filed by Ghislaine Maxwell. (Attachments: # 1 Appendix A, # 2 Appendix B)(Menninger, Laura) (Entered: 03/24/2017) |

| 03/24/2017 | 785 | DECLARATION of Laura A. Menninger in Support re: 669 MOTION in Limine *to Exclude References to Crime Victims Rights Act Litigation.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit B, # 2 Exhibit C)(Menninger, Laura) (Entered: 03/24/2017) |
|---|---|---|
| 03/24/2017 | 786 | REPLY to Response to Motion re: 664 MOTION in Limine *to Exclude Late Disclosed Supplemental Report of Dr. James Jansen and Video Trial Exhibit of Dr. Gilbert Kliman.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 787 | DECLARATION of Laura A. Menninger in Support re: 664 MOTION in Limine *to Exclude Late Disclosed Supplemental Report of Dr. James Jansen and Video Trial Exhibit of Dr. Gilbert Kliman.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 788 | REPLY to Response to Motion re: 671 MOTION in Limine *to Exclude Jeffrey Epstein Plea and Non-Prosecution Agreement and Sex Offender Registration*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 789 | DECLARATION of Laura A. Menninger in Support re: 671 MOTION in Limine *to Exclude Jeffrey Epstein Plea and Non-Prosecution Agreement and Sex Offender Registration.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit C, # 2 Exhibit D)(Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 790 | REPLY to Response to Motion re: 675 MOTION in Limine *to Permit Questioning Regarding Plaintiffs Sexual History and Reputation*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 791 | REPLY to Response to Motion re: 681 MOTION in Limine *to Exclude Victim Notification Letter*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 792 | DECLARATION of Laura A. Menninger in Support re: 681 MOTION in Limine *to Exclude Victim Notification Letter.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit D)(Menninger, Laura) (Entered: 03/24/2017) |
| 03/27/2017 | 793 | LETTER MOTION to Seal Document *Portions of February 16, 2017 Hearing Transcript* addressed to Judge Robert W. Sweet from Meredith Schultz dated March 27, 2017. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 03/27/2017) |
| 03/27/2017 | 794 | MOTION Plaintiffs Motion for Leave to Bring Personal Electronic Device and General Purpose Computing Devices to the Courthouse . Document filed by Virginia L. Giuffre. (Attachments: # 1 Text of Proposed Order Plaintiffs Motion for Leave to Bring Personal Electronic Device and General Purpose Computing Devices to the Courthouse) (McCawley, Sigrid) (Entered: 03/27/2017) |
| 03/27/2017 | 795 | LETTER MOTION for Oral Argument *for March 31st Hearing to Start at 10:00am* addressed to Judge Robert W. Sweet from Meredith Schultz dated March 27, 2017. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 03/27/2017) |
| 03/27/2017 | 796 | NOTICE of Notice of Intent to Redact 03/09/17 Transcript of Proceedings [DE 756] re: 756 Notice of Filing Transcript,,. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1 (Filed Under Seal))(Schultz, Meredith) (Entered: 03/27/2017) |
| 03/27/2017 | 797 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Sigrid McCawley. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/27/2017) |
| 03/27/2017 | 798 | REPLY MEMORANDUM OF LAW in Support re: 691 MOTION in Limine *Omnibus*. . |

| | | Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/27/2017) |
|---|---|---|
| 03/27/2017 | 799 | DECLARATION of Sigrid McCawley in Support re: 691 MOTION in Limine *Omnibus*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 03/27/2017) |
| 03/28/2017 | 800 | AMENDED MOTION Motion leave to bring Personal Electronic Devices and General Purpose Computing Device into the Courthouse re: 794 MOTION Plaintiffs Motion for Leave to Bring Personal Electronic Device and General Purpose Computing Devices to the Courthouse . . Document filed by Virginia L. Giuffre. (Attachments: # 1 Text of Proposed Order STANDING ORDER M10-468, AS REVISED)(McCawley, Sigrid) (Entered: 03/28/2017) |
| 03/28/2017 | 801 | ORDER granting 780 Letter Motion for Leave to File Excess Pages: So ordered. (Signed by Judge Robert W. Sweet on 3/28/2017) (jwh) (Entered: 03/28/2017) |
| 03/28/2017 | 802 | NOTICE of Filing Plaintiff's Responses to Defendant's Objections to Plaintiff's Deposition Designations. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/28/2017) |
| 03/28/2017 | 803 | NOTICE of of Filing Typographical Errors Relating to Plaintiff's Deposition Designations for Use at Trial. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/28/2017) |
| 03/28/2017 | 804 | MOTION *Requesting Rulings on Her Outstanding Motions*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/28/2017) |
| 03/28/2017 | 805 | MOTION *for Leave to Bring Personal Electronic Devices and General Purpose Computing Devices Into the Courthouse*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 03/28/2017) |
| 03/28/2017 | 806 | Objection *to Production of (Blank) Submitted for in Camera Review*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/28/2017) |
| 03/28/2017 | 807 | REPLY to Response to Motion re: 666 MOTION in Limine *to Exclude Evidence Barred as a Result of Plaintiffs Summary Judgment Concessions*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/28/2017) |
| 03/29/2017 | 808 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/29/2017) |
| 03/29/2017 | 809 | ENDORSED LETTER re: 673 MOTION in Limine, 663 MOTION in Limine, 693 MOTION *in Limine to Exclude Evidence Pursuant to Fed. R. Evid. 404(b)*, 677 MOTION in Limine, addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 3/24/2017 re: an extension to file replies to Motions at Dockets 663 , 673 , 677 , and 693 . ENDORSEMENT: So ordered. (Set Deadlines/Hearing as to 673 MOTION in Limine *Exclude Deposition Testimony of Sarah Kellen and Nadia Marcinkova or Any Witness Invoking Their Fifth Amendment Privilege*, 663 MOTION in Limine *to Exclude Complaint and Settlement Agreement in Jane Doe 102 v. Jeffrey Epstein*, 693 MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b)*, 677 MOTION in Limine *to Exclude Police Reports and Other Inadmissible Hearsay*: Replies due by 3/30/2017.) (Signed by Judge Robert W. Sweet on 3/28/2017) (jwh) (Entered: 03/29/2017) |
| 03/29/2017 | 810 | MEMORANDUM OF LAW in Opposition re: 763 MOTION to Strike Document No. 725 . . Document filed by Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 03/29/2017) |
| 03/29/2017 | 811 | LETTER RESPONSE in Opposition to Motion addressed to Judge Robert W. Sweet from Movant-Intervenor Michael Cernovich d/b/a Cernovich Media dated March 29, |

| | | |
|---|---|---|
| | | 2017 re: <u>793</u> LETTER MOTION to Seal Document *Portions of February 16, 2017 Hearing Transcript* addressed to Judge Robert W. Sweet from Meredith Schultz dated March 27, 2017. . Document filed by Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 03/29/2017) |
| 03/29/2017 | <u>812</u> | REPLY to Response to Motion re: <u>665</u> MOTION in Limine *to Prohibit Questioning Regarding Defendants Adult Consensual Sexual Activities*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/29/2017) |
| 03/29/2017 | <u>813</u> | NOTICE of of Plaintiff's Proposed Redactions to This Court's Order Denying Summary Judgment. Document filed by Virginia L. Giuffre. (Attachments: # <u>1</u> Exhibit Sealed 1) (McCawley, Sigrid) (Entered: 03/29/2017) |
| 03/30/2017 | <u>814</u> | LETTER MOTION to Continue addressed to Judge Robert W. Sweet from Martin G. Weinberg dated 3/30/17. Document filed by Jeffrey Epstein.(Weinberg, Martin) (Entered: 03/30/2017) |
| 03/30/2017 | <u>815</u> | REPLY to Response to Motion re: <u>677</u> MOTION in Limine *to Exclude Police Reports and Other Inadmissible Hearsay*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/30/2017) |
| 03/30/2017 | <u>816</u> | DECLARATION of Jeffrey S. Pagliuca in Support re: <u>677</u> MOTION in Limine *to Exclude Police Reports and Other Inadmissible Hearsay*.. Document filed by Ghislaine Maxwell. (Attachments: # <u>1</u> Exhibit D, # <u>2</u> Exhibit E, # <u>3</u> Exhibit F, # <u>4</u> Exhibit G) (Menninger, Laura) (Entered: 03/30/2017) |
| 03/30/2017 | <u>817</u> | REPLY to Response to Motion re: <u>673</u> MOTION in Limine *Exclude Deposition Testimony of Sarah Kellen and Nadia Marcinkova or Any Witness Invoking Their Fifth Amendment Privilege*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/30/2017) |
| 03/30/2017 | <u>818</u> | REPLY to Response to Motion re: <u>663</u> MOTION in Limine *to Exclude Complaint and Settlement Agreement in Jane Doe 102 v. Jeffrey Epstein*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/30/2017) |
| 03/30/2017 | <u>819</u> | DECLARATION of Laura A. Menninger in Support re: <u>663</u> MOTION in Limine *to Exclude Complaint and Settlement Agreement in Jane Doe 102 v. Jeffrey Epstein*.. Document filed by Ghislaine Maxwell. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B) (Menninger, Laura) (Entered: 03/30/2017) |
| 03/30/2017 | <u>820</u> | REPLY to Response to Motion re: <u>693</u> MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b)*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/30/2017) |
| 03/30/2017 | <u>821</u> | DECLARATION of Laura A. Menninger in Support re: <u>693</u> MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b)*.. Document filed by Ghislaine Maxwell. (Attachments: # <u>1</u> Exhibit J, # <u>2</u> Exhibit K, # <u>3</u> Exhibit L)(Menninger, Laura) (Entered: 03/30/2017) |
| 03/30/2017 | <u>822</u> | REPLY to Response to Motion re: <u>662</u> MOTION to Bifurcate *Trial Relating to Punitive Damages and Exclusion of any Reference to Defendants Financial Information in the Liability Phase*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/30/2017) |
| 03/30/2017 | <u>823</u> | NOTICE of of Intent to Request Redaction of Sealed Opinion. Document filed by Virginia L. Giuffre. (Attachments: # <u>1</u> Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 03/30/2017) |

A-0086

| | | |
|---|---|---|
| 03/30/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 3/30/2017 re: 671 MOTION in Limine to Exclude Jeffrey Epstein Plea and Non-Prosecution Agreement and Sex Offender Registration filed by Ghislaine Maxwell, [667 MOTION in Limine to Exclude FBI 302 Statement of Plaintiff filed by Ghislaine Maxwell, 675 MOTION in Limine to Permit Questioning Regarding Plaintiffs Sexual History and Reputation filed by Ghislaine Maxwell, 681 MOTION in Limine to Exclude Victim Notification Letter filed by Ghislaine Maxwell, 664 MOTION in Limine to Exclude Late Disclosed Supplemental Report of Dr. James Jansen and Video Trial Exhibit of Dr. Gilbert Kliman filed by Ghislaine Maxwell, 669 MOTION in Limine to Exclude References to Crime Victims Rights Act Litigation filed by Ghislaine Maxwell. (Court Reporter Khris Sellin)Motion pending. (Chan, Tsz) (Entered: 04/03/2017) |
| 03/31/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 3/31/2017 re: 677 MOTION in Limine to Exclude Police Reports and Other Inadmissible Hearsay filed by Ghislaine Maxwell, 673 MOTION in Limine Exclude Deposition Testimony of Sarah Kellen and Nadia Marcinkova or Any Witness Invoking Their Fifth Amendment Privilege filed by Ghislaine Maxwell, 662 MOTION to Bifurcate Trial Relating to Punitive Damages and Exclusion of any Reference to Defendants Financial Information in the Liability Phase filed by Ghislaine Maxwell, 691 MOTION in Limine Omnibus filed by Virginia L. Giuffre, 689 MOTION in Limine to Present Testimony for Purpose of Obtaining an Adverse Inference Instruction filed by Virginia L. Giuffre, 666 MOTION in Limine *to Exclude Evidence Barred as a Result of Plaintiffs Summary Judgment Concessions filed by Ghislaine Maxwell. (Court Reporter Ellen Simone and Khris Sellin)Motion pending. (Chan, Tsz) (Entered: 04/03/2017)* |
| 04/03/2017 | 824 | TRANSCRIPT of Proceedings re: Conference held on 3/16/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Martha Martin, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/24/2017. Redacted Transcript Deadline set for 5/4/2017. Release of Transcript Restriction set for 7/3/2017. (Siwik, Christine) (Entered: 04/03/2017) |
| 04/03/2017 | 825 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Conference proceeding held on 3/16/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Siwik, Christine) (Entered: 04/03/2017) |
| 04/03/2017 | 826 | Objection *to Plaintiff's Deposition Designations (AMENDED)*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/03/2017) |
| 04/03/2017 | 827 | REPLY MEMORANDUM OF LAW in Support re: 685 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING PLAINTIFFS ATTORNEYS AS WITNESSES AT TRIAL*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/03/2017) |
| 04/03/2017 | 828 | DECLARATION of Sigrid McCawley in Support re: 685 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING PLAINTIFFS ATTORNEYS AS WITNESSES AT TRIAL*... Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed Exhibit 1, # 2 Exhibit Sealed Exhibit 2, # 3 Exhibit Sealed Exhibit 3)(McCawley, Sigrid) (Entered: 04/03/2017) |

A-0087

| 04/03/2017 | 829 | LETTER RESPONSE to Motion addressed to Judge Robert W. Sweet from Ty Gee dated April 3, 2017 re: 793 LETTER MOTION to Seal Document *Portions of February 16, 2017 Hearing Transcript* addressed to Judge Robert W. Sweet from Meredith Schultz dated March 27, 2017. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/03/2017) |
|---|---|---|
| 04/04/2017 | 830 | OPPOSITION BRIEF re: 806 Objection (non-motion) *and Second Motion to Compel Defendant to Produce Documents*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 04/04/2017) |
| 04/05/2017 | 831 | TRANSCRIPT of Proceedings re: Conference held on 3/23/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Lisa Picciano Fellis, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/26/2017. Redacted Transcript Deadline set for 5/8/2017. Release of Transcript Restriction set for 7/5/2017. (Siwik, Christine) (Entered: 04/05/2017) |
| 04/05/2017 | 832 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Conference proceeding held on 3/23/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Siwik, Christine) (Entered: 04/05/2017) |
| 04/05/2017 | 833 | OPPOSITION BRIEF re: 813 Notice (Other) . Document filed by Michael Cernovich d/b/a Cernovich Media.(Wolman, Jay) (Entered: 04/05/2017) |
| 04/05/2017 | 834 | ORDER: A hearing on ECF No. 806 shall be held on Thursday, April 13, 2017 at noon in Courtroom 18C, United States Courthouse, 500 Pearl Street. Defendant's reply papers shall be due April 11, 2017. ( Status Conference set for 4/13/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 4/5/2017) (mro) (Entered: 04/05/2017) |
| 04/05/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 4/5/2017 re: 685 MOTION in Limine PLAINTIFFS MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING PLAINTIFFS ATTORNEYS AS WITNESSES AT TRIAL filed by Virginia L. Giuffre, 567 MOTION in Limine to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial filed by Ghislaine Maxwell, 657 MOTION to Quash filed by Jeffrey Epstein. (Court Reporter Paula Speer and Sonia Ketter)Deposition designations take on submission.ECF No. 567 Partially resolved.ECF No. 657 Granted.ECF No. 685 Decision Reserved. (Chan, Tsz) (Entered: 04/07/2017) |
| 04/05/2017 | | Set/Reset Deadlines: Replies due by 4/11/2017. (mro) (Entered: 04/11/2017) |
| 04/06/2017 | 835 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/06/2017) |
| 04/06/2017 | 836 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/06/2017) |
| 04/07/2017 | 837 | ORDER denying as moot 804 Motion for request for the Court to Rule on outstanding motions: The Defendant's motion for the Court to rule on outstanding motions, ECF No. 804, is denied as moot. ECF No. 231 was resolved by sealed opinion dated August 30, 2016, and ECF No. 354 was resolved by sealed opinion sent to the parties April 4, 2017. (Signed by Judge Robert W. Sweet on 4/7/2017) (jwh) (Entered: 04/07/2017) |

A-0088

| 04/07/2017 | 838 | NOTICE of Plaintiff's Briefing on an Adverse Inference Instruction Regarding Defendant's Failure to Comply with This Court's Order to Produce Her Electronic Documents and Communications. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/07/2017) |
| --- | --- | --- |
| 04/07/2017 | 839 | NOTICE of Declaration in Support of Plaintiff's Briefing on an Adverse Inference Instruction Regarding Defendant's Failure to Comply with This Courts Orders to Produce Her Electronic Documents and Communications re: 838 Notice (Other),. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5, # 6 Exhibit Sealed Composite 6)(McCawley, Sigrid) (Entered: 04/07/2017) |
| 04/10/2017 | 840 | NOTICE of of Intent to Request Redactions to the March 16, 2017 Transcript. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 04/10/2017) |
| 04/11/2017 | 841 | REPLY re: 806 Objection (non-motion) *to Production of (Blank) Submitted for in Camera Review*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/11/2017) |
| 04/11/2017 | 842 | DECLARATION of Jeffrey S. Pagliuca in Support re: 806 Objection (non-motion). Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 04/11/2017) |
| 04/11/2017 | 843 | NOTICE of Plaintiff's Proposed Redactions to This Court's April 4, 2017 Order Denying Defendant's Motion to Compel and Motion for Sanctions. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 04/11/2017) |
| 04/11/2017 | 844 | MOTION for Reconsideration re; 837 Order on Motion for Miscellaneous Relief, *Defendant's Motion Requesting Ruling on Her Outstanding Motions*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Appendix A, # 2 Appendix B)(Menninger, Laura) (Entered: 04/11/2017) |
| 04/11/2017 | 845 | MOTION to Appoint Special Master *to Preside Over Third Deposition of Defendant*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 04/11/2017) |
| 04/11/2017 | 846 | DECLARATION of Laura A. Menninger in Support re: 845 MOTION to Appoint Special Master *to Preside Over Third Deposition of Defendant*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 04/11/2017) |
| 04/12/2017 | 847 | TRANSCRIPT of Proceedings re: argument held on 3/31/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Khristine Sellin, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/3/2017. Redacted Transcript Deadline set for 5/15/2017. Release of Transcript Restriction set for 7/11/2017.(Siwik, Christine) (Entered: 04/12/2017) |
| 04/12/2017 | 848 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a argument proceeding held on 3/31/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Siwik, Christine) (Entered: 04/12/2017) |

A-0089

| | | |
|---|---|---|
| 04/12/2017 | 849 | TRANSCRIPT of Proceedings re: argument held on 3/30/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Khristine Sellin, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/3/2017. Redacted Transcript Deadline set for 5/15/2017. Release of Transcript Restriction set for 7/11/2017.(Siwik, Christine) (Entered: 04/12/2017) |
| 04/12/2017 | 850 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a argument proceeding held on 3/30/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Siwik, Christine) (Entered: 04/12/2017) |
| 04/12/2017 | 851 | TRANSCRIPT of Proceedings re: motion held on 3/31/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Ellen Simone, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/3/2017. Redacted Transcript Deadline set for 5/15/2017. Release of Transcript Restriction set for 7/11/2017.(Siwik, Christine) (Entered: 04/12/2017) |
| 04/12/2017 | 852 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a motion proceeding held on 3/31/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Siwik, Christine) (Entered: 04/12/2017) |
| 04/12/2017 | 853 | ORDER denying 844 Motion for Reconsideration; terminating 230 Motion for Reopen Deposition of Plaintiff Virginia Giuffre: The Defendant's motion for reconsideration, ECF No. 844, is denied. The sealed opinion dated August 30, 2016 resolving ECF No. 230 also resolved ECF No. 231. ECF No. 231, the Defendant's motion for sanctions, was denied. (Signed by Judge Robert W. Sweet on 4/12/2017) (jwh) Modified on 4/27/2017 (jwh). (Entered: 04/12/2017) |
| 04/13/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 4/13/2017 re: 659 SECOND MOTION to Compel Ghislaine Maxwell to Disclose Data from Defendant's Undisclosed Email Account and for An Adverse Inference Instruction filed by Virginia L. Giuffre, 806 Objection (non-motion) filed by Ghislaine Maxwell. (Court Reporter Karen Gorlaski and Steve Griffing)Decision Reserved. (Chan, Tsz) (Entered: 04/14/2017) |
| 04/14/2017 | 854 | NOTICE of Filing Under Seal The Declaration of Experts K.Gus Dimitrelos and Steven A. Williams re: 838 Notice (Other),. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/14/2017) |
| 04/17/2017 | 855 | LETTER MOTION for Extension of Time *to Exchange Exhibit List and Submit the Revised Joint Pre-Trial Order* addressed to Judge Robert W. Sweet from Sigrid McCawley dated April 17, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 04/17/2017) |
| 04/18/2017 | 856 | RESPONSE in Opposition to Motion re: 845 MOTION to Appoint Special Master *to Preside Over Third Deposition of Defendant*. . Document filed by Virginia L. Giuffre. |

| | | (McCawley, Sigrid) (Entered: 04/18/2017) |
|---|---|---|
| 04/18/2017 | 857 | ORDER granting 855 Letter Motion for Extension of Time: So ordered. (Pretrial Order due by 4/18/2017.) (Signed by Judge Robert W. Sweet on 4/18/2017) (jwh) (Entered: 04/18/2017) |
| 04/18/2017 | 858 | NOTICE of Filing Response to Proposed Intervenor Michael Cernovich Opposition to Notice of Plaintiff's Proposed Redactions to This Court's Order Denying Summary Judgment re: 833 Opposition Brief. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/18/2017) |
| 04/18/2017 | 859 | JOINT PRETRIAL STATEMENT . Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 04/18/2017) |
| 04/18/2017 | 860 | NOTICE of Plaintiff's Proposed Redactions to This Court's April 4, 2017 Order Denying Bradley edwards Motion to Quash. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 04/18/2017) |
| 04/18/2017 | 861 | ORDER of USCA (Certified Copy) as to 504 Notice of Appeal filed by Alan M. Dershowitz. USCA Case Number 16-3945. The parties in the above-referenced case have filed a stipulation withdrawing this appeal pursuant to Local Rule 42.1. The stipulation is hereby "So Ordered". Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 04/18/2017. (nd) (Entered: 04/19/2017) |
| 04/19/2017 | 862 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/19/2017) |
| 04/20/2017 | 863 | REPLY to Response to Motion re: 845 MOTION to Appoint Special Master *to Preside Over Third Deposition of Defendant*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/20/2017) |
| 04/20/2017 | 864 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION to Compel Non-Party Witness to Produce *Documents and Respond to Deposition Questions and to Complete Search of ESI*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Declaration of Laura Menninger, # 2 Exhibits A-F)(Menninger, Laura) Modified on 5/2/2017 (db). (Entered: 04/20/2017) |
| 04/24/2017 | 865 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/24/2017) |
| 04/24/2017 | 866 | JOINT LETTER MOTION for Extension of Time addressed to Judge Robert W. Sweet from Sigrid McCawley dated April 24, 2017. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/24/2017) |
| 04/25/2017 | 867 | ORDER: granting 866 Letter Motion for Extension of Time. So ordered. (Signed by Judge Robert W. Sweet on 4/25/2017) (ap) (Entered: 04/25/2017) |
| 04/25/2017 | 868 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/26/2017) |
| 04/26/2017 | 869 | ORDER denying 845 Motion to Appoint Special Master to Preside Over Third Deposition of Defendant. The defendant Ghislaine Maxwell ("Maxwell" or the "Defendant") has moved for the appointment of a special master to preside over her final deposition. The motion is denied. The final deposition of Maxwell will be limited to three (3) hours and will be held in Courtroom 18C at 500 Pearl Street, on a date and time on which the parties and the Court agree. The deposition will be supervised by the Court. (Signed by Judge Robert W. Sweet on 4/24/2017) (mro) (Entered: 04/26/2017) |
| 04/26/2017 | 870 | ORDER: The motion to compel filed April 20, 2017 shall be heard on Wednesday, May 3, 2017 at 11:00 AM in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. ( Oral Argument set for 5/3/2017 at 11:00 AM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before |

| | | |
|---|---|---|
| | | Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 4/24/2017) (mro) (Entered: 04/26/2017) |
| 04/26/2017 | 871 | RESPONSE in Opposition to Motion re: 864 MOTION to Compel Non-Party Witness to Produce *Documents and Respond to Deposition Questions and to Complete Search of ESI*. . Document filed by John Stanley Pottinger. (Pottinger, John) (Entered: 04/26/2017) |
| 04/27/2017 | 872 | OPINION: Because of the existence of triable issues of material fact rather than opinion and because the pre-litigation privilege is inapplicable, the motion for summary judgment is denied. For the reasons set forth above, the motion for summary judgment is denied. The parties are directed to jointly file a proposed redacted version of this Opinion consistent with the Protective Order or notify the Court that none are necessary within one week of the date of receipt of this Opinion. Motions terminated: denying 540 MOTION for Summary Judgment, filed by Ghislaine Maxwell. (Signed by Judge Robert W. Sweet on 4/27/2017) (ap) Modified on 4/28/2017 (ap). (Entered: 04/27/2017) |
| 04/28/2017 | 873 | NOTICE of Errata. Document filed by Jeffrey Epstein. (Goldberger, Jack) (Entered: 04/28/2017) |
| 04/28/2017 | 874 | REDACTION *Declaration* by Jeffrey Epstein(Goldberger, Jack) (Entered: 04/28/2017) |
| 04/28/2017 | 875 | NOTICE of Pursuant to Rule 415 Of Similiar Acts Evidence. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/28/2017) |
| 04/28/2017 | 876 | REPLY to Response to Motion re: 864 MOTION to Compel Non-Party Witness to Produce *Documents and Respond to Deposition Questions and to Complete Search of ESI*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/28/2017) |
| 04/28/2017 | 877 | DECLARATION of Laura A. Menninger in Support re: 864 MOTION to Compel Non-Party Witness to Produce *Documents and Respond to Deposition Questions and to Complete Search of ESI.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit F)(Menninger, Laura) (Entered: 04/28/2017) |
| 04/28/2017 | 878 | MOTION to Exclude Undisclosed Witnesses and Exhibits Pursuant to Fed. R. Civ. P. 37(c) . Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 04/28/2017) |
| 04/28/2017 | 879 | DECLARATION of Laura A. Menninger in Support re: 878 MOTION to Exclude Undisclosed Witnesses and Exhibits Pursuant to Fed. R. Civ. P. 37(c) .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Menninger, Laura) (Entered: 04/28/2017) |
| 04/28/2017 | 880 | PROPOSED JURY INSTRUCTIONS. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/28/2017) |
| 05/01/2017 | 881 | PROPOSED VOIR DIRE QUESTIONS. Document filed by Virginia L. Giuffre. (Edwards, Bradley) (Entered: 05/01/2017) |
| 05/01/2017 | 882 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** MOTION in Limine *to Exclude Philip Barden*. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) Modified on 5/2/2017 (db). (Entered: 05/01/2017) |
| 05/01/2017 | 883 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** DECLARATION of Sigrid McCawley in Support re: 882 MOTION in Limine *to Exclude Philip Barden.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed Composite 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) Modified on 5/2/2017 (db). (Entered: 05/01/2017) |

A-0092

| 05/01/2017 | 884 | PROPOSED VOIR DIRE QUESTIONS. Document filed by Ghislaine Maxwell. (Attachments: # 1 Appendix Defendant's Proposed Jury Questionnaire)(Menninger, Laura) (Entered: 05/01/2017) |
|---|---|---|
| 05/02/2017 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Sigrid S. McCawley to RE-FILE Document 882 MOTION in Limine *to Exclude Philip Barden*. Use the event type Miscellaneous Relief found under the event list Motion(s). (db) (Entered: 05/02/2017) |
| 05/02/2017 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Sigrid S. McCawley to RE-FILE Document 883 Declaration in Support of Motion. ERROR(S): Document(s) linked to filing error. (db) (Entered: 05/02/2017) |
| 05/02/2017 | 885 | MOTION to Exclude Philip Barden from Testifying at Trial, to Exclude Defenses Based Upon Certain Documents and for Adverse Inference Jury Instruction . Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/02/2017) |
| 05/02/2017 | 886 | DECLARATION of Sigrid McCawley in Support re: 885 MOTION to Exclude Philip Barden from Testifying at Trial, to Exclude Defenses Based Upon Certain Documents and for Adverse Inference Jury Instruction .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Composite Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 05/02/2017) |
| 05/02/2017 | 887 | NOTICE OF APPEARANCE by Paul G Cassell on behalf of Sarah Ransome. (Cassell, Paul) (Entered: 05/02/2017) |
| 05/02/2017 | 888 | REDACTION *Declaration of Jack Goldberger* by Jeffrey Epstein(Goldberger, Jack) (Entered: 05/02/2017) |
| 05/02/2017 | 889 | ORDER: The Defendant's motion filed April 28, 2017 shall be heard on Wednesday, May 10, 2017 at 11:00 AM in Courtroom 18C, united States Courthouse, 500 Pearl Street, All papers shall be served in accordance with Local Civil Rule 6.1. (Oral Argument set for 5/10/2017 at 11:00 AM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 5/2/2017) (ap) (Entered: 05/02/2017) |
| 05/02/2017 | 890 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 5/1/2017 re: request for a one-day extension of time to submit Ms. Maxwell's financial affidavit. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 5/2/2017) (jwh) (Entered: 05/02/2017) |
| 05/02/2017 | 891 | ORDER: The Plaintiff's motion in limine filed May 1, 2017 shall be heard on Wednesday, May 10, 2017 at 11:00 AM in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Set Deadlines/Hearing as to 885 MOTION to Exclude Philip Barden from Testifying at Trial, to Exclude Defenses Based Upon Certain Documents and for Adverse Inference Jury Instruction : Motion Hearing set for 5/10/2017 at 11:00 AM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 5/2/2017) (jwh) (Entered: 05/02/2017) |
| 05/03/2017 | 892 | OPINION re: 793 LETTER MOTION to Seal Document *Portions of February 16, 2017 Hearing Transcript* addressed to Judge Robert W. Sweet from Meredith Schultz dated March 27, 2017 filed by Virginia L. Giuffre, 763 MOTION to Strike Document No. 725 filed by Virginia L. Giuffre, 550 MOTION to Intervene *and Unseal* filed by Michael Cernovich d/b/a Cernovich Media: This opinion resolves ECF Nos. 550, 763, and 793. The motion of the Intervenor to intervene is granted. The motion to modify the |

| | | Protective Order is denied. (Signed by Judge Robert W. Sweet on 5/2/2017) (jwh) (Entered: 05/03/2017) |
|---|---|---|
| 05/03/2017 | 893 | RESPONSE re: 875 Notice (Other) *in Opposition to Plaintiffs Notice Pursuant to Rule 415 of Similar Acts Evidence*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 05/03/2017) |
| 05/03/2017 | 894 | NOTICE of of Intent to Request Redactions to March 30 & 31, 2017 Hearing Transcripts. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1) (McCawley, Sigrid) (Entered: 05/03/2017) |
| 05/03/2017 | 895 | DECLARATION of Laura A. Menninger in Support re: 893 Response. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Menninger, Laura) (Entered: 05/03/2017) |
| 05/04/2017 | | Set/Reset Hearings: Oral Argument set for 5/10/2017 at 12:00 PM before Judge Robert W. Sweet. Pretrial Conference set for 5/10/2017 at 12:00 PM before Judge Robert W. Sweet.(As per chambers the hearings have been rescheduled) (lb) (Entered: 05/04/2017) |
| 05/04/2017 | | Set/Reset Deadlines as to 885 MOTION to Exclude Philip Barden from Testifying at Trial, to Exclude Defenses Based Upon Certain Documents and for Adverse Inference Jury Instruction . Motion Hearing set for 5/10/2017 at 12:00 PM before Judge Robert W. Sweet. (lb) (Entered: 05/04/2017) |
| 05/04/2017 | | Set/Reset Deadlines as to 878 MOTION to Exclude Undisclosed Witnesses and Exhibits Pursuant to Fed. R. Civ. P. 37(c) .. Motion Hearing set for 5/10/2017 at 12:00 PM before Judge Robert W. Sweet. (lb) (Entered: 05/04/2017) |
| 05/04/2017 | 896 | MOTION to Compel *Non-Party Witness to Produce Documents and Respond to Deposition Questions and to Complete Search of ESI (Refiled)*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 05/04/2017) |
| 05/04/2017 | 897 | DECLARATION of Laura A. Menninger in Support re: 896 MOTION to Compel *Non-Party Witness to Produce Documents and Respond to Deposition Questions and to Complete Search of ESI (Refiled)*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A-F)(Menninger, Laura) (Entered: 05/04/2017) |
| 05/04/2017 | 898 | LETTER addressed to Judge Robert W. Sweet from Eric J. Feder dated 5/4/2017 re: Public Access to Judicial Proceedings. Document filed by NYP Holdings, Inc.,, Daily News, L.P..(Feder, Eric) (Entered: 05/04/2017) |
| 05/04/2017 | 899 | LETTER addressed to Judge Robert W. Sweet from Jay M. Wolman dated 5/4/17 re: Joinder in Request of NYP Holdings, Inc., and Daily News, L.P. 898 . Document filed by Michael Cernovich d/b/a Cernovich Media.(Wolman, Jay) (Entered: 05/04/2017) |
| 05/05/2017 | 900 | MOTION for Order to Show Cause *and to Enforce Court's March 22, 2017 Order*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/05/2017) |
| 05/05/2017 | 901 | DECLARATION of Meredith Schultz in Support re: 900 MOTION for Order to Show Cause *and to Enforce Court's March 22, 2017 Order*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 05/05/2017) |
| 05/05/2017 | 902 | MOTION Plaintiff's Motion for LEave to Permit Magna Legal Services to Bring Personal Electronic Devices and Video Equipment to Courthouse . Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1)(McCawley, Sigrid) (Entered: 05/05/2017) |

**A-0094**

| 05/05/2017 | 903 | TRANSCRIPT of Proceedings re: CONFERENCE held on 4/5/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Sonya Ketter Huggins, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/26/2017. Redacted Transcript Deadline set for 6/5/2017. Release of Transcript Restriction set for 8/3/2017. (McGuirk, Kelly) (Entered: 05/05/2017) |
|---|---|---|
| 05/05/2017 | 904 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 4/5/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 05/05/2017) |
| 05/05/2017 | 905 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Meredith Schultz dated May 5, 2017. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 05/05/2017) |
| 05/05/2017 | 906 | RESPONSE in Opposition to Motion re: 878 MOTION to Exclude Undisclosed Witnesses and Exhibits Pursuant to Fed. R. Civ. P. 37(c) . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 05/05/2017) |
| 05/05/2017 | 907 | DECLARATION of Sigrid McCawley in Opposition re: 878 MOTION to Exclude Undisclosed Witnesses and Exhibits Pursuant to Fed. R. Civ. P. 37(c) .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5, # 6 Exhibit Sealed 6, # 7 Exhibit Sealed 7, # 8 Exhibit Sealed 8, # 9 Exhibit Sealed 9, # 10 Exhibit Sealed 10, # 11 Exhibit Sealed 11)(McCawley, Sigrid) (Entered: 05/05/2017) |
| 05/05/2017 | 908 | MOTION for Order Directing the FBI to Produce Photographs to the Court . Document filed by Virginia L. Giuffre.(Edwards, Bradley) (Entered: 05/05/2017) |
| 05/05/2017 | 909 | DECLARATION of Bradley Edwards in Support re: 908 MOTION for Order Directing the FBI to Produce Photographs to the Court .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed A, # 2 Exhibit Sealed B)(Edwards, Bradley) (Entered: 05/05/2017) |
| 05/08/2017 | 910 | JOINT LETTER MOTION to Adjourn Conference addressed to Judge Robert W. Sweet from Sigrid McCawley and Jeff Pagliuca dated May 8, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/08/2017) |
| 05/08/2017 | 911 | ORDER granting 905 Letter Motion for Leave to File Excess Pages: So ordered. (Signed by Judge Robert W. Sweet on 5/8/2017) (jwh) (Entered: 05/08/2017) |
| 05/09/2017 | 912 | ORDER granting 910 Letter Motion to Adjourn Conference: So ordered. (Oral Argument set for 5/25/2017 at 12:00 PM before Judge Robert W. Sweet. Pretrial Conference set for 5/25/2017 at 12:00 PM before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 5/9/2017) (jwh) (Entered: 05/09/2017) |
| 05/09/2017 | | Set/Reset Deadlines as to 885 MOTION to Exclude Philip Barden from Testifying at Trial, to Exclude Defenses Based Upon Certain Documents and for Adverse Inference Jury Instruction ; 878 MOTION to Exclude Undisclosed Witnesses and Exhibits Pursuant to Fed. R. Civ. P. 37(c): Motion Hearing set for 5/25/2017 at 12:00 PM before Judge Robert W. Sweet. (jwh) (Entered: 05/09/2017) |

# A-0095

| | | |
|---|---|---|
| 05/10/2017 | 913 | JOINT LETTER MOTION to Adjourn Conference addressed to Judge Robert W. Sweet from Sigrid McCawley and Jeff Pagliuca dated May 10, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/10/2017) |
| 05/11/2017 | 914 | ORDER granting 913 Letter Motion to Adjourn Conference: So ordered. (Signed by Judge Robert W. Sweet on 5/11/2017) (jwh) (Entered: 05/11/2017) |
| 05/19/2017 | 915 | NOTICE OF INTERLOCUTORY APPEAL from 892 Memorandum & Opinion,,. Document filed by Alan M. Dershowitz. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Lebowitz, David) (Entered: 05/19/2017) |
| 05/19/2017 | | Appeal Fee Due: for 915 Notice of Interlocutory Appeal. $505.00 Appeal fee due by 6/2/2017. (nd) (Entered: 05/19/2017) |
| 05/19/2017 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 915 Notice of Interlocutory Appeal. (nd) (Entered: 05/19/2017) |
| 05/19/2017 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 915 Notice of Interlocutory Appeal filed by Alan M. Dershowitz were transmitted to the U.S. Court of Appeals. (nd) (Entered: 05/19/2017) |
| 05/24/2017 | 916 | STIPULATION OF VOLUNTARY DISMISSAL It is hereby stipulated and agreed by and between the parties and/or their respective counsel(s) that the above-captioned action is voluntarily dismissed, with prejudice against the defendant(s) Ghislaine Maxwell and without costs to either party pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Document filed by Virginia L. Giuffre.(Edwards, Bradley) (Main Document 916 replaced on 5/25/2017) (ama). (Main Document 916 replaced on 5/26/2017) (tn). (Main Document 916 replaced on 5/30/2017) (tn). (Entered: 05/24/2017) |
| 05/25/2017 | | USCA Case Number 17-1625 from the U.S. Court of Appeals, Second Circuit assigned to 915 Notice of Interlocutory Appeal filed by Alan M. Dershowitz. (nd) (Entered: 05/25/2017) |
| 05/25/2017 | | Terminate Transcript Deadlines (jwh) (Entered: 05/25/2017) |
| 05/25/2017 | 918 | LETTER addressed to Judge Robert W. Sweet from Andrew G. Celli, Jr. dated May 25, 2017 re: Request for Leave to File a Letter Under Seal. Document filed by Alan M. Dershowitz.(Celli, Andrew) (Entered: 05/25/2017) |
| 05/25/2017 | | ***DELETED DOCUMENT. Deleted document number 917 Joint Stipulation for Voluntary Dismissal. The document was incorrectly filed in this case. (tn) (Entered: 05/26/2017) |
| 05/25/2017 | 919 | JOINT STIPULATION FOR DISMISSAL: that this action shall be DISMISSED WITH PREJUDICE, with each party to bear its own attorneys' fees and costs. Ghislaine Maxwell terminated. (Signed by Judge Robert W. Sweet on 5/25/2017) (tn) (tn). Modified on 5/30/2017 (tn). (Entered: 05/30/2017) |
| 05/31/2017 | 920 | NOTICE OF APPEAL from 892 Memorandum & Opinion,,. Document filed by Michael Cernovich d/b/a Cernovich Media. Filing fee $ 505.00, receipt number 0208-13725473. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Wolman, Jay) (Entered: 05/31/2017) |
| 05/31/2017 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 920 Notice of Appeal. (tp) (Entered: 05/31/2017) |
| 05/31/2017 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 920 Notice of Appeal, filed by Michael Cernovich d/b/a Cernovich |

| | | |
|---|---|---|
| | | Media were transmitted to the U.S. Court of Appeals. (tp) (Entered: 05/31/2017) |
| 06/06/2017 | | Appeal Fee Paid electronically via Pay.gov: for 915 Notice of Interlocutory Appeal. Filing fee $ 505.00. Pay.gov receipt number 0208-13685185, paid on 05/19/2017. **[USCA Case Number 17-1625].** (nd) (Entered: 06/06/2017) |
| 06/14/2017 | 921 | SEALED DOCUMENT placed in vault.(rz) (Entered: 06/14/2017) |
| 06/21/2017 | 922 | LETTER addressed to Judge Robert W. Sweet from Andrew G. Celli. Jr. dated June 21, 2017 re: Confidentiality Designations. Document filed by Alan M. Dershowitz. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Celli, Andrew) (Entered: 06/21/2017) |
| 06/22/2017 | 923 | SEALED DOCUMENT placed in vault.(mps) (Entered: 06/22/2017) |
| 10/03/2017 | 924 | LETTER MOTION to Seal Document *Submitted by Proposed Intervenors Jeffrey Epstein and Lesley Groff* addressed to Judge Robert W. Sweet from Michael C. Miller dated October 3, 2017. Document filed by Jeffrey Epstein.(Miller, Michael) (Entered: 10/03/2017) |
| 10/04/2017 | 925 | ORDER granting 924 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 10/3/2017) (mro) (Entered: 10/04/2017) |
| 10/05/2017 | 926 | SEALED DOCUMENT placed in vault.(rz) (Entered: 10/05/2017) |
| 10/06/2017 | 927 | ORDER: The motion for leave to intervene and to modify the protective order by proposed Intervenors Jeffrey Epstein and Lesley Groff shall be heard at 11:00 AM on Wednesday, November 8, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. Motion Hearing set for 11/8/2017 at 11:00 AM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 10/6/2017) (cf) (Entered: 10/06/2017) |
| 10/19/2017 | 928 | RESPONSE in Opposition to Motion re: 924 LETTER MOTION to Seal Document *Submitted by Proposed Intervenors Jeffrey Epstein and Lesley Groff* addressed to Judge Robert W. Sweet from Michael C. Miller dated October 3, 2017. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 10/19/2017) |
| 10/27/2017 | 929 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/27/2017) |
| 11/08/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 11/8/2017 re: 924 LETTER MOTION to Seal Document Submitted by Proposed Intervenors Jeffrey Epstein and Lesley Groff addressed to Judge Robert W. Sweet from Michael C. Miller dated October 3, 2017. filed by Jeffrey Epstein. (Court Reporter Pamela Utter)Motion pending. (Chan, Tsz) (Entered: 11/09/2017) |
| 11/17/2017 | 930 | SEALED DOCUMENT placed in vault.(mps) (Entered: 11/17/2017) |
| 11/21/2017 | 931 | TRANSCRIPT of Proceedings re: ARGUMENT held on 11/8/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Pamela Utter, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/12/2017. Redacted Transcript Deadline set for 12/22/2017. Release of Transcript Restriction set for 2/20/2018. (McGuirk, Kelly) (Entered: 11/21/2017) |
| 11/21/2017 | 932 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a ARGUMENT proceeding held on 11/8/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this |

| | | transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 11/21/2017) |
|---|---|---|
| 11/28/2017 | 933 | NOTICE of Notice of Intent to Request Redaction of November 8 2017 Hearing Transcript. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1 Redacted)(McCawley, Sigrid) (Entered: 11/28/2017) |
| 02/20/2018 | 934 | ORDER of USCA (Certified Copy) as to 504 Notice of Appeal filed by Alan M. Dershowitz, 920 Notice of Appeal, filed by Michael Cernovich d/b/a Cernovich Media, 915 Notice of Interlocutory Appeal filed by Alan M. Dershowitz. USCA Case Number 16-3945 (L), 17-1625 (Con), 17-1722 (Con). Appellee moves to file her appellate brief under seal. Upon due consideration, it is hereby ORDERED that the motion is GRANTED. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 126 (2d Cir. 2006). To the extent that they have not yet done so, the parties are also hereby instructed to brief for the merits panel the question of appellate jurisdiction in this case. See, e.g., Nosik v. Singe, 40 F.3d 592, 59667 (2d Cir. 1994). Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 2/20/2018. (nd) (Entered: 02/20/2018) |
| 04/06/2018 | 935 | MOTION to Intervene ., MOTION to Unseal Document . Document filed by Julie Brown, Miami Herald Media Company.(Walz, Christine) (Entered: 04/06/2018) |
| 04/06/2018 | 936 | MEMORANDUM OF LAW in Support re: 935 MOTION to Intervene . MOTION to Unseal Document . . Document filed by Julie Brown, Miami Herald Media Company. (Walz, Christine) (Entered: 04/06/2018) |
| 04/09/2018 | 937 | ORDER: The motion to intervene and unseal brought by proposed intervenors Julie Brown and the Miami Herald Media Company shall be heard at 12:00 PM on Wednesday, May 9th, 2018 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. Set Deadlines/Hearing as to 935 MOTION to Intervene; MOTION to Unseal Document: ( Motion Hearing set for 5/9/2018 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 4/9/2018) (mro) (Entered: 04/09/2018) |
| 04/10/2018 | 938 | NOTICE OF APPEARANCE by Christine Walz on behalf of Julie Brown, Miami Herald Media Company. (Walz, Christine) (Entered: 04/10/2018) |
| 04/10/2018 | 939 | NOTICE OF APPEARANCE by Sanford Lewis Bohrer on behalf of Julie Brown, Miami Herald Media Company. (Bohrer, Sanford) (Entered: 04/10/2018) |
| 04/10/2018 | 940 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Other Affiliate McClatchy Company for Miami Herald Media Company. Document filed by Miami Herald Media Company.(Walz, Christine) (Entered: 04/10/2018) |
| 04/20/2018 | 941 | MEMORANDUM OF LAW in Support re: 935 MOTION to Intervene . MOTION to Unseal Document . . Document filed by Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 04/20/2018) |
| 04/20/2018 | 942 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 4/19/2018 re: Defendant's response is currently due April 20, 2018. Defendant seeks a one week extension up to and including April 27, 2018. Counsel for Intervenors Christine Walz do not oppose this request. ENDORSEMENT: SO ORDERED., ( Responses due by 4/27/2018) (Signed by Judge Robert W. Sweet on 4/20/2018) (ama) (Entered: 04/20/2018) |
| 04/23/2018 | 943 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Sigrid McCawley, Esq. dated 4/20/2018 re: Plaintiff seeks a one week extension up to and including April |

| | | 27, 2018. ENDORSEMENT: So ordered. (Responses due by 4/27/2018.) (Signed by Judge Robert W. Sweet on 4/23/2018) (anc) (Entered: 04/23/2018) |
|---|---|---|
| 04/27/2018 | 944 | RESPONSE to Motion re: 935 MOTION to Intervene . MOTION to Unseal Document . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/27/2018) |
| 04/27/2018 | 945 | RESPONSE to Motion re: 935 MOTION to Intervene . MOTION to Unseal Document . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/27/2018) |
| 05/04/2018 | 946 | REPLY MEMORANDUM OF LAW in Support re: 935 MOTION to Intervene . MOTION to Unseal Document . . Document filed by Miami Herald Media Company. (Walz, Christine) (Entered: 05/04/2018) |
| 05/08/2018 | 947 | LETTER addressed to Judge Robert W. Sweet from Andrew G. Celli, Jr. dated May 8, 2018 re: Pending application of Julie Brown and the Miami Herald Media Company to intervene and unseal. Document filed by Alan M. Dershowitz. (Attachments: # 1 Exhibit A - June 2017 Letter (Redacted))(Celli, Andrew) (Entered: 05/08/2018) |
| 05/09/2018 | 948 | SEALED DOCUMENT placed in vault.(mps) (Entered: 05/09/2018) |
| 05/10/2018 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 5/10/2018 re: 935 MOTION to Intervene. MOTION to Unseal Document filed by Julie Brown, Miami Herald Media Company. (Court Reporter Kelly SurinaMotion Pending. (Chan, Tsz) (Entered: 05/10/2018) |
| 06/01/2018 | 949 | TRANSCRIPT of Proceedings re: CONFERENCE held on 5/9/2018 before Judge Robert W. Sweet. Court Reporter/Transcriber: Kelly Surina, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/22/2018. Redacted Transcript Deadline set for 7/2/2018. Release of Transcript Restriction set for 8/30/2018. (McGuirk, Kelly) (Entered: 06/01/2018) |
| 06/01/2018 | 950 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 5/9/18 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 06/01/2018) |
| 08/21/2018 | 951 | LETTER addressed to Judge Robert W. Sweet from Christine N. Walz dated August 21, 2018 re: status of pending motion. Document filed by Julie Brown, Miami Herald Media Company.(Walz, Christine) (Entered: 08/21/2018) |
| 08/23/2018 | 952 | ENDORSED LETTER addressed to Christine N. Walz from Robert W. Sweet, U.S.D.J. dated 8/22/2018 re: The motion is under advisement. ENDORSEMENT: Dear Ms. Walz, Thank you for your letter of August 21, 2018. The motion is under advisement. (Signed by Judge Robert W. Sweet on 8/22/2018) (ne) (Entered: 08/23/2018) |
| 08/27/2018 | 953 | OPINION: re: 935 MOTION to Intervene . MOTION to Unseal Document . filed by Julie Brown, Miami Herald Media Company. Based on the facts and conclusions set forth above, the Intervenors' motion to intervene is granted, and this motion to unseal is denied and the action is closed. It is so ordered. (Signed by Judge Robert W. Sweet on 8/27/2018) (js) (Entered: 08/27/2018) |
| 08/27/2018 | | Terminate Transcript Deadlines (js) (Entered: 12/18/2018) |

A-0099

| 09/25/2018 | 954 | NOTICE OF APPEARANCE by Madelaine Jane Woolfrey Harrington on behalf of Julie Brown, Miami Herald Media Company. (Harrington, Madelaine) (Entered: 09/25/2018) |
|---|---|---|
| 09/26/2018 | 955 | NOTICE OF APPEAL from 953 Memorandum & Opinion,. Document filed by Julie Brown, Miami Herald Media Company. Filing fee $ 505.00, receipt number 0208-15620549. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Walz, Christine) (Entered: 09/26/2018) |
| 09/26/2018 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 955 Notice of Appeal,. (nd) (Entered: 09/26/2018) |
| 09/26/2018 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 955 Notice of Appeal, filed by Julie Brown, Miami Herald Media Company were transmitted to the U.S. Court of Appeals. (nd) (Entered: 09/26/2018) |
| 12/03/2018 | 956 | LETTER addressed to Judge Robert W. Sweet from Andrew G. Celli, Jr. dated December 3, 2018 re: Giuffre Unsealing After Herald Article. Document filed by Alan M. Dershowitz.(Celli, Andrew) (Entered: 12/03/2018) |
| 12/04/2018 | 957 | MOTION for Order to Show Cause *re Protective Order*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 12/04/2018) |
| 12/04/2018 | 958 | DECLARATION of Ty Gee in Support re: 957 MOTION for Order to Show Cause *re Protective Order*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Menninger, Laura) (Entered: 12/04/2018) |
| 12/07/2018 | 959 | ORDER. Defendant's motion for an order to show cause, Dkt. No. 957, shall be heard at 12:00PM on Wednesday, January 9, 2019 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. It is so ordered. (Oral Argument set for 1/9/2019 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 12/6/2018) (rjm) (Entered: 12/07/2018) |
| 12/10/2018 | 960 | LETTER addressed to Judge Robert W. Sweet from Sigrid McCawley dated December 10, 2018 re: Intervenor Alan Dershowitz Letter to Judge Sweet DE 956. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 12/10/2018) |
| 12/12/2018 | 961 | RESPONSE in Opposition to Motion re: 957 MOTION for Order to Show Cause *re Protective Order*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 12/12/2018) |
| 12/18/2018 | 962 | REPLY to Response to Motion re: 957 MOTION for Order to Show Cause *re Protective Order*. . Document filed by Ghislaine Maxwell. (Gee, Ty) (Entered: 12/18/2018) |
| 12/18/2018 | 963 | DECLARATION of Ty Gee in Support re: 957 MOTION for Order to Show Cause *re Protective Order*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit E) (Gee, Ty) (Entered: 12/18/2018) |
| 01/15/2019 | 964 | ORDER with respect to 957 Motion for Order to Show Cause. Previously scheduled for January 9, 2019, Defendant's motion for an order to show cause, Dkt. No. 957, shall be heard at 12:00PM on Wednesday, February 6, 2019 in Courtroom 18C, United States Courthouse, 500 Pearl Street. SO ORDERED. (Signed by Judge Robert W. Sweet on 1/10/2019) (kv) (Entered: 01/15/2019) |
| 01/15/2019 | | Set/Reset Hearings: Oral Argument set for 2/6/2019 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (kv) (Entered: 01/15/2019) |

# A-0100

| 02/06/2019 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 2/6/2019 re: 957 MOTION for Order to Show Cause re Protective Order filed by Ghislaine Maxwell. (Court Reporter Pamela Utter) Motion Pending. (Chan, Tsz) (Entered: 02/07/2019) |
|---|---|---|
| 02/26/2019 | 965 | TRANSCRIPT of Proceedings re: ARGUMENT held on 2/6/2019 before Judge Robert W. Sweet. Court Reporter/Transcriber: Pamela Utter, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/19/2019. Redacted Transcript Deadline set for 3/29/2019. Release of Transcript Restriction set for 5/28/2019. (McGuirk, Kelly) (Entered: 02/26/2019) |
| 02/26/2019 | 966 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a ARGUMENT proceeding held on 2/6/19 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 02/26/2019) |
| 02/26/2019 | 967 | OPINION: For the foregoing reasons, Maxwell's motion for an Order to Show Cause is denied. It is so ordered. (Signed by Judge Robert W. Sweet on 2/25/2019) (ks) (Entered: 02/26/2019) |
| 07/03/2019 | 968 | OPINION of USCA (Certified) as to 504 Notice of Appeal filed by Alan M. Dershowitz, 920 Notice of Appeal, filed by Michael Cernovich d/b/a Cernovich Media, 955 Notice of Appeal, filed by Julie Brown, Miami Herald Media Company, 915 Notice of Interlocutory Appeal filed by Alan M. Dershowitz USCA Case Number 18-2868-cv; 16-3945-cv(L), 17-1625(con); 17-1722(con). Intervenors-Appellants Alan Dershowitz, Michael Cernovich, and the Miami Herald Company (with reporter Julie Brown) appeal from certain orders of the United States District Court for the Southern District of New York (Robert W. Sweet, Judge) denying their respective motions to unseal filings in a defamation suit. We conclude that the District Court failed to conduct the requisite particularized review when ordering the sealing of the materials at issue. At the same time, we recognize the potential damage to privacy and reputation that may accompany public disclosure of hard-fought, sensitive litigation. We therefore clarify the legal tools that district courts should use in safeguarding the integrity of their dockets. Accordingly, we VACATE the District Court's orders entered on November 2, 2016, May 3, 2017, and August 27, 2018, ORDER the unsealing of the summary judgment record as described further herein, and REMAND the cause to the District Court for particularized review of the remaining sealed materials. Judge Pooler concurs in this opinion except insofar as it orders the immediate unsealing of the summary judgment record without a remand. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 07/03/2019. (Attachments: # 1 POOLER, Circuit Judge, dissenting in part)(nd) (Entered: 07/03/2019) |
| 07/09/2019 | | NOTICE OF CASE REASSIGNMENT to Judge Loretta A. Preska. Judge Robert W. Sweet is no longer assigned to the case. (jc) (Entered: 07/09/2019) |
| 07/09/2019 | 969 | ORDER: Counsel shall confer and appear for a conference on July 11 at 2:15 in courtroom 12A to discuss how to proceed. (Status Conference set for 7/11/2019 at 02:15 PM in Courtroom 12A, 500 Pearl Street, New York, NY 10007 before Judge Loretta A. Preska.) (Signed by Judge Loretta A. Preska on 7/9/2019) (jwh) (Entered: 07/09/2019) |

# A-0101

| | | |
|---|---|---|
| 07/10/2019 | 970 | LETTER MOTION to Adjourn Conference addressed to Judge Loretta A. Preska from Ty Gee dated July 10, 2019. Document filed by Ghislaine Maxwell.(Gee, Ty) (Entered: 07/10/2019) |
| 07/10/2019 | 971 | LETTER RESPONSE to Motion addressed to Judge Loretta A. Preska from Sigrid McCawley dated July 10, 2019 re: 970 LETTER MOTION to Adjourn Conference addressed to Judge Loretta A. Preska from Ty Gee dated July 10, 2019. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 07/10/2019) |
| 07/10/2019 | 972 | LETTER RESPONSE to Motion addressed to Judge Loretta A. Preska from Jay M. Wolman dated 07/10/2019 re: 970 LETTER MOTION to Adjourn Conference addressed to Judge Loretta A. Preska from Ty Gee dated July 10, 2019. . Document filed by Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 07/10/2019) |
| 07/10/2019 | 973 | ORDER granting 970 Letter Motion to Adjourn Conference. The conference is adjourned to July 25 at 3:00. SO ORDERED. Status Conference set for 7/25/2019 at 03:00 PM before Judge Loretta A. Preska. (Signed by Judge Loretta A. Preska on 7/10/2019) (ne) (Entered: 07/10/2019) |
| 07/11/2019 | 974 | LETTER MOTION for Conference re: 973 Order on Motion to Adjourn Conference, *to be Excused from Conference* addressed to Judge Loretta A. Preska from Jay M. Wolman dated 07/11/2019. Document filed by Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 07/11/2019) |
| 07/15/2019 | 975 | ORDER granting 974 Letter Motion for Conference: SO ORDERED. (Signed by Judge Loretta A. Preska on 7/15/2019) (jwh) (Entered: 07/15/2019) |
| 07/24/2019 | 976 | ORDER. In light of the fact that a mandate has not yet issued from the Court of Appeals, the conference currently scheduled for tomorrow is adjourned sine die. SO ORDERED. The following hearing(s) was terminated: Status Conference. (Signed by Judge Loretta A. Preska on 7/24/2019) (rjm) (Entered: 07/24/2019) |
| 08/09/2019 | 977 | MANDATE of USCA (Certified Copy) as to 504 Notice of Appeal filed by Alan M. Dershowitz, 920 Notice of Appeal, filed by Michael Cernovich d/b/a Cernovich Media, 915 Notice of Interlocutory Appeal filed by Alan M. Dershowitz. USCA Case Number 16-3945(L), 17-1625(con), 17-1722(con). IT IS HEREBY ORDERED, ADJUDGED and DECREED that the orders of the District Court entered on November 2, 2016, May 3, 2017, and August 27, 2018 are VACATED. The Court further ORDERS the unsealing of the summary judgment record as described in its opinion. The case is REMANDED to the District Court for a particularized review of the remaining materials. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 08/09/2019. (Attachments: # 1 Opinion, # 2 Dissenting Opinion)(nd) (Entered: 08/09/2019) |
| 08/09/2019 | 978 | MANDATE of USCA (Certified Copy) as to 955 Notice of Appeal, filed by Julie Brown, Miami Herald Media Company. USCA Case Number 18-2868. IT IS HEREBY ORDERED, ADJUDGED and DECREED that the orders of the District Court entered on November 2, 2016, May 3, 2017, and August 27, 2018 are VACATED. The Court further ORDERS the unsealing of the summary judgment record as described in its opinion. The case is REMANDED to the District Court for a particularized review of the remaining materials. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 08/09/2019. (nd) (Entered: 08/09/2019) |
| 08/09/2019 | | Transmission of USCA Mandate to the District Judge re: 977 USCA Mandate, 978 USCA Mandate. (nd) (Entered: 08/09/2019) |
| 08/09/2019 | 979 | ORDER: Counsel shall confer and appear for a conference on September 4, 2019 at 9:00AM in courtroom 12A to discuss how to proceed. (Status Conference set for 9/4/2019 at 09:00 AM in Courtroom 12A, 500 Pearl Street, New York, NY 10007 before |

A-0102

| | | Judge Loretta A. Preska.) (Signed by Judge Loretta A. Preska on 8/9/2019) (jwh) (Entered: 08/09/2019) |
|---|---|---|
| 09/03/2019 | 980 | LETTER addressed to Judge Loretta A. Preska from Nicholas J. Lewin and Paul M. Krieger dated 9/3/2019 re: Giuffre v. Maxwell, 15 Civ. 07433 (LAP). Document filed by John Doe.(Lewin, Nicholas) (Entered: 09/03/2019) |
| 09/03/2019 | 981 | LETTER addressed to Judge Loretta A. Preska from Jay M. Wolman dated September 3, 2019 re: Conference. Document filed by Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 09/03/2019) |
| 09/04/2019 | | Minute Entry for proceedings held before Judge Loretta A. Preska: Interim Pretrial Conference held on 9/4/2019. (Court Reporter Rose Prater) (mph) (Entered: 09/05/2019) |
| 09/05/2019 | 982 | AMENDED ORDER: For the avoidance of doubt, counsel shall agree on the categories of documents (judicial documents, non-judicial documents, and something in between) within two weeks of September 4, 2019. No later than one week thereafter, the proponent of sealing shall submit papers no longer than 5 double-spaced pages, 12-point type, including footnotes, arguing for sealing; no later than one week thereafter, any opponents of sealing (including non-parties) may submit papers no longer than 5 double-spaced pages, 12-point type, including footnotes; and no later than one week thereafter, the proponent of sealing may reply in a letter no longer than 3 double-spaced pages, 12-point type, including footnotes. SO ORDERED. (Signed by Judge Loretta A. Preska on 9/5/2019) (mml) (Entered: 09/05/2019) |
| 09/11/2019 | 983 | TRANSCRIPT of Proceedings re: CONFERENCE held on 9/4/2019 before Judge Loretta A. Preska. Court Reporter/Transcriber: Rose Prater, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/2/2019. Redacted Transcript Deadline set for 10/15/2019. Release of Transcript Restriction set for 12/10/2019.(McGuirk, Kelly) (Entered: 09/11/2019) |
| 09/11/2019 | 984 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 9/4/19 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 09/11/2019) |
| 09/13/2019 | 985 | Costs Taxed as to 978 USCA Mandate,, USCA Case Number 18-2868. in the amount of $1604.80. on 09/13/2019 in favor of Intervenors-Appellants Julie Brown and the Miami Herald Media Company against Defendant-Appellee Ghislaine Maxwell. (nd) (Entered: 09/13/2019) |
| 09/18/2019 | 986 | LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated 9/18/2019 re: Document Categories. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 09/18/2019) |
| 09/18/2019 | 987 | LETTER addressed to Judge Loretta A. Preska from Jeffrey S. Pagliuca dated September 18, 2019 re: Giuffre v. Maxwell Category Submission. Document filed by Ghislaine Maxwell.(Pagliuca, Jeffrey) (Entered: 09/18/2019) |
| 09/20/2019 | 988 | LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated 9/20/2019 re: Document Categories. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit A)(McCawley, Sigrid) (Entered: 09/20/2019) |

# A-0103

| | | |
|---|---|---|
| 09/23/2019 | 989 | LETTER addressed to Judge Loretta A. Preska from Jeffrey S. Pagliuca dated September 23, 2019 re: Deposition Designations and Briefing on Categorization of Documents. Document filed by Ghislaine Maxwell.(Pagliuca, Jeffrey) (Entered: 09/23/2019) |
| 09/25/2019 | 990 | BRIEF re: 986 Letter, 989 Letter, 987 Letter, 988 Letter, 982 Order,,, . Document filed by John Doe.(Krieger, Paul) (Entered: 09/25/2019) |
| 09/25/2019 | 991 | BRIEF re: 986 Letter, 989 Letter, 987 Letter, 988 Letter, 982 Order,,, *In Support of Maintaining Categories of Documents Under Seal*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Appendix Maxwell - Categories Reflected in Docket Entries)(Pagliuca, Jeffrey) (Entered: 09/25/2019) |
| 10/02/2019 | 992 | OPPOSITION BRIEF re: 991 Brief, *in Opposition to Maxwell's Sealing Proposal*. Document filed by Alan M. Dershowitz.(Lebowitz, David) (Entered: 10/02/2019) |
| 10/02/2019 | 993 | BRIEF re: 991 Brief, *Opposition to Maxwell's Brief in Support of Maintaining Categories*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2)(McCawley, Sigrid) (Entered: 10/02/2019) |
| 10/02/2019 | 994 | RESPONSE re: 990 Brief, 991 Brief, . Document filed by Julie Brown, Miami Herald Media Company. (Walz, Christine) (Entered: 10/02/2019) |
| 10/02/2019 | 995 | OPPOSITION BRIEF *to Non-Party Brief (DE 990)*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 10/02/2019) |
| 10/09/2019 | 996 | BRIEF re: 990 Brief, 992 Opposition Brief, 995 Opposition Brief, 993 Brief, 991 Brief, 994 Response *Ms. Maxwell's Reply Brief in Support of Maintaining Categories of Documents Under Seal*. Document filed by Ghislaine Maxwell.(Gee, Ty) (Entered: 10/09/2019) |
| 10/09/2019 | 997 | THIRD PARTY BRIEF re: 990 Brief, 996 Brief, 992 Opposition Brief, 995 Opposition Brief, 993 Brief, 991 Brief, 994 Response *to Plaintiff and Intervenor Miami Herald*. Document filed by John Doe.(Lewin, Nicholas) (Entered: 10/09/2019) |
| 10/28/2019 | 998 | ORDER: It is hereby ordered that: 1. Counsel shall confer and inform the Court by letter no later than November 12 of the motions that were decided in this case (by docket number) together with the docket numbers of the motion papers associated with each such motion, as further set forth in this Order. SO ORDERED. (Signed by Judge Loretta A. Preska on 10/28/2019) (mml) (Entered: 10/28/2019) |
| 10/30/2019 | 999 | LETTER addressed to Judge Loretta A. Preska from Nicholas J. Lewin and Paul M. Krieger dated October 30, 2019 re: Motion filed by Alan Dershowitz in 19 Civ. 3377 (LAP). Document filed by John Doe.(Lewin, Nicholas) (Entered: 10/30/2019) |
| 10/30/2019 | 1000 | MEMO ENDORSEMENT on re: 999 Letter filed by John Doe. ENDORSEMENT: The parties shall respond to the above by letter no later than November 1 at 4:30pm. SO ORDERED. (Signed by Judge Loretta A. Preska on 10/30/2019) (mml) (Entered: 10/30/2019) |
| 10/30/2019 | 1001 | LETTER addressed to Judge Loretta A. Preska from Imran Ansari, Esq. dated 10/30/19 re: Response to Letter Filed by John Doe. Document filed by Alan M. Dershowitz. (Ansari, Imran) (Entered: 10/30/2019) |
| 11/01/2019 | 1002 | LETTER addressed to Judge Loretta A. Preska from Ty Gee dated November 1, 2019 re: October 30 Order (Doc.1000). Document filed by Ghislaine Maxwell.(Gee, Ty) (Entered: 11/01/2019) |

# A-0104

| | | |
|---|---|---|
| 11/01/2019 | 1003 | LETTER addressed to Judge Loretta A. Preska from Sigrid McCawley dated 11/01/19 re: Compliance with 10/30/19 Order. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 11/01/2019) |
| 11/12/2019 | 1004 | LETTER addressed to Judge Loretta A. Preska from Sigrid McCawley dated November 12, 2019 re: Seeking Clarification of the October 28, 2019 Order (DE 998). Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 11/12/2019) |
| 11/12/2019 | 1005 | LETTER addressed to Judge Loretta A. Preska from Ty Gee dated November 12, 2019 re: October 28, 2019 Order (Doc.998). Document filed by Ghislaine Maxwell.(Gee, Ty) (Entered: 11/12/2019) |
| 11/12/2019 | 1006 | LETTER addressed to Judge Loretta A. Preska from Sigrid McCawley dated November 12, 2019 re: October 28, 2019 Order (DE 998). Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 11/12/2019) |
| 11/12/2019 | 1007 | LETTER addressed to Judge Loretta A. Preska from Laura A. Menninger dated November 12, 2019 re: Response to October 28, 2019 Order Paragraph One. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit Sealed List of Decided Motions) (Menninger, Laura) (Entered: 11/12/2019) |
| 11/12/2019 | 1008 | LETTER addressed to Judge Loretta A. Preska from Sigrid McCawley dated November 12, 2019 re: October 28, 2019 Order (DE 998). Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 11/12/2019) |
| 11/13/2019 | 1009 | ORDER: The parties have jointly requested clarification of the Court's directive that counsel inform the Court of the names and contact information of non-parties mentioned in the motions previously decided in this case. (See Dkt. No. 1004). Counsel are only required to log the information of non-parties mentioned in filings or materials that remain sealed. Counsel are not required to log the information of any non-parties discussed in materials that have already been unsealed in this litigation. Similarly, counsel are not required to log information of non-parties discussed in otherwise unsealed materials that are included in sealed filings. SO ORDERED. (Signed by Judge Loretta A. Preska on 11/13/2019) (mml) (Entered: 11/13/2019) |
| 11/18/2019 | 1010 | LETTER MOTION for Extension of Time *and Request for Clarification regarding Paragraphs 2, 3, and 5 of the Courts October 28, 2019 Order (Doc.998)* addressed to Judge Loretta A. Preska from Ty Gee dated November 18, 2019. Document filed by Ghislaine Maxwell.(Gee, Ty) (Entered: 11/18/2019) |
| 11/19/2019 | 1011 | ORDER terminating 1010 Letter Motion for Extension of Time. The Court has reviewed Defendant's letter dated November 18, 2019 [dkt. no. 1010]. First, the Court clarifies that the reasons proffered for maintaining the documents under seal may be stated in summary fashion sufficient for the Court to make a ruling. Second, time to submit letters in favor of sealing is extended to December 5, 2019. SO ORDERED. (Signed by Judge Loretta A. Preska on 11/19/2019) (mml) (Entered: 11/19/2019) |
| 12/05/2019 | 1012 | THIRD PARTY BRIEF re: 990 Brief, 997 Brief, 1011 Order on Motion for Extension of Time, 998 Order, 1005 Letter, 1008 Letter *re: Unadjudicated Motions*. Document filed by John Doe.(Krieger, Paul) (Entered: 12/05/2019) |
| 12/12/2019 | 1013 | RESPONSE *(Response to Letter Brief re: Materials That Should Remain Sealed or Redacted)*. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 12/12/2019) |
| 12/12/2019 | 1014 | RESPONSE re: 1012 Brief, 1005 Letter *regarding sealing of undecided motions*. Document filed by Julie Brown, Miami Herald Media Company. (Walz, Christine) (Entered: 12/12/2019) |

# A-0105

| | | |
|---|---|---|
| 12/12/2019 | 1015 | LETTER addressed to Judge Loretta A. Preska from Christine N. Walz dated Dec. 12, 2019 re: request to unseal Maxwell's Dec. 5, 2019 letter. Document filed by Julie Brown, Miami Herald Media Company.(Walz, Christine) (Entered: 12/12/2019) |
| 12/16/2019 | 1016 | ORDER: Counsel shall appear for a conference on January 16, 2020 at 10:00 AM in Courtroom 12A on 500 Pearl Street, New York, NY, 10007. The purpose of that conference will be to discuss next steps that will enable the Court to conduct an individualized review of the relevant documents and to evaluate properly any countervailing factors that function to limit the weight of the presumption of public access. See Brown v. Maxwell, 929 F.3d 41 (2d Cir. 2019). The conference will also address notification of third parties named in the documents. Counsel shall confer in advance of the conference. SO ORDERED. Case Management Conference set for 1/16/2020 at 10:00 AM in Courtroom 12A, 500 Pearl Street, New York, NY 10007 before Judge Loretta A. Preska. (Signed by Judge Loretta A. Preska on 12/16/2019) (mml) (Entered: 12/16/2019) |
| 01/07/2020 | 1017 | SEALED DOCUMENT placed in vault.(mhe) (Entered: 01/07/2020) |
| 01/13/2020 | | ***DELETED DOCUMENT. Deleted document number 1018 Opinion & Order. The document was incorrectly filed in this case. (mml) (Entered: 01/13/2020) |
| 01/13/2020 | 1018 | OPINION & ORDER: For the foregoing reasons, the Court concludes that motions that were not decided by Judge Sweet and the papers associated with those motions are not judicial documents subject to the presumption of public access. SO ORDERED. (Signed by Judge Loretta A. Preska on 1/13/2020) (mml) (Entered: 01/13/2020) |
| 01/15/2020 | 1019 | LETTER addressed to Judge Loretta A. Preska from Nicholas J. Lewin and Paul M. Krieger dated January 15, 2020 re: Proposed Individualized Unsealing Review Protocol. Document filed by John Doe.(Lewin, Nicholas) (Entered: 01/15/2020) |
| 01/16/2020 | | Minute Entry for proceedings held before Judge Loretta A. Preska: Interim Pretrial Conference held on 1/16/2020. (Court Reporter Pamela Utter) (mph) (Entered: 01/17/2020) |
| 01/17/2020 | 1020 | LETTER addressed to Judge Loretta A. Preska from Ty Gee dated December 5, 2019 re: Defendant Maxwell's Letter Brief re Materials That Should Remain Sealed or Redacted. Document filed by Ghislaine Maxwell.(Gee, Ty) (Entered: 01/17/2020) |
| 01/23/2020 | 1021 | TRANSCRIPT of Proceedings re: CONFERENCE held on 1/16/2020 before Judge Loretta A. Preska. Court Reporter/Transcriber: Pamela Utter, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/13/2020. Redacted Transcript Deadline set for 2/24/2020. Release of Transcript Restriction set for 4/22/2020.(McGuirk, Kelly) (Entered: 01/23/2020) |
| 01/23/2020 | 1022 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 1/16/2020 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 01/23/2020) |
| 01/27/2020 | 1023 | MOTION for Reconsideration re; 1018 Memorandum & Opinion, . Document filed by Julie Brown, Miami Herald Media Company.(Walz, Christine) (Entered: 01/27/2020) |

# A-0106

| | | |
|---|---|---|
| 01/27/2020 | 1024 | MEMORANDUM OF LAW in Support re: 1023 MOTION for Reconsideration re; 1018 Memorandum & Opinion, . . Document filed by Julie Brown, Miami Herald Media Company. (Walz, Christine) (Entered: 01/27/2020) |
| 01/30/2020 | 1025 | LETTER addressed to Judge Loretta A. Preska from Ty Gee dated January 30, 2020 re: Defendant Maxwell's Letter Submitting Materials Relating to Protocol and Non-Party Notice. Document filed by Ghislaine Maxwell.(Gee, Ty) (Entered: 01/30/2020) |
| 01/30/2020 | 1026 | LETTER addressed to Judge Loretta A. Preska from Sigrid McCawley dated January 30, 2020 re: Plaintiff Giuffre's Letter Submitting Unsealing Protocol. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C- Sealed)(McCawley, Sigrid) (Entered: 01/30/2020) |
| 01/31/2020 | 1027 | SEALED DOCUMENT placed in vault..(rz) (Entered: 01/31/2020) |
| 02/04/2020 | 1028 | LETTER addressed to Judge Loretta A. Preska from Ty Gee dated February 4, 2020 re: Response to Plaintiff's Counsel's January 30 Letter. Document filed by Ghislaine Maxwell..(Gee, Ty) (Entered: 02/04/2020) |
| 02/05/2020 | 1029 | RESPONSE re: 1028 Letter *(Response re: Defendant's February 4, 2020 Letter)*. Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 02/05/2020) |
| 02/06/2020 | 1030 | LETTER addressed to Judge Loretta A. Preska from Nicholas J. Lewin and Paul M. Krieger dated February 6, 2020 re: Original Parties Proposed Unsealing Protocols. Document filed by John Doe..(Lewin, Nicholas) (Entered: 02/06/2020) |
| 02/26/2020 | 1031 | ORDER denying 1023 Motion for Reconsideration. For the reasons detailed above, the Intervenors' motion for reconsideration (dkt. no. 1023) is DENIED. SO ORDERED. (Signed by Judge Loretta A. Preska on 2/26/2020) (va) (Entered: 02/26/2020) |
| 03/17/2020 | 1032 | LETTER addressed to Judge Loretta A. Preska from Laura A. Menninger dated March 17, 2020 re: October 28, 2019 Order (Doc.998). Document filed by Ghislaine Maxwell.. (Menninger, Laura) (Entered: 03/17/2020) |
| 03/18/2020 | 1033 | LETTER addressed to Judge Loretta A. Preska from Sigrid McCawley dated March 18, 2020 re: October 28, 2019 Order (DE 998). Document filed by Virginia L. Giuffre.. (McCawley, Sigrid) (Entered: 03/18/2020) |
| 03/19/2020 | 1034 | ORDER: The Court has considered the parties' various submissions regarding the review protocol ("the Protocol") to be utilized by the Court in its individualized review of the sealed materials at issue in this litigation. (See dkt. nos. 1025, 1026, 1028, 1029, 1030.) The Court rules as follows: (As further set forth herein this Order.) (Signed by Judge Loretta A. Preska on 3/19/2020) (va) (Entered: 03/19/2020) |
| 03/20/2020 | 1035 | LETTER addressed to Judge Loretta A. Preska from Christine N. Walz dated March 20, 2020 re: request that the list of decided motions be filed publicly. Document filed by Julie Brown, Miami Herald Media Company..(Walz, Christine) (Entered: 03/20/2020) |
| 03/23/2020 | 1036 | MEMO ENDORSEMENT on re: 1035 Letter filed by Julie Brown, Miami Herald Media Company. ENDORSEMENT: The parties shall confer and submit a proposed redacted list of decided motions to be filed on the public docket. SO ORDERED. (Signed by Judge Loretta A. Preska on 3/23/2020) (va) (Entered: 03/23/2020) |
| 03/26/2020 | 1037 | LETTER addressed to Judge Loretta A. Preska from Laura A. Menninger dated March 26, 2020 re: March 19, 2020 Order (Doc. 1034). Document filed by Ghislaine Maxwell. (Attachments: # 1 Text of Proposed Order Ms. Maxwell's Proposed Revisions to Unsealing Protocol).(Menninger, Laura) (Entered: 03/26/2020) |

| 03/26/2020 | 1038 | LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated March 26, 2020 re: March 19, 2020 Order (Doc. 1034). Document filed by Virginia L. Giuffre.. (McCawley, Sigrid) (Entered: 03/26/2020) |
| --- | --- | --- |
| 03/30/2020 | 1039 | ORDER re: 1038 Letter filed by Virginia L. Giuffre; 1037 Letter, filed by Ghislaine Maxwell. The Court is in receipt of the parties' letters in response to the Court's March 19, 2020 order on the procedures to be utilized in the unsealing process. (See dkt. nos. 1037, 1038.) The parties shall confer and shall file on the public docket a dial-in number for a teleconference to take place on March 31, 2020 at 1:00 PM. SO ORDERED. ( Telephone Conference set for 3/31/2020 at 01:00 PM before Judge Loretta A. Preska.) (Signed by Judge Loretta A. Preska on 3/30/2020) (va) (Entered: 03/30/2020) |
| 03/30/2020 | 1040 | LETTER addressed to Judge Loretta A. Preska from Nicholas J. Lewin and Paul M. Krieger dated March 30, 2020 re: Parties' Submissions Re Proposed Unsealing Protocol Dated March 26, 2020 (DE 1037; DE 1038). Document filed by John Doe..(Lewin, Nicholas) (Entered: 03/30/2020) |
| 03/30/2020 | 1041 | LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated March 30, 2020 re: Dial-In Number. Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 03/30/2020) |
| 03/31/2020 | 1042 | LETTER addressed to Judge Loretta A. Preska from Christine N. Walz dated March 31, 2020 re: Response to Dkt. Nos. 1037, 1038 and in advance of the conference scheduled for March 31, 2020. Document filed by Julie Brown, Miami Herald Media Company.. (Walz, Christine) (Entered: 03/31/2020) |
| 03/31/2020 | 1043 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION for David A. Lebowitz to Withdraw as Attorney . Document filed by Alan M. Dershowitz..(Lebowitz, David) Modified on 4/24/2020 (db). (Entered: 03/31/2020) |
| 03/31/2020 | 1044 | ORDER AND PROTOCOL FOR UNSEALING DECIDED MOTIONS: The Court previously ruled that "only motions actually decided by Judge Sweet along with documents relevant to Judge Sweet's decisions on those motionsare properly considered judicial documents to which a presumption of public access attaches." Order, dated Dec. 16, 2019 (DE 1016). Such materials are referred to herein as the "Sealed Materials" or "Sealed Items." The Sealed Materials will be enumerated in a List of Decided Motions designated by the Court. In accordance with Brown v. Maxwell, 929 F.3d 41, 49-51 (2d Cir. 2019), the Court will conduct an individualized review of each Sealed Item in the List of Decided Motions to determine (a) the weight of presumption of public access that should be afforded to the document, (b) the identification and weight of any countervailing interests supporting continued sealing/redaction, and (c) whether the countervailing interests rebut the presumption of public access. To assist in this process and afford persons identified or otherwise interested in the Sealed Materials the opportunity to participate in the Court's individualized review, the Court adopts the following protocol. (As further set forth herein this Order.) SO ORDERED. (Signed by Judge Loretta A. Preska on 3/31/2020) (va) (Entered: 03/31/2020) |
| 03/31/2020 | | Minute Entry for proceedings held before Judge Loretta A. Preska: Telephone Conference held on 3/31/2020. (Court Reporter Alena Lynch) (mph) (Entered: 04/02/2020) |
| 04/03/2020 | 1045 | LETTER addressed to Judge Loretta A. Preska from Laura A. Menninger dated April 3, 2020 re: Order and Protocol (DE 1044) and March 31, 2020 Status Conference. Document filed by Ghislaine Maxwell..(Menninger, Laura) (Entered: 04/03/2020) |
| 04/03/2020 | 1046 | LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated April 3, 2020 re: Order and Protocol (DE 1044) and March 31, 2020 Status Conference.. |

| | | Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 04/03/2020) |
|---|---|---|
| 04/09/2020 | 1047 | ORDER: The Court has considered the parties' submissions regarding the next steps in the Court's individualized review of the sealed materials, (dkt. nos. 1045, 1046), and rules as follows: (As further set forth herein this Order.) (Signed by Judge Loretta A. Preska on 4/9/2020) (va) (Entered: 04/09/2020) |
| 04/09/2020 | 1048 | MEMO ENDORSED ORDER granting 1043 Motion to Withdraw as Attorney. ENDORSEMENT: The motion to withdraw is granted. SO ORDERED. Attorney David A Lebowitz terminated. (Signed by Judge Loretta A. Preska on 4/9/2020) (va) (Entered: 04/09/2020) |
| 04/14/2020 | 1049 | ORDER re: 1045 Letter filed by Ghislaine Maxwell. The Court has reviewed and approved the parties' joint proposed redacted Decided Motions List that was submitted to the Court on April 3, 2020. (See dkt. no. 1045.) That redacted Decided Motions List is attached hereto. SO ORDERED. (Signed by Judge Loretta A. Preska on 4/14/2020) (va) (Entered: 04/14/2020) |
| 04/15/2020 | 1050 | TRANSCRIPT of Proceedings re: CONFERENCE held on 3/31/2020 before Judge Loretta A. Preska. Court Reporter/Transcriber: Alena Lynch, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/6/2020. Redacted Transcript Deadline set for 5/18/2020. Release of Transcript Restriction set for 7/14/2020..(McGuirk, Kelly) (Entered: 04/15/2020) |
| 04/15/2020 | 1051 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 3/31/2020 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 04/15/2020) |
| 04/30/2020 | 1052 | JOINT LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley and Laura Menninger dated April 30, 2020 re: clarification of the Protocol for Unsealing Decided Motions, ECF No. 1044. Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 04/30/2020) |
| 05/01/2020 | 1053 | ORDER: The Court has reviewed the parties' joint letter seeking clarification of the review protocol. (See dkt. no. 1052.) Defendant's position accurately interprets the protocol, i.e., the Court will only review Docket Entries 143, 164, 172, 199, and 230 with respect to Does 1 and 2, meaning only Does 1 and 2 will be notified in the first instance. However, the Court acknowledges the practical difficulties with this process as explained by Plaintiff in her submission, (dkt. no. 1052 at 2), and is thus amenable to unsealing portions of documents mentioning non-parties rather than waiting to unseal the entirety of a given document until all non-parties have provided input. This will hopefully allow the materials to be unsealed on a rolling basis and at a rate somewhat coextensive with that of the review process. Moreover, as the Court noted in a previous order, this process is a "cooperative effort between the Court and the parties." (See dkt. no. 1047 at 1 n.1.) Should the current process prove unworkable or inefficient, the Court is happy to revisit the review protocol with the parties' input. SO ORDERED. (Signed by Judge Loretta A. Preska on 5/1/2020) (va) (Entered: 05/01/2020) |
| 05/15/2020 | 1054 | NOTICE of Filing Certificate of Service. Document filed by Virginia L. Giuffre.. (McCawley, Sigrid) (Entered: 05/15/2020) |

# A-0109

| 05/15/2020 | 1055 | NOTICE of Filing Certificate of Service re: 1044 Order,,,,,. Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 05/15/2020) |
|---|---|---|
| 06/10/2020 | 1056 | Objection *to Unsealing Docket Entries 143, 173, and 199 and to Unsealing Docket Entries 164 at This Time*. Document filed by Ghislaine Maxwell..(Pagliuca, Jeffrey) (Entered: 06/10/2020) |
| 06/10/2020 | 1057 | MEMORANDUM OF LAW in Support re: 1056 Objection (non-motion) *to Unsealing Sealed Materials*. Document filed by Ghislaine Maxwell..(Pagliuca, Jeffrey) (Entered: 06/10/2020) |
| 06/12/2020 | 1058 | LETTER MOTION for Conference addressed to Judge Loretta A. Preska from Andrew G. Celli, Jr. dated June 12, 2020. Document filed by Alan M. Dershowitz. (Attachments: # 1 Supplement Letter Motion Requesting Pre-Motion Conference, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D).(Celli, Andrew) (Entered: 06/12/2020) |
| 06/17/2020 | 1059 | LETTER addressed to Judge Loretta A. Preska from Ty Gee dated June 17, 2020 re: Mr. Dershowitzs Request for Discovery Subject to Protective Order. Document filed by Ghislaine Maxwell..(Gee, Ty) (Entered: 06/17/2020) |
| 06/18/2020 | 1060 | LETTER REPLY to Response to Motion addressed to Judge Loretta A. Preska from Howard M. Cooper dated June 18, 2020 re: 1058 LETTER MOTION for Conference addressed to Judge Loretta A. Preska from Andrew G. Celli, Jr. dated June 12, 2020. . Document filed by Alan M. Dershowitz..(Celli, Andrew) (Entered: 06/18/2020) |
| 06/19/2020 | 1061 | ORDER: Counsel for the parties in the above-captioned actions1 shall appear for a telephonic conference on June 23, 2020, at 2:00 p.m. EST. The dial-in for that conference is (888) 363-4734, access code: 4645450. The parties are directed to call in promptly at 2:00 p.m. SO ORDERED. ( Telephone Conference set for 6/23/2020 at 02:00 PM before Judge Loretta A. Preska.) (Signed by Judge Loretta A. Preska on 6/19/2020) (va) (Entered: 06/19/2020) |
| 06/22/2020 | 1062 | LETTER addressed to Judge Loretta A. Preska from Nicholas J. Lewin and Paul M. Krieger dated June 22, 2020 re: Letter of Alan Dershowitz, dated June 12, 2020 (DE 1058). Document filed by John Doe..(Lewin, Nicholas) (Entered: 06/22/2020) |
| 06/22/2020 | 1063 | NOTICE OF APPEARANCE by Cynthia Gierhart on behalf of Julie Brown, Miami Herald Media Company..(Gierhart, Cynthia) (Entered: 06/22/2020) |
| 06/23/2020 | 1064 | PROPOSED STIPULATION AND ORDER. Document filed by Alan M. Dershowitz..(Ansari, Imran) (Entered: 06/23/2020) |
| 06/23/2020 | | Minute Entry for proceedings held before Judge Loretta A. Preska: Telephone Conference held on 6/23/2020. (Court Reporter Khris Sellin) (mph) (Entered: 06/30/2020) |
| 06/24/2020 | 1065 | NOTICE OF APPEARANCE by Imran H. Ansari on behalf of Alan M. Dershowitz..(Ansari, Imran) (Entered: 06/24/2020) |
| 06/24/2020 | 1066 | STIPULATION AND ORDER OF SUBSTITUTION OF COUNSEL FOR INTERVENOR ALAN M. DERSHOWITZ: IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel, pursuant to Local Rule 1.4, that Aidala Bertuna & Kamins, P.C. shall be substituted in the place and stead of Emery Celli Brinckerhoff & Abady LLP as counsel of record for intervenor Alan M. Dershowitz in the above-captioned matter. Intervenor enters into this substitution of counsel knowingly and voluntarily. Attorney Andrew G. Celli terminated. (Signed by Judge Loretta A. Preska on 6/24/2020) (va) (Entered: 06/24/2020) |

A-0110

| 06/24/2020 | 1067 | RESPONSE re: 1057 Memorandum of Law in Support . Document filed by Julie Brown, Miami Herald Media Company..(Walz, Christine) (Entered: 06/24/2020) |
|---|---|---|
| 06/24/2020 | 1068 | OPPOSITION BRIEF re: 1056 Objection (non-motion) *Opposition to Maxwell's Objection to Unsealing Docket Entries 143, 164, 172, 199, & 230*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit A).(McCawley, Sigrid) (Entered: 06/24/2020) |
| 06/26/2020 | 1069 | TRANSCRIPT of Proceedings re: conference held on 6/23/2020 before Judge Loretta A. Preska. Court Reporter/Transcriber: Khristine Sellin, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/17/2020. Redacted Transcript Deadline set for 7/27/2020. Release of Transcript Restriction set for 9/24/2020.. (McGuirk, Kelly) (Entered: 06/26/2020) |
| 06/26/2020 | 1070 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERNECE proceeding held on 6/23/2020 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 06/26/2020) |
| 07/01/2020 | 1071 | MEMORANDUM & ORDER re: (133 in 1:19-cv-03377-LAP) FIRST LETTER MOTION for Local Rule 37.2 Conference addressed to Judge Loretta A. Preska from Howard M. Cooper, Esq. dated June 12, 2020, filed by Alan Dershowitz. For the reasons discussed above: (1) Cooper & Kirk shall destroy (a) all materials from Giuffre v. Maxwell, No. 15 Civ. 7433, currently in its possession, save for the transcript of Ms. Giuffre's deposition in that case and (b) all work product derived from the Maxwell materials. Cooper & Kirk shall submit to the Court an affidavit detailing the steps that it took to destroy the materials. In addition, to the extent it is doing so, Cooper & Kirk shall cease all use of the Maxwell materials--outside of Ms. Giuffre's deposition transcript--in its work on Ms. Giuffre's action against Mr. Dershowitz. (2) Mr. Dershowitz's request to modify the Maxwell Protective Order [dkt. no. 133 in 19 Civ. 3377] is denied. SO ORDERED. (Signed by Judge Loretta A. Preska on 7/1/2020) (va) (Entered: 07/01/2020) |
| 07/01/2020 | 1072 | LETTER MOTION to Seal addressed to Judge Loretta A. Preska from Laura A. Menninger dated July 1, 2020. Document filed by Ghislaine Maxwell..(Menninger, Laura) (Entered: 07/01/2020) |
| 07/01/2020 | 1073 | REPLY MEMORANDUM OF LAW in Support re: 1056 Objection (non-motion) *to Unsealing Sealed Materials*. Document filed by Ghislaine Maxwell..(Menninger, Laura) (Entered: 07/01/2020) |
| 07/01/2020 | 1074 | DECLARATION of Laura A. Menninger in Support re: 1056 Objection (non-motion), 1073 Reply Memorandum of Law in Support. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E). (Menninger, Laura) (Entered: 07/01/2020) |
| 07/02/2020 | 1075 | ORDER granting 1072 Letter Motion to Seal. Because the Court finds that sealing would protect confidential information, Counsel's request to file the unredacted reply papers and the exhibits thereto under seal is granted. SO ORDERED. (Signed by Judge Loretta A. Preska on 7/2/2020) (va) (Entered: 07/02/2020) |

| 07/21/2020 | 1076 | ORDER: The Court will rule telephonically on the unsealing of materials relevant to docket entries 143, 164, 172, 199, and 230, with respect to Does 1 and 2, on July 23, 2020, at 11:30 a.m. EST. The Court will communicate separately to counsel information for joining the teleconference. Members of the media and the general public may join the teleconference using the following listen-only line: (888) 363-4734, access code: 4645450. SO ORDERED. ( Telephone Conference set for 7/23/2020 at 11:30 AM before Judge Loretta A. Preska.) (Signed by Judge Loretta A. Preska on 7/21/2020) (va) (Entered: 07/21/2020) |
|---|---|---|
| 07/23/2020 | | Minute Entry for proceedings held before Judge Loretta A. Preska: Interim Pretrial Conference held on 7/23/2020. (Court Reporter Karen Gorlaski) (mph) (Entered: 07/24/2020) |
| 07/28/2020 | 1077 | ORDER: The parties are directed to prepare for unsealing in accordance with the Court's order of July 23, 2020, (ECF Minute Entry, dated July 23, 2020), the documents listed in Exhibit A to Plaintiff Virginia Giuffre's Opposition to Defendant Ghislaine Maxwell's Objections to Unsealing Docket Entries 143, 164, 172, 199, & 230, (dkt. no. 1068-1). Counsel shall file those documents on the public docket, under a heading of "Documents Ordered Unsealed by Order of July 23, 2020," no later than July 30, 2020. The Court incorporates its rulings specific to each document-which are set forth in the transcript of the July 23 proceedings --herein. SO ORDERED. (Signed by Judge Loretta A. Preska on 7/28/2020) (va) (Entered: 07/28/2020) |
| 07/29/2020 | 1078 | LETTER addressed to Judge Loretta A. Preska from Ty Gee dated July 29, 2020 re: Reconsideration of the Courts July 23 Ruling. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E). (Gee, Ty) (Entered: 07/29/2020) |
| 07/29/2020 | 1079 | MEMORANDUM & ORDER re: 1078 Letter, filed by Ghislaine Maxwell. The Court has reviewed Defendant Ghislaine Maxwell's letter requesting reconsideration of the Court's July 23, 2020, decision to unseal (1) the transcripts of Ms. Maxwell's and Doe 1's depositions, and (2) court submissions excerpting from, quoting from, or summarizing the contents of the transcripts. (See dkt. no. 1078.) Ms. Maxwell's eleventh-hour request for reconsideration is denied.(As further set forth herein this Order.) (Signed by Judge Loretta A. Preska on 7/29/2020) (va) (Entered: 07/29/2020) |
| 07/29/2020 | 1080 | LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated July 29, 2020 re: July 28, 2020 Order (ECF No. 1077). Document filed by Virginia L. Giuffre.. (McCawley, Sigrid) (Entered: 07/29/2020) |
| 07/29/2020 | 1081 | NOTICE OF APPEAL from 1079 Order,,. Document filed by Ghislaine Maxwell. Filing fee $ 505.00, receipt number ANYSDC-20912019. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Menninger, Laura) (Entered: 07/29/2020) |
| 07/30/2020 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 1081 Notice of Appeal. (tp) (Entered: 07/30/2020) |
| 07/30/2020 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 1081 Notice of Appeal filed by Ghislaine Maxwell were transmitted to the U.S. Court of Appeals. (tp) (Entered: 07/30/2020) |
| 07/30/2020 | 1082 | LETTER MOTION to Seal addressed to Judge Loretta A. Preska from Laura A. Menninger dated July 30, 2020. Document filed by Ghislaine Maxwell..(Menninger, Laura) (Entered: 07/30/2020) |
| 07/30/2020 | 1083 | LETTER addressed to Judge Loretta A. Preska from Laura A. Menninger dated July 30, 2020 re: July 23 and July 29, 2020 Orders. Document filed by Ghislaine Maxwell.. |

| | | (Menninger, Laura) (Entered: 07/30/2020) |
|---|---|---|
| 07/30/2020 | 1084 | LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated July 30, 2020 re: Defendant's July 30, 2020 Letter. Document filed by Virginia L. Giuffre.. (McCawley, Sigrid) (Entered: 07/30/2020) |
| 07/30/2020 | 1085 | LETTER MOTION to Seal addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated July 30, 2020. Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 07/30/2020) |
| 07/30/2020 | 1086 | LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated July 30, 2020 re: Follow Up to Defendant's July 30, 2020 Letter. Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 07/30/2020) |
| 07/30/2020 | 1087 | ORDER denying 1082 Letter Motion to Seal; granting 1085 Letter Motion to Seal. Ms. Maxwell's request to submit her own proposed redactions to the Court under seal for in camera review is denied. The Court adheres to its planned order, see supra at 1, and approves as appropriate Ms. Giuffre's proposed redactions to the sealed materials. The Court does so, however, subject to several caveats. Counsel shall accordingly proceed with unsealing the relevant materials by the method prescribed in the Court's July 28 Order (dkt. no. 1077) and modified by this order and by the Court's July 29 Order (dkt. no. 1079). (As further set forth herein.)(Signed by Judge Loretta A. Preska on 7/30/2020) (kgo) (Entered: 07/30/2020) |
| 07/30/2020 | 1088 | LETTER addressed to Judge Loretta A. Preska from Laura A. Menninger dated July 30, 2020 re: Emergency Phone Conference with the Court. Document filed by Ghislaine Maxwell..(Menninger, Laura) (Entered: 07/30/2020) |
| 07/30/2020 | 1089 | ORDER: The Court has conferred with counsel regarding Defendant Ghislaine Maxwell's request for an emergency conference. (Dkt. no. 1088.) At this juncture, the Court has determined that an emergency conference is not necessary. Counsel shall proceed with unsealing as previously ordered. (Signed by Judge Loretta A. Preska on 7/30/2020) (cf) (Entered: 07/30/2020) |
| 07/30/2020 | 1090 | ***STRICKEN DOCUMENT. Deleted document number [1090-38 and 1090-41] from the case record. The document was stricken from this case pursuant to 1091 Order Striking Document from Record, . (yv) NOTICE of Documents Ordered Unsealed by Order of July 23, 2020. Document filed by Virginia L. Giuffre. (Attachments: # 1 DE 144, # 2 DE 150, # 3 DE 153, # 4 DE 164, # 5 DE 165, # 6 DE 165-3, # 7 DE 165-8, # 8 DE 165-10, # 9 DE 165-11, # 10 DE 173, # 11 DE 185, # 12 DE 185-2, # 13 DE 185-11, # 14 DE 185-13, # 15 DE 185-14, # 16 DE 185-15, # 17 DE 185-16, # 18 DE 189, # 19 DE 190, # 20 DE 190-1, # 21 DE 194, # 22 DE 194-3, # 23 DE 204, # 24 DE 212, # 25 DE 229, # 26 DE 229-2, # 27 DE 229-4, # 28 DE 229-10, # 29 DE 229-11, # 30 DE 230, # 31 DE 235, # 32 DE 235-4, # 33 DE 235-5, # 34 DE 235-8, # 35 DE 235-9, # 36 DE 235-10, # 37 DE 235-12, # 38 DE 235-13, # 39 DE 249, # 40 DE 249-4, # 41 DE 249-13, # 42 DE 249-14, # 43 DE 249-15, # 44 DE 260, # 45 DE 260-1-2, # 46 DE 267, # 47 DE 268).(McCawley, Sigrid) Modified on 7/31/2020 (yv). (Entered: 07/30/2020) |
| 07/31/2020 | 1091 | ORDER. For reasons that the Court has discussed with counsel, the Clerk of the Court is directed to strike docket entries 1090-38 and 1090-41 in the above-captioned action. Counsel shall re-file the stricken documents as soon as is practicable. SO ORDERED. (Signed by Judge Loretta A. Preska on 7/31/20) (yv) (Entered: 07/31/2020) |
| 07/31/2020 | 1092 | NOTICE of Documents Ordered Unsealed by Order of July 23, 2020. Document filed by Virginia L. Giuffre. (Attachments: # 1 DE 235-13, # 2 DE 249-13).(McCawley, Sigrid) (Entered: 07/31/2020) |

# A-0113

| 07/31/2020 | 1095 | ORDER of USCA (Certified Copy) as to 1081 Notice of Appeal filed by Ghislaine Maxwell.. USCA Case Number 20-2413. Defendant-Appellant Ghislaine Maxwell moves for a stay pending appeal of the district court's order of July 23, 2020, unsealing deposition materials and the order of July 29, 2020, denying her motion to reconsider the July 23 order. In the alternative, she requests a temporary administrative stay pending full consideration of the motion for a stay pending appeal. She also requests leave to file under seal the unredacted copy of Exhibit 7 to her stay motion. It is hereby ORDERED that the motion for a stay pending appeal is GRANTED. The stay will remain in effect until further order of this Court. The motion for leave to file the exhibit under seal is GRANTED pending review of the matter and without prejudice to reconsideration nostra sponte. It is further ORDERED that the appeal is expedited. Appellant's principal brief must be filed on or before August 20, 2020; Appellee's and Intervenors' briefs must be filed on or before September 9, 2020; and a reply brief, if any, must be filed on or before September 15, 2020. The appeal will be heard on September 22, 2020 at 2:00 pm. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 07/31/2020..(nd) (Entered: 08/03/2020) |
|---|---|---|
| 08/01/2020 | 1093 | ORDER: For reasons that the Court has discussed with counsel, the Clerk of the Court is directed to strike docket entries 143, 728, and 730 in the above-captioned action. Counsel shall re-file the stricken documents as soon as is practicable. (Signed by Judge Loretta A. Preska on 8/1/2020) (kgo) (Entered: 08/01/2020) |
| 08/01/2020 | 1094 | NOTICE of Documents Ordered Refiled. Document filed by Virginia L. Giuffre. (Attachments: # 1 DE 143, # 2 DE 728, # 3 DE 730).(McCawley, Sigrid) (Entered: 08/01/2020) |
| 08/03/2020 | 1096 | ORDER: Pursuant to the Court of Appeals' order (dkt. no. 1095), the unsealing of the transcripts of Doe 1's and Ms. Maxwell's depositions (and all materials quoting those transcripts or disclosing information from those transcripts) is stayed pending further order by the Court of Appeals. Notwithstanding the stay, the parties shall confer and report to the Court by letter no later than August 10, 2020, (1) their suggestions for streamlining the unsealing process, as discussed by the Court at the July 23 hearing, and (2) their proposed next set of docket entries to be reviewed for potential unsealing. SO ORDERED. (Signed by Judge Loretta A. Preska on 8/3/2020) (va) (Entered: 08/03/2020) |
| 08/04/2020 | 1097 | ORDER: Accordingly, by posting this order both in Giuffre v. Maxwell, No. 15 Civ. 7433, and Giuffre v. Dershowitz, No. 19 Civ. 3377, the Court invites the Does to comment on the proposed disclosure. Any Doe who wishes to be heard on the disclosure proposed by counsel in Giuffre v. Dershowitz shall inform the Court of his/her views no later than August 18, 2020. Because those comments may discuss information that is currently under seal in Giuffre v. Maxwell, they will be submitted directly to the Court so that the Court can review them in camera. Comments may be sent to the Court's email address at PreskaNYSDChambers@nysd.uscourts.gov. The Court specifically requests comment from counsel for John Doe who has appeared in Maxwell. The Court will, at the least, inform the parties generally of the nature of any comments received. Relatedly, the parties request that the Court clarify that deposition transcripts and other documents not designated confidential on their face (excerpts of some of which were submitted under seal as part of the (now unsealed) summary judgment record in Maxwell, see infra n. 1) are not subject to the Maxwell Protective Order (dkt. no. 62 in 15 Civ. 7433) and thus may be freely disclosed and produced to Defendant without any restrictions on their use or disclosure. The Court agrees that materials not designated confidential are not covered by the Maxwell Protective Order but disagrees that there is necessarily no restriction on their disclosure. Specifically, certain materials may both (1) lack confidentiality designations made pursuant to the Protective Order and (2) be filed |

**A-0114**

| | | |
|---|---|---|
| | | under seal in the Maxwell litigation. To the extent that the materials mention non-parties to the Maxwell action and remain under seal, such materials should not be disclosed before the non-parties mentioned are given notice and an opportunity to comment on the disclosure. (See supra at 2.) However, where such materials have already been unsealed--either by this Court or by the Court of Appeals--they may be freely disclosed. SO ORDERED. (Signed by Judge Loretta A. Preska on 8/4/2020) (va) (Entered: 08/04/2020) |
| 08/07/2020 | 1098 | LETTER addressed to Judge Loretta A. Preska from Christine N. Walz dated August 7, 2020 re: in response to the Court's order dated August 4, 2020 (Dkt No. 1097). Document filed by Julie Brown, Miami Herald Media Company..(Walz, Christine) (Entered: 08/07/2020) |
| 08/10/2020 | 1099 | LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated August 10, 2020 re: Proposed Revisions to Unsealing Protocol. Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 08/10/2020) |
| 08/10/2020 | 1100 | LETTER addressed to Judge Loretta A. Preska from Laura A. Menninger dated August 10, 2020 re: August 3, 2020 Order (Doc. 1096). Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A).(Menninger, Laura) (Entered: 08/10/2020) |
| 08/11/2020 | 1101 | LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated August 11, 2020 re: Response to Maxwell Request for Stay of Unsealing Process. Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 08/11/2020) |
| 08/12/2020 | 1102 | LETTER addressed to Judge Loretta A. Preska from Christine N. Walz dated August 12, 2020 re: response to Ghislaine Maxwells letter dated August 10, 2020 (Dkt. 1100). Document filed by Julie Brown, Miami Herald Media Company..(Walz, Christine) (Entered: 08/12/2020) |
| 08/12/2020 | 1103 | ORDER: The Court has reviewed the parties' letters dated August 10 and August 11, 2020. (See dkt. nos. 1099-1101.) The Court writes specifically to address Defendant Ghislaine Maxwell's request for a three-week stay of the unsealing process due to the availability of "critical new information" related both to this action and to the pending criminal case against her, U.S. v. Maxwell, No. 20 Cr. 330 (AJN). (See dkt. no. 1100 at 1-2.) Ms. Maxwell's request is denied. Given that Ms. Maxwell is not at liberty to disclose this new information because it is subject to the protective order in the criminal action, (id. at 1), the Court has no reasonable basis to impose a stay. And, as Ms. Maxwell knows, her ipse dixit does not provide compelling grounds for relief. Should the protective order in the criminal action be modified to permit disclosure of the relevant information to the Court, Ms. Maxwell may renew her request for a stay of the unsealing process. SO ORDERED. (Signed by Judge Loretta A. Preska on 8/12/2020) (va) (Entered: 08/12/2020) |
| 08/14/2020 | 1104 | ORDER: Certain Does have contacted the Court to request additional time to comment on the disclosure of sealed materials from Giuffre v. Maxwell, No. 15 Civ. 7433, to Alan Dershowitz, Defendant in Giuffre v. Dershowitz, No. 19 Civ. 3377, as discussed in the Court's Order dated August 4, 2020 [dkt. no. 154]. Accordingly, the Does shall submit comments about the proposed disclosure to the Court's email address at PreskaNYSDChambers@nysd.uscourts.gov by no later than August 25, 2020. No further extensions will be granted. SO ORDERED. (Signed by Judge Loretta A. Preska on 8/14/2020) (va) (Entered: 08/14/2020) |
| 08/19/2020 | 1105 | LETTER addressed to Judge Loretta A. Preska from Nicholas J. Lewin and Paul M. Krieger dated August 19, 2020 re: Joint Letter Filed by Alan Dershowitz and Virginia Giuffre, DE 153 (19 Civ. 3377 (LAP)). Document filed by John Doe..(Lewin, Nicholas) (Entered: 08/19/2020) |

# A-0115

| | | |
|---|---|---|
| 08/24/2020 | 1106 | LETTER addressed to Judge Loretta A. Preska from Imran H. Ansari and Howard M. Cooper dated August 24, 2020 re: Alan Dershowitz's Response to Letter Filed by John Doe Dated August 19, 2020. Document filed by Alan M. Dershowitz. (Attachments: # 1 Exhibit).(Ansari, Imran) (Entered: 08/24/2020) |
| 08/26/2020 | 1107 | ORDER: The Court has considered the parties' submissions concerning (1) the next steps in the Court's individualized review of the sealed materials and (2) suggestions for updating the Order and Protocol for Unsealing Decided Motions (the "Protocol," dkt. no. 1044)1 to streamline the unsealing process, (dkt. nos. 1099, 1100). The Court rules as follows: (As further set forth herein this Order.) (Signed by Judge Loretta A. Preska on 8/26/2020) (va) (Entered: 08/26/2020) |
| 08/27/2020 | 1108 | ORDER AND PROTOCOL FOR UNSEALING DECIDED MOTIONS: (Updated August 27, 2020) The Court previously ruled that "only motions actually decided by Judge Sweet- along with documents relevant to Judge Sweet's decisions on those motions-are properly considered judicial documents to which a presumption of public access attaches." Order, dated Dec. 16, 2019 (DE 1016). Such materials are referred to herein as the "Sealed Materials" or "Sealed Items." The Sealed Materials will be enumerated in a List of Decided Motions designated by the Court. In accordance with Brown v. Maxwell, 929 F.3d 41, 49-51 (2d Cir. 2019), the Court will conduct an individualized review of each Sealed Item in the List of Decided Motions to determine (a) the weight of presumption of public access that should be afforded to the document, (b) the identification and weight of any countervailing interests supporting continued sealing/redaction, and (c) whether the countervailing interests rebut the presumption of public access. To assist in this process and afford persons identified or otherwise interested in the Sealed Materials the opportunity to participate in the Court's individualized review, the Court adopts the following protocol. (As further set forth herein this Order.) (Signed by Judge Loretta A. Preska on 8/27/2020) (va) (Entered: 08/27/2020) |
| 08/31/2020 | 1109 | ORDER: In an order dated August 4, 2020 (dkt. no. 1097 in 15 Civ. 7433), the Court invited any nonparties named in the sealed materials at issue in Giuffre v. Maxwell, No. 15 Civ. 7433, to submit to the Court for in camera review their comments on Defendant Alan Dershowitz's request in Giuffre v. Dershowitz, No. 19 Civ. 3377, that Plaintiff Virginia Giuffre produce to him confidential discovery materials and sealed filings from the Maxwell litigation. In that order, the Court noted that it would "at the least, inform the parties generally of the nature of any comments received." (Id. at 2.) The Court writes to provide that update. (As further set forth herein this Order.) (Signed by Judge Loretta A. Preska on 8/31/2020) (va) (Entered: 08/31/2020) |
| 09/01/2020 | 1110 | MOTION to Intervene *and for Access to Documents*. Document filed by United States Virgin Islands..(Narwold, William) (Entered: 09/01/2020) |
| 09/01/2020 | 1111 | MEMORANDUM OF LAW in Support re: 1110 MOTION to Intervene *and for Access to Documents*. . Document filed by United States Virgin Islands. (Attachments: # 1 Exhibit A- CICO Action FAC).(Narwold, William) (Entered: 09/01/2020) |
| 09/02/2020 | 1112 | ORDER: The Court is in receipt of the motion to intervene in the above-captioned action and for confidential access to judicial records and discovery documents which was filed by the Government of the United States Virgin Islands (the "USVI"). (See dkt. no. 1110.) The parties may, but are not required to, comment on the USVI's motion no later than September 16, 2020. The USVI may reply to any comment by the parties no later than September 23, 2020. SO ORDERED. (Signed by Judge Loretta A. Preska on 9/2/2020) (ks) (Entered: 09/02/2020) |

# A-0116

| 09/09/2020 | 1113 | ORDER re: (153 in 1:19-cv-03377-LAP) Letter filed by Alan Dershowitz. Mr. Dershowitz's request to modify the Maxwell protective order (dkt. no. 153) is granted in part and denied in part. Ms. Giuffre shall produce to Mr. Dershowitz all sealed materials and discovery that mentions Mr. Dershowitz, excluding material produced by or material (or portions of material) discussing a specific nonparty Doe whose privacy interests are the subject of a separate sealed order to be provided to Ms. Giuffre. SO ORDERED. (Signed by Judge Loretta A. Preska on 9/9/2020) (va) (Entered: 09/09/2020) |
|---|---|---|
| 09/11/2020 | 1114 | SEALED DOCUMENT placed in vault..(dn) (Entered: 09/11/2020) |
| 09/11/2020 | 1115 | DECLARATION of Sigrid S. McCawley re: 1107 Order, . Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 09/11/2020) |
| 09/11/2020 | 1116 | DECLARATION of Laura A. Menninger re: 1107 Order, . Document filed by Ghislaine Maxwell..(Menninger, Laura) (Entered: 09/11/2020) |
| 09/16/2020 | 1117 | LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated September 16, 2020 re: Plaintiff's Response to the Court's September 2, 2020 Order Inviting Parties to Comment on U.S. Virgin Islands' Motion to Intervene. Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 09/16/2020) |
| 09/16/2020 | 1118 | RESPONSE in Opposition to Motion re: 1110 MOTION to Intervene *and for Access to Documents*. . Document filed by Ghislaine Maxwell..(Menninger, Laura) (Entered: 09/16/2020) |
| 09/22/2020 | 1119 | LETTER addressed to Judge Loretta A. Preska from Nicholas J. Lewin and Paul M. Krieger dated September 22, 2020 re: U.S. Virgin Islands' Motion to Intervene and for Access to Confidential Documents (DE 1110). Document filed by John Doe..(Lewin, Nicholas) (Entered: 09/22/2020) |
| 09/22/2020 | 1120 | ORDER with respect to 1110 Motion to Intervene. The Court is in receipt of non-party John Doe's letter dated September 22, 2020, opposing the Government of the United States Virgin Islands' (the "USVI") Motion to Intervene and for Confidential Access to Judicial Records and Discovery Documents. (See dkt. no. 1119.) The USVI was originally ordered to reply to a separate opposition filed by Defendant Ghislaine Maxwell no later than September 23, 2020. (Dkt. no. 1112.) In order to provide the USVI with adequate time also to address the points raised in John Doe's filing in that reply memorandum, the deadline for the USVI to file reply papers is extended to September 25, 2020. SO ORDERED. (Signed by Judge Loretta A. Preska on 9/22/2020) (va) (Entered: 09/22/2020) |
| 09/22/2020 | | Set/Reset Deadlines: Responses due by 9/25/2020. (va) (Entered: 09/22/2020) |
| 09/24/2020 | 1121 | NOTICE OF APPEARANCE by Michael J. Quirk on behalf of United States Virgin Islands..(Quirk, Michael) (Entered: 09/24/2020) |
| 09/24/2020 | 1122 | REPLY MEMORANDUM OF LAW in Support re: 1110 MOTION to Intervene *and for Access to Documents*. . Document filed by United States Virgin Islands..(Quirk, Michael) (Entered: 09/24/2020) |
| 09/30/2020 | 1123 | LETTER addressed to Judge Loretta A. Preska from Laura A. Menninger dated September 30, 2020 re: Doe 1 & 2 Request for Excerpts and Updated Protocol (Doc. # 1108). Document filed by Ghislaine Maxwell..(Menninger, Laura) (Entered: 09/30/2020) |
| 10/01/2020 | 1124 | LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated October 1, 2020 re: Doe 1 & 2 objection to unsealing. Document filed by Virginia L. Giuffre.. |

| | | (McCawley, Sigrid) (Entered: 10/01/2020) |
|---|---|---|
| 10/02/2020 | 1125 | ORDER: Accordingly, the September 25 Email submitted by Does 1 and 2 shall not be construed as a formal objection to unsealing under Paragraph 2(d) of the Protocol. Pursuant to Paragraph 2(d), Does 1 and 2 shall have 14 days after service of the requested excerpts to file a formal objection to unsealing. The original parties to this action may file their own objection to unsealing no later than (1) 7 days after service of any formal objection by Does 1 and 2, as provided by Paragraph 2(e) of the Protocol or (2) 7 days after the time period for Does 1 and 2 to object has expired, as provided by Paragraph 2(f) of the Protocol. The Court will provide a copy of this order to Does 1 and 2 by email. SO ORDERED. (Signed by Judge Loretta A. Preska on 10/2/2020) (jca) (Entered: 10/02/2020) |
| 10/19/2020 | 1126 | MANDATE of USCA (Certified Copy) as to 1081 Notice of Appeal filed by Ghislaine Maxwell. USCA Case Number 20-2413. UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court be and hereby is AFFIRMED.. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 10/19/2020..(nd) (Entered: 10/19/2020) |
| 10/19/2020 | | Transmission of USCA Mandate to the District Judge re: 1126 USCA Mandate,..(nd) (Entered: 10/19/2020) |
| 10/20/2020 | 1127 | ORDER: In light of the Court of Appeals' mandate affirming this Court's July 23, 2020 order (dkt. no. 1126), the parties shall, as soon as is practicable, prepare for unsealing (1) the transcripts of Ms. Maxwell's and Doe 1's depositions and (2) all materials quoting those transcripts or disclosing information from those transcripts. The documents shall be unsealed in the manner prescribed by the Court's July 28, 2020 order (dkt. no. 1077), and shall include minimal redactions for personally identifiable information, the names of nonparties as well as the families of nonparties' that could be used to identify the nonparties, and descriptions of nonparty conduct that would allow readers to discern the identity of a given nonparty, (dkt. no. 1087 at 2-4). See also Brown v. Maxwell, 929 F.3d 41, 48 n.22. In order to hasten the unsealing process and to avoid any last-minute disputes, the Court advises the parties that the necessary redactions are intended to be as limited in scope as is workable. SO ORDERED. (Signed by Judge Loretta A. Preska on 10/20/2020) (va) (Entered: 10/20/2020) |
| 10/20/2020 | 1128 | LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated October 20, 2020 re: Filing of Documents. Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 10/20/2020) |
| 10/20/2020 | 1129 | LETTER addressed to Judge Loretta A. Preska from Laura A. Menninger dated October 20, 2020 re: Response to Plaintiff's Letter (Doc. # 1128). Document filed by Ghislaine Maxwell..(Menninger, Laura) (Entered: 10/20/2020) |
| 10/20/2020 | 1130 | MEMO ENDORSEMENT on re: 1128 Letter filed by Virginia L. Giuffre. ENDORSEMENT: Counsel may proceed with filing the relevant documents to the public docket, subject to the previously-ordered redactions. SO ORDERED. (Signed by Judge Loretta A. Preska on 10/20/2020) (va) (Entered: 10/20/2020) |
| 10/20/2020 | 1131 | ORDER: The Court received notice of the filing of Ms. Maxwell's letter of today (dkt. no. 1129) after its order directing Ms. Giuffre to post the relevant materials (dkt. no. 1130) had been docketed. In light of Ms. Maxwell's letter, counsel shall confer, and the material previously ordered unsealed shall be posted on the docket no later than 9:00 a.m. on Thursday, October 22, 2020.SO ORDERED. (Signed by Judge Loretta A. Preska on 10/20/2020) (ama) (Entered: 10/20/2020) |
| 10/21/2020 | 1132 | SEALED DOCUMENT placed in vault..(jus) (Entered: 10/21/2020) |

# A-0118

| | | |
|---|---|---|
| 10/21/2020 | 1133 | ORDER: In light of the Court's order dated October 2, 2020, declining to construe an email to the Court from Does 1 and 2 as a formal objection to unsealing and giving Does 1 and 2 14 days after service of requested excerpts to file a formal objection to unsealing (dkt. no. 1125), the transcript of Doe 1's deposition and materials quoting that transcript or disclosing information from that transcript shall not be unsealed tomorrow. The Court received word from the parties that Does 1 and 2 would be served with the relevant excerpts today, after which Does 1 and 2 will have 14 days to lodge a formal objection to unsealing. Should Does 1 and 2 fail to file an objection to unsealing in that timeframe, the transcript of Doe 1's deposition and related materials shall be unsealed as soon as practicable after the 14day clock has run. Notwithstanding the above, the transcript of Ms. Maxwell's April 2016 deposition and materials quoting that transcript or disclosing information from that transcript shall be posted on the public docket no later than tomorrow, October 22, at 9:00 a.m. SO ORDERED. (Signed by Judge Loretta A. Preska on 10/21/2020) (va) (Entered: 10/21/2020) |
| 10/21/2020 | 1134 | LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated October 21, 2020 re: Filing of Documents. Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 10/21/2020) |
| 10/21/2020 | 1135 | LETTER addressed to Judge Loretta A. Preska from Laura A. Menninger dated October 21, 2020 re: Proposed Redactions to Sealed Materials Related to Non-Parties. Document filed by Ghislaine Maxwell..(Menninger, Laura) (Entered: 10/21/2020) |
| 10/22/2020 | 1136 | ORDER: The Court has reviewed the parties' proposed redactions that were provided to the Court for in camera review on the evening of October 21, 2020. The Court has approved Ms. Giuffre's proposed redactions and has ordered limited additional redactions, identified by the Court in its review of both parties' proposed redactions, relating to (1) personally identifiable information and (2) the identities of certain nonparties mentioned in the materials. The Court provided details of those additional redactions to the parties by email. As the Court has discussed in prior orders, the relevant materials shall be posted on the docket no later than 9:00 a.m. on October 22, 2020. (Signed by Judge Loretta A. Preska on 10/21/2020) (cf) (Entered: 10/22/2020) |
| 10/22/2020 | 1137 | NOTICE of Documents Ordered Unsealed by Order of July 23, 2020. Document filed by Virginia L. Giuffre. (Attachments: # 1 DE 143, # 2 DE 144-1, # 3 DE 144-2, # 4 DE 144-4, # 5 DE 144-5, # 6 DE 144-6, # 7 DE 144-7, # 8 DE 149, # 9 DE 150-1, # 10 DE 152, # 11 DE 153-1, # 12 DE 172, # 13 DE 173-6, # 14 DE 184, # 15 DE 185-3, # 16 DE 203, # 17 DE 211, # 18 DE 224, # 19 DE 228).(McCawley, Sigrid) (Entered: 10/22/2020) |
| 10/22/2020 | 1138 | LETTER addressed to Judge Loretta A. Preska from Imran Ansari, Esq. dated 10/22/2020 re: Request to have the name Alan Dershowitz unredacted in the unsealed materials filed on October 22, 2020, by Virginia Giuffre, under Dkt. No. 1137.. Document filed by Alan M. Dershowitz..(Ansari, Imran) (Entered: 10/22/2020) |
| 11/06/2020 | 1139 | SEALED DOCUMENT placed in vault..(jus) (Entered: 11/06/2020) |
| 11/06/2020 | 1140 | SEALED DOCUMENT placed in vault..(jus) (Entered: 11/06/2020) |
| 11/06/2020 | 1141 | SEALED DOCUMENT placed in vault..(jus) (Entered: 11/06/2020) |
| 11/06/2020 | 1142 | SEALED DOCUMENT placed in vault..(jus) (Entered: 11/06/2020) |
| 11/10/2020 | 1143 | LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated November 10, 2020 re: Unsealing Protocol. Document filed by Virginia L. Giuffre.. (McCawley, Sigrid) (Entered: 11/10/2020) |

# A-0119

| | | |
|---|---|---|
| 11/11/2020 | 1144 | ORDER: The Court is in receipt of Plaintiff's letter dated November 10, 2020. (Dkt. no. 1143.). As to the deadlines for the next set of motions, pursuant to the Court's October 2, 2020 Order (dkt. no. 1125) and the Protocol (dkt. no. 1108), the original parties to this action may file their own objections to the unsealing of the materials served on Doe 1 no later than November 12, 2020, as provided by Paragraph 2(f) of the Protocol. Any opposition to such an objection shall be filed no later than November 19, 2020. SO ORDERED. (Signed by Judge Loretta A. Preska on 11/11/2020) (va) (Entered: 11/12/2020) |
| 11/12/2020 | 1145 | SEALED DOCUMENT placed in vault..(jus) (Entered: 11/12/2020) |
| 11/12/2020 | 1146 | SEALED DOCUMENT placed in vault..(jus) (Entered: 11/12/2020) |
| 11/12/2020 | 1147 | SEALED DOCUMENT placed in vault..(jus) (Entered: 11/12/2020) |
| 11/12/2020 | 1148 | LETTER MOTION to Seal addressed to Judge Loretta A. Preska from Laura A. Menninger dated November 12, 2020. Document filed by Ghislaine Maxwell.. (Menninger, Laura) (Entered: 11/12/2020) |
| 11/12/2020 | 1149 | MEMORANDUM OF LAW in Support *of Objections to Unsealing Sealed Materials Related to Docket Entries 231, 279, 315, 320, & 335*. Document filed by Ghislaine Maxwell..(Menninger, Laura) (Entered: 11/12/2020) |
| 11/12/2020 | 1150 | DECLARATION of Laura A. Menninger in Support re: 1149 Memorandum of Law in Support. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D).(Menninger, Laura) (Entered: 11/12/2020) |
| 11/13/2020 | 1151 | SEALED DOCUMENT placed in vault..(jus) (Entered: 11/13/2020) |
| 11/13/2020 | 1152 | ORDER granting 1148 Letter Motion to Seal. Ms. Maxwell's request to file (i) a redacted version of her Memorandum of Law in Support of Objections to Unsealing and (ii) Exhibit D thereto under seal is GRANTED. SO ORDERED. (Signed by Judge Loretta A. Preska on 11/13/2020) (va) (Entered: 11/13/2020) |
| 11/16/2020 | 1153 | LETTER addressed to Judge Loretta A. Preska from Sigrid McCawley dated November 16, 2020 re: October 21, 2020 order (ECF No. 1133). Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 11/16/2020) |
| 11/18/2020 | 1154 | LETTER addressed to Judge Loretta A. Preska from Laura A. Menninger dated November 18, 2020 re: Response to Plaintiffs Letters of November 10 (DE 1143) and November 16 (DE 1153). Document filed by Ghislaine Maxwell..(Menninger, Laura) (Entered: 11/18/2020) |
| 11/19/2020 | 1155 | RESPONSE re: 1149 Memorandum of Law in Support, 1154 Letter . Document filed by Julie Brown, Miami Herald Media Company..(Walz, Christine) (Entered: 11/19/2020) |
| 11/19/2020 | 1156 | OPPOSITION BRIEF re: 1149 Memorandum of Law in Support *of Objections to Unsealing Sealed Materials Related to Docket Entries 231, 279, 315, 320, & 335*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit A).(McCawley, Sigrid) (Entered: 11/19/2020) |
| 11/20/2020 | 1157 | ORDER: Having received no Objection from Does 1 or 2, the transcript of Doe 1's deposition and materials quoting or disclosing information from that transcript [dkt. nos. 204-3 and 212-3] shall be posted on the public docket no later than Monday, November 23rd, at 9:00 a.m. SO ORDERED. (Signed by Judge Loretta A. Preska on 11/20/2020) (va) (Entered: 11/20/2020) |
| 11/20/2020 | 1158 | NOTICE of Documents Ordered Unsealed by Order of November 20, 2020. Document filed by Virginia L. Giuffre. (Attachments: # 1 DE 204-3, # 2 DE 212-3).(McCawley, |

| | | Sigrid) (Entered: 11/20/2020) |
|---|---|---|
| 11/24/2020 | 1159 | LETTER MOTION for Extension of Time to File Response/Reply as to 1149 Memorandum of Law in Support addressed to Judge Loretta A. Preska from Laura A. Menninger dated November 24, 2020. Document filed by Ghislaine Maxwell.. (Menninger, Laura) (Entered: 11/24/2020) |
| 11/24/2020 | 1160 | ORDER granting 1159 Letter Motion for Extension of Time to File Response/Reply. The requested extension is approved. SO ORDERED. (Signed by Judge Loretta A. Preska on 11/24/2020) (va) (Entered: 11/24/2020) |
| 11/25/2020 | 1161 | MEMORANDUM & ORDER granting in part and denying in part 1110 Motion to Intervene. In light of the foregoing, the USVI's motion to intervene in this case (dkt. no. 1110) is GRANTED and its motion for confidential access to sealed materials (dkt. no. 1110) is GRANTED IN PART and DENIED IN PART. No later than December 10, 2020, Plaintiff Virginia Giuffre shall provide to the USVI, under seal: 1. A copy of the transcript of Jeffrey Epstein's deposition, as well as the exhibits attached thereto. 2. A list of all individuals who have previously been deposed in this case. The USVI may use these materials solely in connection with the USVI's pending Virgin Islands Criminally Influenced and Corrupt Organizations Act enforcement action against the Estate of Jeffrey E. Epstein and several Epstein-controlled entities, as described in the USVI's CICO Complaint. (See CICO Complaint, dated Feb. 11, 2020 [dkt. no. 1111-1].) Counsel for the USVI shall be subject to sanctions for any unauthorized public disclosure of the identities of Epstein's victims. Separately, the Court shall provide to the USVI a copy of a prior order, docketed under seal, explaining why the Court-ordered disclosure to Mr. Dershowitz of materials mentioning him (See Order, dated Sept. 9, 2020 [dkt. no. 1113]) would exclude material produced by or material (or portions of material) discussing a certain nonparty Doe with particularly weighty privacy interests (id. at 4 n.5). SO ORDERED. (Signed by Judge Loretta A. Preska on 11/25/2020) (va) (Entered: 11/25/2020) |
| 11/30/2020 | 1162 | SEALED DOCUMENT placed in vault..(jus) (Entered: 11/30/2020) |
| 11/30/2020 | 1163 | SEALED DOCUMENT placed in vault..(jus) (Entered: 11/30/2020) |
| 12/01/2020 | 1164 | SEALED DOCUMENT placed in vault..(jus) (Entered: 12/01/2020) |
| 12/01/2020 | 1165 | LETTER MOTION to Seal and Request for Additional Page of Briefing addressed to Judge Loretta A. Preska from Laura A. Menninger dated December 1, 2020. Document filed by Ghislaine Maxwell..(Menninger, Laura) (Entered: 12/01/2020) |
| 12/01/2020 | 1166 | REPLY MEMORANDUM OF LAW in Support re: 1149 Memorandum of Law in Support of Objections to Unsealing Sealed Materials Related to Docket Entries 231, 279, 315, 320, & 335. Document filed by Ghislaine Maxwell..(Menninger, Laura) (Entered: 12/01/2020) |
| 12/01/2020 | 1167 | DECLARATION of Laura A. Menninger in Support re: 1166 Reply Memorandum of Law in Support, 1149 Memorandum of Law in Support. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit E, # 2 Exhibit F).(Menninger, Laura) (Entered: 12/01/2020) |
| 12/02/2020 | 1168 | ORDER granting 1165 Letter Motion to Seal. Counsel's requests to seal and to extend the page limit are GRANTED. SO ORDERED. (Signed by Judge Loretta A. Preska on 12/2/2020) (va) (Entered: 12/02/2020) |
| 12/02/2020 | 1169 | LETTER addressed to Judge Loretta A. Preska from Sigrid McCawley dated December 2, 2020 re: Maxwell's Reply Brief (ECF No. 1166). Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 12/02/2020) |

| | | |
|---|---|---|
| 12/04/2020 | 1170 | SEALED DOCUMENT placed in vault..(jus) (Entered: 12/04/2020) |
| 12/04/2020 | 1171 | SEALED DOCUMENT placed in vault..(jus) (Entered: 12/04/2020) |
| 12/08/2020 | 1172 | SEALED DOCUMENT placed in vault..(jus) (Entered: 12/08/2020) |
| 12/08/2020 | 1173 | SEALED DOCUMENT placed in vault..(jus) (Entered: 12/08/2020) |
| 12/08/2020 | 1174 | SEALED DOCUMENT placed in vault..(jus) (Entered: 12/08/2020) |
| 12/08/2020 | 1175 | SEALED DOCUMENT placed in vault..(jus) (Entered: 12/08/2020) |
| 12/08/2020 | 1176 | SEALED DOCUMENT placed in vault..(jus) (Entered: 12/08/2020) |
| 12/08/2020 | 1177 | SEALED DOCUMENT placed in vault..(jus) (Entered: 12/08/2020) |
| 12/10/2020 | 1178 | SEALED DOCUMENT placed in vault..(nmo) (Entered: 12/10/2020) |
| 12/14/2020 | 1179 | ORDER: The parties shall confer and report to the Court by letter, no later than January 8, 2021, their proposed next set of docket entries to be reviewed for potential unsealing. SO ORDERED. (Signed by Judge Loretta A. Preska on 12/14/2020) (va) (Entered: 12/14/2020) |
| 12/18/2020 | 1180 | SEALED DOCUMENT placed in vault..(nmo) (Entered: 12/18/2020) |
| 12/21/2020 | 1181 | SEALED DOCUMENT placed in vault..(jus) (Entered: 12/22/2020) |
| 12/23/2020 | 1182 | LETTER addressed to Judge Loretta A. Preska from Nicholas J. Lewin and Paul M. Krieger dated December 23, 2020 re: Protective Order in Giuffre v. Dershowitz, 19 Civ. 3377 (LAP) (ECF# 227). Document filed by John Doe..(Lewin, Nicholas) (Entered: 12/23/2020) |
| 12/23/2020 | 1183 | LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Loretta A. Preska from Kristine C. Oren dated 12/23/2020. Document filed by Alan M. Dershowitz..(Ansari, Imran) (Entered: 12/23/2020) |
| 12/24/2020 | 1184 | ORDER granting 1183 Letter Motion for Extension of Time to File Response/Reply. Professor Dershowitz and Ms. Giuffre may respond no later than January 5, 2021. SO ORDERED. (Signed by Judge Loretta A. Preska on 12/24/2020) (mml) (Entered: 12/28/2020) |
| 01/05/2021 | 1185 | LETTER addressed to Judge Loretta A. Preska from Howard M. Cooper dated January 5, 2021 re: Protective Order. Document filed by Alan M. Dershowitz..(Ansari, Imran) (Entered: 01/05/2021) |
| 01/06/2021 | 1186 | SEALED DOCUMENT placed in vault..(nmo) (Entered: 01/06/2021) |
| 01/06/2021 | 1187 | ORDER: The Court does not read the protective order, as presently entered, to give the parties unrestricted authority to disclose publicly the confidential materials from Maxwell--not least of all because the parties only may agree to downgrade confidentiality designations for materials that the "designating party has subsequently produced in this action," i.e., only materials that Ms. Giuffre alone designated as confidential in Maxwell. To avoid any doubt, however, the parties shall append to the end of the definition of "Confidential Information" in the protective order the underlined language at the end of the following excerpt, which makes clear that the parties cannot agree to unseal the identities of non-party Does where that information is still sealed in Maxwell: (As further set forth herein this Order.) The parties shall file a revised protective order with this language appended to the definition of "Confidential Information." SO ORDERED. (Signed by Judge Loretta A. Preska on 1/6/2021) (va) (Entered: 01/06/2021) |

# A-0122

| 01/08/2021 | 1188 | JOINT LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley and Laura Menninger dated January 8, 2021 re: next set of docket entries for potential unsealing (see ECF No. 1179). Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 01/08/2021) |
|---|---|---|
| 01/11/2021 | 1189 | ORDER: Having considered the parties' proposals regarding the next set of docket entries to be reviewed for unsealing (dkt. no. 1188), the Court will continue its current course of considering for unsealing the decided motions for Does 1 and 2. The Court next will consider for unsealing docket entries 345, 356, 362, 370, 422, 468, and 640, as well as documents relevant to those motions. Additionally, the Court will rule telephonically on the unsealing of materials relevant to docket entries 231, 279, 315, 320 and 335, with respect to Does 1 and 2, on January 19, 2021, at 10:00 a.m. EST. The Court will communicate separately to counsel information for joining the teleconference. Members of the media and the general public may join the teleconference using the following listen-only line: (888) 363-4734, access code: 4645450. SO ORDERED. (Telephone Conference set for 1/19/2021 at 10:00 AM before Judge Loretta A. Preska.) (Signed by Judge Loretta A. Preska on 1/11/2021) (jca) (Entered: 01/11/2021) |
| 01/12/2021 | 1190 | SEALED DOCUMENT placed in vault..(jus) (Entered: 01/12/2021) |
| 01/19/2021 | | Minute Entry for proceedings held before Judge Loretta A. Preska: Telephone Conference held on 1/19/2021. (Court Reporter Steven Greenblum) (mph) (Entered: 01/19/2021) |
| 01/25/2021 | 1191 | LETTER addressed to Judge Loretta A. Preska from Laura A. Menninger dated January 25, 2021 re: Limited Motion to Reconsider Proposed Redactions of Ms. Maxwells July 2016 Deposition Transcript. Document filed by Ghislaine Maxwell..(Menninger, Laura) (Entered: 01/25/2021) |
| 01/25/2021 | 1192 | LETTER addressed to Judge Loretta A. Preska from Nicholas J. Lewin and Paul M. Krieger dated January 25, 2021 re: Letter submitted in Giuffre v. Dershowitz, 19 Civ. 3377 (LAP), ECF# 237. Document filed by John Doe..(Lewin, Nicholas) (Entered: 01/25/2021) |
| 01/26/2021 | 1193 | ORDER: As to (i), Ms. Giuffre shall file any response to Ms. Maxwell's letter no later than 5:00 p.m. on January 27, 2021. Ms. Maxwell may file any reply no later than January 29, 2021 at noon. In the interim, the parties shall proceed with the public docketing of the materials ordered unsealed by the Court in its January 19, 2021 ruling, except pages 112:17 through 113:12 of Ms. Maxwell's July 2016 deposition transcript (and portions of any materials ordered unsealed that reference those lines of her testimony) until the Court rules on Ms. Maxwell's request for reconsideration. As to (ii), Ms. Maxwell asks for the Court's confirmation that the following lines of Ms. Maxwell's July 2016 deposition transcript should not be redacted: page 55:2; page 86:10; page 86:19-21; page 86:24; and page 91:21. Those lines of testimony should be unsealed. Those portions of testimony were unsealed already by the Court of Appeals, as reflected in the excerpt annexed as Exhibit B to Ms. Maxwell's Memorandum of Law in Support of Objections to Unsealing Sealed Materials Related to Docket Entries 231, 279, 315, 320, & 335. (See Ex. B to Decl. of Laura A. Menninger, dated Nov. 12, 2021 [dkt. no. 1150-2].) SO ORDERED. (Signed by Judge Loretta A. Preska on 1/26/2021) (va) (Entered: 01/26/2021) |
| 01/27/2021 | 1194 | LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated January 27, 2021 re: Maxwell's request for reconsideration (ECF 1191). Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 01/27/2021) |

# A-0123

| 01/27/2021 | 1195 | LETTER addressed to Judge Loretta A. Preska from Christine N. Walz dated 01/27/21 re: Intervenors' Letter In Response To Maxwells Letter (Dkt. 1191). Document filed by Julie Brown, Miami Herald Media Company..(Walz, Christine) (Entered: 01/27/2021) |
|---|---|---|
| 01/27/2021 | 1196 | TRANSCRIPT of Proceedings re: CONFERENCE held on 1/19/2021 before Judge Loretta A. Preska. Court Reporter/Transcriber: Steven Greenblum, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/17/2021. Redacted Transcript Deadline set for 3/1/2021. Release of Transcript Restriction set for 4/27/2021..(McGuirk, Kelly) (Entered: 01/27/2021) |
| 01/27/2021 | 1197 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 1/19/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 01/27/2021) |
| 01/27/2021 | 1198 | NOTICE of Documents Ordered Unsealed by Order of January 19, 2021. Document filed by Virginia L. Giuffre. (Attachments: # 1 DE 231, # 2 DE 232, # 3 DE 232-7, # 4 DE 232-11, # 5 DE 257, # 6 DE 258, # 7 DE 258-4, # 8 DE 258-5, # 9 DE 258-6, # 10 DE 258-7, # 11 DE 258-10, # 12 DE 261, # 13 DE 269, # 14 DE 270, # 15 DE 270-2, # 16 DE 270-3, # 17 DE 270-4, # 18 DE 270-6, # 19 DE 272-1, # 20 DE 272-2, # 21 DE 272-4, # 22 DE 272-7, # 23 DE 272-9, # 24 DE 272-10, # 25 DE 303, # 26 DE 304, # 27 DE 304-1, # 28 DE 304-4, # 29 DE 313-1).(McCawley, Sigrid) (Entered: 01/27/2021) |
| 01/27/2021 | 1199 | NOTICE of Documents Ordered Unsealed by Order of January 19, 2021. Document filed by Virginia L. Giuffre. (Attachments: # 1 DE 335, # 2 DE 336, # 3 DE 336-1, # 4 DE 336-2, # 5 DE 336-3, # 6 DE 380, # 7 DE 381, # 8 DE 381-1, # 9 DE 381-2, # 10 DE 381-3, # 11 DE 381-4, # 12 DE 381-5, # 13 DE 381-6, # 14 DE 381-7, # 15 DE 381-8, # 16 DE 392, # 17 DE 393, # 18 DE 393-1, # 19 DE 393-2, # 20 DE 393-3, # 21 DE 393-4, # 22 DE 400, # 23 DE 401, # 24 DE 401-1, # 25 DE 401-2, # 26 DE 401-3, # 27 DE 401-5).(McCawley, Sigrid) (Entered: 01/27/2021) |
| 01/27/2021 | 1200 | NOTICE of Documents Ordered Unsealed by Order of January 19, 2021. Document filed by Virginia L. Giuffre. (Attachments: # 1 DE 279, # 2 DE 280, # 3 DE 280-1, # 4 DE 280-2_001, # 5 DE 280-2_002, # 6 DE 280-2_003, # 7 DE 290, # 8 DE 291-1, # 9 DE 291-2, # 10 DE 291-3, # 11 DE 338, # 12 DE 338-1, # 13 DE 338-2, # 14 DE 338-3, # 15 DE 338-4, # 16 DE 338-5, # 17 DE 338-6, # 18 DE 338-8, # 19 DE 338-10, # 20 DE 353).(McCawley, Sigrid) (Entered: 01/27/2021) |
| 01/27/2021 | 1201 | NOTICE of Documents Ordered Unsealed by Order of January 19, 2021. Document filed by Virginia L. Giuffre. (Attachments: # 1 DE 315, # 2 DE 316, # 3 DE 316-3, # 4 DE 316-4, # 5 DE 316-5, # 6 DE 316-6, # 7 DE 316-7, # 8 DE 316-8_001, # 9 DE 316-8_002, # 10 DE 339, # 11 DE 340, # 12 DE 340-1, # 13 DE 340-3, # 14 DE 340-4, # 15 DE 340-6, # 16 DE 340-7, # 17 DE 368, # 18 DE 369, # 19 DE 369-1, # 20 DE 369-2, # 21 DE 369-3, # 22 DE 369-6, # 23 DE 369-7, # 24 DE 369-8, # 25 DE 369-9, # 26 DE 369-10, # 27 DE 369-11).(McCawley, Sigrid) (Entered: 01/27/2021) |
| 01/27/2021 | 1202 | NOTICE of Documents Ordered Unsealed by Order of January 19, 2021. Document filed by Virginia L. Giuffre. (Attachments: # 1 DE 320, # 2 DE 323, # 3 DE 321, # 4 DE 321-1, # 5 DE 321-2, # 6 DE 321-3, # 7 DE 321-4, # 8 DE 321-5, # 9 DE 321-6). (McCawley, Sigrid) (Entered: 01/27/2021) |

A-0124

| 01/28/2021 | 1203 | ORDER: The Court is in receipt of the email request from counsel to Ms. Maxwell seeking a one-week extension to file objections to the unsealing of documents under consideration for the next round of unsealing. Ms. Giuffre does not object to the request. The requested extension is granted. Ms. Maxwell shall file any objections no later than February 5, 2021 SO ORDERED. (Signed by Judge Loretta A. Preska on 1/28/2021) (ks) Modified on 1/29/2021 (ks). (Entered: 01/29/2021) |
|---|---|---|
| 01/29/2021 | 1204 | LETTER addressed to Judge Loretta A. Preska from Laura A. Menninger dated January 29, 2021 re: Reply in Support of Limited Motion to Reconsider Proposed Redactions of Ms. Maxwells July 2016 Deposition Transcript. Document filed by Ghislaine Maxwell.. (Menninger, Laura) (Entered: 01/29/2021) |
| 02/03/2021 | 1205 | Costs Taxed as to 1126 USCA Mandate, USCA Case Number 20-2413.. in the amount of $189.90. on 2/3/2021 in favor of Intervenors Julie Brown and Miami Herald Media Company against Appellant Ghislaine Maxwell..(nd) (Entered: 02/03/2021) |
| 02/04/2021 | 1206 | NOTICE of Filing re: 1191 Letter, 1204 Letter,. Document filed by Ghislaine Maxwell. (Attachments: # 1 Notice of Motion, # 2 Memorandum in Support of Motion to Suppress, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Notice of Motion, # 13 Memorandum in Support of Motion to Suppress).(Menninger, Laura) (Entered: 02/04/2021) |
| 02/05/2021 | 1207 | LETTER MOTION to Seal addressed to Judge Loretta A. Preska from Laura A. Menninger dated February 5, 2021. Document filed by Ghislaine Maxwell..(Menninger, Laura) (Entered: 02/05/2021) |
| 02/05/2021 | 1208 | MEMORANDUM OF LAW in Support *of Objections to Unsealing Sealed Materials Related to Docket Entries 345, 356, 362, 370, 422, 468 & 640*. Document filed by Ghislaine Maxwell..(Menninger, Laura) (Entered: 02/05/2021) |
| 02/05/2021 | 1209 | DECLARATION of Laura A. Menninger in Support re: 1208 Memorandum of Law in Support. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A). (Menninger, Laura) (Entered: 02/05/2021) |
| 02/08/2021 | 1210 | ORDER: Consistent with the Court of Appeal's directive, the Court considered the reliance of Ms. Maxwell and others on the protective order in this case in its January 19, 2021 order, and directed materials unsealed where this reliance interest--or other private interests--did not outweigh the presumption of public access attached to these materials. SO ORDERED. (Signed by Judge Loretta A. Preska on 2/8/2021) (va) (Entered: 02/08/2021) |
| 02/08/2021 | 1211 | ORDER re: 1191 Letter, filed by Ghislaine Maxwell. For the reasons described above, Ms. Maxwell's motion for reconsideration (see dkt. no. 1191) is denied. SO ORDERED. (Signed by Judge Loretta A. Preska on 2/8/2021) (va) (Entered: 02/08/2021) |
| 02/11/2021 | 1212 | NOTICE of Documents Ordered Unsealed by Order of January 19, 2021. Document filed by Virginia L. Giuffre. (Attachments: # 1 DE 340-4).(McCawley, Sigrid) (Entered: 02/11/2021) |
| 02/12/2021 | 1213 | OPPOSITION BRIEF re: 1208 Memorandum of Law in Support *of Objections to Unsealing Sealed Materials Related to Docket Entries 345, 356, 362, 370, 422, 468 & 640*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit A).(McCawley, Sigrid) (Entered: 02/12/2021) |
| 02/12/2021 | 1214 | RESPONSE re: 1208 Memorandum of Law in Support . Document filed by Julie Brown, Miami Herald Media Company..(Walz, Christine) (Entered: 02/12/2021) |

# A-0125

| | | |
|---|---|---|
| 02/19/2021 | 1215 | REPLY re: 1213 Opposition Brief, 1214 Response, 1208 Memorandum of Law in Support *of Objections to Unsealing Sealed Materials Related to Docket Entries 345, 356, 362, 370, 422, 468 & 640*. Document filed by Ghislaine Maxwell..(Menninger, Laura) (Entered: 02/19/2021) |
| 04/13/2021 | 1216 | SEALED DOCUMENT placed in vault..(jus) (Entered: 04/13/2021) |
| 06/25/2021 | 1217 | ORDER: The Court will rule telephonically on the unsealing of materials relevant to docket entries 345, 356, 362, 370, 422, 468, and 640, on July 1, 2021, at 11:00 a.m. EST. The Court will communicate separately to counsel information for joining the teleconference. Members of the media and the general public may join the teleconference using the following listen-only line: 888-326-7422, access code: 4917104. ( Telephone Conference set for 7/1/2021 at 11:00 AM before Judge Loretta A. Preska.) (Signed by Judge Loretta A. Preska on 6/25/2021) (cf) (Entered: 06/25/2021) |
| 07/01/2021 | | Minute Entry for proceedings held before Judge Loretta A. Preska: Interim Pretrial Conference held on 7/1/2021. (Court Reporter Present) (mph) (Entered: 07/07/2021) |
| 07/15/2021 | 1218 | NOTICE of Unsealing of Documents Related to Docket Entries 356 and 362. Document filed by Ghislaine Maxwell. (Attachments: # 1 DE 356, # 2 DE 357, # 3 DE 357-3, # 4 DE 357-4, # 5 DE 357-5, # 6 DE 357-6, # 7 DE 357-7, # 8 DE 357-8, # 9 DE 363, # 10 DE 363-1, # 11 DE 363-2, # 12 DE 363-7, # 13 DE 363-13, # 14 DE 364, # 15 DE 367, # 16 DE 367-3, # 17 DE 367-4, # 18 DE 367-5, # 19 DE 367-6, # 20 DE 367-7, # 21 DE 367-8, # 22 DE 406, # 23 DE 407, # 24 DE 407-1, # 25 DE 407-2, # 26 DE 407-3, # 27 DE 407-4, # 28 DE 407-5, # 29 DE 407-6, # 30 DE 407-7, # 31 DE 407-10, # 32 DE 407-11, # 33 DE 407-12, # 34 DE 407-13, # 35 DE 407-14, # 36 DE 407-15, # 37 DE 407-16, # 38 DE 407-17, # 39 DE 407-18, # 40 DE 407-19, # 41 DE 407-20, # 42 DE 407-21, # 43 DE 407-22, # 44 DE 407-23, # 45 DE 408, # 46 DE 408-2, # 47 DE 408-3, # 48 DE 408-4, # 49 DE 435, # 50 DE 436, # 51 DE 447).(Menninger, Laura) (Entered: 07/15/2021) |
| 07/15/2021 | 1219 | NOTICE of Documents Ordered Unsealed by Order of July 1, 2021. Document filed by Virginia L. Giuffre. (Attachments: # 1 DE 345, # 2 DE 346, # 3 DE 346-1, # 4 DE 346-2, # 5 DE 346-3, # 6 DE 346-4, # 7 DE 346-5, # 8 DE 383, # 9 DE 384, # 10 DE 384-1, # 11 DE 397, # 12 DE 398, # 13 DE 398-1, # 14 DE 398-2, # 15 DE 398-3, # 16 DE 398-4, # 17 DE 385, # 18 DE 386, # 19 DE 370, # 20 DE 371, # 21 DE 371-3, # 22 DE 388, # 23 DE 389, # 24 DE 389-3, # 25 DE 389-5, # 26 DE 389-6, # 27 DE 389-7, # 28 DE 389-8, # 29 DE 389-9, # 30 DE 404, # 31 DE 405, # 32 DE 405-1, # 33 DE 468, # 34 DE 469, # 35 DE 469-1, # 36 DE 469-3, # 37 DE 479, # 38 DE 480, # 39 DE 480-1, # 40 DE 480-2, # 41 DE 480-3, # 42 DE 480-4, # 43 DE 490, # 44 DE 491, # 45 DE 387, # 46 DE 491-2, # 47 DE 491-3, # 48 DE 491-4).(McCawley, Sigrid) (Entered: 07/15/2021) |
| 07/22/2021 | 1220 | TRANSCRIPT of Proceedings re: CONFERENCE held on 7/1/2021 before Judge Loretta A. Preska. Court Reporter/Transcriber: George Malinowski, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/12/2021. Redacted Transcript Deadline set for 8/23/2021. Release of Transcript Restriction set for 10/20/2021..(McGuirk, Kelly) (Entered: 07/22/2021) |
| 07/22/2021 | 1221 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 7/1/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically |

| | | |
|---|---|---|
| | | available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 07/22/2021) |
| 07/22/2021 | 1222 | LETTER addressed to Judge Loretta A. Preska from Laura A. Menninger dated July 22, 2021 re: Joint Request for One Week Extension of Time to File Proposed Streamlining Measures to the Unsealing Process. Document filed by Ghislaine Maxwell..(Menninger, Laura) (Entered: 07/22/2021) |
| 07/23/2021 | 1223 | MEMO ENDORSEMENT on re: 1222 Letter, filed by Ghislaine Maxwell. ENDORSEMENT: SO ORDERED. (Signed by Judge Loretta A. Preska on 7/23/2021) (vfr) (Entered: 07/23/2021) |
| 07/28/2021 | 1224 | JOINT LETTER addressed to Judge Loretta A. Preska from Sigrid McCawley and Laura Menninger dated July 28, 2021 re: Unsealing Process. Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 07/28/2021) |
| 07/30/2021 | 1225 | LETTER addressed to Judge Loretta A. Preska from Christine N. Walz dated July 30, 2021 re: Revisions to the Unsealing Protocol and in response to Ms. Giuffre's and Ms. Maxwell's letter (Dkt. 1224). Document filed by Julie Brown, Miami Herald Media Company..(Walz, Christine) (Entered: 07/30/2021) |
| 08/04/2021 | 1226 | LETTER addressed to Judge Loretta A. Preska from Nicholas J. Lewin & Paul M. Krieger dated 08/04/2021 re: Proposed Revisions to Unsealing Protocol. Document filed by John Doe..(Krieger, Paul) (Entered: 08/04/2021) |
| 08/05/2021 | 1227 | LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated August 5, 2021 re: John Doe's August 4 Letter. Document filed by Virginia L. Giuffre.. (McCawley, Sigrid) (Entered: 08/05/2021) |
| 08/10/2021 | 1228 | LETTER addressed to Judge Loretta A. Preska from Nicholas J. Lewin & Paul M. Krieger dated 08/10/2021 re: Proposed Revisions to Unsealing Protocol. Document filed by John Doe..(Krieger, Paul) (Entered: 08/10/2021) |
| 08/17/2021 | 1229 | LETTER addressed to Judge Loretta A. Preska from Christine N. Walz dated August 17, 2021 re: response to Doe's letters regarding the unsealing protocol (Dkt. Nos. 1226 and 1228). Document filed by Julie Brown, Miami Herald Media Company..(Walz, Christine) (Entered: 08/17/2021) |
| 09/28/2021 | 1230 | ORDER: The Court is in receipt of submissions from counsel to Ms. Giuffre and Ms. Maxwell (the "Parties"), The Miami Herald (the "Herald"), and John Doe in response to the Court's order directing the Parties to confer and propose measures to streamline the unsealing process. Having considered those submissions, the Court will proceed as follows: (As further set forth herein.) SO ORDERED. (Signed by Judge Loretta A. Preska on 9/28/2021) (va) (Entered: 09/28/2021) |
| 10/05/2021 | 1231 | LETTER addressed to Judge Loretta A. Preska from Christine N. Walz dated October 5, 2021 re: Response to the Court's Order Amending the Unsealing Protocol, Dkt. 1230. Document filed by Julie Brown, Miami Herald Media Company..(Walz, Christine) (Entered: 10/05/2021) |
| 10/29/2021 | 1232 | JOINT LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley and Laura Menninger dated October 29, 2021 re: unsealing process. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit A).(McCawley, Sigrid) (Entered: 10/29/2021) |
| 11/05/2021 | 1233 | ORDER: The Court is in receipt of submissions from the parties regarding the schedule for addressing the first set of non-party objectors (see dkt. no. 1232) and the Miami Herald's letter seeking an opportunity to respond to the objections (see dkt. no. 1321). The parties shall first file briefs addressing the objections of the following non-parties: |

| | | |
|---|---|---|
| | | Does 17, 53, 54, 55, 56, 73, 93, and 151. The briefing schedule shall be as follows: The parties shall submit their opening briefs no later than two weeks after the conclusion of Ms. Maxwell's criminal trial, assuming the trial proceeds as presently scheduled. The Herald may file a responsive brief no later than two weeks after the parties file their opening briefs. The Herald shall inform the Court whether it requires further information about the objections beyond what is described in the redacted, publicly-filed versions of the parties' briefs. The parties shall file any reply briefs no later than two weeks after the Herald files its brief. So Ordered. (Signed by Judge Loretta A. Preska on 11/5/2021) (js) (Entered: 11/08/2021) |
| 11/12/2021 | 1234 | LETTER addressed to Judge Loretta A. Preska from Nicholas J. Lewin & Paul M. Krieger dated 11/12/2021 re: Court Order of 11/5/2021. Document filed by John Doe.. (Krieger, Paul) (Entered: 11/12/2021) |
| 11/15/2021 | 1235 | AMENDED ORDER: The briefing schedule shall be as follows: (As further set forth herein.) With respect to Doe's counsel's request that the parties make their briefs available to him contemporaneously with filing, to the extent that counsel has not entered an appearance in the case on ECF and wishes to do so in order to receive timely notices of filings, counsel may enter an appearance on behalf of objector Doe. The Clerk of the Court is directed to ensure that notice to objectors' counsel on ECF is equivalent to notice to the parties' counsel. SO ORDERED. (Signed by Judge Loretta A. Preska on 11/15/2021) (va) (Entered: 11/15/2021) |
| 01/12/2022 | 1236 | LETTER MOTION to Seal addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated January 12, 2022. Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 01/12/2022) |
| 01/12/2022 | 1237 | RESPONSE re: 1235 Order, Set Deadlines/Hearings,,,, . Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit A).(McCawley, Sigrid) (Entered: 01/12/2022) |
| 01/12/2022 | 1238 | LETTER addressed to Judge Loretta A. Preska from Laura A. Menninger dated January 12, 2022 re: Ms. Maxwells Position re: Unsealing Documents Related to Non-Parties 17, 53, 54, 55, 56, 73, 93, and 151. Document filed by Ghislaine Maxwell..(Menninger, Laura) (Entered: 01/12/2022) |
| 01/26/2022 | 1239 | ORDER granting 1236 Letter Motion to Seal. SO ORDERED. (Signed by Judge Loretta A. Preska on 1/26/2022) (tg) (Entered: 01/26/2022) |
| 01/26/2022 | 1240 | RESPONSE *to Non-Parties' Objections to Unsealing*. Document filed by Julie Brown, Miami Herald Media Company..(Walz, Christine) (Entered: 01/26/2022) |
| 02/16/2022 | 1241 | LETTER MOTION to Seal addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated February 16, 2022. Document filed by Virginia L. Giuffre.. (McCawley, Sigrid) (Entered: 02/16/2022) |
| 02/16/2022 | 1242 | REPLY re: 1235 Order, Set Deadlines/Hearings,,,, . Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 02/16/2022) |
| 02/16/2022 | 1243 | LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated February 16, 2022 re: briefing cycle to address the non-party Doe objections. Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 02/16/2022) |
| 02/16/2022 | 1244 | ORDER granting 1241 Letter Motion to Seal. SO ORDERED.. (Signed by Judge Loretta A. Preska on 2/16/2022) (ks) (Entered: 02/16/2022) |
| 02/16/2022 | 1245 | MEMO ENDORSEMENT on re: 1243 Letter filed by Virginia L. Giuffre. ENDORSEMENT: The proposed briefing schedule is granted. Counsel shall communicate this order to counsel for the non-party objectors. SO ORDERED. (Brief |

| | | |
|---|---|---|
| | | due by 3/18/2022.) (Signed by Judge Loretta A. Preska on 2/16/2022) (kv) (Entered: 02/16/2022) |
| 03/18/2022 | 1246 | LETTER MOTION to Seal addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated March 18, 2022. Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 03/18/2022) |
| 03/18/2022 | 1247 | RESPONSE re: 1245 Memo Endorsement, Set Deadlines,, . Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit A).(McCawley, Sigrid) (Entered: 03/18/2022) |
| 04/01/2022 | 1248 | RESPONSE *to Non-Parties 12, 28, 97, 107, 144, 147, 171 and 183's Objections to Unsealing*. Document filed by Julie Brown, Miami Herald Media Company..(Walz, Christine) (Entered: 04/01/2022) |
| 04/13/2022 | 1249 | ORDER, The Court is in receipt of the briefing regarding the objections to unsealing made by Non-Party Does 17, 53, 54, 55, 56, 73, 93, and 151. The parties to this action and other interested parties are invited to appear telephonically for the Court's rulings as to these objections on Tuesday April 19, 2022, at 10:30 a.m., using the following information: dial in (877) 402-9753; access code 6545179. SO ORDERED. ( Telephone Conference set for 4/19/2022 at 10:30 AM before Judge Loretta A. Preska.) (Signed by Judge Loretta A. Preska on 4/13/22) (yv) (Entered: 04/13/2022) |
| 04/18/2022 | 1250 | LETTER addressed to Judge Loretta A. Preska from Nicholas J. Lewin and Paul M. Krieger dated April 18, 2022 re: Intervenors Julie Brown and Miami Herald Media Co.'s Response to Non-Parties' Objections to Unsealing (DE 1248). Document filed by John Doe..(Krieger, Paul) (Entered: 04/18/2022) |
| 04/19/2022 | | Minute Order Proceedings held before Judge Loretta A. Preska: Interim Pretrial Conference held on 4/19/2022. (Court Reporter Present.) (mph) (Entered: 05/05/2022) |
| 04/21/2022 | 1251 | SEALED DOCUMENT placed in vault..(jus) (Entered: 04/21/2022) |
| 04/22/2022 | 1252 | LETTER MOTION to Seal addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated April 22, 2022. Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 04/22/2022) |
| 04/22/2022 | 1253 | REPLY re: 1245 Memo Endorsement, Set Deadlines,, . Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit A).(McCawley, Sigrid) (Entered: 04/22/2022) |
| 04/26/2022 | 1254 | TRANSCRIPT of Proceedings re: CONFERENCE held on 4/19/2022 before Judge Loretta A. Preska. Court Reporter/Transcriber: Kristen Carannante, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/17/2022. Redacted Transcript Deadline set for 5/27/2022. Release of Transcript Restriction set for 7/25/2022..(Moya, Goretti) (Entered: 04/26/2022) |
| 04/26/2022 | 1255 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 4/19/22 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 04/26/2022) |
| 05/03/2022 | 1256 | NOTICE of of Documents Ordered Unsealed by Order of April 19, 2022. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit DE 122-7, # 2 Exhibit DE 150-1, # 3 Exhibit DE 172, # 4 Exhibit DE 173-6, # 5 Exhibit DE 203, # 6 Exhibit DE 204, # 7 Exhibit DE 204-2, # 8 Exhibit DE 211, # 9 Exhibit DE 212, # 10 Exhibit DE 212-2, # 11 |

| | | |
|---|---|---|
| | | Exhibit DE 224, # 12 Exhibit DE 228, # 13 Exhibit DE 229-1, # 14 Exhibit DE 249-4, # 15 Exhibit DE 249-13, # 16 Exhibit DE 257, # 17 Exhibit DE 258, # 18 Exhibit DE 258-1, # 19 Exhibit DE 261, # 20 Exhibit DE 272-5, # 21 Exhibit DE 280-1, # 22 Exhibit DE 315, # 23 Exhibit DE 316, # 24 Exhibit DE 316-4, # 25 Exhibit DE 320, # 26 Exhibit DE 321-1, # 27 Exhibit DE 321-2, # 28 Exhibit DE 321-3, # 29 Exhibit DE 321-4, # 30 Exhibit DE 321-5).(McCawley, Sigrid) (Entered: 05/03/2022) |
| 05/03/2022 | 1257 | NOTICE of Documents Ordered Unsealed by Order of April 19, 2022.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit DE 321-6, # 2 Exhibit DE 338, # 3 Exhibit DE 338-1, # 4 Exhibit DE 338-3, # 5 Exhibit DE 338-4, # 6 Exhibit DE 338-5, # 7 Exhibit DE 339, # 8 Exhibit DE 340, # 9 Exhibit DE 340-3, # 10 Exhibit DE 340-4, # 11 Exhibit DE 340-9, # 12 Exhibit DE 363-7, # 13 Exhibit DE 368, # 14 Exhibit DE 369, # 15 Exhibit DE 369-1, # 16 Exhibit DE 369-2, # 17 Exhibit DE 369-6, # 18 Exhibit DE 388, # 19 Exhibit DE 389, # 20 Exhibit DE 389-2, # 21 Exhibit DE 392, # 22 Exhibit DE 393-1, # 23 Exhibit DE 400, # 24 Exhibit DE 423-4).(Menninger, Laura) (Entered: 05/03/2022) |
| 07/28/2022 | 1258 | MOTION to Intervene ., MOTION to Unseal .( Return Date set for 8/19/2022 at 09:00 AM.) Document filed by TGP Communications, LLC..(Wolman, Jay) (Entered: 07/28/2022) |
| 07/28/2022 | 1259 | MEMORANDUM OF LAW in Support re: 1258 MOTION to Intervene . MOTION to Unseal . . Document filed by TGP Communications, LLC..(Wolman, Jay) (Entered: 07/28/2022) |
| 07/28/2022 | 1260 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by TGP Communications, LLC..(Wolman, Jay) (Entered: 07/28/2022) |
| 07/29/2022 | 1261 | ORDER: Before the Court is the motion of The Gateway Pundit (TGP) to intervene in this matter for the purpose of moving to unseal certain materials. (Dkt. no. 1258.) Any party who wishes to be heard on this motion shall file papers no later than Monday August 8, 2022. TGP may reply no later than Friday August 12, 2022. SO ORDERED. ( Responses due by 8/8/2022, Replies due by 8/12/2022.) (Signed by Judge Loretta A. Preska on 7/29/2022) (vfr) (Entered: 07/29/2022) |
| 07/29/2022 | 1262 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION for John Christian Burns to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by TGP Communications, LLC. (Attachments: # 1 Exhibit 1--Affidavit of John Burns, # 2 Exhibit 2--Certificate of Good Standing, # 3 Text of Proposed Order Proposed Order).(Wolman, Jay) Modified on 8/1/2022 (sgz). (Entered: 07/29/2022) |
| 08/01/2022 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE-FILE re: Document No. 1262 MOTION for John Christian Burns to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff. The filing is deficient for the following reason(s): expired Certificate of Good Standing from Supreme Court of Missouri; the filing fee was not paid; Re-file the motion as a Motion to Appear Pro Hac Vice - attach the correct signed PDF - select the correct named filer/filers - attach valid Certificates of Good Standing issued within the past 30 days - attach Proposed Order. Pay the filing fee using the event Pro Hac Vice Fee Payment found under the event list Other Documents. (sgz)** (Entered: 08/01/2022) |
| 08/01/2022 | | Pro Hac Vice Fee Due: for 1262 MOTION for John Christian Burns to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff...**(sgz) (Entered: 08/01/2022) |

# A-0130

| | | |
|---|---|---|
| 08/05/2022 | 1263 | MOTION for John C. Burns to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-26511764. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by TGP Communications, LLC. (Attachments: # 1 Exhibit 1 - Affidavit of John C. Burns, # 2 Exhibit 2 - Certificate of Good Standing, # 3 Text of Proposed Order Granting Motion for Admission Pro Hac Vice.)(Wolman, Jay) (Entered: 08/05/2022) |
| 08/08/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 1263 MOTION for John C. Burns to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-26511764. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sgz)** (Entered: 08/08/2022) |
| 08/08/2022 | 1264 | LETTER RESPONSE in Opposition to Motion addressed to Judge Loretta A. Preska from Nicholas J. Lewin and Paul M. Krieger dated August 8, 2022 re: 1258 MOTION to Intervene . MOTION to Unseal . . Document filed by John Doe..(Krieger, Paul) (Entered: 08/08/2022) |
| 08/09/2022 | 1265 | ORDER GRANTING MOTION FOR ADMISSION PRO HAC VICE granting 1263 Motion for John C. Burns, Esq. to Appear Pro Hac Vice. (Signed by Judge Loretta A. Preska on 8/9/2022) (va) (Entered: 08/09/2022) |
| 08/09/2022 | 1266 | ORDER denying 1258 Motion to Intervene; terminating 1258 Motion to Unseal. TGP's motion to intervene (dkt. no. 1258) is, therefore, denied. The Clerk of the Court shall mark the motion (dkt. no. 1258) as closed. SO ORDERED. (Signed by Judge Loretta A. Preska on 8/9/2022) (tg) (Entered: 08/09/2022) |
| 08/09/2022 | 1267 | MOTION for Sanford Bohrer to Withdraw as Attorney . Document filed by Julie Brown, Miami Herald Media Company. (Attachments: # 1 Text of Proposed Order - Proposed Order to Withdraw as Counsel.)(Walz, Christine) (Entered: 08/09/2022) |
| 08/09/2022 | 1268 | AFFIRMATION of Christine Walz in Support re: 1267 MOTION for Sanford Bohrer to Withdraw as Attorney .. Document filed by Julie Brown, Miami Herald Media Company..(Walz, Christine) (Entered: 08/09/2022) |
| 08/10/2022 | 1269 | ORDER GRANTING THE MOTION TO WITHDRAW SANFORD BOHRER AS COUNSEL FOR INTERVENORS granting 1267 Motion to Withdraw as Attorney. IT IS HEREBY ORDERED THAT: Sanford Bohrer, Esq. is hereby withdrawn and discharged as counsel for Intervenors in this case. IT IS FURTHER ORDERED THAT: Sanford Bohrer, Esq., whose email address is Sanford.Bohrer@hklaw.com, is to be removed as counsel of record within the ECF system and removed from the list of attorneys to receive electronic filings in this case. Attorney Sanford Lewis Bohrer terminated. (Signed by Judge Loretta A. Preska on 8/10/2022) (va) (Entered: 08/10/2022) |
| 08/19/2022 | 1270 | NOTICE OF APPEAL from 1266 Order on Motion to Intervene, Order on Motion to Unseal,,. Document filed by TGP Communications, LLC. Filing fee $ 505.00, receipt number ANYSDC-26572228. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Wolman, Jay) (Entered: 08/19/2022) |
| 08/19/2022 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 1270 Notice of Appeal. (tp) (Entered: 08/19/2022) |
| 08/19/2022 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 1270 Notice of Appeal, filed by TGP Communications, LLC were transmitted to the U.S. Court of Appeals. (tp) (Entered: 08/19/2022) |
| 11/03/2022 | 1271 | ORDER: The Court is in receipt of the briefing regarding the objections to unsealing made by Non-Party Does 12, 28, 97, 107, 144, 147, 171, and 183. The parties to this |

**A-0131**

| | | |
|---|---|---|
| | | action and other interested parties are invited to appear telephonically for the Court's rulings as to these objections on Friday November 18, 2022, at 11 a.m., using the following information: dial in (877) 402-9753; access code 6545179. SO ORDERED., ( Telephone Conference set for 11/18/2022 at 11:00 AM before Judge Loretta A. Preska.) (Signed by Judge Loretta A. Preska on 11/03/2022) (ama) (Entered: 11/03/2022) |
| 11/14/2022 | 1272 | SEALED DOCUMENT placed in vault. (nmo) (Entered: 11/14/2022) |
| 11/14/2022 | 1273 | ORDER: The hearing regarding the objections to unsealing made by Non-Party Does 12, 28, 97, 107, 144, 147, 171, and 183, currently scheduled for Friday November 18, 2022 at 11 a.m., is adjourned to Friday November 18, 2022 at 12:30 p.m. The parties to this action and other interested parties are invited to appear telephonically using the following information: dial in (877) 402-9753; access code 6545179. SO ORDERED., ( Telephone Conference set for 11/18/2022 at 12:30 PM before Judge Loretta A. Preska.) (Signed by Judge Loretta A. Preska on 11/14/2022) (ama) (Entered: 11/14/2022) |
| 11/16/2022 | 1274 | ***SELECTED PARTIES*** REPLY re: 1245 Memo Endorsement, Set Deadlines,, . Document filed by Virginia L. Giuffre. Motion or Order to File Under Seal: 1245 . (McCawley, Sigrid) (Entered: 11/16/2022) |
| 11/18/2022 | | Minute Entry for proceedings held before Judge Loretta A. Preska: Telephone Conference held on 11/18/2022. (Court Reporter Steven Greenblum) (mph) (Entered: 11/18/2022) |
| 11/19/2022 | 1275 | ORDER: Doe 171 submitted an ex parte request seeking a stay, pending appeal, of the release of documents relating to her. Doe 171's request for a stay of the release of documents relating to her is granted until December 5, 2022 to allow her to seek a further stay from the Court of Appeals. SO ORDERED. (Signed by Judge Loretta A. Preska on 11/19/2022) (va) (Entered: 11/21/2022) |
| 11/28/2022 | 1276 | ORDER: Doe 107 submitted an ex parte request seeking a stay, pending appeal, of the release of documents relating to her. Doe 107's request for a stay of the release of documents relating to her is granted until December 5, 2022 to allow her to seek a further stay from the Court of Appeals. SO ORDERED. (Signed by Judge Loretta A. Preska on 11/28/2022) (ks) (Entered: 11/28/2022) |
| 11/30/2022 | 1277 | EMERGENCY NOTICE OF APPEAL from 1276 Order, 1271 Order, Set Deadlines/Hearings,,,,. Document filed by John Doe 107. Filing fee $ 505.00, receipt number ANYSDC-27022094. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Levitt, Richard) (Entered: 11/30/2022) |
| 11/30/2022 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 1277 Notice of Appeal. (tp) (Entered: 11/30/2022) |
| 11/30/2022 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 1277 Notice of Appeal, filed by John Doe 107 were transmitted to the U.S. Court of Appeals. (tp) (Entered: 11/30/2022) |
| 11/30/2022 | 1278 | LETTER MOTION for Extension of Time addressed to Judge Loretta A. Preska from Jeffrey W. Gutchess dated November 30, 2022. Document filed by Jane Doe 171.. (Gutchess, Jeffrey) (Entered: 11/30/2022) |
| 12/01/2022 | 1279 | LETTER RESPONSE to Motion addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated December 1, 2022 re: 1278 LETTER MOTION for Extension of Time addressed to Judge Loretta A. Preska from Jeffrey W. Gutchess dated November 30, 2022. . Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 12/01/2022) |

A-0132

| 12/01/2022 | 1280 | NOTICE OF APPEAL from 1273 Order, Set Deadlines/Hearings,,,,. Document filed by Jane Doe 171. Filing fee $ 505.00, receipt number ANYSDC-27026832. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Gutchess, Jeffrey) (Entered: 12/01/2022) |
|---|---|---|
| 12/01/2022 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 1280 Notice of Appeal. (tp) (Entered: 12/01/2022) |
| 12/01/2022 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 1280 Notice of Appeal, filed by Jane Doe 171 were transmitted to the U.S. Court of Appeals. (tp) (Entered: 12/01/2022) |
| 12/01/2022 | 1281 | ORDER: granting 1278 Letter Motion for Extension of Time. If Doe 171 requests a stay of the release of documents relating to her from the Court of Appeals by December 2, 2022, the documents relating to Doe 171 will remain under seal until the Court of Appeals rules on Doe 171's request for a stay of the release of those documents. SO ORDERED. Motions due by 12/2/2022. (Signed by Judge Loretta A. Preska on 12/01/2022) (ama) (Entered: 12/01/2022) |
| 12/02/2022 | 1282 | ORDER of USCA (Certified Copy) as to 1277 Notice of Appeal, filed by John Doe 107, 1280 Notice of Appeal, filed by Jane Doe 171. USCA Case Number 22-3042(L), 22-3050(Con). Appellant Doe 107 seeks an emergency stay pending appeal of the district court's decision of November 18, 2022, which ordered the unsealing of certain documents filed in Giuffre v. Maxwell, No. 15-cv-7433 (LAP). Doe 107 also requests leave to file under seal and to redact personal details contained in the stay motion. IT IS HEREBY ORDERED that the district court's November 18, 2022 order is administratively stayed pending review of the motion for a stay pending appeal by a three-judge panel. Appellant's request to seal is granted pending review of this matter by the panel. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 12/2/2022..(nd) (Entered: 12/02/2022) |
| 12/02/2022 | 1283 | TRANSCRIPT of Proceedings re: CONFERNECE held on 11/18/2022 before Judge Loretta A. Preska. Court Reporter/Transcriber: Steven Greenblum, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/23/2022. Redacted Transcript Deadline set for 1/3/2023. Release of Transcript Restriction set for 3/2/2023.. (McGuirk, Kelly) (Entered: 12/02/2022) |
| 12/02/2022 | 1284 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERNECE proceeding held on 11/18/2022 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 12/02/2022) |
| 12/05/2022 | 1285 | LETTER MOTION to Seal addressed to Judge Loretta A. Preska from Jeffrey W. Gutchess dated December 5, 2022. Document filed by Jane Doe 171..(Gutchess, Jeffrey) (Entered: 12/05/2022) |
| 12/05/2022 | 1286 | MEMO ENDORSEMENT: on re: 1285 LETTER MOTION to Seal. addressed to Judge Loretta A. Preska from Jeffrey W. Gutchess dated December 5, 2022. filed by Jane Doe 171. ENDORSEMENT: Counsel for Plaintiff, Defendant, and the Herald shall submit letter responses, if any, by December 7, 2022. SO ORDERED., ( Responses due by |

**A-0133**

| | | |
|---|---|---|
| | | 12/7/2022) (Signed by Judge Loretta A. Preska on 12/05/2022) (ama) (Entered: 12/05/2022) |
| 12/05/2022 | 1287 | NOTICE of Intent to Request Redaction by Jeffrey W. Gutchess re 1283 Transcript,.. (Gutchess, Jeffrey) (Entered: 12/05/2022) |
| 12/06/2022 | 1288 | SUPPLEMENTAL LETTER addressed to Judge Loretta A. Preska from Jeffrey W. Gutchess dated December 6, 2022 re: Supplemental Letter to Dec. 5, 2022 Letter Motion (Doc. 1285). Document filed by Jane Doe 171..(Gutchess, Jeffrey) (Entered: 12/06/2022) |
| 12/07/2022 | 1289 | LETTER RESPONSE to Motion addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated December 7, 2022 re: 1285 LETTER MOTION to Seal addressed to Judge Loretta A. Preska from Jeffrey W. Gutchess dated December 5, 2022. . Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 12/07/2022) |
| 12/07/2022 | 1290 | LETTER RESPONSE to Motion addressed to Judge Loretta A. Preska from Christine N. Walz dated December 7, 2022 re: 1285 LETTER MOTION to Seal addressed to Judge Loretta A. Preska from Jeffrey W. Gutchess dated December 5, 2022. . Document filed by Julie Brown, Miami Herald Media Company..(Walz, Christine) (Entered: 12/07/2022) |
| 12/08/2022 | 1291 | ORDER of USCA (Certified Copy) as to 1277 Notice of Appeal, filed by John Doe 107, 1280 Notice of Appeal filed by Jane Doe 171. USCA Case Number 22-3042(L), 22-3050(Con). Objector-Appellant Doe 107 moves for a stay pending appeal of the district courts November 18, 2022 decision to unseal discovery materials. It is hereby ORDERED that the motion for a stay pending appeal is GRANTED. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 12/8/2022..(nd) (Entered: 12/08/2022) |
| 12/08/2022 | 1292 | LETTER addressed to Judge Loretta A. Preska from Jeffrey W. Gutchess dated December 8, 2022 re: Status Conference Request. Document filed by Jane Doe 171.. (Gutchess, Jeffrey) (Entered: 12/08/2022) |
| 12/08/2022 | 1293 | LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley dated December 8, 2022 re: Doe 171's December 8, 2022, Letter. Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 12/08/2022) |
| 12/11/2022 | 1294 | ORDER denying 1285 Letter Motion to Seal. For the reasons set forth above, Doe 171's December 5 Motion (dkt. no. 1285) and her December 8 request for a status conference (dkt. no. 1292) are denied. The Clerk of the Court is directed to close the open motion (dkt. no. 1285). SO ORDERED. (Signed by Judge Loretta A. Preska on 12/11/2022) (va) (Entered: 12/12/2022) |
| 12/12/2022 | 1295 | NOTICE of Documents Ordered Unsealed by Order of November 18, 2022. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit DE 340-4, # 2 Exhibit DE 368, # 3 Exhibit DE 510-3, # 4 Exhibit DE 514-3, # 5 Exhibit DE 515, # 6 Exhibit DE 576, # 7 Exhibit DE 591, # 8 Exhibit DE 640, # 9 Exhibit DE 641, # 10 Exhibit DE 641-2, # 11 Exhibit DE 655, # 12 Exhibit DE 656, # 13 Exhibit DE 656-1, # 14 Exhibit DE 656-2, # 15 Exhibit DE 656-3, # 16 Exhibit DE 656-4, # 17 Exhibit DE 656-5).(McCawley, Sigrid) (Entered: 12/12/2022) |
| 12/12/2022 | 1296 | NOTICE of Documents Ordered Unsealed by Order of November 18, 2022. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit DE 247-2, # 2 Exhibit DE 315, # 3 Exhibit DE 316-7, # 4 Exhibit DE 338-7, # 5 Exhibit DE 656-6, # 6 Exhibit DE 656-7, # 7 Exhibit DE 656-8, # 8 Exhibit DE 656-9, # 9 Exhibit DE 700, # 10 Exhibit DE 701-1, # 11 Exhibit DE 701-2, # 12 Exhibit DE 707, # 13 Exhibit DE 714, # 14 Exhibit DE |

| | | |
|---|---|---|
| | | 715, # 15 Exhibit DE 715-2, # 16 Exhibit DE 947, # 17 Exhibit DE 947-1).(McCawley, Sigrid) (Entered: 12/12/2022) |
| 12/13/2022 | 1297 | ORDER: The Court requests that the parties submit this information in a chart, similar to the parties' prior submissions responsive to the Court's Orders dated October 28, 2019 (dkt. no. 998) and November 13, 2019 (dkt. no. 1009), containing the following four columns: (i) Pseudonym, (ii) Relevant Docket Entries, (iii) Characterization, and (iv) Additional Comments/Argument. The Court requests that the parties file the chart publicly on the docket by January 31, 2023. SO ORDERED. (Signed by Judge Loretta A. Preska on 12/13/2022) (va) (Entered: 12/14/2022) |
| 01/30/2023 | 1298 | LETTER MOTION for Extension of Time to File *Chart Concerning the Remaining Non-Objecting Does* addressed to Judge Loretta A. Preska from Laura A. Menninger dated January 30, 2023. Document filed by Ghislaine Maxwell..(Menninger, Laura) (Entered: 01/30/2023) |
| 01/31/2023 | 1299 | ORDER granting 1298 Letter Motion for Extension of Time to File. The Court is grateful to the parties for this effort. (Signed by Judge Loretta A. Preska on 1/31/2023) (ate) (Entered: 01/31/2023) |
| 02/07/2023 | 1300 | DECLARATION of Sigrid S. McCawley re: 1107 Order, 1115 Declaration *Amended Declaration Regarding Service of Non-Party Notices*. Document filed by Virginia L. Giuffre..(McCawley, Sigrid) (Entered: 02/07/2023) |
| 02/07/2023 | 1301 | JOINT LETTER addressed to Judge Loretta A. Preska from Sigrid S. McCawley and Laura Menninger dated February 7, 2023 re: Joint Chart of Non-Objecting Does. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Original Parties' Joint Chart of Non-Objecting Does).(McCawley, Sigrid) (Entered: 02/07/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/15/2023 17:25:26 | | |
| **PACER Login:** | jgutchess | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:15-cv-07433-LAP |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

Case 1:15-cv-07433-LAP Document 1323-23 Filed 03/18/16 Page 126 of 6
A-0135
Case 1:15-cv-07433-RWS   Document 39-1   Filed 03/02/16   Page 2 of 7

**United States District Court**
**Southern District Of New York**

-----------------------------------------------X

Virginia L. Giuffre,

     Plaintiff,

v.

Ghislaine Maxwell,

     Defendant.

-----------------------------------------------X

DATE FILED: 3/18/16

15-cv-07433-RWS

## PROTECTIVE ORDER

     Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, **IT IS ORDERED**:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in FED.R.CIV.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.     Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of (a) plaintiff Virginia Roberts Giuffre and (b) defendant Ghislaine Maxwell.

4.     CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5.     CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL INFORMATION") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c. the parties;

    d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e. the Court and its employees ("Court Personnel") in this case;

    f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g. deponents, witnesses, or potential witnesses; and

h.  other persons by written agreement of the parties.

6.    Prior to disclosing any CONFIDENTIAL INFORMATION to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.    Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."    Discovery material designated CONFIDENTIAL shall be identified by Bates number.  To the extent practical, the respective legend shall be placed near the Bates number.

8.    Designation of a document as CONFIDENTIAL INFORMATION shall constitute a representation that such document has been reviewed by an attorney for the designating party, that there is a valid and good faith basis for such designation, made at the time of disclosure or production to the receiving party, and that disclosure of such information to persons other than those permitted access to such material would cause a privacy harm to the designating party.

3

Case 1:15-cv-07433-LAP Document 1062-3 Filed 03/18/16 Page 42 of 6
**A-0138**
Case 1:15-cv-07433-RWS Document 39-1 Filed 03/02/16 Page 5 of 7

9.     Whenever a deposition involves the disclosure of CONFIDENTIAL INFORMATION, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript, and until the expiration of such thirty (30) days after notice by the court reporter of the completion of the transcript, no party or counsel for any such party may share the contents of the deposition outside the limitations of this Protective Order.

10.     Whenever a party seeks to file any document or material containing CONFIDENTIAL INFORMATION with the Court in this matter, it shall be accompanied by a Motion to Seal pursuant to Section 6.2 of the Electronic Case Filing Rules & Instructions for the Southern District of New York.

11.     A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an

4

Case 1:15-cv-07433-LAW-RWS   Document 1023-3   Filed 03/18/16   Page 526 of 6
A-0139
Case 1:15-cv-07433-RWS   Document 39-1   Filed 03/02/16   Page 6 of 7

appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. This Protective Order shall have no force and effect on the use of any CONFIDENTIAL INFORMATION at trial in this matter.

5

Case 1:15-cv-07433-LAP   Document 1026-23   Filed 05/18/16   Page 6 of 6
A-0140
Case 1:15-cv-07433-RWS   Document 39-1   Filed 03/02/16   Page 7 of 7

14.     This Protective Order may be modified by the Court at any time for good cause

shown following notice to all parties and an opportunity for them to be heard.

BY THE COURT

_____

UNITED STATES DISTRICT JUDGE

3·17·16

N.Y.S.D. Case #
15-cv-7433(RWS)

# In the
# United States Court of Appeals
## for the Second Circuit

———————

AUGUST TERM 2018

No. 18-2868-cv

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jul 03 2019

JULIE BROWN, MIAMI HERALD COMPANY,
*Intervenors-Appellants,*

v.

GHISLAINE MAXWELL,
*Defendant-Appellee,*

v.

VIRGINIA L. GIUFFRE,
*Plaintiff-Appellee.*

———————

No. 16-3945-cv(L)
No. 17-1625 (CON)
No. 17-1722(CON)

ALAN M. DERSHOWITZ, MICHAEL CERNOVICH, DBA CERNOVICH
MEDIA,
*Intervenors-Appellants,*

CERTIFIED COPY ISSUED ON 07/03/2019

Case 1:15-cv-07433-LAP Document 1328-3 Filed 08/09/19 Page 2 of 25
Case 18-2868, Document 211, 07/03/2019, 2603994, Page 2 of 25

v.

VIRGINIA L. GIUFFRE,
*Plaintiff-Appellee,*

v.

GHISLAINE MAXWELL,
*Defendant-Appellee.*[*]

—————

On Appeal from the United States District Court
for the Southern District of New York

——————

ARGUED: MARCH 6, 2019
DECIDED: JULY 2, 2019

——————

Before: CABRANES, POOLER, and DRONEY, *Circuit Judges*.

——————

Intervenors-Appellants Alan Dershowitz, Michael Cernovich, and the Miami Herald Company (with reporter Julie Brown) appeal from certain orders of the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*) denying their respective motions to unseal filings in a defamation suit. We conclude that the

---

[*] The Clerk of Court is directed to amend the captions as set out above.

2

District Court failed to conduct the requisite particularized review when ordering the sealing of the materials at issue. At the same time, we recognize the potential damage to privacy and reputation that may accompany public disclosure of hard-fought, sensitive litigation. We therefore clarify the legal tools that district courts should use in safeguarding the integrity of their dockets. Accordingly, we **VACATE** the District Court's orders entered on November 2, 2016, May 3, 2017, and August 27, 2018, **ORDER** the unsealing of the summary judgment record as described further herein, and **REMAND** the cause to the District Court for particularized review of the remaining sealed materials.

Judge Pooler concurs in this opinion except insofar as it orders the immediate unsealing of the summary judgment record without a remand.

———————

SANFORD L. BOHRER (Christine N. Walz, Madelaine J. Harrington, New York, NY, *on the brief*), Holland & Knight LLP, Miami, FL, *for Intervenors-Appellants Julie Brown and Miami Herald.*

TY GEE (Adam Mueller, *on the brief*), Haddon, Morgan and Foreman, P.C., Denver, CO, *for Defendant-Appellee Ghislaine Maxwell.*

PAUL G. CASSELL (Sigrid S. McCawley, Boies
Schiller Flexner LLP, Ft. Lauderdale, FL, *on
the brief*), S.J Quinney College of Law,
University of Utah, Salt Lake City, UT, *for
Plaintiff-Appellee Virginia L. Giuffre.*

ANDREW G. CELLI JR. (David A. Lebowitz, *on
the brief*), Emery, Celli, Brinckerhoff &
Abady LLP, New York, NY, *for Intervenor-
Appellant Alan M. Dershowitz.*

MARC RANDAZZA (Jay Marshall Wolman,
Las Vegas, NV, *on the brief*), Randazza Legal
Group, PLLC, Hartford, CT, *for Intervenor-
Appellant Michael Cernovich.*

———————

JOSÉ A. CABRANES, *Circuit Judge*:

Intervenors-Appellants Alan M. Dershowitz ("Dershowitz"),
Michael Cernovich ("Cernovich"), and the Miami Herald Company
(with reporter Julie Brown, jointly the "*Herald*") appeal from certain
orders of the United States District Court for the Southern District of
New York (Robert W. Sweet, *Judge*) denying their respective motions
to unseal filings in a defamation suit. We conclude that the District
Court failed to conduct the requisite particularized review when
ordering the sealing of the materials at issue. At the same time, we

recognize the potential damage to privacy and reputation that may accompany public disclosure of hard-fought, sensitive litigation. We therefore clarify the legal tools that district courts should use in safeguarding the integrity of their dockets. Accordingly, we **VACATE** the District Court's orders entered on November 2, 2016, May 3, 2017, and August 27, 2018, **ORDER** the unsealing of the summary judgment record as described further herein, and **REMAND** the cause to the District Court for particularized review of the remaining sealed materials.

## I.    BACKGROUND

### A.  *Jeffrey Epstein's Conviction and the CVRA Suit*

The origins of this case lie in a decade-old criminal proceeding against financier Jeffrey Epstein ("Epstein"). On June 30, 2008, Epstein pleaded guilty to Florida state charges of soliciting, and procuring a person under the age of eighteen for, prostitution. The charges stemmed from sexual activity with privately hired "masseuses," some of whom were under eighteen, Florida's age of consent. Pursuant to an agreement with state and federal prosecutors, Epstein pleaded to the state charges. He received limited jail-time, registered as a sex offender, and agreed to pay compensation to his victims. In return, prosecutors declined to bring federal charges.

Shortly after Epstein entered his plea, two of his victims, proceeding as "Jane Doe 1" and "Jane Doe 2," filed suit against the Government in the Southern District of Florida under the Crime Victims' Rights Act ("CVRA"). The victims sought to nullify the plea

agreement, alleging that the Government failed to fulfill its legal obligations to inform and consult with them in the process leading up to Epstein's plea deal.[1]

On December 30, 2014, two additional unnamed victims—one of whom has now self-identified as Plaintiff-Appellee Virginia Giuffre ("Giuffre")—petitioned to join in the CVRA case. These petitioners included in their filings not only descriptions of sexual abuse by Epstein, but also new allegations of sexual abuse by several other prominent individuals, "including numerous prominent American politicians, powerful business executives, foreign presidents, a well-known Prime Minister, and other world leaders," as well as Dershowitz (a long-time member of the Harvard Law School faculty who had worked on Epstein's legal defense) and Defendant-Appellee Ghislaine Maxwell ("Maxwell").[2]

Dershowitz moved to intervene, seeking to "strike the outrageous and impertinent allegations made against him and to request a show cause order to the attorneys that have made them."[3] Exercising its authority to "strike from a pleading an insufficient

---

[1] On February 21, 2019, the Florida District Court ruled that federal prosecutors had violated the CVRA by failing to adequately notify the two victims-plaintiffs of the plea deal. The District Court has not yet determined the appropriate remedy. *See Doe 1 v. United States*, 359 F. Supp. 3d 1201, 1204–17 (S.D. Fla. 2019).

[2] *Doe 1 v. United States*, No. 08-CV-80736-KAM, 2015 WL 11254692, at *2 (S.D. Fla. Apr. 7, 2015) (internal quotation marks omitted).

[3] *Id.* (internal quotation marks and brackets omitted).

defense or any redundant, immaterial, impertinent, or scandalous matter . . . on its own,"[4] the Florida District Court (Kenneth A. Marra, *Judge*) *sua sponte* struck all allegations against additional parties from the pleadings, including those against Dershowitz, and therefore denied Dershowitz's motion as moot.[5]

The stricken allegations, however, quickly found their way into the press, and several media outlets published articles repeating Giuffre's accusations. In response to the allegations, on January 3, 2015, Maxwell's publicist issued a press statement declaring that Giuffre's allegations "against Ghislaine Maxwell are untrue" and that her "claims are obvious lies."[6]

### B. *Giuffre Sues Maxwell*

On September 21, 2015, Giuffre filed the underlying action against Maxwell in the Southern District of New York. Giuffre alleged that Maxwell had defamed her through this and other public statements. Extensive and hard-fought discovery followed. Due to the volume of sealing requests filed during discovery, on August 9, 2016, the District Court entered a Sealing Order that effectively ceded control of the sealing process to the parties themselves. The Sealing Order disposed of the requirement that the parties file individual letter briefs to request sealing and prospectively granted all of the parties'

---

[4] Fed. R. Civ. P. 12(f).

[5] *Doe 1*, 2015 WL 11254692, at *2–3.

[6] *See Giuffre v. Maxwell*, 325 F. Supp. 3d 428, 434 (S.D.N.Y. 2018).

future sealing requests. In total, 167 documents—nearly one-fifth of the docket—were filed under seal. These sealed documents include, *inter alia*, motions to compel discovery, motions for sanctions and adverse inferences, motions *in limine*, and similar material.

On January 6, 2017, Maxwell filed a motion for summary judgment. The parties submitted their memoranda of law and supporting exhibits contesting this motion under seal. On March 22, 2017, the District Court denied the motion in a heavily redacted 76-page opinion. Once again, the entire summary judgment record, including the unredacted version of the District Court opinion denying summary judgment, remained under seal. On May 24, 2017, Maxwell and Giuffre executed a settlement agreement, and the case was closed the next day.

## C. *Motions to Intervene and Unseal*

Over the course of the litigation before Judge Sweet, three outside parties attempted to unseal some or all of the sealed material. On August 11, 2016, Dershowitz moved to intervene, seeking to unseal three documents that, he argues, demonstrate that Giuffre invented the accusations against him. On January 19, 2017, Cernovich, an independent blogger and self-described "popular political journalist,"[7] moved to intervene, seeking to unseal the summary judgment record, and Dershowitz joined his motion. On April 6, 2018, after the case had settled, the *Herald* moved to intervene and unseal

---

[7] Br. Appellant (Cernovich) 4.

Case 1:15-cv-07433-LAP Document 1268-3 Filed 07/03/19 Page 9 of 25
Case 18-2868, Document 211, 07/03/2019, 2600295, Page 9 of 25

A-0149

the entire docket. The District Court granted each of these motions to intervene, but denied the related requests to unseal in orders entered November 2, 2016, May 3, 2017, and August 27, 2018, respectively.

The Appellants timely appealed from each of the orders denying their respective motions to unseal. Although each Appellant seeks the release of a different set of documents, all argue that the District Court failed to analyze the documents individually or properly apply the presumption of public access to court documents. We therefore ordered that the appeals be heard in tandem and held argument on March 6, 2019.

On March 11, 2019, we issued an order to show cause why we "should not unseal the summary judgment motion, including any materials filed in connection with this motion, and the District Court's summary judgment decision."[8] The parties timely filed their responses.

## II.    DISCUSSION

There are two categories of sealed material at issue in these appeals: (1) the summary judgment record, which includes the parties' summary judgment briefs, their statements of undisputed facts, and incorporated exhibits; and (2) court filings made in the course of the discovery process and with respect to motions *in limine*. In this Opinion, we explain that our law requires the unsealing of the

---

[8] *Giuffre v. Maxwell*, No. 18-2868-cv, Docket No. 138.

summary judgment materials and individualized review of the remaining sealed materials.

While the law governing public access to these materials is largely settled, we have not yet adequately addressed the potential harms that often accompany such access. These harms are apparent. Over forty years ago, the Supreme Court observed that, without vigilance, courts' files might "become a vehicle for improper purposes."[9] Our legal process is already susceptible to abuse. Unscrupulous litigants can weaponize the discovery process to humiliate and embarrass their adversaries. Shielded by the "litigation privilege,"[10] bad actors can defame opponents in court pleadings or depositions without fear of lawsuit and liability. Unfortunately, the presumption of public access to court documents has the potential to exacerbate these harms to privacy and reputation by ensuring that damaging material irrevocably enters the public record.

We therefore take the opportunity to describe the tools available to district courts in protecting the integrity of the judicial process, and emphasize the courts' responsibility to exercise these powerful tools. We also caution the public to critically assess allegations contained in judicial pleadings.

---

[9] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

[10] *See* notes 46–47 and accompanying text, *post*.

## A. Standard of Review

When reviewing a district court's decision to seal a filing or maintain such a seal, "we examine the court's factual findings for clear error, its legal determinations de novo, and its ultimate decision to seal or unseal for abuse of discretion."[11]

## B. The Summary Judgment Materials

With respect to the first category of materials, it is well-settled that "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."[12] In light of this strong First Amendment presumption, "continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim."[13]

---

[11] *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016).

[12] *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). We observe that our holding in *Lugosch* relies on the general principle that parties may "be assumed to have supported their papers with admissible evidence and non-frivolous arguments." *Id.* at 122. Insofar as a district court has, through striking a filing, specifically found that assumption inapplicable, the categorical rule in *Lugosch* may not apply. *See* notes 42–43 and accompanying text, *post*.

[13] *Id.* at 124. Examples of such countervailing values may include, depending on the circumstances, preserving "the right of an accused to fundamental fairness in the jury selection process," *Press-Enter. Co. v. Superior Court*

In this case, the District Court erred in several respects.[14] First, it failed to give proper weight to the presumption of access that attaches to documents filed in connection with summary judgment motions. The District Court reasoned that the summary judgment materials were "entitled to a lesser presumption of access" because "summary judgment was denied by the Court."[15] In assigning a "lesser presumption" to such materials, the District Court relied on a single sentence of dicta from our decision in *United States v. Amodeo*.[16] We have since clarified, however, that this sentence was based on a "quotation from a partial concurrence and partial dissent in the D.C. Circuit . . . [and] is thus not the considered decision of either this court or the D.C. Circuit."[17] In fact, we have expressly rejected the proposition that "different types of documents might receive different

---

*of California, Riverside Cty.*, 464 U.S. 501, 510 (1984); the protection of attorney-client privilege, *Lugosch*, 435 F.3d at 125; "the danger of impairing law enforcement or judicial efficiency," *SEC. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001); and "the privacy interest of those who resist disclosure," *id.*

[14] Our discussion here focuses specifically on the District Court's denial of the *Herald's* motion to unseal the entire record. Because this decision grants relief to all Appellants, we need not discuss any separate, additional error in the District Court's denial of the earlier motions to unseal.

[15] *Giuffre*, 325 F. Supp. 3d at 444.

[16] 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*") ("One judge [in the District of Columbia Circuit] has pointed out, for example, that where a district court *denied* the summary judgment motion, essentially postponing a final determination of substantive legal rights, the public interest in access is not as pressing." (internal quotation marks omitted; emphasis in original)).

[17] *Lugosch*, 435 F.3d at 121.

weights of presumption based on the extent to which they were relied upon in resolving [a] motion [for summary judgment]."[18]

Second, in contravention of our precedent, the District Court failed to review the documents individually and produce "specific, on-the-record findings that sealing is necessary to preserve higher values."[19] Instead, the District Court made generalized statements about the record as a whole.[20] This too was legal error.

Finally, upon reviewing the summary judgment materials in connection with this appeal, we find that there is no countervailing privacy interest sufficient to justify their continued sealing. Remand with respect to these documents is thus unnecessary. Accordingly, and to avoid any further delay,[21] we order that the summary judgment documents (with minimal redactions) be unsealed upon issuance of our mandate.[22]

---

[18] *Id.* at 123.

[19] *Id.* at 124.

[20] *See, e.g., Giuffre,* 325 F. Supp. 3d at 445 (summarily concluding that all "[t]he Summary Judgment Judicial Documents openly refer to and discuss these allegations [of sexual assault and sexual trafficking] in comprehensive detail, and that those allegations "establish[] a strong privacy interest here").

[21] *Cf. Lugosch*, 435 F.3d at 127 (ordering that "the mandate shall issue forthwith" to expedite the unsealing process).

[22] Upon issuance of our mandate, a minimally redacted version of the summary judgment record will be made accessible on the Court of Appeals docket. We have implemented minimal redactions to protect personally identifying information such as personal phone numbers, contact lists, birth dates, and social

Case 1:15-cv-07433-LAP Document 1029-2 Filed 07/03/19 Page 14 of 25
Case 18-2868, Document 221, 07/03/2019, 2605228, Page14 of 25

A-0154

## C.  The Remaining Sealed Materials

The law governing disclosure of the remaining sealed material in this case is only slightly more complex. The Supreme Court has recognized a qualified right "to inspect and copy judicial records and documents."[23] In defining "judicial records and documents," we have emphasized that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access."[24] Instead, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document."[25]

As our precedent makes clear, a court "perform[s] the judicial function" not only when it rules on motions currently before it, but also when properly exercising its inherent "supervisory powers."[26] A

---

security numbers. We have also redacted the names of alleged minor victims of sexual abuse from deposition testimony and police reports, as well as deposition responses concerning intimate matters where the questions were likely only permitted—and the responses only compelled—because of a strong expectation of continued confidentiality. *See* Fed. R. Civ. P. 5.2. While we appreciate the views expressed in Judge Pooler's separate opinion, the panel majority believes that the efforts invested by three former district judges in reviewing these materials adequately address those concerns.

[23] *Nixon*, 435 U.S. at 597–98.

[24] *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*").

[25] *Id.*

[26] *Cf. United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 135 (2d Cir. 2017) (explaining that, in considering whether the report of a monitor charged with assessing compliance with a deferred prosecution agreement is a judicial

document is thus "relevant to the performance of the judicial function" if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision.[27] Accordingly, if in applying these standards, a court determines that documents filed by a party are *not* relevant to the performance of a judicial function, no presumption of public access attaches.[28]

Once an item is deemed relevant to the exercise of judicial power, "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those

---

document, "[i]f the district court's conception of its supervisory power in this context were correct, the Monitor's Report would quite obviously be relevant to the performance of the judicial function and useful in the judicial process" (internal quotation marks omitted)). Whether a specific judicial decision constitutes a "performance of the judicial function" is a question of law. Accordingly, we review such determinations *de novo*. *Id.* at 134.

[27] *Amodeo I*, 44 F.3d at 145–46 (concluding that documents were relevant to the performance of a judicial function because they would have "informed" the district court's decision whether to discharge or retain a Receiver); *see also FTC. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 409 (1st Cir. 1987) (citing Federal Rule of Evidence 401's "having any tendency" definition of relevance in determining whether documents were "judicial documents").

[28] As we explain below, there are several (often preferable) tools beyond sealing that district courts can use to protect their dockets from becoming a vehicle for irrelevant—and potentially defamatory—accusations. *See* Section D, *post*.

monitoring the federal courts."[29] Thus, while evidence introduced at trial or in connection with summary judgment enjoys a strong presumption of public access, documents that "play only a negligible role in the performance of Article III duties" are accorded only a low presumption that "amounts to little more than a prediction of public access absent a countervailing reason."[30] Documents that are never filed with the court, but simply "passed between the parties in discovery, lie entirely beyond the presumption's reach."[31]

The remaining sealed materials at issue here include filings related to, *inter alia*, motions to compel testimony, to quash trial subpoenae, and to exclude certain deposition testimony. All such motions, at least on their face, call upon the court to exercise its Article III powers. Moreover, erroneous judicial decision-making with respect to such evidentiary and discovery matters can cause substantial harm. Such materials are therefore of value "to those monitoring the federal courts."[32] Thus, all documents submitted in connection with, and relevant to, such judicial decision-making are subject to at least some presumption of public access.[33]

---

[29] *Amodeo II*, 71 F.3d at 1049.

[30] *Id.* at 1050.

[31] *Id.*

[32] *Id.* at 1049.

[33] In previous decisions, we have identified an important exception to this general rule: the presumption of public access does *not* apply to material that is submitted to the court solely so that the court may decide whether that same

Although a court's authority to oversee discovery and control the evidence introduced at trial surely constitutes an exercise of judicial power, we note that this authority is ancillary to the court's core role in adjudicating a case. Accordingly, the presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment.[34] Thus, while a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings.

Here, the precise basis for the District Court's decision to deny the motion to unseal these remaining materials is unclear. In the three paragraphs devoted to the issue, the District Court emphasized the potential for embarrassment "given the highly sensitive nature of the underlying allegations," and concluded that "the documents sealed in the course of discovery were neither relied upon by [the District] Court in the rendering of an adjudication, nor necessary to or helpful in resolving a motion."[35] It is therefore unclear whether the District Court held that these materials were not judicial documents (and thus are

---

material must be disclosed in the discovery process or shielded by a Protective Order. *See TheStreet.Com*, 273 F.3d at 233.

[34] *Amodeo II*, 71 F.3d at 1049–50.

[35] *Giuffre*, 325 F. Supp. 3d. at 442 (internal quotation marks and brackets omitted).

not subject to a presumption of public access), or found that privacy interests outweighed a limited right of public access.

On either interpretation, however, the District Court's holding was error. Insofar as the District Court held that these materials are not judicial documents because it did not rely on them in adjudicating a motion, this was legal error. As explained above, the proper inquiry is whether the documents are relevant to the performance of the judicial function, not whether they were relied upon.[36] Indeed, decision-makers often find that a great deal of relevant material does not ultimately sway their decision. And insofar as the District Court held that privacy interests outweigh the presumption of public access in each of the thousands of pages at issue, that decision—which appears to have been made without particularized review—amounts to an abuse of discretion.[37]

In light of the District Court's failure to conduct an individualized review of the sealed materials, it is necessary to do so now. We believe the District Court is best situated to conduct this review. The District Court can directly communicate with the parties, and can therefore more swiftly and thoroughly consider particular objections to unsealing specific materials. Relatedly, the District Court can obtain the parties' assistance in effecting any necessary redactions, and in notifying any outside parties whose privacy interests might be

---

[36] *See* text accompanying notes 12–18 and 26–28, *ante.*

[37] *See In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative, legal "term of art").

implicated by the unsealing. Accordingly, we remand the cause to the District Court to conduct such a particularized review and unseal all documents for which the presumption of public access outweighs any countervailing privacy interests.

### D. Protecting the Integrity of Judicial Proceedings

While we disagree with the District Court's disposition of the motions to unseal, we share its concern that court files might be used to "promote scandal arising out of unproven potentially libelous statements."[38] We therefore describe certain methods courts can employ to protect the judicial process from being coopted for such purposes.

The Supreme Court has explained that "[e]very court has supervisory power over its own records and files" to ensure they "are not used to gratify private spite or promote public scandal" or "serve as reservoirs of libelous statements for press consumption."[39] This supervisory function is not only within a district court's power, but also among its responsibilities.

In practice, district courts may employ several methods to fulfill this function. They may, for instance, issue protective orders forbidding dissemination of certain material "to protect a party or person from annoyance, embarrassment, oppression, or undue

---

[38] *Giuffre*, 325 F. Supp. 3d at 447.

[39] *Nixon*, 435 U.S. at 598 (internal quotation marks).

burden" and require that filings containing such material be submitted under seal.[40] If parties then seek to file such materials, the court may deny them leave to do so.[41] District courts may also seek to counteract the effect of defamatory statements by explaining on the record that the statements appear to lack credibility. Moreover, under Federal Rule of Civil Procedure 12(f), the district court may strike such material from the filings on the grounds that it is "redundant, immaterial, impertinent, or scandalous."[42] Because such rejected or stricken material is not "relevant to the performance of the judicial function" it would not be considered a "judicial document" and would enjoy no presumption of public access.[43] Finally, in appropriate

---

[40] Fed. R. Civ. P. 26(c); *see also TheStreet.Com*, 273 F.3d at 229–30.

[41] *See, e.g.*, S.D.N.Y. Electronic Case Filing Rules & Instructions, February 1, 2019 Edition, Rule 6.1, http://nysd.uscourts.gov/ecf/ECF%20Rules%20020119%20Final.pdf.

[42] Fed. R. Civ. P. 12(f). Courts may strike material from the pleadings either "on its own" or "on motion made by a party." *Id.* Although motions to strike material *solely* "on the ground that the matter is impertinent and immaterial" are disfavored, when material is also "scandalous," no such presumption applies. *Cf. Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992) ("Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice."); *Wine Markets Int'l, Inc. v. Bass*, 177 F.R.D. 128, 133 (E.D.N.Y. 1998) ("Motions to strike are not generally favored, except in relation to scandalous matters."); *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 617–18 (1st Cir. 1988) (categorizing as scandalous "matter which impugned the character of defendants").

[43] *Amodeo I*, 44 F.3d at 145.

circumstances, district courts may impose sanctions on attorneys and parties under Federal Rule of Civil Procedure 11(c).[44]

### E.  A Cautionary Note

We conclude with a note of caution to the public regarding the reliability of court filings such as those unsealed today.

Materials submitted by parties to a court should be understood for what they are. They do not reflect the court's own findings. Rather, they are prepared by parties seeking to advance their own interests in an adversarial process. Although affidavits and depositions are offered "under penalty of perjury," it is in fact exceedingly rare for anyone to be prosecuted for perjury in a civil proceeding.[45] Similarly,

---

[44] In relevant part, Rule 11 provides:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . . [T]he court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation . . . . The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11. *See also Amodeo II*, 71 F.3d at 1049 (describing sanctions available to the court).

[45] Sonia Sotomayor & Nicole A. Gordon, *Returning Majesty to the Law and Politics: A Modern Approach*, 30 Suffolk U. L. Rev. 35, 47 n.52 (1996) ("Perjury cases are not often pursued . . . .").

pleadings, complaints, and briefs—while supposedly based on underlying evidentiary material—can be misleading. Such documents sometimes draw dubious inferences from already questionable material or present ambiguous material as definitive.

Moreover, court filings are, in some respects, particularly susceptible to fraud. For while the threat of defamation actions may deter malicious falsehoods in standard publications, this threat is non-existent with respect to certain court filings. This is so because, under New York law (which governs the underlying defamation claim here), "absolute immunity from liability for defamation exists for oral or written statements made . . . in connection with a proceeding before a court."[46] Thus, although the act of filing a document with a court might be thought to lend that document additional credibility, in fact, allegations appearing in such documents might be less credible than those published elsewhere.[47]

---

[46] *Front, Inc. v. Khalil*, 24 N.Y.3d 713, 718 (2015); *see also Kelly v. Albarino*, 485 F.3d 664, 666 (2d Cir. 2007) (adopting the reasoning of the District Court explaining that this privilege is "the broadest of possible privileges"); Restatement (Second) of Torts § 587 (1977) ("A party to a private litigation or a private prosecutor or defendant in a criminal prosecution is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding."). *But see* note 47, *post.*

[47] While common law courts have generally interpreted the litigation privilege broadly, they nevertheless maintain an important (if rarely implemented) limitation on its scope: to qualify for the privilege, a statement must be "material and pertinent to the questions involved." *Front*, 24 N.Y.3d at 718 (quoting *Youmans*

We have long noted that the press plays a vital role in ensuring the public right of access and in enhancing "the quality and safeguards the integrity of the factfinding process."[48] When faithfully observing its best traditions, the print and electronic media "contributes to public understanding of the rule of law" and "validates [its] claim of functioning as surrogates for the public."[49]

At the same time, the media does the public a profound disservice when it reports on parties' allegations uncritically. We have previously observed that courts cannot possibly "discredit every statement or document turned up in the course of litigation," and we have criticized "the use by the media of the somewhat misleading term 'court records' in referring to such items."[50] Even ordinarily critical

---

*v. Smith*, 153 N.Y. 214, 219–20 (1897)). It follows, then, that immaterial and impertinent statements are (at least nominally) actionable, particularly when they are "so needlessly defamatory as to warrant the inference of express malice." *Id.* (same). It seems to us that when a district court strikes statements from the record pursuant to Fed. R. Civ. P. 12(f) on the ground that the matter is "impertinent" and "immaterial," it makes the very same determination that permits a defamation action under the common law. We think the judicial system would be well served were our common law courts to revitalize this crucial qualification to the litigation privilege.

[48] *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir. 1984) (quoting *Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 606 (1982)).

[49] *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572–73 (1980) (plurality opinion) (internal quotation marks omitted).

[50] *Amodeo II*, 71 F.3d at 1049.

23

readers may take the reference to "court papers" as some sort of marker of reliability. This would be a mistake.

We therefore urge the media to exercise restraint in covering potentially defamatory allegations, and we caution the public to read such accounts with discernment.

### III. CONCLUSION

To summarize, we hold as follows:

(1) Materials submitted in connection with a motion for summary judgment are subject to a strong presumption of public access.

(2) The summary judgment record at issue will be unsealed upon issuance of our mandate, subject to minimal redactions.[51]

(3) Materials submitted in connection with, and relevant to, discovery motions, motions *in limine*, and other non-dispositive motions are subject to a lesser—but still substantial— presumption of public access.

(4) The District Court is directed to review the remaining sealed materials individually and unseal those materials as appropriate.

---

[51] *See* note 22, *ante.*

(5) District courts should exercise the full range of their substantial powers to ensure their files do not become vehicles for defamation.

For the foregoing reasons, we **VACATE** the orders of the District Court entered on November 2, 2016, May 3, 2017, and August 27, 2018, **ORDER** the unsealing of the summary judgment record as described herein, and **REMAND** the cause to the District Court for particularized review of the remaining materials.

In undertaking this task, the District Court may be well-served by ordering the parties to submit to the Court unredacted, electronic copies of the remaining sealed materials, as well as specific, proposed redactions. The District Court may also order the parties to identify and notify additional parties whose privacy interests would likely be implicated by disclosure of these materials.

In the interests of judicial economy, any future appeal in this matter shall be referred to this panel.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

25

POOLER, *Circuit Judge, dissenting in part*:

I join the Court's opinion in every respect but one: the decision to unseal the summary judgment record ourselves. I agree that all or most of the material must be unsealed. Nevertheless, in my view, the district court is better suited to the task. As the Court's opinion recognizes in connection with the remaining sealed materials, the district court is better positioned to communicate with the parties and any nonparties whose privacy interests might be affected by unsealing. On that score, it is worth clarifying here the breadth of the Court's unsealing order: it unseals nearly 2000 pages of material. The task of identifying and making specific redactions in such a substantial volume is perilous; the consequences of even a seemingly minor error may be grave and are irrevocable. Moreover, although I share the majority's concern about avoiding delay, I would alleviate that concern through other means—perhaps with an order directing the district court to act expeditiously and by making clear what types of limited redactions are and are not appropriate. In sum, I would unseal the district court's summary judgment decision only and leave the remainder of the materials for the district court to review, redact, and unseal on remand.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

CERTIFIED COPY ISSUED ON 07/03/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA L. GIUFFRE, | |
| Plaintiff, | No. 19 Civ. 3377 (LAP) |
| -against- | |
| ALAN DERSHOWITZ, | |
| Defendant. | |
| VIRGINIA L. GIUFFRE, | |
| Plaintiff, | No. 15 Civ. 7433 (LAP) |
| -against- | ORDER |
| GHISLAINE MAXWELL, | |
| Defendant. | |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court for approval is a proposal by Defendant Alan
Dershowitz in Giuffre v. Dershowitz, No. 19 Civ. 3377, to modify
the protective order in Giuffre v. Maxwell, No. 15 Civ. 7433, to
allow Plaintiff Virginia Giuffre to produce to Mr. Dershowitz
certain sealed materials from the Maxwell litigation. (See dkt.
no. 153.)[1] Ms. Giuffre does not object to the proposal. (Id.)
Mr. Dershowitz's request is granted in part and denied in part.

---

[1] Unless otherwise noted, cites to the docket refer to the docket
in Giuffre v. Dershowitz, No. 19 Civ. 3377.

1

I.    BACKGROUND

Mr. Dershowitz has had several bites at this particular apple. Most recently, Mr. Dershowitz sought modification of the Maxwell protective order (dkt. no. 62 in 15 Civ. 7433) to permit him blanket access to all sealed materials and discovery at issue in the Maxwell litigation, a request that the Court denied. (See dkt. no. 144.) Core to the Court's conclusion were several issues. First, Mr. Dershowitz's request was staggeringly overbroad given the relatively constrained facts at issue in the Dershowitz litigation. (Id. at 8.) Second, the proposed modification of the protective order would threaten to undercut the carefully planned unsealing process in Maxwell. (Id. at 9.) Third, the Court found that parties providing documents and testimony in Maxwell reasonably relied on the Maxwell protective order, whose promises of confidentiality "functioned as a powerful mechanism for inducing parties to provide discovery in a contentious litigation." (Id. at 11-12.)

Shortly after the Court's denial of Mr. Dershowitz's request, the Court, in an effort to hasten the resolution of this case, ordered Mr. Dershowitz and Ms. Giuffre to confer "with an eye toward reaching a reasonable accommodation concerning Mr. Dershowitz's requests for various filings and discovery materials from Giuffre v. Maxwell." (Dkt. no. 152.) The parties conferred and informed the Court via joint letter (dkt. no. 153) that Ms.

2

Giuffre had no objection to producing to Mr. Dershowitz (1) the names of all deponents, subpoena recipients, and affiants in the Maxwell case and (2) sealed materials from the Maxwell action falling in 13 enumerated categories--a list of those categories is provided in Exhibit A to the parties' joint letter. (See dkt. no. 153, Ex. A.)

The Court expressed concerns about the parties' proposal for two reasons. First, the proposed disclosure could "undermine the careful unsealing process agreed to by the parties in Maxwell." (Dkt. no. 154 at 2.) Second, the proposed disclosure could "infringe on the privacy or other countervailing interests against disclosure of the Does [who are providing input in Maxwell] without their having notice and an opportunity to be heard." (Id.) In light of those concerns, the Court invited the nonparty Does to submit comments to the Court on the proposed disclosure to Mr. Dershowitz for in camera review. (Id.)

The Court received three submissions from nonparties--one of those submissions, from nonparty John Doe who has been actively involved in the Maxwell litigation, was filed on the public docket (dkt. no. 1105 in 15 Civ. 7433), while the other two submissions were provided directly to the Court by email for in camera review and were docketed under seal. As discussed by the Court in a prior order, the comments covered three general tracks. (See dkt. no. 172 at 2.) First, the comments noted the gravity of the privacy

and reputational interests that would be implicated by any disclosure to Mr. Dershowitz. Second, and relatedly, the comments argued that nonparties reasonably relied on the Maxwell protective order when producing documents or providing testimony in that case and, accordingly, expected that such materials would remain confidential. Third, the comments suggested that Mr. Dershowitz has not made a showing that certain of the sealed materials are relevant to a degree sufficient to justify any disclosure. (Id. at 2-3.)

II. DISCUSSION

In an effort to provide a reasonable accommodation to Mr. Dershowitz, the Court will permit modification of the Maxwell protective order to allow limited disclosure to Mr. Dershowitz of sealed documents and testimony that mention Mr. Dershowitz, subject to an exception that is the subject of a sealed order to be provided to Ms. Giuffre.[2] The Court will not permit modification

---

[2] That sealed order excludes from production to Mr. Dershowitz material produced by or material (or portions of material) that discusses a specific nonparty Doe whose identity will remain confidential. With respect to material not produced by the nonparty Doe, the order also requires that descriptive material (defined in the order) concerning the nonparty Doe should be redacted entirely and that merely redacting the Doe's name is not sufficient. In a separate explanatory order--also docketed under seal but not provided to the parties--the Court concludes that disclosure of documents and testimony discussing this Doe would undermine that Doe's particularly weighty privacy interests in the sealed materials. To the extent that Mr. Dershowitz can discern the identity of this Doe, the Doe's identity shall neither be publicly disclosed nor intimated in public filings.

to allow a disclosure to Mr. Dershowitz of sealed materials outside of that universe. The Court reaches that conclusion for several reasons.

First, the Court reaches the same conclusion as it did in July regarding nonparty reliance on the Maxwell protective order. That is to say, given that the confidentiality provisions of the Maxwell protective order "functioned as a powerful mechanism for inducing parties to provide discovery in a contentious litigation," (dkt. no. 144 at 11), the Court concludes that a disclosure to Mr. Dershowitz that is as circumscribed as reasonably possible will best protect the reliance interests of nonparties who provided testimony and discovery in Maxwell.

Second, and relatedly, the Court finds the gravity of the privacy interests of nonparties--particularly nonparties who are alleged victims of Jeffrey Epstein's sexual abuse--weighs heavily against the unilateral disclosure that Mr. Dershowitz seeks. Those interests are particularly acute given that the psychological and emotional wellbeing of survivors of alleged sexual assaults may be implicated by such a broad disclosure. Indeed, protecting such interests is one of the core purposes of the unsealing process in Maxwell. Even the more limited disclosure sought by Mr. Dershowitz threatens to undermine that purpose by allowing disclosure without the extensive input from the nonparties that is provided for by the unsealing process in Maxwell.

<u>Third</u>, while Mr. Dershowitz has winnowed his request for documents somewhat since his earlier request for modification, he still seeks quite a broad universe of sealed materials related to the <u>Maxwell</u> litigation. As discussed above, Mr. Dershowitz seeks documents that fall into 13 separate categories, some of which are extremely broad. For example, Mr. Dershowitz seeks all documents "concerning Alan Dershowitz" and all documents produced and testimony given by dozens of witnesses. (<u>See</u> dkt. no. 153, Ex. A.) Mr. Dershowitz claims to have a "compelling need" for these materials because he wants to prove that <u>all</u> of the various instances of trafficking--by Mr. Dershowitz and numerous others-- alleged by Ms. Giuffre are false and therefore he never could have been on notice that Ms. Giuffre was a victim of sex trafficking. (<u>See</u> dkt. no. 171 at 5.) The Court again reminds Mr. Dershowitz that the central factual issue in this case is narrow, (<u>see</u> dkt. no. 152 at 1-2), and that discovery should therefore be proportionally narrow. While Mr. Dershowitz will not be forced to "litigate this action with one arm tied behind his back," (dkt. no. 144 at 6 n.4), that does not require that the Court allow Mr. Dershowitz to use this defamation action as a vehicle for reconstructing everything that Ms. Giuffre has ever said about Jeffrey Epstein's alleged sex trafficking operation.

III. <u>CONCLUSION</u>

Mr. Dershowitz's request to modify the <u>Maxwell</u> protective order (dkt. no. 153) is granted in part and denied in part.  Ms. Giuffre shall produce to Mr. Dershowitz all sealed materials and discovery that mentions Mr. Dershowitz, excluding material produced by or material (or portions of material) discussing a specific nonparty Doe whose privacy interests are the subject of a separate sealed order to be provided to Ms. Giuffre.

**SO ORDERED.**

Dated:    New York, New York
          September 9, 2020

_____

LORETTA A. PRESKA
Senior United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>            Plaintiff,<br><br>-against-<br><br>GHISLAINE MAXWELL,<br><br>            Defendant. | 15 Civ. 7433 (LAP) |
| VIRGINIA L. GIUFFRE,<br><br>            Plaintiff,<br><br>-against-<br><br>ALAN DERSHOWITZ,<br><br>            Defendant. | 19 Civ. 3377 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of a letter from counsel to a non-party Doe (dkt. no. 1182 in 15-cv-7433) raising concerns that that protective order recently entered in Giuffre v. Dershowitz (dkt. no. 227 in 19-cv-3377) "give[s] plaintiff Virginia Giuffre and defendant Alan Dershowitz the unfettered bilateral authority to publicly file presently sealed documents from Giuffre v. Maxwell." The Court also has reviewed the letter responses from Professor Dershowitz and Ms. Giuffre. (Dkt. nos. 231, 232 in 19-cv-3377.)

1

**A-0175**

The Court does not read the protective order, as presently entered, to give the parties unrestricted authority to disclose publicly the confidential materials from Maxwell--not least of all because the parties only may agree to downgrade confidentiality designations for materials that the "designating party has subsequently produced in this action," i.e., only materials that Ms. Giuffre alone designated as confidential in Maxwell. To avoid any doubt, however, the parties shall append to the end of the definition of "Confidential Information" in the protective order the underlined language at the end of the following excerpt, which makes clear that the parties cannot agree to unseal the identities of non-party Does where that information is still sealed in Maxwell:

> As used in this Protective Order, the term "Confidential Information" includes (i) private financial information, such as tax records and bank account numbers; (ii) personally identifiable information, such as a social security numbers, home addresses, personal email addresses or personal telephone numbers; (iii) protected health information, inclusive of physical and mental health records; and (iv) identifying information of sexual abuse victims, such as names, emails, telephone numbers, or home addresses. "Confidential Information" also includes information filed under seal or designated as 'Confidential' in another action for which the confidentiality designation or seal has not been lifted; provided, however, that any party to this action may request that another party to this action remove the confidentiality designation from any document that was designated as "Confidential" in another action but which the designating party has subsequently produced in this action and which the requesting party wishes to use

in a filing, at a deposition, or in a court proceeding. Should such a request be made, the designating party will promptly review the identified documents and remove the confidentiality designation from those documents if appropriate. If the requesting party disagrees with a decision not to remove a confidentiality designation, the requesting party must promptly move the Court for further relief.  <u>For the avoidance of doubt, for materials produced in or generated as a result of discovery in Giuffre v. Maxwell, the parties may only agree to remove confidentiality designations for Ms. Giuffre's personal documents, i.e., those bearing her bates stamp in Maxwell.  Even where Ms. Giuffre agrees to remove the confidentiality designations for such materials produced in Maxwell, the parties shall not publicly disclose or file on the public docket the names or identifying information of non-party Does (except for Mr. Dershowitz) in materials originally designated confidential in Maxwell and filed in that case either under seal or with the non-party Doe's identifying information redacted (unless such information has been unsealed already by the Court in Maxwell).</u>

The parties shall file a revised protective order with this language appended to the definition of "Confidential Information."

**SO ORDERED.**

Dated:   New York, New York
         January 6, 2021

_____
LORETTA A. PRESKA
Senior United States District Judge

3

```
 1  UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
 2  ------------------------------x

 3  VIRGINIA L. GIUFFRE,

 4                    Plaintiff,

 5            v.                        15 CV 7433 (LAP)

 6  GHISLAINE MAXWELL,

 7                    Defendant.        Telephone Conference

 8  ------------------------------x
                                       New York, N.Y.
 9                                     January 19, 2021
                                       10:10 a.m.
10
    Before:
11
                        HON. LORETTA A. PRESKA,
12
                                       District Judge
13

14                       APPEARANCES

15  BOIES SCHILLER & FLEXNER LLP
         Attorneys for Plaintiff
16  BY:  SIGRID S. McCAWLEY

17  HADDON MORGAN and FOREMAN, P.C.
         Attorneys for Defendant
18  BY:  LAURA A. MENNINGER

19  HOLLAND & KNIGHT
         Attorneys for Intervenors Julie Brown and Miami Herald
20       Media Company
    BY:  CHRISTINE N. WALZ
21
    KRIEGER KIM & LEWIN, LLP
22       Attorneys for John Doe Defendants
    BY:  PAUL M. KRIEGER
23

24

25
```

1          (Case called)

2          THE COURT:  Good morning, counsel.  Good morning,

3   ladies and gentlemen.

4          Not that you are required to be present, but who is on

5   for Ms. Giuffre, please?

6          MS. McCAWLEY:  Good morning, your Honor.  It is Sigrid

7   McCawley from the law firm of Boies Schiller & Flexner on

8   behalf of Virginia Giuffre.

9          THE COURT:  Good morning.

10          Who is on for Ms. Maxwell, please?

11          MS. MENNINGER:  Good morning, your Honor, Laura

12   Menninger on behalf of Ms. Maxwell from Haddon Morgan and

13   Foreman.

14          THE COURT:  Good morning.

15          Counsel, as you know, today the Court announces its

16   rulings on the unsealing of the motions associated with docket

17   entries 231, 279, 315, 320, and 335 in Giuffre v. Maxwell, as

18   well as the documents relevant to those motions.

19          At has become the custom, the Court will announce its

20   general findings relevant to this round of unsealing before

21   marching through its specific findings for each document.

22          As to the Court's general findings, to determine

23   whether materials should be unsealed, the Court's mandate is to

24   undertake a particularized review of each document and to:  (1)

25   evaluate the weight of the presumption of public access to the

1    materials; (2) identify and evaluate the weight of any

2    countervailing interests; and (3) determine whether the

3    countervailing interests rebut the presumption.

4           The presumption of public access attaches to judicial

5    documents; that is, those documents filed in accordance with a

6    decided motion or papers that are relevant to the Court's

7    exercise of its inherent supervisory powers.  The documents at

8    issue here were submitted in connection with discovery motions

9    decided by Judge Sweet.  The Court concludes that they are

10   judicial documents to which the presumption of public access

11   attaches.

12          As with the documents that the Court ordered unsealed

13   in July, however, the motions at issue today are, as noted,

14   discovery motions.  Accordingly, the presumption of public

15   access is somewhat less weighty than for a dispositive motion.

16   It is, nevertheless, important to the public's interest in

17   monitoring federal courts' exercise of their Article III powers

18   that the public review the documents.

19          With this presumption of public access in mind, the

20   Court turns to the countervailing interests at stake.  The

21   Court has considered the arguments advanced by the parties in

22   their briefing.  It has also considered the submission from

23   intervenors Julie Brown and the Miami Herald Media Company.

24   The Court has also received submissions from various Does, in

25   addition to Does 1 and 2, who are under consideration now.

A-0180

1   Those additional Does have asserted privacy interests that

2   purportedly weigh against unsealing their names and related

3   materials.  The Court will undertake its review of those

4   submissions when it comes time to consider the unsealing of the

5   names of those Does, after the parties have had a chance to

6   respond to those submissions today.  The only nonparty Does the

7   Court has considered for unsealing are Does 1 and 2, who have

8   submitted no formal objection to unsealing, but who did ask

9   belatedly that their names not be revealed.

10          Moving to the countervailing interests advanced by the

11  parties:

12          First, Ms. Maxwell argues that the unsealing of

13  certain documents -- and portions thereof -- will create a

14  "media frenzy" that will unlawfully jeopardize her right to a

15  fair trial, and which will also violate Local Criminal Rule

16  23.1.  Local Rule 23.1 prohibits the release of nonpublic

17  information or opinion where there is a "substantial likelihood

18  that such dissemination will interfere with a fair trial or

19  otherwise prejudice the administration of justice."  Local

20  Criminal Rule 23.1(a).  By its terms, this rule applies to

21  "lawyers or law firms, "government agents and police officers,"

22  "in connection with pending or imminent criminal litigation

23  with which they are associated.  *Id.*  It is not clear to the

24  Court that this particular rule is applicable to courts'

25  unsealing of these documents, in which the public has long had

1    a First Amendment right to access -- pursuant to the mandate

2    from the Court of Appeals.  The Court observes, however, that

3    "the right of an accused to fundamental fairness in the jury

4    selection process" may be a countervailing interest that weighs

5    against public access to documents.

6          Here, however, the Court rejects Ms. Maxwell's

7    argument that the unsealing of any of the materials under

8    consideration today will jeopardize her right to a fair trial,

9    let alone sufficiently enough to overcome the presumption of

10   public access that attaches to these materials.  Ms. Maxwell's

11   observation of the general media coverage of the unsealing

12   process does little to show how the unsealing of any specific

13   information at issue in the current round of unsealing will

14   jeopardize her right to a fair trial that is likely many months

15   away, or why this cannot be cured through the normal processes

16   in place for jury selection.

17         As a corollary to this countervailing interest, Ms.

18   Maxwell argues that the unsealing process should be put on hold

19   because the Court that is overseeing her criminal prosecution

20   has not yet determined whether these documents will be

21   considered admissible evidence or testimony at trial.  The

22   Court finds that this argument is entitled to little weight at

23   this stage with respect to these specific documents.  The

24   public's First Amendment right of access to these documents is

25   not outweighed by the prospective inadmissibility of certain of

1    them in some later proceeding.  In any case, the Court takes

2    comfort in the fact that Ms. Maxwell recognizes that she has

3    the Federal Rules of Criminal Procedure and evidence at her

4    disposal when the appropriate time comes to fight this fight

5    down the road.

6         A word about Ms. Maxwell's July 2016 deposition.  The

7    full transcript of Ms. Maxwell's July 2016 deposition

8    transcript was submitted as an exhibit annexed to her motion

9    opposing a request to reopen that deposition, at docket entry

10   340-4.  Excerpts of that transcript were also submitted as

11   exhibits to various other briefing.  Ms. Maxwell argues that

12   the "privacy interests of those who resist disclosure" -- in

13   the case of her deposition, Ms. Maxwell's interests -- counsel

14   against unsealing deposition transcript.  Ms. Maxwell argues

15   that her discussion of certain "intimate matters" during that

16   deposition should remain sealed.

17        During this deposition, Ms. Maxwell was asked

18   repeatedly about her own sexual activity with consenting

19   adults.  Unlike in her prior deposition, at her July 2016

20   deposition, she provided testimony in response to those

21   questions.  As noted earlier, the presumption of public access

22   does attach to this transcript (although, has the Court has

23   observed, to a lesser extent than if it were submitted in

24   connection with a dispositive motion).

25        Here, however, public access to certain parts of the

1    transcript is outweighed by Ms. Maxwell's countervailing

2    interests in resisting disclosure of the details of her

3    private, intimate relationships with consenting adults.  This

4    testimony is, in any case, far afield from the sex trafficking

5    and sexual abuse allegations that were central to the dispute

6    in *Giuffre v. Maxwell*.  Although the prurient interest of some

7    may be left unsatiated as a result, Ms. Maxwell's interest in

8    keeping private the details of her sexual relationships with

9    consenting adults warrants the sealing of those portions of her

10   testimony (and any materials that reference them).

11          For the sake of efficiency, my chambers will share

12   with the parties a copy of the transcript that highlights the

13   portions of Ms. Maxwell's deposition that should remain

14   redacted.  This will avoid, I know you're happy to hear, my

15   reading into the record my line-by-line determinations

16   regarding the full 193-page transcript.

17          Ms. Giuffre, likewise, asserts certain privacy

18   interests that she argues outweigh the presumption of public

19   access in certain documents.  The Court finds, as it did for

20   the last round of motions it considered for unsealing, that

21   Ms. Giuffre's privacy interests in her medical records, where

22   they reference the medical treatment she received, outweigh any

23   public interests in those materials.  So when I refer to

24   medical information to be redacted, I am referring to

25   information describing medical treatment.  The parties agree,

1  however, that references to health care providers in their

2  institutions may be unsealed.

3        Ms. Giuffre likewise argues that, for certain police

4  reports, the privacy interests of certain persons warrant

5  continued sealing where they were minor victims.  Because these

6  police reports were obtained through a public records request,

7  they should be unsealed and docketed in the form that they were

8  received from the law enforcement agency.  This is also

9  consistent with the approach that the Court of Appeals has

10  taken.  Consistent with the Court of Appeals' approach, other

11  personal information in these police reports, such as

12  addresses, should be redacted from previously undisclosed

13  reports, to the extent such information has not already been

14  redacted by the law enforcement agency.

15        As for the names and identifying information of

16  nonparty Does:  At this stage, unless otherwise noted, the only

17  Does for whom names and identifying information should be

18  unsealed are Does 1 and 2.  The Court has already noted that

19  the names of Does 1 and 2, portions of their deposition

20  transcripts, and portions of the Palm Beach police report

21  ascribed to them, have already been made public.  Doe 1 gave a

22  press interview about the subject matter of this action.  Does

23  1 and 2 did, belatedly, ask that their names not be disclosed,

24  after the horse was already out of the barn.  They were given

25  an additional opportunity to lodge formal objections, but did

1    not do so.  The Court ordered Doe 1's transcript released after

2    undertaking a particularized review of that transcript and

3    finding that the presumption of public access warranted

4    unsealing.  Having received no normal objection from Does 1 or

5    2, the Court cannot discern a justification for continued

6    sealing of their names in this case's documents.  Accordingly,

7    the names and identifying information for Does 1 and 2 should

8    be unsealed.

9         Additionally, Alan Dershowitz's name and information

10   identifying him may be unsealed.  By his letter at docket entry

11   1138, he has requested that redactions of his name in these

12   materials be unsealed in all cases.

13        Finally, excerpts of any deposition testimony for

14   nonparty Does in the Court of Appeals that has already been

15   unsealed may be unsealed here also with redactions, if any,

16   ordered by the Court of Appeals.

17        For efficiency, I will not repeat this caveat as to

18   each document; I will only comment when it is not applicable.

19   Unless there is a specific comment, personal identifying

20   information for all nonparty Does should be redacted, with the

21   exception of Does 1 and 2, Professor Dershowitz, and in

22   deposition testimony already unsealed by the Court of Appeals.

23        The other names of Does and identifying information

24   will remain sealed until we move to particularized

25   consideration of those Does.

1    The Court will now announce its findings with respect

2    to the sealed documents that are the subject of this motion to

3    unseal.  These findings are a result of the Court's

4    particularized review of each of the 156 documents it has

5    considered for unsealing today.

6    As before, the Court will proceed in the order of the

7    documents listed on the chart that the parties have provided,

8    listing their respective positions for each document.  This

9    chart is Exhibit F to Ms. Menninger's declaration, filed with

10   Ms. Maxwell's reply brief in support of her objections to

11   unsealing.  The docket number is 1167-2.

12   As before, the Court is grateful to the parties for

13   their assistance in organizing the enormous number of documents

14   for review.  It has been a great service to the Court, and I do

15   thank the parties for that.

16   As I go through, references to page numbers are going

17   to be those typed on the document, not those numbers assigned

18   by the ECF system.

19   Finally, as I go through, I will ask my law clerk,

20   Patrick Malone, to interrupt if I am misreading any of this.

21   As you can see, the parties' chart is enormous and has

22   multiple, multiple iterations of findings listed on it.  If I

23   am misreading, I will ask Pat to interrupt so we don't have to

24   go back at the end and confuse ourselves even more.

25   Here we go.

A-0187

1          Document No. 231, motion for sanctions.  Unseal and

2     redact only medical information and the names and identifying

3     information of nonparty Does, except for 1, 2 and Dershowitz.

4     I am not going to say this every time, the except for Does 1

5     and 2 and Dershowitz.  I am only going to say names and

6     identifying information for nonparties.

7          Docket entry 232.  Declaration of Ms. Menninger.

8     Same.  Redact names and identifying information of nonparties.

9          232-7.  Excerpts from Ms. Giuffre's deposition.  This

10    deposition has been unsealed and, as redacted, is at docket

11    entry 1090-32.  Same.  Same.

12          Document 232-8.  This is a transcript of a nonparty

13    Doe.  We are not up to that Doe yet.  Keep it sealed.

14          232-9.  Ms. Giuffre's medical records shall remain

15    sealed.

16          232-10.  Same.  More of Ms. Giuffre's medical records.

17          23-11.  Excerpts from the deposition of Dr. Steven

18    Olson.  Unseal the deposition as both sides agree.

19          255.  Letter motion to seal documents.  It is not

20    sealed.  It will, of course, remain unsealed.

21          257.  Response in opposition to the motion for

22    sanctions.  Unseal and redact only medical information and

23    names and identifying information of nonparties.

24          258.  Declaration of Ms. McCawley.  Unseal and redact

25    only names and identifying information of nonparties.  I will

A-0188

1  just note here that material relating to Detective Recarey may

2  be unsealed because, of course, he is not a Doe but a law

3  enforcement official.

4          258-1.  Deposition of a Doe.  We are not up to that

5  Doe yet.  Keep sealed.

6          Same for 258-2.  Not up to the Doe.

7          Same for 258-1.  The deposition will remain sealed.

8          I'm sorry.  That was 258-3.  Forgive me.  It was the

9  deposition of a Doe.

10         258-4, Detective Recarey's deposition.  Unseal except

11 for names and identifying information of nonparties.

12         258-5.  Correspondence to Ms. Menninger.  Unseal but

13 redact medical information.

14         258-6.  Medical release information.  Unseal but

15 redact medical information and addresses.

16         258-7.  The signed medical releases.  Unseal but

17 redact the tax returns and addresses.

18         258-8.  Keep sealed.  That's medical records.

19         258-9.  Excerpts of a deposition of a Doe.  Keep

20 sealed.  We are not up to that Doe yet.

21         258-10.  Excerpts from Dr. Steven Olson's deposition.

22 Unseal but redact the medical information.

23         261.  Response in opposition to the motion for

24 sanctions.  Unseal and redact medical information and names,

25 identifying information and deposition testimony of nonparties.

1    I will note that in this document, but for the redactions that

2    I just talked about, the arguments section may be unsealed.

3          269.  Reply and response to the motion for sanctions.

4    Unseal but redact the medical information, including the

5    treatment noted on page 2 in the text.

6          270.  Declaration of Ms. Menninger.  Both parties

7    agree to unseal.

8          270-1.  Medical records of Ms. Giuffre shall remain

9    sealed.

10         270-2.  Ms. Giuffre's deposition previously unsealed

11   at docket entry 10, 90-32, with the same redactions.

12         270-3.  A subpoena served on Dr. Olson.  Unsealed, but

13   redact the address.

14         270-4.  A chart regarding counsel's statements

15   concerning health care providers' identities and records.  Both

16   parties agree to unseal.

17         270-6.  Documents produced, both sides agree to

18   unseal.

19         272.  Letter motion for leave to file a surreply.

20   Unsealed.  Wasn't sealed to begin with.

21         272-1.  Ms. Giuffre's surreply on the sanctions

22   motion.  Unseal and redact only medical information and names

23   and identifying information of nonparties.

24         272-2.  Declaration of Ms. McCawley in reply.  Both

25   sides agree to unseal.

1          272-3.  Medical records which shall remain sealed.

2          272-4.  Excerpts from Dr. Olson's deposition.

3  Unsealed but redact the medical information.

4          272-5.  Defendant's supplemental memorandum of law.

5  Already publicly filed.

6          272-6.  January 14, 2016 hearing transcript.  Already

7  publicly filed.

8          272-7.  Defendant's response to plaintiff's

9  interrogatories.

10          Forgive me, counsel.

11          Attaches the medical information therein.

12          272-8.  Medical records shall remain sealed.

13          272-9.  Correspondence which may be unsealed by the

14  agreement of the parties.  Correspondence between Bernadette

15  Martin and Meredith Schultz.

16          272-10.  Excerpts from Ms. Giuffre's deposition.

17  Already publicly filed at docket entry 1090-32.

18          Document 303.  Response to the letter motion.

19  Unsealed but redact the medical information.

20          304.  Declaration of Ms. Menninger in support of the

21  motion for sanctions.  Both parties agree to unseal.

22          304-1.  Excerpts from Dr. Olson's deposition.  Unseal

23  but redact the medical information.

24          304-2.  Same.  Dr. Olson.  Keep sealed because it has

25  medical records.

1    304-3. Same. Keep sealed. Medical records.

2    304-4. Letter from Ms. Menninger to Ms. Schultz.

3 Unsealed but redact the medical information.

4    313. Supplemental authority. That has already been

5 publicly filed.

6    313-1. Plaintiff's supplemental responses to

7 interrogatories. Unsealed but redact the medical information.

8    279. Motions for an adverse instruction. Unseal in

9 full.

10    280. Declaration of Ms. Schultz on the adverse

11 inference instruction. Unseal but redact names and identifying

12 information and testimony of nonparties.

13    280-1. Correspondence with Ms. Menninger. Unseal and

14 redact only the names and identifying information of

15 nonparties, including search terms that might disclose the

16 nonparties.

17    Counsel, I am going to do an aside here because I

18 forgot something else.

19    With respect to Ms. Maxwell's deposition, you are to

20 redact the index. As we know, that might lead to premature

21 identification of Does and, in any event, I do not believe that

22 Judge Sweet relied on the index in making his rulings.

23    280-1. Correspondence with Ms. Menninger. Same

24 thing. Unseal and redact only names and identifying

25 information of nonparties, including search terms.

1          280-2.  These are Palm Beach County State Attorney's
2    Office public records.  Unseal in the same manner as the Second
3    Circuit allowed the unsealing.
4          288.  Letter motion regarding discovery.  Not sealed.
5          288-1.  E-mail correspondence.  Not sealed.
6          288-2.  More e-mail correspondence.  Not sealed.
7          289.  Letter motion in response to the motion to seal.
8    Not sealed.
9          290.  Letter response in opposition to the motion.
10   Redact identifying information and e-mail addresses.
11         291.  Declaration of Ms. Schultz.  Not sealed.
12         291-1.  E-mail correspondence from Ms. Menninger.  The
13   parties agree unsealed.  I think it was not sealed.
14         291-2.  Letter correspondence from Ms. Schultz.
15   Unseal in full except for paragraph 1 under document request
16   No. 1.  Should remain sealed.
17         291-3.  Letter correspondence from Ms. Schultz.
18   Unseal and redact only names and identifying information of
19   nonparties.
20         300.  Letter to Judge Sweet.  Not sealed.
21         300-1:2.  E-mail correspondence.  Not sealed.
22         337.  Letter motion.  Not sealed.
23         338.  Memorandum of law in support of the adverse
24   inference motion.  Redact names and identifying information of
25   nonparties and excerpts from their testimony.  Redact e-mail

1    addresses but, as a side note, material relating to Detective

2    Recarey may be unsealed.

3              338-1.  Ms. McCawley's declaration.  Unseal and redact

4    names and identifying information with respect to nonparties.

5              338-2.  Unseal in full.  Correspondence from Ty Gee.

6              338-3.  Excerpts from Ms. Maxwell's deposition.  As

7    with the full transcript, same here.

8              338-4.  Excerpts from Ms. Maxwell's July deposition.

9    Same.  Same.

10             338-5.  Excerpts from a Doe's deposition.  We are not

11   up to that Doe yet.  Keep sealed.

12             338-6.  Excerpts from Detective Recarey's deposition.

13   Unseal and redact only names of identifying information of

14   nonparties.

15             338-7.  Excerpts from a Doe's deposition.  Not up to

16   that Doe yet.  Keep sealed.

17             338-8.  Excerpts from the deposition of Doe No. 1.

18   Unseal and redact only names and identifying information of

19   nonparties.

20             338-9.  Testimony of a Doe.  Keep sealed.  Not up to

21   that Doe yet.

22             338-10.  This is a subpoena.  Both sides agree it may

23   be unsealed.

24             353.  Motion to strike.  Unseal and redact only the

25   names and identifying information of the nonparties.

1    375.  Response in opposition to the motion to strike.

2   Not sealed.

3         Document No. 77.  I think it's docket entry 315.

4   Motion to compel.  Unseal and redact the names and identifying

5   information of nonparties and their testimony.  Page 12.  The

6   last bullet point shall remain redacted.  It relates to private

7   conduct.  Argument may be unsealed.  The public Vanity Fair

8   article may be unsealed.

9         316.  Ms. Schultz's declaration.  Unseal and redact

10  the names and identifying information of the nonparties.

11        316-1.  Excerpts from a Does deposition.  We are not

12  up to that Doe yet.  Remain sealed.

13        Document No. 80.  Forgive me.  I don't have the docket

14  entry, but it is composite Exhibit 2.  It's excerpts from a

15  Doe's deposition.  Not up to that Doe yet.  Keep sealed.

16        316-3.  Excerpts from Detective Recarey's deposition.

17  Unseal except for names and identifying information of

18  nonparties.

19        316-4.  Excerpts of a Doe deposition.  Not up to that

20  Doe.  Keep sealed.

21        Document No. 83, which is composite Exhibit 5.  These

22  are excerpts from Doe 1's deposition.  Apparently, the Second

23  Circuit already released them without redactions.

24        316-6.  June 20, 2016 order from Judge Sweet.  This

25  was filed at docket entry 264-1 and the same redactions shall

 1    remain.

 2         316-7.  Excerpts from Ms. Maxwell's deposition.  As

 3    with the entire transcript.

 4         Document No. 86, which is composite Exhibit 8.

 5    Messages involving the defendant.  Portions of this document

 6    were redacted and released by the Second Circuit.  So whatever

 7    happened with respect to the Second Circuit's release, we will

 8    abide by its ruling.

 9         339.  Response in opposition to the motion to compel.

10    Unseal and redact the names, identifying information, and

11    testimony of the nonparties.  With respect to Ms. Maxwell's

12    depositions, as ordered for the whole transcript.  The

13    objections to questions 9, 10, and 11 will remain sealed

14    because it relates to Ms. Maxwell's intimate conduct.

15         The material on pages 17 to 19, the shaded material

16    there shall remain sealed.  Same reason.

17         Pages 20 to 23.  Testimony from or about the Does.

18    The shaded material shall remain sealed except for Detective

19    Recarey.

20         340.  Declaration of Mr. Pagliuca.  Unseal and redact

21    only the names and identifying information of the nonparties.

22    I will note Detective Recarey is in there and Ms. Maxwell's

23    depositions are in there, but those rulings are already out.

24         340-1.  Ms. Giuffre's deposition.  This was already

25    unsealed by us on docket entry 1090-32.

1       340-3.  Ms. Maxwell's deposition.  As before.

2       340-4.  Ms. Maxwell's deposition.  As before.

3       340-5.  Deposition of a Doe.  Not up to that Doe yet.

4  Keep sealed.

5       340-6.  Detective Recarey's deposition.  Unseal with

6  the redaction of names and identifying information of

7  nonparties.

8       Document 94, Exhibit G in that series, that is Doe 1's

9  deposition.  As before, unseal and redact only names and

10  identifying information of nonparties.

11       340-8.  Nonparty Does deposition.  Not up to that Doe

12  yet.  Keep sealed.

13       Document 96, Exhibit I in that series.  Deposition of

14  a Doe.  Not up to that Doe yet.  Keep sealed.

15       368.  Reply memorandum of law.  Unseal and redact only

16  the names and identifying information and summaries of

17  testimony of nonparties.  By way of note, the argument may be

18  unsealed, subject to the caveats.  Detective Recarey may be

19  unsealed, subject to the caveats.

20       369.  Declaration of Ms. McCawley.  Unseal and redact

21  only the names and identifying information of the nonparties.

22       369-1.  Ms. Maxwell's April 2016 deposition.  As

23  before.

24       369-2.  Sealed court order.  That has already been

25  filed at docket entry 264-1.

1          369-3.  Excerpts from Ms. Maxwell's June 2016

2    deposition.  As before.

3          369-4.  Excerpts from a Doe's deposition.  Not up to

4    that Doe yet.  Keep sealed.

5          Same with 269-5.  Another Doe we are not up to yet.

6    Keep sealed.

7          369-6.  This is depositions of a Doe.  The Second

8    Circuit has already released this transcript, so it remains

9    released subject to the redactions ordered by the Second

10   Circuit.

11         369-7.  Excerpts from Doe 1's deposition.  The Second

12   Circuit already released this transcript without redactions.

13         369-8.  Excerpts of the deposition of a Doe.  The

14   Second Circuit already released this transcript without

15   redactions.

16         369-9.  Flight logs.  This document was also released

17   by the Second Circuit without redactions.

18         THE DEPUTY CLERK:  Judge, I need to interrupt.  I was

19   just informed that apparently somebody is broadcasting this on

20   to YouTube, so I don't know if you want to give a reminder that

21   that is illegal to do.

22         THE COURT:  Whoever is doing it, you are operating

23   against the law.  I suspect there is a way to find out.  So I

24   will ask you, most respectfully, to stop doing it.  We have had

25   enough of lack of the rule of law around here.  Let's try to

observe it.

I think we are up to 369-10. This is a January 22, 2015 Daily Mail article. That may be unsealed in full but, apparently, it's publicly available anyway.

369-11. Excerpts from Detective Recarey's deposition. Same. Same. Unseal and redact names and identifying information of nonparties.

369-12. Excerpts from a deposition of a Doe. We are not up to that Doe. Remain sealed.

369-13. Excerpts from the deposition of a Doe. We are not up to that Doe yet. Keep sealed.

Same with 369-14. Another Doe.

369-15. Another Doe.

And 369-16, another Doe. We are not up to any of those yet. Those transcripts shall remain sealed.

320. This is defendant's submission regarding search terms. Unseal and redact only the names and identifying information of nonparties. People's e-mails, including Ms. Maxwell's, should be redacted.

321. Ms. Menninger's declaration. Unseal and keep redacted the e-mail addresses and any names, identifying information, or e-mail addresses of nonparties.

321-1. Correspondence from Ms. Schultz. Unseal and redact only the names and identifying information of nonparties and Ms. Maxwell's e-mail address.

1          321-2.  Correspondence from Ms. Menninger to

2    Ms. Schultz.  Unseal and redact only the names and identifying

3    information of nonparties.

4          Same with 321-3, 321-4, 321-5.  That's all

5    correspondence between the lawyers and it should be unsealed

6    and the names and identifying information of nonparties

7    redacted.

8          321-6.  Search terms.  Unseal and redact only the

9    names, identifying information, including identifying

10   information in the search terms of nonparties.

11         322.  Motion to seal document.  Not sealed.

12         323.  Submission of proposed search terms.  Same

13   thing.  Unseal and redact the names, identifying information of

14   nonparties, including search terms that might disclose it.

15         329.  Letter to Judge Sweet.  Not sealed.

16         335.  Motion for a protective order.  Unseal.

17         336.  Declaration of Ms. McCawley.  Both sides agree

18   to unseal it.

19         336-1.  Correspondence between the lawyers.  The

20   parties agree to unseal.

21         336-2.  Correspondence between the lawyers.  The

22   parties agree to unseal.

23         336-3.  Correspondence from Ty Gee to Meredith

24   Schultz.  The parties agree to unseal.

25         380.  Response in opposition to the motion for the

A-0200

1    protective order.  Unseal.

2         381.  Ms. Menninger's declaration.  The parties agree

3    to unseal.

4         We are now coming upon a group of Palm Beach County

5    Sheriff's Office records and later Fremont County police

6    reports.

7         And the answer to all of this is going to be unseal.

8         This applies to 381-1, 381-2, 381-3, 381-4, 381-5,

9    381-6, 381-7, all of which were Palm Beach County police

10   records and 381-8, which is a Fremont County police record.

11   Unseal all of that.  As I said at the outset, as produced.  So

12   to the extent that the producing agency redacted material, it

13   should remain redacted.

14        392.  Reply memo of the law.  Unseal but redact names

15   and identifying information of nonparties.

16        393.  Declaration of Ms. McCawley.  Unseal but redact

17   names and identifying information of nonparties.

18        393-1.  These were unsealed by the Second Circuit and

19   shall remain unsealed, subject to the redactions ordered by the

20   circuit on page 24 of the composite exhibit.

21        393-2.  These are flight logs.  They were released by

22   the Second Circuit without redactions.

23        393-3.  Excerpts from Ms. Maxwell's July 2016

24   deposition.  As with the entire transcript.

25        393-4.  Excerpts from Ms. Maxwell's April 22, 2016

A-0201

1  deposition.  As with the entire transcript.

2      400.  Motion for leave to file a surreply.  In the

3  introduction, the sentence beginning "Ms. Maxwell never

4  admitted" shall remain sealed.  It relates to private, intimate

5  conduct.

6      Pages 1 to 2.  The material under No. 1 relating to

7  Ms. Maxwell's adult conduct shall remain sealed.

8      Item 3.  Detective Recarey's material.  Unsealed,

9  other than the names and identifying information of nonparties.

10     Item 4.  Shall remain sealed.  We are not up to this

11 Doe yet.

12     Item 5.  Shall remain sealed.  We are not up to this

13 Doe yet.

14     Item 6.  Unseal.  Relates to Doe No. 1.

15     Item 7.  Shall remain sealed.  We are not up to this

16 Doe yet.

17     The last sentence in paragraph 1 under argument may be

18 unsealed.  The next sentence, the material relating to adult

19 consensual behavior, should be redacted.  And by way of

20 notation, Detective Recarey's information may be unsealed

21 except for names and identifying information of nonparties.

22     401-1.  Excerpts from Ms. Maxwell's July 2016

23 deposition.  As with the whole transcript.

24     401-2.  Excerpts from Ms. Maxwell's April 2016

25 deposition.  As with the entire transcript.

```
 1              401-3.  Excerpts from Detective Recarey's deposition.
 2    These pages were released by the Second Circuit without
 3    redactions.
 4              401-4.  Excerpts from the depositions of the Doe.  We
 5    are not up to that Doe yet.  Remain sealed.
 6              401-5.  Excerpts from the deposition of Doe No. 1.
 7    Unseal and redact only names and identifying information of
 8    nonparties.
 9              401-6.  Excerpts of the deposition of a Doe.  We are
10    not up to that Doe yet.  So it shall remain sealed.
11              Counsel, may I ask you to proceed as you did last
12    time, confer, and prepare the documents for unsealing pursuant
13    to this order, and post the documents within a week on the
14    public docket.  As before, give them an appropriate name, such
15    as documents ordered unsealed on January 19.
16              Counsel, are there any questions?
17              MS. MENNINGER:  I have two housekeeping questions, I
18    think.  I recognize your Honor just said one week.  If it's
19    possible to ask for one week and one day.  We have all of our
20    motions due in Ms. Maxwell's criminal case next Monday.  And
21    the burden on my paralegal staff to get these redactions done
22    at the same time, one extra day would be very helpful.
23              THE COURT:  If that's all you need, one day, that's
24    fine.  If you need a couple more, confer with Ms. McCawley and
25    just let me know.  Certainly you have the one day.
```

1      MS. MENNINGER:  Your Honor, when will the Court be

2  providing us with that line itemed deposition?  The reason I

3  ask is, we would just ask for a couple days after we receive

4  that to analyze -- I think an appeal looks unlikely.  But once

5  we see the redactions, we would have to make that determination

6  and confer with Ms. Maxwell, who is in custody, as you know.  I

7  would just ask for a little bit of leeway to be able to do

8  those two things.

9      THE COURT:  Yes, ma'am.  I expect you will receive it

10  in the next day or two.  But if you don't and you need extra

11  time, let me know.

12      MS. MENNINGER:  Thank you, your Honor.

13      The last one, your Honor, is with regards, since we

14  are all together, to the issue of the third round of unsealing.

15  Because we already provided notice to Does 1 and 2, we are not

16  providing notice to them, I understand.

17      But there is a little bit of a gray area within the

18  protocol as to how to calculate days for objections because

19  they normally flow from the date on which a nonparty receives

20  notice.

21      And so if I could ask for a date certain, preferably,

22  given the other obligations, a week from this Friday, that

23  would allow us enough time to get those objections done as

24  well.

25      THE COURT:  Ms. McCawley, is that OK with you?

1      MS. McCAWLEY:  Yes, that's fine with me, your Honor.

2      I also have one housekeeping matter once Ms. Menninger

3  is done.

4      THE COURT:  A week from Friday is fine with me.

5      MS. MENNINGER:  Thank you.  Those were all that I had.

6      THE COURT:  Ms. McCawley.

7      MS. McCAWLEY:  Thank you, your Honor.

8      My question relates to those Does in the bucket that

9  did not object.  Each time we go through these, obviously,

10  there is a burden to redact those names, which is lessened if

11  we don't have to worry about the individuals who have not

12  objected.  Is there a mechanism by which we can address that so

13  we won't have to labor through those in each section?

14      THE COURT:  Ms. Menninger, what do you have to say?

15      MS. MENNINGER:  Your Honor, I think the parties have

16  taken two pretty different views of this.

17      One, Ms. McCawley asked in her briefing on this round

18  that if someone didn't file an objection, then we should

19  release their names.  As I pointed out in another letter to

20  your Honor on this topic, it's apparent that many of the Does

21  didn't actually receive the notice from the Court.  And so I

22  still believe that the Court has to evaluate, as the Second

23  Circuit did, Does even if we didn't receive an objection from

24  them.

25      So, unfortunately, I think it still means we go

1  through in the order that we have been doing, move on to the

2  next Does, for example.  And if a party, like Professor

3  Dershowitz, has made clear that they do not object, then

4  certainly we understand those should be unsealed.  But for many

5  of these nonparties we know for a fact that they did not

6  actually receive the notice, despite everyone's best efforts to

7  get them notice.

8          So I would say that, unfortunately, we still need to

9  continue to redact them until we take up those particular Does

10 in the future and your Honor has an opportunity to do the

11 particularized review that the protocol promised would happen

12 with respect to nonparties, whether or not they objected.

13         THE COURT:  Ms. McCawley.

14         MS. McCAWLEY:  Yes, your Honor.  I think it's

15 analogous to this situation where we have got a party who is

16 saying they are not objecting.  They have the notice.  They

17 received it.  They did not object.  And the burden on the Court

18 and the parties to go through this process --

19         THE COURT:  You broke up a little bit.  Would you go

20 back.  Somebody has another device on.

21         Ms. McCawley, would you go back to the burden on the

22 Court and the parties, please.

23         MS. McCAWLEY:  Yes, your Honor.  The burden on the

24 Court and the parties is extensive with respect to this

25 grouping of individuals who have not objected.  So it seems to

1   me to make the most sense for us to look at that group and not

2   have to go through the burden of redacting as to those

3   individuals with each round.  We can address them in one

4   setting in some manner.  Then we wouldn't have to be in each

5   round redacting and paying attention to people who have no

6   objection on the file.

7          THE COURT:  Ms. Menninger, anything else?

8          MS. MENNINGER:  I just think there is a big difference

9   between people who have not objected affirmatively, like

10  Professor Dershowitz, and those from whom we have heard nothing

11  or received back no confirmation that they received the notice

12  from the Court.  I think we need to treat those groups

13  differently.

14         With respect to people who affirmatively want their

15  name out there, fine, I have no problem.  For those who have

16  not just simply not responded, we know for the half that we

17  served, in approximately half of the cases we never received,

18  despite a return receipt requested, any confirmation that they

19  actually received the notice.

20         MR. KRIEGER:  Your Honor, if I may have a brief minute

21  to respond.

22         THE COURT:  Yes, sir.

23         MR. KRIEGER:  Your Honor, I just want to echo Ms.

24  Menninger's points that the mere fact that a Doe doesn't

25  object, even if they have received notice, doesn't mean that

A-0207

1    the Court is not obliged to do the balancing test that the

2    Court has so carefully done today and previously.  The fact

3    that someone -- there is going to be many reasons why a party

4    doesn't want to weigh in, and it doesn't absolve the Court and

5    the parties from the obligation of taking those steps, even if

6    it is a burden.  That's part of the process here, Judge.

7              THE COURT:  Anything else, counsel?

8              MS. WALSH:  Christine Walsh from Holland & Knight, on

9    behalf of the Miami Herald.

10             We do agree with Ms. McCawley that the process seems

11   to be duplicative with regards to the Does who are not

12   responding that the Court will need to go back and revisit

13   documents that are being released piecemeal.  And if there is

14   not objections, those should be considered at one time.

15             THE COURT:  Anything else, counsel?

16             MS. McCAWLEY:  Yes, your Honor.  One more option for

17   you to consider, with Ms. Menninger raising the concern about

18   people who we didn't get a return receipt from.  We can also

19   segregate out those for whom we did get a return receipt from,

20   meaning they received it, we got the return receipt, and they

21   did not object, so we would have that body.  If that's a

22   concern for the Court, we could narrow it at least somewhat.

23             THE COURT:  Anything else, counsel?

24             Thank you.  Some of you have taken the words right out

25   of my mouth.

1          First, there is a difference between people like

2    Professor Dershowitz, who say affirmatively, I don't care, let

3    it all out, and people from whom we just have not heard,

4    whether they received the documents or not.

5          Secondly, I understand that my direction from the

6    Court of Appeals is to make a particularized finding.  I don't

7    think I can weigh the countervailing interests of any

8    particular Doe without considering that particular Doe by

9    himself or herself.

10          Accordingly, I don't think we can lump them together.

11    Should we receive indications from other Does that they

12    affirmatively have no objection to release of their material,

13    that makes it easy.  But, otherwise, we have to go through

14    them, and I have to make a particularized finding.  It will be

15    a long, tedious process, but even this time I think it went a

16    little more quickly.

17          Anything else, counsel?

18          Thank you, counsel, and thank you again for your

19    assistance in organizing the documents.  Good morning.

20          (Adjourned)

21

22

23

24

25

**A-0209**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
VIRGINIA GIUFFRE,

                    Plaintiff,

-against-

GHISLAINE MAXWELL,

                    Defendant.
```

15 Civ. 7433 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of the briefing regarding the objections to unsealing made by Non-Party Does 12, 28, 97, 107, 144, 147, 171, and 183.  The parties to this action and other interested parties are invited to appear telephonically for the Court's rulings as to these objections on Friday November 18, 2022, at 11 a.m., using the following information:  dial in (877) 402-9753; access code 6545179.

**SO ORDERED.**

Dated:   New York, New York
         November 3, 2022

_____
LORETTA A. PRESKA
Senior United States District Judge

1

A-0210

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**CASE NO. 15 Civ. 7433 (LAP)**

VIRGINIA L. GIUFFRE,

     Plaintiff,

     v.

GHISLAINE MAXWELL,

     Defendant.

_____/

**<u>NOTICE OF APPEAL</u>**

     Notice is hereby given that non-party Doe 171, by and through undersigned counsel, hereby

appeals to the United States Court of Appeals for the Second Circuit from the Court's *ore tenus*

Order ordering release of sealed documents during the November 18, 2022 hearing.

Dated: December 1, 2022          Respectfully submitted,

                                   **AXS LAW GROUP, PLLC**
                                   2121 NW 2nd Avenue, Suite 201
                                   Miami, FL 33127
                                   Tel: 305.297.1878

                                   By: */s/ Jeff Gutchess*_____
                                   Jeffrey W. Gutchess
                                   Jeff@axslawgroup.com

                                   *Counsel for Doe 171*

**A-0211**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 1, 2022, a true and correct copy of the foregoing

was electronically served via CM/ECF on counsel of record.

*/s/ Jeff Gutchess*_____
Jeffrey W. Gutchess

**A-0212**

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   VIRGINIA L. GIUFFRE,

4                   Plaintiff,

5           v.                          15 CV 7433 (LAP)

6   GHISLAINE MAXWELL,

7                   Defendant.          Conference
                                        (via Microsoft Teams)
8   ------------------------------x
                                        New York, N.Y.
9                                       November 18, 2022
                                        12:30 p.m.
10
    Before:
11
                        HON. LORETTA A. PRESKA,
12
                                        District Judge
13

14                          APPEARANCES

15  BOIES SCHILLER & FLEXNER LLP
         Attorneys for Plaintiff
16  BY:  SIGRID S. McCAWLEY

17  HOLLAND & KNIGHT
         Attorneys for Intervenors Julie Brown and Miami Herald
18       Media Company
    BY:  CHRISTINE N. WALZ
19
    ZEIGER TIGGES & LITTLE LLP
20       Attorneys for Doe 183
    BY:  MARION H. LITTLE, JR.
21

22

23

24

25

A-0213

1       THE COURT:  As we all know, this is Giuffre against

2   Maxwell.  Today the Court announces its rulings on the

3   unsealing of documents associated with nonparty Does 12, 28,

4   97, 107, 144, 147, 171, and 183.

5       The Court sought the parties' views as to how to

6   streamline the unsealing process, and the revised protocol we

7   have now settled upon generally works as follows.  Rather than

8   reviewing objections by document, the Court will undertake a

9   particularized review of each document grouped by objector.

10      This review will proceed in two phases.

11      First, the parties brief and the Court will review the

12  documents associated with the nonparty objectors.  And then the

13  parties will brief and the Court will review the documents

14  associated with the remaining nonparties who have not filed

15  objections.

16      We are now still in the first phase.  As I mentioned,

17  upon consideration today are the objections of the second set

18  of aid of the 16 nonparty objectors:  Does 12, 28, 97, 107,

19  144, 147, and 171 and 183.  The Court will announce its general

20  findings relevant to this round of unsealing and march through

21  the documents.

22      As for the Court's general findings, to determine

23  whether materials should be unsealed, the Court's mandate is to

24  undertake a particularized review of each document and to (1)

25  evaluate the weight of the presumption of public access to the

**A-0214**

materials; (2) identify and evaluate the weight of any

countervailing interests; and (3) determine whether the

countervailing interests rebut the presumption.

The presumption of public access attaches to judicial

documents, those documents filed in connection with a decided

motion or papers that are relevant to the Court's exercise of

its inherent supervisory powers.

The documents at issue here were submitted in

connection with discovery motions decided by Judge Sweet.  The

Court concludes that if they are judicial documents, with an

exception or two, which I will note, to which the presumption

of public access attaches.  The motions at issue today are

largely discovery motions and related papers which presumption

of public access is somewhat less weighty than for a

dispositive motion.  It's nevertheless important to the

public's interest in monitoring federal courts' exercise of

their Article III powers.

With this presumption of public access in mind, the

Court turns to their countervailing interests at stake.  The

Court has considered the arguments advanced by Ms. Giuffre in

her briefing and the submissions from the intervenors.

Perhaps, most importantly, for our purposes today, we

have also received submissions from nonparty Does 12, 28, 97,

107, 144, 147, 171 and 183 who have asserted various privacy

interests which they contend weigh against unsealing.  These

**A-0215**

1    objecting Does have been afforded the opportunity to respond to

2    the written positions of the parties and the herald and some,

3    but not all of them, have availed themselves of that

4    opportunity.

5            As to the parties, in the earlier rounds of unsealing,

6    Ms. Maxwell objected to unsealing on the basis that doing so

7    would imperil her right to a fair trial in what was then her

8    pending criminal trial.  She also advanced various privacy

9    interests.  Now that Ms. Maxwell's criminal trial has

10   concluded, she takes no position one way or the other on the

11   unsealing.

12           Ms. Giuffre generally supports the full unsealing of

13   42 of the documents in question relating to the nonparty Does

14   presently under consideration, given the presumption of public

15   access.

16           Public access to judicial documents and the fact that

17   much of the information that was sealed in this matter has

18   since become public in the course of Ms. Maxwell's criminal

19   trial.

20           About six documents concerning Doe number 28,

21   Ms. Giuffre supports the unsealing except for the redaction of

22   Doe 28's name.  Plaintiff takes no position as to approximately

23   26 of the documents.

24           As for the names and identifying information of the

25   objecting nonparty Does, much of the purportedly sensitive

1  information has already been made public in the course of

2  Ms. Maxwell's criminal trial or otherwise in the media.

3      However, just because "some information relating to

4  the documents in question already has been discussed on the

5  public record or reported in the media does not mean that the

6  concerned third parties have lost any remaining privacy

7  interests in their contents." *United States v. Gatto*, 2019 WL

8  4194569 at *8 (S.D.N.Y. Sept. 3, 2019) (Kaplan, J.).

9      As I will explain, there are certain details contained

10 within certain documents as to certain of the Does that are not

11 public and as to which the objecting Does have set forth a

12 sufficient interest to preserve sealing or redactions, despite

13 the presumption of public access to these documents.

14     I will now go through the documents and, needless to

15 say, these findings are a result of the Court's particularized

16 review of each document it has considered.

17     As with the earlier rounds of unsealing, the Court

18 will proceed in the order of the documents listed on the chart

19 that the parties have very helpfully provided listing their

20 respective positions for each document.  The chart is Exhibit A

21 to Ms. Giuffre's response in support of unsealing.  The docket

22 number of that document is 1247-1.

23     Here we go.

24     With respect to docket entry 144-6, the motion to

25 unseal is granted.  Emmy Tayler argues that her name and

**A-0217**

1   identity should be sealed because she was a victim of serious

2   abuse by Jeffrey Epstein.  The Court is generally inclined to

3   protect the identities of victims of sexual abuse, even in the

4   face of a presumption of public access.

5          However, on July 19, 2022, Ms. Tayler filed a federal

6   lawsuit against Julie Brown, the reporter, and Harper Collins

7   alleging that Ms. Brown's book, *Perversion of Justice*, contains

8   allegedly defamatory statements about Ms. Tayler and her

9   alleged association with Jeffrey Epstein.  In her complaint

10  Ms. Tayler republishes certain allegedly defamatory statements

11  made in the book, and she states that "from 1997 to 2001, she

12  was employed in London and then New York as an assistant to

13  Ghislaine Maxwell."  Numerous other public sources, including

14  unsealed portions of Ms. Maxwell's criminal trial transcript,

15  similarly refer to Ms. Tayler.  Accordingly, this document will

16  be unsealed.

17         Document number 150-1, with respect to Doe 171, the

18  unsealing is granted for the same reasons as mentioned above.

19         With respect to Doe 183, the motion to unseal is

20  granted.  This document is a 56-page excerpt of Ms. Maxwell's

21  deposition, and Doe 183 is referred to three times.  That Doe's

22  relationship with Jeffrey Epstein has been the subject of

23  intense media coverage and Doe 183's name has appeared in

24  numerous places in unsealing portions of Ms. Maxwell's criminal

25  trial transcript.  In the Court's view, there is no reason to

A-0218

1   redact Doe 183's name from the document.  However, Doe 183 has

2   asked the Court to stay unsealing to allow appellate rights to

3   be pursued.  Accordingly, the unsealing of all of these

4   documents with respect to Doe 183 is stayed until Monday,

5   November 28, in order to allow Doe number 183 to seek a further

6   stay from the Court of Appeals.

7           Document 153-1.  With respect to Doe 171, the

8   unsealing motion is granted for the same reasons.

9           Docket entry 172, with respect to Doe 171, motion to

10  unseal is granted.  With respect to Doe 28, the motion is

11  denied.  On the consent of the plaintiff and in light of Doe

12  28's status as a victim of sexual assault who continues to

13  experience trauma as a result of these events, Doe 28's name

14  shall remain sealed.

15          Document 173-5, same with respect to Doe 171.  Same

16  with respect to Doe 28.

17          With respect to Doe 144, the motion to unseal is

18  granted.  Doe 144, Tom Pritzker, objects to the unsealing of

19  this document on the ground that it may wrongfully harm his

20  privacy and reputation.  The document merely shows that a

21  witness did not recall meeting a, quote, Tom Pritzker, name

22  misspelled, but very similar.  There is no basis for keeping

23  this document under seal.

24          With respect to 183, same answer as above.

25          Document 173-6, same as to all of the Does:  171, 28,

**A-0219**

1    144, and 183.

2         Document 185-3, same as to Doe 171.

3         Document 185-11, with respect to Doe 97, motion to

4    unseal is denied.  This is a situation of apparently mistaken

5    identity.  Same response as above on Doe 144.

6         Document 185-15, same responses as above to Does 183

7    and 171.

8         Document 203, same as above on Does 28 and 171, 211,

9    224, same responses as above on Does 28 and 171.

10         Document 228, same as above on Doe 171.

11         Document 232-7, same as above on Doe number 144.

12         Document 235-4, same responses as above as to Does 97,

13    107, 144, and 171.

14         Document 235-12, same as above for Does 107 and 171.

15         Document 247-2, same as above with respect to Doe

16    number 144.

17         Document 249-4, same as above for Doe 171 and 28.

18         Document 249-13, same as above with respect to Does

19    144, 97, 183, 171, 28, and 107.

20         Document 272-5, same as above with respect to Doe 171.

21         Document 280-1, same as above with respect to Does 28,

22    97, 107, 144, and 171, and 183.

23         Document 315, same as above with respect to Doe number

24    183.

25         Document 316-7, same as above with respect to Doe 183.

1          Document 320, same as above with respect to Doe 171.

2          Document 321-1, this is identical to document 280-1

3   and the same rulings apply.

4          Document 321-5, same as above with respect to Does 28,

5   97, 107, 144, and 183.

6          Document 321-6, same as above with respect to Does 28,

7   144, 171, and 183.

8          Documents 338, 338-3, 338-6, 338-7, same as above with

9   respect to Doe number 28.

10          Document 339, same as above with respect to Does 28,

11   171, and 183.

12          Document 340-3, same as above with respect to Does 28,

13   171, 183.

14          Document 340-4, same as above, Doe 183.

15          Document 350, same as above with respect to Doe 28.

16          Document 363-7, same as above with respect to Does 28,

17   97, 107, 144, 171, and 183.

18          Actually, I take that back.  Let me do document 363-7

19   again.

20          This is a deposition excerpt from a Florida state

21   litigation attached by Mr. Dershowitz to his motion to

22   intervene in this case.  The document played no apparent role

23   in the Court's decision on the motion.  Thus, any presumption

24   of public access to this document is barely cognizable and,

25   accordingly, the objections of the Does to this document being

1   unsealed are sustained.  So the motion to unseal 363-7 is

2   denied.

3           With respect to document 368, same as above regarding

4   Doe 183.

5           With respect to document 369-1, same as above with

6   respect to Does 128, 144, 171, and 183.

7           With respect to document 369-5, same as above with

8   respect to Does 28 and 171.

9           With respect to document 369-10, same as above with

10  respect to Doe 183.

11          Document 407-4, same as above with respect to Doe 171.

12  Same thing with respect to document 407-9, same as above as to

13  Doe 171.

14          Document 407-10, same as above with respect to Doe

15  183.

16          Document number 423-4, same as above with respect to

17  Does 28, 97, 107, 144, 171, and 183.  Except to the extent that

18  this document contains personal information, such as addresses

19  and that sort of thing, that personal information should be

20  redacted.

21          With respect to document 435, same as above with

22  respect to Doe 144.

23          Document 450-1, same as above with respect to Doe 97,

24  28, and 171.

25          With respect to document 482-1, same as above with

1    respect to Doe 28.

2    Document 510-3, same as above as to Doe 144.

3    Document 514-3, same as above with respect to Doe 144.

4    Document 515, same as above with respect to Doe 183.

5    Documents 591, 576, 640, 641, 641-2, 655, 656, and

6    656-1, 656-2, 656-3, 656-4, 656-5, 656-6, and 656-7, same as

7    above on all these documents with respect to Doe 147s.

8    Continuing on, document 656-8, 656-9, and 700, same as

9    above with respect to Doe 147.

10    Document 701-1, same as above with respect to Does --

11    there is no same as above as to Doe 12.  As to Doe 12, the

12    motion to unseal is denied.  Doe 12 is a classic outsider,

13    peripheral to the events at issue.  Doe 12 is neither a victim

14    nor associated with Epstein or Maxwell.  Any reference to Doe

15    12 played no apparent role in Judge Sweet's ruling on the

16    discovery motion to which this document was attached.  And Doe

17    12 was not mentioned, so far as the Court is aware, at

18    Ms. Maxwell's criminal trial.  With respect to document 701-1,

19    the motion to unseal with respect to Doe 12 is denied.

20    With respect to Does 144 and 147, the motion to unseal

21    is granted, as per the same reasons as above.

22    With respect to documents 701-2, 707, 708, 714, 715,

23    715-2, and 947, same result as above with respect to Doe 147.

24    Document 947-1, same as above with respect to Does 12

25    and 147.

**A-0223**

 1          Counsel, I think I've gotten my way through this.  If

 2     you discover any mistakes or inconsistencies, let me know, but

 3     I'll ask counsel to confer in the manner you have in the past

 4     and prepare the documents for unsealing and posting on the

 5     docket sheet.

 6          I'll just remind you that with respect to Doe 183, the

 7     unsealing is stayed until Monday, November 28, to allow that

 8     Doe to seek a further stay from the Court of Appeals.

 9          Any questions, concerns, or mistakes I made, counsel?

10          MS. McCAWLEY:  Judge, I tried to pay very close

11     attention, but I think I missed one, and that was Doe 107.  I'm

12     unclear as to whether that is sealed or unsealed as to Doe 107.

13          THE COURT:  Where do you see Doe 107 appearing first,

14     Ms. McCawley, please?

15          MS. McCAWLEY:  I think the first appearance of Doe

16     107, if I'm doing this correct, is in 249-13.

17          THE COURT:  107.  With respect to Doe 107, the motion

18     to unseal is granted.  Doe 107 objects essentially on the

19     grounds that unsealing would connect that Doe with this case

20     and would unnecessarily invade Doe 107's privacy.  But

21     generalized concerns of adverse publicity do not outweigh the

22     presumption of public access, and the information contained in

23     these excerpts is not particularly salacious, as opposed to the

24     some of the other information we have all seen.  Accordingly,

25     the Court concludes that the presumption of public access

**A-0224**

 1    overcomes any generalized interest that Doe 107 might have.

             Thank you for catching me on that, Ms. McCawley.

 3           MS. McCAWLEY:  I have one more.

 4           THE COURT:  Yes, ma'am.

 5           MS. McCAWLEY:  I think I heard you correct.  This

 6    shows up for the first time, Judge, in docket entry 591 and

 7    it's Doe 147.  I believe you said that remained sealed.  But I

 8    just want to confirm that.

 9           THE COURT:  That, I think, is not correct with respect

10    to Doe 147.  The motion to unseal has been granted for the

11    reason that I stated with respect to document 144-6.

12           MS. McCAWLEY:  OK.  Thank you, your Honor.

13           THE COURT:  That was the first document we did.

14           Does that appear consistent to you?

15           MS. McCAWLEY:  Let me see.  The first document we

16    did --

17           THE COURT:  I'm sorry.  You are right.  147.  Hold on.

18    I was mistaken.

19           MS. McCAWLEY:  147 first shows up at docket entry 591,

20    so the very back that you were just doing.

21           THE COURT:  I am having trouble finding my note on

22    that one.  I'm sorry, Ms. McCawley, to hold these people up.

23           MS. McCAWLEY:  That's totally fine.  That individual

24    is in a number of entries.

25           THE COURT:  Let me just add this.  I am looking at

**A-0225**

1    another note here.  To the extent that there is personal

2    contact information in any of these excerpts, needless to say,

3    that should remain sealed.

4         While I'm looking through these notes, I will thank

5    counsel yet again for organizing the chart in such a helpful

6    manner.

7         MS. McCAWLEY:  Thank you, your Honor.

8         THE COURT:  Thank you for catching me on that.

9         With respect to Doe number 147 -- I'm looking, first,

10   at document 591, which is a letter to the Court regarding

11   reopening discovery.  The motion to unseal is granted.  This

12   letter generally identifies Ms. Ransome as an individual with

13   information relevant to the case and thus whose deposition

14   should be taken.

15        Ms. Ransome, apparently a victim of sexual trauma and

16   abuse by Mr. Epstein, testified publicly at Ms. Maxwell's

17   sentencing on June 28, 2022 about the details of her abuse.

18   She said at the hands of Mr. Epstein and Ms. Maxwell.

19   Ms. Ransome also published a book about her experiences called

20   silenced no more and recently published an op-ed in the

21   Washington Post on July 18, 2022, further describing her

22   background and experiences.  Thus, because this information is

23   already public and because Ms. Ransome has put herself out into

24   the public forum relating to these issues and because the

25   presumption of public access attaches to the document, document

A-0226

 1    number 591 should be unsealed.

 2            With respect to the other documents mentioning Doe

 3    147, they shall be unsealed as well.

 4            I think some of those documents also had some personal

 5    contact information.  Of course that should be excluded from

 6    the production.

 7            One more.  I'm looking at document 641-2.  That should

 8    be unsealed, except page 204, line 14 through page 206, line 25

 9    shall remain sealed because it contains sensitive medical

10    information.  I'm sorry.  Did I interrupt someone?

11            MS. McCAWLEY:  That was me interrupting you.  I

12    apologize, your Honor.

13            The only other issue, question I have, just so I'm

14    clear, at the beginning of this you asked me if everybody was

15    on and I didn't realize.  I didn't see whether -- there are

16    some phone numbers, but I'm unclear if Ms. Menninger is on.

17    Could you give us time to confer with her on the timing of when

18    we have a trial coming up.  Also, the holidays.  We probably

19    need to -- December 8 is what we are looking at for our portion

20    of it.  I would need to confer with her to see how quickly her

21    staff can help, and we can divide it up.

22            THE COURT:  Yes, ma'am.  Just let me know what works

23    for you people.

24            MS. McCAWLEY:  Thank you so much.

25            THE COURT:  Good afternoon, counsel.  Thank you for

**A-0227**

 1   being on.

 2          MR. LITTLE:  Your Honor, if I may, as to Doe 183, I do

 3   not believe the Court ruled as to excerpt 185-15 or excerpt

 4   249-13.

 5          THE COURT:  I am going to have go look for those.

 6          Is there any reason why the ruling should not be same?

 7          MR. LITTLE:  As to 249-13, I believe it would be the

 8   same, your Honor.  However, as to 185-15, I believe it might be

 9   different.

10          THE COURT:  Let me look.  185-15.

11          MS. McCAWLEY:  It would be toward the beginning, your

12   Honor, of your list.

13          THE COURT:  Yes, ma'am.  I have it right in front of

14   me.

15          With respect to that, I take it, counsel, that your

16   argument, I think I recall it as being that this document has

17   really minimal presumption of public access because it's just

18   notes.

19          MR. LITTLE:  That is correct, your Honor.

20          THE COURT:  In that case, I stand corrected.  Thank

21   you for bringing that to my attention.

22          With respect to document 185-15, these are notes of a

23   teleconference, so obviously they played no part in Judge

24   Sweet's decision on the motion and, thus, the presumption of

25   public access does not attach.

**A-0228**

1          Accordingly, the motion to unseal 185-15 is denied

2    both as to 183, Doe 183 and 171.

3          Thank you, counsel, for your assistance.

4          MR. LITTLE:  Thank you, your Honor.

5          THE COURT:  Anything else, ladies and gentlemen?

6          MS. WALZ:  Your Honor, after counsel have had an

7    opportunity to confer, will you let us know when the unsealing

8    is expected?

9          THE COURT:  Yes, ma'am.  I am sure counsel will be

10   happy to let you know.

11         MS. WALZ:  Thank you.

12         THE COURT:  Happy Thanksgiving.

13         MS. McCAWLEY:  Thank you, Judge.

14         THE COURT:  Thank you.

15         Thank you, Ms. Phillips.

16         (Adjourned)

17

18

19

20

21

22

23

24

25

A-0229

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _____

EMMY TAYLER,

     *Plaintiff,*

v.

JULIE K. BROWN and
HARPERCOLLINS PUBLISHERS LLC,

     *Defendants.*

_____/

## **COMPLAINT**

Plaintiff Emmy Tayler sues Defendants Julie K. Brown and HarperCollins Publishers LLC for publishing false and defamatory statements in the book, *Perversion of Justice: The Jeffrey Epstein Story*.

## **PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Emmy Tayler ("Plaintiff" or "Tayler") is a citizen of the United Kingdom.

2. Defendant Julie K. Brown ("Brown") is a Florida citizen and the author of *Perversion of Justice*: *The Jeffrey Epstein Story*.

3. Defendant HarperCollins Publishers LLC ("HarperCollins"), the publisher of *Perversion of Justice: The Jeffrey Epstein Story* is a Delaware limited liability company with its principal place of business in New York.

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000.00 and Plaintiff, a citizen of the United Kingdom, and Defendants, citizens of Florida and New York, and are diverse.

5. This Court has personal jurisdiction over Defendants under the Florida long-arm

A-0230

statute, § 48.193(a), (b), Florida Statutes, and the Due Process Clause of the United States Constitution.

6.      Venue is also proper in this Court because a substantial part of the events giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

7.      On or around July 20, 2021, HarperCollins published a book written by Defendant Julie K. Brown entitled: "*Perversion of Justice: The Jeffrey Epstein Story*" ("*Perversion of Justice*" or the "Book").

8.      Despite claiming that the *Perversion of Justice* was the product of serious investigative journalism by an award-winning Miami Herald journalist who has written extensively about the Epstein scandal, Defendants defamed Plaintiff by falsely identifying her as a co-conspirator, aider and abettor, facilitator and/or assistant in Jeffrey Epstein's sexual abuse pyramid scheme.

9.      *Perversion of Justice* was marketed by the Defendants as a "definitive account of the Epstein case" and contained an "author's note," which states that "all information contained in this book is from my own reporting and interviews[1] or court or government records," thus presenting the Book as one that could be trusted by readers as an authoritative source of information.

10.     The Book, however, falsely stated that Plaintiff worked for and arranged Jeffrey Epstein's "massage" schedule in 2005 when he was a prolific pedophile who regularly sexually abused underage girls under the guise of paying them to receive "massages." This defamatory statement therefore falsely paints Plaintiff as a co-conspirator and aider and abettor of Epstein who facilitated the pedophilia of a notorious child abuser.  In particular, the defamatory statements are as follows:

---

[1] On this point, it bears noting that Brown never attempted to approach Plaintiff for an interview; instead, Defendants elected to defame Plaintiff without regard for the dire consequences she would suffer.

2

# A-0231

Shortly thereafter, a silver-haired man with a long face and bushy eyebrows entered the kitchen, along with a young woman who appeared to be about Haley's[2] age. His name was Jeffrey. The young woman's name, police would later learn, was Emmy Tayler. At the time, Tayler arranged Epstein's massage schedule and also worked as Maxwell's assistant. After the introductions, Tayler led Jane Doe 1 up a spiral staircase from the kitchen to a master bedroom and bath. Jane told police she became anxious as Tayler put up a folding massage table and laid out a bunch of oils. "Jeff will be up in a minute", she told Jane. There has been nothing to suggest that Tayler was aware of what happened in the room nor that she participated in any sexual activity.

"There was a big bathroom. I mean it was humongous," Jane told police. "Like a zillion people could be in that shower…and there was the big couch in there, it was pink and green. Hot pink and green. And a table with a phone on it. And during the massage he made a phone call but I don't remember what he said. He just said, like, four words and then hung up."

She figured she could be in and out of there with her money after a quick massage, but as Epstein ended the call, he firmly ordered her to take off all her clothes.

Suddenly, she realized she was all alone, and that no one except Haley knew where she was. Robson was nowhere to be seen. She feared what this creepy man was going to do to her. She nervously disrobed, leaving only her bra and panties on.

"I didn't know what to do because I was the only one up there, so I just took off my shirt and I was in a bra, and when he came in, and had a towel over him, he was like, 'No, take off everything." And he said, 'Now you can get on my back."

Jane Doe 1[3] told police Epstein directed her to straddle him as he laid on his stomach. He instructed her to rub his back by moving her hands in a circular fashion, clockwise.

He then told her to climb down, and he rolled over and dropped his towel, exposing himself. He began stroking his penis with one hand, while reaching over with his other hand to fondle her breasts under her bra. He placed a vibrator between her legs. She was disgusted by his hairy back and thought that he must have been on steroids because his body was muscular but his penis was egg-shaped and small.

As she told Pagan the story, Jane Doe 1 wept and pressed her finger hard against her thigh, recalling how Epstein admired her body and told her how she was sexually arousing him.

"It was disgusting, and I couldn't and I couldn't even look," she said.

Epstein asked her how she knew Haley, how old she was, what grade she was in,

---

[2] Hayley Robson has also sued Brown for defamation for false statements contained in the Book.

[3] Jane Doe 1's police report of this incident catalyzed law enforcement's investigation of Epstein.

**A-0232**

and what school she went to. She lied, telling him she was an eighteen-year-old senior at Wellington High School.

It was not clear how long she was in the room, but after he ejaculated, he ordered her to get dressed and gave her three hundred dollars. He told her to leave her name and phone number with his assistant. And then he went into the shower.

11.     In fact, Plaintiff did not even live in Palm Beach, Florida in 2005 and was not Epstein's assistant, and she never led fourteen-year-old Jane Doe 1 to Epstein's "massage" lair in order for him to sexually abuse this child.

12.     From 1997 to 2001, Plaintiff was employed in London and then New York as an assistant to Ghislaine Maxwell. In 2002, she moved to Los Angeles. In 2007, she returned to the UK, where she now resides and is a sole caregiver for a close family member.

13.     To be clear, Plaintiff was not employed by Maxwell at the time of the said 2005 incident with Jane Doe 1 in Palm Beach, Florida described in the Book, and, in fact, was living and working in Los Angeles, California at the time of the incident.

14.     Indeed, the 2006 Palm Beach Police Department Report the Book purports to partially rely on contains no such allegations against Plaintiff. The Police Report contained details of the Jane Doe 1 incident but named Sarah Kellen (who was in fact Epstein's assistant in 2005) as the individual who had shown Jane Doe 1 to Epstein's bedroom and included details that are almost identical to those in the Book.

15.     Furthermore, HarperCollins has even conceded that the Book falsely identified Plaintiff in the above-cited passage.

16.     Prior to the Book's publication, Plaintiff's representatives contacted HarperCollins and were falsely informed that: "the only reference to your client in the Book is as someone who did administrative work."

17.     In an apparent response to Plaintiff's attempt to prevent the very defamation at the crux of this case, Defendants included a tacked-on "disclaimer" in the Book regarding Plaintiff.

**A-0233**

Specifically, Defendants stated that "[t]here has been nothing to suggest that Tayler was aware of what happened in the room nor that she participated in any sexual activity." This statement, however, did not dispel the defamatory statements that identified Plaintiff as a co-conspirator, aider and abettor, assistant and facilitator of Epstein's sexual abuse of a fourteen-year-old child.

18.  Furthermore, despite Plaintiff's repeated requests, Defendants have refused to recall the Book and have failed to take sufficient steps to ensure that it is no longer available to purchase or otherwise publicly available.[4]

19.  Because of these defamatory statements, Plaintiff's reputation has been gravely damaged, and she has been caused enormous and continuing distress, hurt, humiliation, and embarrassment.

20.  In particular, Plaintiff's mental anguish and suffering were exacerbated as a result of Defendants' defamation. Plaintiff fears leaving her home, her mental health was and continues to be severely impacted as a result of the Defendants' defamation, and she has suffered severe panic attacks. Her insomnia has been significantly aggravated and is now severe. These effects have diminished Plaintiff's ability to act as a sole caregiver for her immediate family member. In addition, the effect on the immediate family member has increased the distress to Plaintiff.

21.  As a result of her increased fear for her safety, Plaintiff has been forced to put in place increased security measures.

<u>**COUNT I**</u>
**Defamation**
**(All Defendants)**

22.  Plaintiff repeats and realleges the allegations preceding the first count of this Complaint as though fully set forth herein.

---

[4] Upon receiving a demand from Plaintiff, Defendants partially removed the defamatory statements from electronic and audio iterations of the Book, and also removed a sample of the Book containing the defamatory statements from its website, but HarperCollins has since reinstated the sample containing the defamatory statements on its website.

23.     Defendants published statements purported to be "facts" in an intentionally false, malicious, negligent or otherwise defamatory manner, or with knowledge that the statements were false or with reckless disregard of the truth, and distributed the same in Florida and throughout the world.

24.     All of the defamatory statements as set forth above published by Defendants concerning Plaintiff Tayler are false and defamatory per se.

25.     Defendants specifically and unambiguously stated that Plaintiff Tayler was working for Epstein in 2005 and arranged his "massage" schedule to facilitate his sexual abuse of young girls. This is false.

26.     Defendants also specifically and unambiguously stated that Plaintiff Tayler was present when fourteen-year old Jane Doe 1 was in Epstein's house, that Plaintiff led Jane Doe up the stairs to Epstein's cavernous bathroom and master bedroom, put out a folding massage table and laid out oils, leaving her alone with predator Epstein, who then sexually abused this child. This is false (except for Epstein's sexual abuse of Jane Doe 1).

27.     Defendants caused the false and defamatory statements to be published with negligence, knowledge of the statements' falsity and/or with reckless disregard for the truth.

28.     Defendant knew and/or intended that the defamatory statements would be widely disseminated in the United States and around the world.

29.     Defendants' statements had, and continue to have, a defamatory effect, because they have resulted in damage to the reputation and community standing of Plaintiff Tayler.  The Book is still freely available within Plaintiff's local community – and worldwide – despite Defendants' knowledge that Plaintiff never facilitated Epstein's sexual abuse of fourteen-year old Jane Doe 1.

30.     Furthermore, Plaintiff Tayler has suffered, and will continue to suffer shame, humiliation, mental anguish, and hurt feelings as a result of Defendants' statements. In particular,

**A-0235**

Defendants' statements have severely impacted and affected Plaintiff Tayler's mental health.

WHEREFORE, Plaintiff Emmy Tayler respectfully requests that judgment be entered in her favor and against Defendants for (a) damages, including, but not limited to, compensatory and consequential damages, (b) an order enjoining Defendants to remove all defamatory statements concerning Plaintiff from the Book and to take reasonable steps to recall prior versions of the Book from the market, and (c) any and all such other and further relief as this Court deems just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff demands trial by jury of all issues so triable.

Dated: July 19, 2022

Respectfully submitted,

**AXS LAW GROUP, PLLC**
2121 NW 2nd Ave, Suite 201
Miami, Florida 33127
Telephone: (305) 297-1878

By: */s/ Jeffrey Gutchess*
Jeffrey W. Gutchess, Esq.
Florida Bar No. 702641
jeff@axslawgroup.com
Courtney Caprio
Florida Bar No. 933961
courtney@axslawgroup.com
Joanna Niworowski
Florida Bar. No. 1031440
joanna@axslawgroup.com
eservice@axslawgroup.com

*Counsel for Plaintiff*

THE HONOURABLE MR JUSTICE PEPPERALL                                Tayler v. HarperCollins Publishers Ltd
Approved judgment



Neutral Citation Number: [2022] EWHC 3376 (KB)

Case No. QB-2022-000353

**IN THE HIGH COURT OF JUSTICE**
**KING'S BENCH DIVISION**
**MEDIA & COMMUNICATIONS LIST**

Royal Courts of Justice, Strand, London WC2A 2LL

Date: 30 December 2022

**Before** :

**THE HONOURABLE MR JUSTICE PEPPERALL**

- - - - - - - - - - - - - - - - - - - -

**Between :**

**EMMY TAYLER**

**Claimants**

**- and -**

**HARPERCOLLINS PUBLISHERS LIMITED**

**Defendant**

- - - - - - - - - - - - - - - - - - - -

**Victoria Jolliffe** (instructed by **Manleys Solicitors**) for the **Claimant**
**David Hirst** (instructed by **Wiggin LLP**) for the **Defendant**

Hearing date: 28 June 2022

- - - - - - - - - - - - - - - - - - - -

**Approved judgment**

I direct that official shorthand note shall be taken of this judgment and
that copies of this version as handed down may be treated as authentic.

## THE HONOURABLE MR JUSTICE PEPPERALL:

1. In 2021, HarperCollins Publishers Limited published *Perversion of Justice: the Jeffrey Epstein Story*. The author, Julie K. Brown, is an award-winning investigative journalist employed by the *Miami Herald*. The book exposes the scandal of the 2008 plea bargain which allowed the wealthy financier and paedophile, Jeffrey Epstein, to serve modest prison time for his crimes. It was, readers are told, Ms Brown's relentless pursuit of the Epstein story that led directly to the reopening of the case, Epstein's arrest on 6 July 2019 and subsequently the prosecution of Ghislaine Maxwell. The inside front cover claims:

> "*Perversion of Justice* reveals how Epstein came to run a global sex-trafficking pyramid scheme with impunity for years, targeting vulnerable teens, often from fractured homes, and then turning them into recruiters."

2. Emmy Tayler is a British woman who is said in the book to have worked for Jeffrey Epstein and Ghislaine Maxwell in 2005. She is specifically named in connection with the abuse of a fourteen-year-old victim in 2005 who is referred to simply as Jane Doe 1. The book claims that Jane was recruited by another girl, Haley Robson, who had been instructed by Epstein that "the younger" the girls that she recruited for him "the better." It then describes, at pages 13-14, the moment when Jane entered Epstein's Palm Beach mansion:

> "Shortly thereafter, a silver-haired man with a long face and bushy eyebrows entered the kitchen, along with a young woman who appeared to be about Haley's age. His name was Jeffrey. The young woman's name, police would later learn, was Emmy Tayler. At the time, Tayler arranged Epstein's massage schedule and also worked as Maxwell's assistant. After the introductions, Tayler led Jane Doe 1 up a spiral staircase from the kitchen to a master bedroom and bath. Jane told the police she became anxious as Tayler put up a folding massage table and laid out a bunch of oils. 'Jeff will be up in a minute,' she told Jane. There has been nothing to suggest that Tayler was aware of what happened in the room nor that she participated in any sexual activity."

3. The book recounts how, when Jane was alone in the room with Epstein, he instructed her to remove all of her clothes and straddle his back as he lay on his stomach. He then told her to climb down. He rolled over, dropped his towel, and exposed himself. He then began stroking his penis with one hand while fondling Jane's breasts with the other. He placed a vibrator between her legs. When he ejaculated, he ordered Jane to get dressed and paid her $300.

4. By this claim, Ms Tayler seeks damages and other remedies for libel. She asserts that her alleged involvement in arranging Epstein's massage schedule and in the abuse of Jane Doe 1 is demonstrably false. She says that she was not employed by Ms Maxwell in Florida in 2005 and she asserts that the 2006 police report into Jane Doe 1's allegation named another woman as the person who had shown the girl into the bedroom.

5. While the truth of the statements made about Ms Tayler is not in issue in this trial of three preliminary issues, it is only fair in this public judgment to make clear that the publisher accepts that Ms Tayler was wrongly named at page 13 as the young woman who led Jane Doe 1 to Epstein's bedroom in Palm Beach in 2005. It is the publisher's case that, once the mistake was identified, further distribution of the book was suspended on 7 August 2021. It also says that a corrected and re-printed paperback was published the following month and that amendments have been made both to the audiobook and e-book editions of the book. There was, however, no recall of unsold books that had already been sent to distributors.

6.  On 22 March 2022, Nicklin J ordered that there should be a trial of the following preliminary issues: (i) the natural and ordinary meaning of the statement complained of; (ii) whether the statement complained of, in any meaning found, is defamatory of Ms Tayler at common law; and (iii) whether the statement complained of is, or includes, a statement of fact or opinion. Although no defence has yet been filed, the publisher has set out a statement of its case upon each of these issues.

## (1) MEANING

7.  Ms Tayler relies on some forty-six extracts from the book but the critical passage is that quoted at paragraph 2 above. She argues that the natural and ordinary meaning of statements made in the book is that:

> "(1)  The Claimant arranged Jeffrey Epstein's massage schedule in 2005 at a time when he was a prolific paedophile who regularly sexually abused underage girls under the guise of paying them to receive massages. On one occasion in 2005, when Epstein was aged in his 50s, the Claimant led a 14-year-old child – 'Jane Doe 1' - to a bedroom in Epstein's Palm Beach residence. The Claimant set up a massage table and oils and left the girl alone in the master bedroom, having told her, and knowing that, Epstein would be joining the girl in the room shortly.
>
> (2)  The child was subsequently seriously sexually assaulted by Epstein. The Claimant thereby knowingly facilitated the paedophilia of a notorious child abuser, or there are strong grounds to suspect that she did so."

8.  The publisher denies that the statements bear the meaning asserted by Ms Tayler. It argues that reasonable readers of the book would understand the statements to have the following meaning:

> "In 2005 the Claimant was a young woman who worked as an administrative assistant to Ghislaine Maxwell, a close associate of Jeffrey Epstein, and also arranged massages for Epstein which, on one occasion, according to a later police report, involved the Claimant showing an unnamed girl into a massage room at Epstein's Palm Beach mansion where, subsequently, behind closed doors and without the Claimant knowing about it, he proceeded to sexually abuse the unnamed girl who was also, it transpired, underage."

THE PROPER APPROACH TO IDENTIFYING MEANING

9.  In Koutsogiannis v. Random House Group Ltd [2019] EWHC 48 (QB), [2020] 4 W.L.R. 25, Nicklin J helpfully summarised the well-established principles applicable when determining meaning in a passage that was subsequently approved by the Court of Appeal in Corbyn v. Millett [2021] EWCA Civ 567, [2021] E.M.L.R. 19. Nicklin J observed, at [11]-[12]:

> "11.  The court's task is to determine the single natural and ordinary meaning of the words complained of, which is the meaning that the hypothetical reasonable reader would understand the words bear. It is well recognised that there is an artificiality in this process because individual readers may understand words in different ways: Slim v. Daily Telegraph Ltd [1968] 2 Q.B. 157.
>
> 12.  The following key principles can be distilled from the authorities …
>
>    i)  The governing principle is reasonableness.

    ii)     The intention of the publisher is irrelevant.

    iii)    The hypothetical reasonable reader is not naïve but he is not unduly suspicious. He can read between the lines. He can read in an implication more readily than a lawyer and may indulge in a certain amount of loose thinking but he must be treated as being a man who is not avid for scandal and someone who does not, and should not, select one bad meaning where other non-defamatory meanings are available. A reader who always adopts a bad meaning where a less serious or non-defamatory meaning is available is not reasonable: s/he is avid for scandal. But always to adopt the less derogatory meaning would also be unreasonable: it would be naïve.

    iv)    Over-elaborate analysis should be avoided and the court should certainly not take a too literal approach to the task.

    v)     Consequently, a judge providing written reasons for conclusions on meaning should not fall into the trap of conducting too detailed an analysis of the various passages relied on by the respective parties.

    vi)    Any meaning that emerges as the produce of some strained, or forced, or utterly unreasonable interpretation should be rejected.

    vii)   It follows that it is not enough to say that by some person or another the words might be understood in a defamatory sense.

    viii)   The publication must be read as a whole, and any 'bane and antidote' taken together. Sometimes, the context will clothe the words in a more serious defamatory meaning (for example the classic "rogues' gallery" case). In other cases, the context will weaken (even extinguish altogether) the defamatory meaning that the words would bear if they were read in isolation (e.g. bane and antidote cases).

    ix)    In order to determine the natural and ordinary meaning of the statement of which the claimant complains, it is necessary to take into account the context in which it appeared and the mode of publication.

    x)     No evidence, beyond publication complained of, is admissible in determining the natural and ordinary meaning.

    xi)    The hypothetical reader is taken to be representative of those who would read the publication in question. The court can take judicial notice of facts which are common knowledge, but should beware of reliance on impressionistic assessments of the characteristics of a publication's readership.

    xii)   Judges should have regard to the impression the article has made upon them themselves in considering what impact it would have made on the hypothetical reasonable reader.

    xiii)   In determining the single meaning, the court is free to choose the correct meaning; it is not bound by the meanings advanced by the parties (save that it cannot find a meaning that is more injurious than the claimant's pleaded meaning)."

10.    Context is particularly important where the words complained of appear in a book. The ordinary reasonable reader is taken to have read the whole book. Such reader is unlikely to analyse the book like a lawyer, compare one passage to another, or focus on particular phrases. While the hypothetical reasonable reader is most unlikely to have read the entirety of Ms Brown's 448-page book in a single sitting, the exercise for the court is to ascertain the

broad impression made on such reader by the book taken as a whole. [See generally, Charman v. Orion Publishing Co. Ltd [2005] EWHC 2187 (QB), Gray J, at [11]-[12]; Abramovich v. HarperCollins Publishers Ltd [2021] EWHC 3154 (QB). Tipples J.]

11.     The final sentence of the passage quoted at paragraph 2 above raises the issue of bane and antidote. As Baron Alderson famously said in Chalmers v. Payne (1835) 2 C.M. & R. 156, at p.159, "the bane and the antidote must be taken together." In Horan v. Express Newspapers [2015] EWHC 3550 (QB), Dingemans J, as he then was, explained, at [17]:

> "This simply means that in reading the article as a whole if a 'stain' is removed in another part of the publication, the bane and antidote must be taken together when considering whether the article is defamatory, see Cruise v. Express Newspapers [1999] Q.B. 931 at 939. Whether the antidote has removed the bane is very much a matter of impression. In Cruise it was suggested that it would be rare that the antidote removed the bane, and reference was made to cases in which the bane had been destroyed by the contents of the article. There is no rule of law to the effect that antidote can never remove the bane, and there is no rule of law to the effect that an antidote will always remove the bane. It is a matter for the hypothetical reasonable reader."

12.     In Sergi v. Australian Broadcasting Commission [1983] 2 N.S.W.L.R. 669, Huntley JA observed pithily, at p. 670:

> "The bane and antidote theory … is merely a vivid way of stating that the whole publication must be considered, not a segment of it."

13.     Similarly, in this jurisdiction, Simon Brown LJ said in Mark v. Associated Newspapers Ltd [2002] EWCA Civ 772, [2002] E.M.L.R. 38, at [37]:

> "One asks, therefore, in this as in any other case where the principle is invoked, whether, considered as a whole, the publication is damaging to the claimant's reputation."

14.     In accordance with the guidance in Tinkler v. Ferguson [2019] EWCA Civ 819, I read Ms Brown's book from cover to cover before considering the parties' contentions and submissions in this case so as to capture my initial reaction as a reader.

## THE PARTIES' SUBMISSIONS

15.     Victoria Jolliffe, who appears for Ms Tayler, argues that the book "hammers home" that it is based on a highly experienced journalist's detailed research of court and police documents and her own investigative skills. The reader is told that it was Ms Brown's investigative journalism that led to Epstein's arrest in 2019 and the book is presented as an authoritative, rather than a sensationalist, account of the Epstein scandal. The reader is not left in any doubt that the accounts contained in the police reports should be taken as accurate. Indeed, Ms Brown made the point in colourful terms that she would not agree to her newspaper referring to the women as "alleged victims." She asserted, at page 273:

> "I reasoned that we don't call people who are burglarized 'alleged burglary victims.' I also pointed that in this case, the victims were all listed as *victims* by the US Attorney's Office as part of the final plea agreement that Epstein signed."

16.    Ms Jolliffe observes that Jane Doe 1's story is the first detailed account of a victim given in
the book. It was the incident that triggered the 2005 investigation and Ms Jolliffe argues that
it makes a particularly memorable impression on the reader. She also stresses that Jane Doe
1 plays a significant part in the narrative.

17.    Ms Jolliffe submits that the reader had already been told that Epstein was fifty-three in 2006,
and so in his early fifties in 2005, and that Jane Doe 1 was fourteen at the time of the abuse.
She submits that there is no suggestion that Jane looked older than her age and stresses that
readers are told that Epstein instructed Haley Robson, the individual who is said to have
recruited Jane, that "the younger the better." Ms Jolliffe submits that even without the earlier
reference to Epstein's "preferred prey" being "waiflike prepubescent girls" it would be
reasonable for a reader to infer that a paedophile might have little interest in girls who look
adult.

18.    Further, Ms Jolliffe argues that the description of Ms Tayler as the person who arranged
Epstein's massage schedule in 2005 is significant since readers had been told shortly before,
at page 10, that the operation was by then in "full swing."

19.    Addressing, the suggested antidote (that "there has been nothing to suggest that Ms Tayler
was aware of what happened in the room nor that she participated in any sexual activity"),
Ms Jolliffe submits that it is insufficient to extinguish the impression in the reader's mind
that Ms Tayler knew that Epstein carried out abuse under the guise of massage, or that there
were at least strong grounds to suspect that she knew. She cites Lord Nicholls' vivid
observation about "playing with fire" in <u>Charleston v. News Group Newspapers Ltd</u> [1995]
2 A.C. 65, at p.74C:

>    "That is not to say that words in the text of an article will always be efficacious to
>    cure a defamatory headline. It all depends on the context, one element of which is
>    the layout of the article. Those who print defamatory headlines are playing with fire.
>    The ordinary reader might not be expected to notice curative words tucked away
>    further down in the article. The more so, if the words are on a continuation page to
>    which a reader is directed."

20.    Ms Jolliffe points to Haley Robson's explanation to girls that she recruited that they might
have to do massages in the nude and that some "touching" might be involved (page 33), and
to Alfredo Rodriguez's account that, when he went into the master bedroom to clean the
room, he would often find sex toys scattered on the floor (page 83). She submits that a
reader would not need to be avid for scandal to infer that those working in the mansion in
2005, including Ms Tayler, knew that what was going on went well beyond massages, or at
least to think that there were strong grounds for suspecting that she did so.

21.    Further, Ms Jolliffe submits that even if the antidote is sufficient to extinguish the
imputation that the claimant knew that Epstein sexually abused Jane Doe 1 in the room, it
does nothing to remove the stain that it is asserted that Ms Tayler arranged Epstein's
massage schedule.

22.    David Hirst, for the publisher, challenges the pleaded meaning on the basis that the fact that
Epstein was a prolific paedophile and a "notorious child abuser" was neither known nor
established in 2005. He points out that he had not then been arrested or charged with any
offence. He submits that Ms Tayler artificially seeks to construe the book as imputing actual

knowledge of criminality. He asserts that the text simply presents her as having showed Jane Doe 1 into a room for a massage.

23.   Further, he submits that the claim seeks to present Jane as a child whereas she is described at page 12 of the book as having led a tough life, running away, partying, drinking, taking drugs, and as having lived at a "facility" for "troubled kids" while attending a school with a significant gun-violence problem. He asserts that the book records, at page 15, that when Jane stated she was 18, she was believed to be that age. Mr Hirst also points to the later passage, at page 125, that records that a police stake-out concluded that the women seen entering the mansion did not appear to have been underage.

24.   Mr Hirst submits therefore that the pleaded meaning is the product of a strained and unreasonable interpretation, is avid for scandal, overly reliant upon inference, and impermissibly contains a number of elements which are not found in the words complained of.

25.   In any event, he submits that this is a clear case of bane and antidote. He points out that the antidote is not in some remote part of the book but is immediately adjacent to the material said to give rise to the sting. He contends that the reasonable reader can hardly fail to notice the disclaimer or the deliberate proximity of its deployment. He submits that the antidote here is not a mere denial of an allegation but an authoritative statement by the author as to Ms Tayler's knowledge. Readers, he submits, would notice that the disclaimer is Ms Brown's voice intervening in the narrative to guide them to a particular conclusion. Further, he argues that the bane is in any event weak since it proceeds by inference only.

26.   Mr Hirst also submits that the question of who is alleged to have aided and abetted Epstein is directly addressed on several occasions by the author. In doing so, Ms Brown does not name Ms Tayler.

DISCUSSION

Ms Tayler's first suggested meaning

27.   In my judgment, the publisher's suggested meaning seeks to minimise the extent to which the book asserted that Ms Tayler arranged Epstein's massage schedule. There is no basis for doing so. The clear assertion made in the book is that it was Ms Tayler who arranged Epstein's massage schedule in 2005. That is very significant because it was through the guise of massage that Epstein abused his young victims. Furthermore, the reader is told something of the scale of that operation in 2005, at page 10, just before Jane Doe 1's account:

> "By 2005, the operation was in full swing. Girls from in and around West Palm Beach arrived two, three, four, or more times a day to Epstein's cotton-candy-pink waterfront mansion on the island of Palm Beach."

28.   Further, I do not accept that Ms Tayler's first pleaded meaning wrongly attributes knowledge of Epstein's crimes at a time before he had been exposed as paedophile. While the second pleaded meaning asserts knowledge, the first simply asserts as a matter of fact that Epstein was in 2005 a "prolific paedophile who regularly sexually abused underage girls under the guise of paying them to receive massages." Such assertion is central to the book. Indeed, the very opening statement at the beginning of the preface is that the position in September 2006 was as follows:

> "For at least six years, multimillionaire financier Jeffrey Edward Epstein, fifty-three, and others working for him had been luring middle school and high school girls to his waterfront mansion in Palm Beach, Florida by offering to pay them for massages. The girls mostly thirteen to sixteen years old, arrived at all hours of the day and night, whereupon they were sexually abused in acts ranging from inappropriate touching to rape. Afterward, Epstein paid them two to three hundred dollars each, then offered to give them even more money if the teenagers brought their friends, creating a revolving door of fresh young girls to fill his paedophile obsession…
>
> … Epstein was wealthy enough to buy anything he wanted, including prostitutes. But he didn't want experienced women: his preferred prey were waiflike prepubescent girls from troubled backgrounds who needed money and had little or no sexual experience."

29.     The publisher objects then to the suggested meaning that Ms Tayler "led a fourteen-year-old child" to the bedroom. It instead argues the meaning that Ms Tayler "showed an unnamed girl into a massage room" adding that "it transpired that she was underage." Three matters can be dealt with shortly:

29.1    The author's verb was "led" rather the more benign "showed" and there is no basis for watering it down.

29.2    The author described the room as "a master bedroom and bath" in which Ms Tayler set up a folding massage table, and not simply as a massage room.

29.3    The publisher's meaning declines to indicate Jane's age, yet the reader was clearly told on the previous page that she was fourteen at the time of this abuse.

30.     The publisher's suggested meaning seeks then to imply that Jane might have looked rather older since it refers to it later "transpiring" that she was underage. Such implication is made more explicit in written argument. Mr Hirst submitted:

> "A further construct to make up for the absence of evidence of knowledge in the text on the Claimant's part is to present Jane Doe 1 in the meaning being advanced as 'a child'. The Book refers to her only as 'a girl' at high school. Chapter 1, which relates the police report of the Jane Doe 1 case contains no reference to the word 'child' at all, which is a word that tends to conjure up a different impression than the one of Jane Doe 1 actually given by the Book. Instead, it is suggested that she led a tough life, running away, partying, drinking, taking drugs, and living at a '*facility*' for '*troubled kids*' whilst attending a Florida school with a significant gun violence problem (page 12). Jane Doe 1 stated she was 18 and was believed to be that age, the Book records (page 15). A police stake-out of Epstein's mansion as part of their investigation concluded that the girls seen entering did not appear underage (page125)."

31.     It is true that the book does not use the word child. There is, however, no merit in the point and I reject the unattractive argument that to describe her as a child is an artificial construct. The book is about Epstein's systematic sexual abuse of children. At fourteen, Jane was indeed a child and any reasonable reader would so regard her.

32.     I have already referred to the fact that readers are told right from the outset that Epstein's sexual preference was for waiflike prepubescent girls. That claim is supported by a number of further extracts:

32.1   As already noted, in telling the story of Jane Doe 1, the book records at page 13 Epstein's instruction to Haley Robson to bring him girls, adding "the younger the better."

32.2   At page 33, where Robson's account to the police is quoted:

> "She said that [Epstein] wanted all very young girls, and she explained how he had once gotten angry when she brought him a twenty-three-year old. The youngest girl she introduced him to was fourteen, she said, naming a total of six girls whom she had brought to his mansion."

32.3   At pages 83-84, where the 2006 taped statement of a houseman employed by Epstein between November 2004 and May 2005 is quoted:

> "Rodriguez said Epstein had many visitors, most of them young masseuses who he said appeared to be of high school age. … He said the girls who were coming to Epstein's house came at all hours of the day and, as time went on, they appeared to be younger and younger."

32.4   At pages 176-177, Ms Brown refers to Courtney Wild's account that she was fourteen when she was first abused by Epstein. The sexual abuse happened so many times that Ms Wild was unable to count the number. Ms Brown then adds, at page 177:

> "Like other girls who were brought to his house, [Wild] learned that she could avoid being abused herself by offering him new, younger girls to divert his attention from her. She started bringing him victims morning, noon and night."

32.5   Further, at page 179:

> "By the time she was seventeen, Epstein no longer wanted Courtney sexually. She was too old for him, and she no longer hung around with girls who were thirteen, fourteen, and fifteen. She began to have trouble finding girls of that age to bring to him."

32.6   On the same page, the book records Ms Wild's description of Epstein's preference for "short, little white girls."

33.   I acknowledge that the reader is told at page 125 that the police staked out Epstein's mansion and observed that the "women" who came and went all "appeared to be eighteen or older, mostly college students." The overall impression created by the book is, however, that that observation was out of step with what was really going on inside Jeffrey Epstein's mansion. The book does not reveal the period of surveillance but, as a reader, I was left with the impression that the author considered the investigation at that stage to have been rather superficial.

34.   At page 13, the book records Haley Robson's instruction to Jane Doe 1 that, if Epstein asked, she was to say that she was 18. After describing the abuse of Jane Doe 1 and just before the account that he ejaculated, the book records the following event at page 15:

> "Epstein asked [Jane Doe 1] how she knew Haley, how old she was, what grade she was in, and what school she went to. She lied, telling him that she was an eighteen-year-old senior at Wellington High School."

35.   The author does not state that Epstein or anyone else believed Jane's claim that she was 18. Nor is there any description of Jane as looking older than her years. In my judgment, a reasonable reader would infer that Robson's instruction that Jane should claim to be 18 taken together with Epstein's casual enquiry, slipped into the narrative not at the beginning

of the massage but after she had been abused and he had begun masturbating himself, was nothing more than a cynical attempt to give Epstein plausible deniability should the girl's true age later emerge. Certainly I was not left with the impression that the author was suggesting either that Jane really did look 18 or that Epstein believed her lie.

36. Further, I reject the unattractive argument that the fact that many of the girls had had a troubled life meant that they somehow looked older than their years. Ms Brown does not make that assertion. Rather the impression created is that the victims' difficult and chaotic home lives was what made them vulnerable to Epstein's abuse and, he no doubt calculated, less likely to be believed. Jane and the other victims of Epstein's abuse were children and the reasonable reader would form the impression that they looked like the children that they were. There is much force in Ms Jolliffe's submission that a reasonable reader would not conclude that this prolific paedophile was interested in children who looked older than their years. Indeed, such suggestion – which is not made in the book - would be somewhat counterintuitive. What he wanted, readers are told, was young, short, little, waiflike prepubescent girls.

37. Accordingly, I broadly accept Ms Tayler's first pleaded meaning. It should be added that Jane was then subjected to sexual abuse.

Knowingly facilitating the abuse

38. But for the last sentence of the passage dealing with Ms Tayler's involvement in arranging the massage, I would readily infer that the book was implying her knowing facilitation of child abuse, or at least that there were strong grounds for suspecting her knowing involvement in Epstein's crimes. The author, however, expressly recognises that that might be going through the reader's mind and steers one away from that conclusion. The antidote is all the more powerful for coming immediately after the passage describing Ms Tayler's role in setting up the massage. This is not a case of the sort mentioned by Lord Nicholls in Charleston where the antidote is buried away in some remote part of a newspaper article well away from a sensational and defamatory headline. Further, the antidote is all the more authoritative for coming from someone with a very detailed knowledge of the police files and the many hours of witness testimony. Drawing on her undoubted expert knowledge of the Epstein case, there is "nothing", Ms Brown tells her readers, to suggest that Ms Tayler was aware of what happened in Epstein's bedroom.

39. I accept Mr Hirst's submission that the antidote should not be read and dissected as a lawyer, but rather the court should consider the overall impression created in the mind of the reasonable reader taking into account both the bane and the antidote. Whatever the reader's initial inference, I accept Mr Hirst's submission that the disclaimer is Ms Brown's voice intervening in the narrative to guide readers away from the conclusion that Ms Tayler was complicit in the sexual abuse of these children. As he put it in his oral submissions, Ms Brown is saying to the readers "there's nothing to see here."

40. Such conclusion is supported by the fact that in the various later passages in which Ms Brown identifies Epstein's accomplices, Ms Tayler is not named. In particular, there is no reference to Ms Tayler in the epilogue which is devoted to informing readers as to what has become of those implicated in Epstein's criminality. Without the direct antidote at page 14 these passages hundreds of pages later would not be sufficient to neutralise the bane. Taking however the direct antidote at page 14 together with the absence of any later suggestion that Ms Tayler was complicit in Epstein's crimes, the book taken as a whole leaves the reasonable

reader with the impression that Ms Tayler was not one of those who knowingly facilitated the sexual abuse of children.

Conclusion

41. I therefore find that the natural and ordinary meaning of the words complained of is as follows:

> "The Claimant arranged Jeffrey Epstein's massage schedule in 2005 at a time when he regularly received massages from underage girls. Unknown to her, he was a prolific paedophile who sexually abused the girls under the guise of paying them to receive massages.
>
> On one occasion in 2005, when Epstein was aged in his fifties, the Claimant led a fourteen-year-old child - 'Jane Doe 1' - to a bedroom in Epstein's Palm Beach residence. The Claimant set up a massage table and oils and left the girl alone in the master bedroom, having told her, and knowing that, Epstein would be joining the girl in the room shortly.
>
> Jane Doe 1 was subsequently sexually assaulted by Epstein."

## (2) IS SUCH STATEMENT DEFAMATORY AT COMMON LAW?

42. In Corbyn v. Millett, Warby LJ said, at [9]:

> "At common law, a meaning is defamatory and therefore actionable if it satisfies two requirements. The first, known as 'the consensus requirement', is that the meaning must be one that 'tends to lower the claimant in the estimation of right-thinking people generally.' The Judge has to determine 'whether the behaviour or views that the offending statement attributes to a claimant are contrary to common, shared values of our society': Monroe v. Hopkins [2017] EWHC 433 (QB), [2017] 4 W.L.R. 68 [51]. The second requirement is known as the 'threshold of seriousness'. To be defamatory, the imputation must be one that would tend to have a 'substantially adverse effect' on the way that people would treat the claimant: Thornton v. Telegraph Media Group Ltd [2010] EWHC 1414 (QB), [2011] 1 W.L.R. 1985 [98] (Tugendhat J)."

43. Mr Hirst argues that actual knowledge of Epstein's criminality is necessary to establish any defamatory meaning. He contends that there was nothing unlawful in underage children providing massages to an adult man and points to a later account at pages 207-208 of Virginia Giuffre's father driving his sixteen-year-old daughter to Epstein's mansion for an interview as a masseuse. Ms Jolliffe replies that there are no circumstances in which the reasonable reader would think that it was acceptable to arrange for a fourteen-year-old girl to give a fifty-two-year-old man a massage in the privacy of his bedroom.

44. The lawfulness of the alleged conduct is plainly not determinative of the issue. Much lawful conduct may be so disreputable that the allegation is defamatory. Even without knowledge of his sexual offending, I consider that the meaning as found is clearly defamatory at common law:

44.1 First, Ms Tayler's alleged actions in arranging a massage schedule so that a succession of young underage girls, some as young as fourteen, would provide a massage to a man in his fifties in the privacy of his bedroom is, in my judgment, conduct that is contrary to common, shared values of our society and which would therefore tend to lower her in the estimation of right-thinking people generally. It is at best sordid conduct which, even without knowledge of what transpired in the bedroom, placed

the girls at obvious risk of abuse. The meaning therefore satisfies the consensus requirement.

44.2   Secondly, I am satisfied that such an imputation would tend to have a substantially adverse effect on the way in which people would treat Ms Tayler especially once the man for whom she was working was identified as the notorious paedophile Jeffrey Epstein. While the book does not suggest that she knew what was going on, her alleged actions in arranging the massage schedule directly facilitated Epstein's crimes. The meaning therefore satisfies the threshold requirement.

### (3) FACT OR OPINION

45.   The publisher accepts that the statements as to Ms Tayler's alleged involvement in arranging Epstein's massage schedule and in leading Jane Doe 1 into the bedroom are statements of fact and not opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
VIRGINIA L. GIUFFRE,

                  Plaintiff,

 -against-

 GHISLAINE MAXWELL,

                  Defendant.
```

15 Civ. 7433 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

On November 18, 2022, the Court ordered the unsealing of

certain documents pertaining to, among others, Doe 171

("November 18 Order").  (Dkt. no. 1283.)  On November 19, 2022,

the Court granted Doe 171 a stay through December 5, 2022,

pending appeal, of the release on documents relating to her.

(Dkt. no. 1275.)  On November 30, 2022, Doe 171 requested that

the stay be extended until the Court of Appeals ruled on her

request for a stay of the release of documents related to her

(dkt. no. 1278), which the Court granted on December 1, 2022

(dkt. no. 1281).  Doe 171 filed her Notice of Appeal on December

1, 2022 (dkt. no. 1280), and her appeal of the Court's November

18 Order is currently pending before the Court of Appeals (dkt.

no. 1291).

On December 5, 2022, Doe 171 submitted a document

categorized as a letter motion to seal (the "December 5 Motion")

requesting that the Court (i) seal certain documents that the

Court ordered unsealed in its November 18 Order, (ii) clarify whether it will accept and maintain as confidential additional *ex parte* submissions in further support of her request to seal, (iii) establish a schedule to address the issues related to the sealing of documents pertaining to Doe 171, and (iv) seal portions of the November 18 Order transcript pertaining to Doe 171. (Dkt. no. 1285.)[1] On December 7, 2022, Plaintiff Virginia Giuffre and Intervenors Julie Brown and the Miami Herald Media Co. (the "Herald") submitted letter responses opposing Doe 171's December 5 Motion. (Dkt. nos. 1289, 1290.)

On December 8, 2022, Doe 171 submitted a letter seeking a conference with the Court to address (i) her request to redact the November 18, 2022 Order transcript and (ii) Ms. Giuffre and the Herald's purported use of unidentified "information that Doe 171 is presently fighting and exercising her appellate rights to keep under seal" in their December 7 response letters to this Court and their briefs in the Court of Appeals. (Dkt. no. 1292.) Ms. Giuffre submitted a letter response requesting that Doe 171's request be denied. (Dkt. no. 1293.)

---

[1] On December 5, 2022, Doe 171 also filed a Notice of Intention to Request Redaction, requesting that the November 18 Order transcript not be made electronically available until the Court ruled on Doe 171's December 5 Motion. (Dkt. no. 1287.) On December 6, 2022, Doe 171 submitted a supplemental letter requesting that the Court seal additional documents that the Court ordered unsealed in its November 18 Order. (Dkt. no. 1288.)

**A-0250**

Upon due consideration of the submissions set forth above, the relief requested in Doe 171's December 5 Motion is DENIED.

## I.  <u>BACKGROUND</u>

In accordance with *Brown v. Maxwell*, 929 F.3d 41, 49-51 (2d Cir. 2019), the Court has been conducting an individualized review of materials that were previously sealed (the "Sealed Materials") in the underlying litigation in this case.  The Court reviews the Sealed Materials to determine (a) the weight of presumption of public access that should be afforded to the document, (b) the identification and weight of any countervailing interests supporting continued sealing/redaction, and (c) whether the countervailing interests rebut the presumption of public access.

To assist in this process and afford persons identified or otherwise interested in the Sealed Materials the opportunity to participate in the Court's individualized review, the Court adopted a protocol ("Order and Protocol for Unsealing Decided Motions") that, among other things, required that the original parties to the litigation use their best efforts to provide non-parties whose privacy, reputational, or other interests may be implicated by the unsealing of the Sealed Materials (the "Non-Parties") with notice that documents pertaining to them were being considered for unsealing ("Notice to Non-Parties").  (Dkt. no. 1108 at 1-2.)  The Notice to Non-Parties provided the Non-

Parties with a copy of the Court's Order and Protocol for
Unsealing Decided Motions, informed the Non-Parties that they
were entitled to request excerpts of the Sealed Materials
pertaining to them, and provided the Non-Parties with fourteen
days to file any objections to the unsealing of materials that
identified them.  (Dkt. no. 1044 at 6-13.)  The Order and
Protocol for Unsealing Decided Motions informed the Non-Parties
that they were permitted to file a memorandum of law in support
of their objection.  (Dkt. no. 1108 ¶ 2.d.)

On October 10, 2020, via counsel, Doe 171 acknowledged
receipt of the Notice to Non-Parties and the Court's Order and
Protocol for Unsealing Decided Motions and requested the
opportunity to review the excerpts pertaining to her.  On
December 10, 2020, via counsel, Doe 171 acknowledged receipt of
all of the excerpts pertaining to her and submitted her
objection.  Doe 171 requested redactions to every single excerpt
and attached each excerpt to her submission with proposed
redactions.  Every excerpt that the Court unsealed in its
November 18 Order was included in this request, meaning that Doe
171 received all relevant excerpts.  Doe 171 did not submit a
memorandum of law in support of her objections and requests for
redactions.

On February 16, 2022, the Court entered a briefing schedule
to address the objections of a group of Non-Parties that

included Doe 171, but mistakenly identified her as Doe 169.
(Dkt. no. 1245.)  The Court ordered the original parties to
submit opening briefs by March 18, 2022, the Herald to file a
responsive brief two weeks later, the objecting Non-Parties to
file a reply in response to the parties' and the Herald's briefs
a week after the Herald filed its responsive brief, and the
original parties to file any reply briefs two weeks after that.
(Id.)  Doe 171 was informed that she was mistakenly identified
as Doe 169 the day that the *original parties* were required to
file their opening briefs responding to the Non-Parties'
objections.  (Dkt. No. 1285 at 3 n.3.)  Thus, Doe 171 had the
full three weeks allotted to each of the Non-Parties to file
their replies in further support of their objections.  Doe 171
submitted her reply on April 7, 2022 and asked that her
submission *not* be shared with the parties pursuant to the Order
and Protocol for Unsealing Decided Motions but instead be
treated *ex parte* due to its sensitivity, which the Court
permitted based on that specific request.

On November 3, 2022, after acknowledging receipt of the
briefing regarding the objections to unsealing submitted by the
relevant Non-Parties, the Court publicly scheduled a hearing
regarding the unsealing of documents related to, among others,
Doe 171 for November 18, 2022.  (Dkt. nos. 1271, 1273.)  Doe
171's counsel was also provided an invitation to that hearing

and attended.  At the November 18 hearing, the Court again
acknowledged receipt and consideration of the Non-Parties'
submissions and briefing.  (Dkt. no. 1283 at 3-4.)  The Court
proceeded to issue its November 18 Order unsealing documents
pertaining to, among others, Doe 171.

Doe 171 sought a stay of the unsealing of documents
pertaining to her to provide her an opportunity to appeal the
November 18 Order, which the Court granted.  (Dkt. nos. 1275,
1278, 1281.)  Doe 171 filed her Notice of Appeal on December 1,
2022 (dkt. no. 1280), and her appeal of the Court's November 18
Order is currently pending before the Court of Appeals (dkt. no.
1291).  While that appeal was pending, Doe 171 filed her
December 5 Motion requesting, among other things, that the Court
"exercise its inherent supervisory authority to provide Doe 171
relief from its" November 18 Order.  (Dkt. no. 1285 at 4.)

## II.  <u>DISCUSSION</u>

The Court assumes without deciding that Doe 171's filing of
her Notice of Appeal did not oust the Court of jurisdiction.

As set forth in detail above, Doe 171 had ample notice and
opportunity to participate in the unsealing process, which Doe
171 availed herself of.  Doe 171 submitted both her objection to
unsealing and a reply in further support of her objection.  The
Court carefully considered, and acknowledged considering, Doe
171's submissions and the original parties and the Herald's

briefs.  In other words, Doe 171 chose what facts and issues of law to raise in those submissions and was heard by the Court prior to the Court's November 18 Order.  Thus, nomenclature and careful drafting aside, Doe 171's December 5 Motion, which seeks to retread the propriety of unsealing a subset of the unsealed documents, is a motion for reconsideration of the Court's November 18 Order.

Reconsideration is an "extraordinary remedy." <u>In re Beacon Assocs. Litig.</u>, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quoting <u>In re Health Mgmt. Sys. Inc. Sec. Litig.</u>, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).  Such motions "are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error or prevent manifest injustice." <u>Drapkin v. Mafco Consol. Grp., Inc.</u>, 818 F. Supp. 2d 678, 696 (S.D.N.Y. 2011). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." <u>Bennett v. Watson Wyatt & Co.</u>, 156 F. Supp. 2d 270, 271 (S.D.N.Y. 2001).

Doe 171 does not identify any change in controlling law, new evidence, or clear error.  Instead, Doe 171 assumes that the Court "overlooked, misunderstood, or mistook certain critical information that was timely presented" to it.  (Dkt. no. 1285 at

7

3.)  Thus, Doe 171 acknowledges that the Court received the
information Doe 171 seeks to submit to the Court a second time,
and her request to submit additional arguments on an *ex parte*
basis is an impermissible request to "relitigat[e] issues
already decided by the Court."  <u>Bennett</u>, 156 F. Supp. 2d at 271.
The Court did not overlook or misunderstand Doe 171's
submissions, nor does Doe 171 identify a basis for assuming so
besides the fact that the Court decided the issue differently
from the way Doe 171 would like.  Indeed, the Court acknowledged
Doe 171's submissions and arguments on the record.  (Dkt. no.
1283 at 3-6.)  To the extent Doe 171 seeks to submit not the
same but "new facts, issues or arguments not previously
presented to the Court," this too is insufficient to warrant
reconsideration.  <u>Bennett</u>, 156 F. Supp. 2d at 271.  Doe 171 had
the opportunity to submit the facts and arguments she thought
relevant to the Court's decision the first time around.  She
does not get a second opportunity to try a different tack.

Nor does Doe 171 "meet the high burden that a party seeking
reconsideration for manifest injustice bears." *Sigmon v.
Goldman Sachs Mortg. Co.*, No. 1:12-cv-03367 (ALC), 2019 U.S.
Dist. LEXIS 32348, at *11 (S.D.N.Y. Feb. 28, 2019).  "Courts
ordinarily have not defined precisely what constitutes clearly
erroneous or manifest injustice for reconsideration purposes.
At least one court has held though that reconsideration is not

8

warranted unless the prior decision is 'dead wrong.'" <u>Ogi
Oceangate Transp. Co. v. RP Logistics Pvt. Ltd.</u>, 2007 U.S. Dist.
LEXIS 74180, at *3 n.1 (S.D.N.Y. Oct. 4, 2007) (quoting <u>Parts &
Electric Motors, Inc. v. Sterling Electric. Inc.</u>, 866 F.2d 228,
233 (7th Cir. 1988); <u>see also</u> <u>Corpac v. Does</u>, 10 F. Supp. 3d
349, 354 (E.D.N.Y. 2013) ("In the context of a motion for
reconsideration, manifest injustice is defined as an error
committed by the trial court that is direct, obvious, and
observable.") (internal citation and quotation omitted).

The Court weighed the privacy interests advanced by Doe 171
against the public interest in access to judicial documents.
The Court held that Doe 171's privacy interests did not outweigh
the presumption of public access, particularly in light of the
surfeit of public information regarding Doe 171's alleged
association with Jeffrey Epstein and Ghislaine Maxwell and
references to Doe 171 in already unsealed portions of Ms.
Maxwell's criminal trial transcript, as well as numerous other
public sources, that rendered her privacy interests less
weighty.  (Dkt. no. 1283 at 2-6.)  For these reasons, the
November 18 Order was correct on the merits and as such was not
wrong, much less "dead-wrong."

Because the Court denies Doe 171's December 5 Motion to the
extent it seeks reconsideration, it denies the remainder of the
relief sought in Doe 171's December 5 Motion, including her

request to seal portions of the November 18 Order transcript
pending a determination of Doe 171's December 5 Motion.  The
Court also denies Doe 171's request to seal portions of the
November 18 Order transcript because the public's interest in
access to this transcript outweighs Doe 171's privacy interests.
Again, Doe 171's alleged affiliation with Jeffrey Epstein and
Ms. Maxwell and the other information contained in the November
18 Order transcript are already publicly known, rendering her
privacy interests insufficient to overcome the presumption of
public access.[2]  Finally, the Court denies Doe 171's December 8
request for a status conference as unnecessary in light of its
holdings herein, including its holdings that the November 18
Order was correct on the merits and its holding that the
November 18 Order transcript should not be sealed.

---

[2] The Court also notes that, as a practical matter, the hearing was public and
the Court's ruling and statements have already been widely disseminated.
Sealing the November 18 Order transcript would not unring that bell.

III. <u>**CONCLUSION**</u>

    For the reasons set forth above, Doe 171's December 5
Motion (dkt. no. 1285) and her December 8 request for a status
conference (dkt. no. 1292) are denied.  The Clerk of the Court
is directed to close the open motion (dkt. no. 1285).

SO ORDERED.

Dated:    New York, New York
          December 11, 2022

                    _Loretta A. Preska_____
                    LORETTA A. PRESKA
                    Senior United States District Judge