# 22-3042(L)

## 22-3050(CON)

IN THE

# United States Court of Appeals

### FOR THE SECOND CIRCUIT

❖❖❖

VIRGINIA L. GIUFFRE,

*Plaintiff-Appellee,*

—against—

SHARON CHURCHER, JEFFREY EPSTEIN,

*Respondents,*

—against—

GHISLAINE MAXWELL,

*Defendant,*

—against—

JOHN DOE 107, JOHN DOE 171,

*Objectors-Appellants,*

—against—

JULIE BROWN, MIAMI HERALD MEDIA COMPANY,

*Intervenors-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR INTERVENORS-APPELLEES

SCOTT D. PONCE
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
(305) 374-8500

CHRISTINE WALZ
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
(212) 513-3200

*Attorneys for Intervenors-Appellees*

## CORPORATE DISCLOSURE STATEMENT

Intervenor Miami Herald Media Company moved to intervene in the underlying action in April 2018. At the time, it was the publisher of the *Miami Herald*. Today, the *Miami Herald* is published by The McClatchy Company, LLC. Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Intervenors, through undersigned counsel, state that The McClatchy Company, LLC has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

**TABLE OF CONTENTS**

INTRODUCTION ....................................................................................................1

STATEMENT OF THE CASE................................................................................2

  I.     INTERVENORS' COVERAGE OF JEFFREY EPSTEIN AND GHISLAINE MAXWELL, AND THEIR INTERVENTION BELOW. .....2

  II.    THE DISTRICT COURT'S REVIEW PROTOCOL ON REMAND .........3

  III.   THE DISTRICT COURT'S NOVEMBER 18, 2022 ORDER....................4

SUMMARY OF THE ARGUMENT ......................................................................6

LEGAL STANDARD..............................................................................................7

ARGUMENT ...........................................................................................................8

  I.     THE DISTRICT COURT APPROPRIATELY WEIGHED THE PRESUMPTION OF PUBLIC ACCESS. ...................................................8

  II.    DOE 171 AND DOE 107 FAIL TO ARTICULATE COUNTERVAILING INTERESTS TO OVERCOME UNSEALING.....11

     A.    Doe 171 Failed to Assert a Privacy Interest That Overcomes the Presumption of Public Access. ..............................................................12

     B.    Doe 107 Has Failed to Assert Anything Other Than Generalized Concerns of Adverse Publicity. ............................................................16

CONCLUSION ......................................................................................................18

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                           **Page(s)**

*Brown v. Maxwell*,
    929 F.3d 41 (2d Cir. 2019), Doe 171 App. ...................................................................... *passim*

*Delta Air Lines, Inc. v. Bombardier, Inc.*,
    462 F. Supp. 3d 354 (S.D.N.Y. 2020) ........................................................................................7

*Lugosch v. Pyramid Co. of Onondaga*,
    435 F.3d 110 (2d Cir. 2010) ....................................................................................................10

*Moroughan v. Cnty. of Suffolk*,
    No. 12CV0512JFBAKT, 2021 WL 280053 (E.D.N.Y. Jan. 24, 2021) ...................................14

*In re Omnicom Group, Inc. Securities Litigation*,
    2006 WL 3016311 ..................................................................................................................7, 8

*In re Omnicom Grp., Inc. Sec. Litig.*,
    No. 02 CIV. 4483 .......................................................................................................................7

*The Fla. Star v. B.J.F.*,
    491 U.S. 524 (1989) .................................................................................................................15

*Under Seal v. Under Seal*,
    273 F. Supp. 3d 460 (S.D.N.Y. 2017) ........................................................................................7

*United States v. Amodeo*,
    71 F.3d 1044 (2d Cir. 1995) .....................................................................................................11

*United States v. Basciano*,
    Nos. 03-CR-0929. 05-CR-0060, 2010 WL 1685810 (E.D.N.Y. Apr. 23, 2010) ....................14

*United States v. Cohen*,
    366 F. Supp. 3d 612 (S.D.N.Y. 2019) ........................................................................................7

*United States v. Cohen*,
    No. 18-CR-0602, 2019 WL 3226988 (S.D.N.Y. July 17, 2019) .............................................14

*United States v. Longueuil*,
    567 F. App'x 13 (2d Cir. 2014) ..................................................................................................7

*United States v. Stillwell*,
    986 F.3d 196 (2d Cir. 2021) .....................................................................................................18

*Zabolotsky v. Experian*,
    No. 19-CV-11832-GHW, 2021 WL 106416 (S.D.N.Y. Jan. 12, 2021) ..................................11

**Statutes**

28 U.S.C.A. § 4101, *et seq*...........................................................................................16

**Other Authorities**

2010 U.S.C.C.A.N. 812 ..............................................................................................16

H.R. REP. 111-154, 3 ................................................................................................16

## **INTRODUCTION**

Intervenors Julie Brown and the *Miami Herald* ("Miami Herald") and the public have waited years for the unsealing of the remaining judicial records in this case, which involve matters of utmost public concern -- the sexual abuse of minors and the institutions that allowed it to continue with impunity for years.

This is the third time that this Court has considered issues arising from the sealing of records. First, the Miami Herald successfully appealed the district court's blanket sealing order, which this Court vacated on appeal. Next, Ms. Maxwell unsuccessfully challenged the district court's order unsealing specific documents, which this Court affirmed on appeal.

Now, two third parties – Does 107 and 171 – challenge the district court's order unsealing additional documents. As with Ms. Maxwell's earlier appeal, the arguments raised by Doe 107 and Doe 171 are without merit.

The district court proceeded exactly as instructed by this Court. It conducted an individualized review of the documents at issue, provided third parties with notice and an opportunity to be heard, made specific findings regarding whether a document is a judicial document and, after making those findings, weighed the presumption of openness that attaches to judicial records against any countervailing interests that might rebut the presumption. *Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019), Doe 171 App. at 115, 178-79, 213-14.

The district court correctly rejected Doe 107's and Doe 171's request to continue sealing judicial records because the Does offered only generalized and unsubstantiated claims of privacy that do not outweigh the public interest in disclosure. As they did below, Doe 107 and 171 again invoke generic notions of privacy that are decidedly incapable of overcoming the presumption of openness that attaches to judicial records.  The district court's ruling should be affirmed.

## STATEMENT OF THE CASE

### I.     INTERVENORS' COVERAGE OF JEFFREY EPSTEIN AND GHISLAINE MAXWELL, AND THEIR INTERVENTION BELOW.

As part of its years-long reporting that uncovered sexual abuse by Jeffrey Epstein and those close to him, the Miami Herald closely monitored the civil and criminal cases brought in connection with Epstein and Maxwell, including the defamation case underlying the instant appeal.

In April 2018, the Miami Herald sought to access sealed court filings in the underlying matter to shed light on the investigation, the scope of the crimes, and, most importantly, the remedies—or lack thereof—available to Epstein's victims. The continued unsealing of documents filed in the underlying matter, in a timely manner, is necessary for the press and the public to find answers to these questions.

When the Intervenors appealed the district court's initial order denying their motion to unseal, this Court vacated the district court's order because "the District Court failed to review the documents individually and produce 'specific, on-the-

record findings that sealing is necessary to preserve higher values.'" *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019). This Court unsealed the summary judgment filings and remanded the case to the district court with instructions to conduct a "particularized review and unseal all documents for which the presumption of public access outweighs any countervailing privacy interests." *Id.* at 51.

## II. THE DISTRICT COURT'S REVIEW PROTOCOL ON REMAND

After substantial input from the parties, the district court developed an unsealing protocol that included providing third parties with notice and an opportunity to object, and a plan for reviewing and unsealing documents on a rolling basis. Doe 171 App. at 108. Nearly 190 third parties were identified in the documents and assigned individual numbers.

The Court began with documents referencing Does 1 and 2. Doe 171 App. at 108. Does 1 and 2 were notified and given the opportunity to object, and neither objected to unsealing. Doe 171 App. at 119. The district court's first unsealing order included the release of the transcripts of Ms. Maxwell's and Doe 1's depositions, and court submissions that quoted those transcripts or disclosed information from them. Doe 171 App. at 111, 117.

Ms. Maxwell then filed an appeal to challenge the district court's decision to unseal those materials. Doe 171 App. at 111. This Court ruled against Ms. Maxwell

and affirmed the district court's order unsealing those materials. Doe 171 App. at 117.

Following this, the district court sent notices to more than 180 remaining Does – giving them the opportunity to be heard and raise any objections to the disclosure of their information. Of the approximately 180 remaining Does, 16 responded and objected (hereinafter, the "Third-Party Objectors"). The district court divided the Third-Party Objectors into two groups of eight. Doe 171 App. at 126-27. The parties and Intervenors filed briefs in response to the first set of eight Third-Party Objectors, and the district court ruled on their objections. Doe 171 App. at 128-29. None of the first eight Third-Party Objectors appealed the district court's rulings.

The Court then addressed the second set of eight Third-Party Objectors: Does 12, 28, 97, 107, 147, 171, and 183. Doe 171 App. at 131. Each of those eight Third-Party Objectors asserted various privacy interests, which they contended weighed against unsealing. Doe 171 App. at 214. The Third-Party Objectors had the opportunity to respond to the written positions of the parties, and some, but not all of them, availed themselves of that opportunity. Doe 171 App. at 214-15.

## III. THE DISTRICT COURT'S NOVEMBER 18, 2022 ORDER

As relevant to this appeal, on November 18, 2022, the district court ruled that documents referencing Doe 107 and Doe 171 should be unsealed. As to Doe 171, the district court ruled:

> With respect to docket entry 144-6, the motion to unseal is granted. Emmy Tayler argues that her name and identity should be sealed because she was a victim of serious abuse by Jeffrey Epstein. The Court is generally inclined to protect the identities of victims of sexual abuse, even in the face of a presumption of public access. However, on July 19, 2022, Doe 171 filed a federal lawsuit against Julie Brown, the reporter, and Harper Collins alleging that Ms. Brown's book, *Perversion of Justice*, contains allegedly defamatory statements about Doe 171 and her alleged association with Jeffrey Epstein. In her complaint Doe 171 republishes certain allegedly defamatory statements made in the book, and she states that "from 1997 to 2001, she was employed in London and then New York as an assistant to Ghislaine Maxwell." Numerous other public sources, including unsealed portions of Ms. Maxwell's criminal trial transcript, similarly refer to Doe 171. Accordingly, this document will be unsealed.

Doe 171 App. at 216-17.  The district court further ruled that every other document in which Doe 171 was mentioned should be unsealed, as well.

> As to <u>Doe 107</u>, the Court stated:

> With respect to Doe 107, the motion to unseal is granted. Doe 107 objects essentially on the grounds that unsealing would connect that Doe with this case and would unnecessarily invade Doe 107's privacy. But generalized concerns of adverse publicity do not outweigh the presumption of public access, and the information contained in these excerpts is not particularly salacious, as opposed to the some of the other information we have all seen. Accordingly, the Court concludes that the presumption of public access overcomes any generalized interest that Doe 107 might have.

Doe 171 App. at 223-24.  Doe 107 and Doe 171 now appeal the district court's order unsealing the documents referencing them.

## SUMMARY OF THE ARGUMENT

In considering whether to unseal the documents at issue, the district court reviewed each document and weighed the various interests of all parties and third parties. The district court did not abuse its discretion in finding that the documents at issue should be unsealed because Doe 171 and Doe 107 provided only conclusory arguments that are insufficient to override the presumption of public access to judicial documents. Doe 171 App. at 223-24, 257.

The district court correctly noted that a presumption of public access attaches to discovery motions and their attachments, and even if the presumption is lower for these documents than for dispositive motions, these documents are "nevertheless important to the public's interest in monitoring federal courts' exercise of their Article III powers." Doe 171 App. at 214. Therefore, countervailing interests must be "specific and substantial" to overcome the presumption of public access to discovery motions and their attachments. *Brown*, 929 F.3d at 50.

Despite Doe 171 and Doe 107's emphasis on general notions of privacy, they fail to identify with any specificity how those privacy interests are harmed by the release of the materials at issue. Because Doe 171 and Doe 107 failed to articulate specific and substantial countervailing interests sufficient to overcome the presumption of public access in the discovery motions and related papers, the district court correctly ruled that the materials should be unsealed.

## **LEGAL STANDARD**

This Court reviews a district court's decision to seal or unseal for an abuse of discretion. *Brown*, 929 F.3d at 47. "[T]he decision whether or not to grant access [to sealed documents] 'is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'" *United States v. Longueuil*, 567 F. App'x 13, 15 (2d Cir. 2014); *see also Delta Air Lines, Inc. v. Bombardier, Inc.,* 462 F. Supp. 3d 354, 357 (S.D.N.Y. 2020); *United States v. Cohen*, 366 F. Supp. 3d 612, 618 (S.D.N.Y. 2019). "The district court [is] 'in the best position to weigh [the] factors" supporting sealing or unsealing. *Id*. at 16.

This Court recognizes a long-established presumption of public access to "judicial documents," which are documents filed with the court that are "relevant to the performance of the judicial function and useful in the judicial process." *Brown*, 929 F.3d at 49. This presumption finds its "twin sources in the common-law right of public access and the qualified First Amendment right to attend judicial proceedings." *In re Omnicom Grp., Inc. Sec. Litig.*, No. 02 CIV. 4483 RCC/MHD, 2006 WL 3016311, at *1 (S.D.N.Y. Oct. 23, 2006). The party seeking closure bears the burden of demonstrating that sealing is justified under the related but distinct First Amendment and common law tests. *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017).

Once a document is determined to be a judicial document, the Court must consider "the weight to be given the presumption of access," which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Brown*, 929 F.3d at 49. "The common-law presumption [of access] is intended to promote accountability in the judicial process and to encourage public confidence in the administration of justice." *In re Omnicom Group, Inc. Securities Litigation*, 2006 WL 3016311, at *1.

Finally, the Court must determine whether any countervailing interests are so great as to override the presumption of public access. *Brown*, 929 F.3d at 47& n.13. Such countervailing interests may include an accused's right to a fair jury trial, the danger of impairing law enforcement or judicial efficiency, and privacy interests. *Id*. Even where countervailing interests overcome the presumption, sealing must be narrowly tailored. *Id*.

## **ARGUMENT**

## I. **THE DISTRICT COURT APPROPRIATELY WEIGHED THE PRESUMPTION OF PUBLIC ACCESS.**

The district court held that "[t]he motions at issue today are largely discovery motions and related papers which presumption of public access is somewhat less weighty than for a dispositive motion. It's nevertheless important to the public's interest in monitoring federal courts' exercise of their Article III powers." Doe 171

8

App. at 214.  This standard is directly in line with this Court's holding that discovery motions may have a "somewhat lower" presumption of public access than dispositive motions, but that the "court must still articulate specific and substantial reasons for sealing such material." *Brown*, 929 F.3d at 50.

Both Third-Party Objectors – Does 107 and 171 – mischaracterize the governing legal standard.  Doe 107 misconstrues the holding in *Brown*, asserting that the documents at issue should not be considered "judicial documents" at all or, at most, should be considered judicial documents afforded only a low presumption of access. Doe 107 Br. at 12-13. Doe 171 likewise argues that the district court erred in finding that all of the redacted materials were contained in "judicial documents" that were "important to the public's interest in monitoring federal courts' exercise of their Article III powers." Doe 171 Br. at 22-23.

These arguments are inconsistent with the law.  While documents that are only "passed between the parties in discovery" are not judicial documents, discovery motions, such as motions to compel, "call upon the court to exercise its Article III powers" and "[t]hus, all documents submitted in connection with, and relevant to, such judicial decision-making are subject to at least some [common law] presumption of public access." *Brown*, 929 F.3d at 50.

This Court has explained that, because "a court's authority to oversee discovery" is "ancillary to the court's core role in adjudicating a case[,]" the weight

of the "presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown*, 929 F.3d at 50. However, this Court has made it crystal clear that discovery motions are subject to a "lesser – *but still substantial* – presumption of public access," and a court "must still articulate specific and substantial reasons for sealing such material." *Id*. at 49-50, 53 (emphasis added).

The documents at issue here were submitted to the district court in connection with discovery motions that were decided by the district court and called upon the court to exercise its Article III powers. Doe 171 App. at 214. These documents were relevant to judicial decision-making and, as the district court correctly ruled, they are "important to the public's interest in monitoring federal courts' exercise of their Article III powers." *Id.* Thus, there is no denying that these motions were relevant to the performance of a judicial function and were useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2010).

The weight of the presumption of openness that the district court applied to the discovery motions and related filings at issue in this appeal was the correct weight. *See Brown*, 929 F.3d at 50.

## II.   DOE 171 AND DOE 107 FAIL TO ARTICULATE COUNTERVAILING INTERESTS TO OVERCOME UNSEALING.

The district court correctly concluded that Doe 171 and Doe 107 failed to identify any countervailing interests that would outweigh the presumption of access because they provided only conclusory and speculative assertions.  In making this finding, the district court did not abuse its discretion and its ruling should be affirmed.

In ruling on a motion to seal (or to unseal), the court must determine whether any countervailing interests are so great as to override the presumption of public access. *Brown*, 929 F.3d at 47& n.13.  These countervailing interests can include the privacy of individuals, law enforcement concerns, and judicial efficiency. *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

Both Doe 171 and Doe 107 fail to demonstrate countervailing interests sufficient to overcome the presumption of public access. Doe 171 fails to adequately explain how her privacy rights will be affected by the release of the discovery motions and related documents, especially in light of the fact that, as the district court noted, this information is already in the public domain.  Doe 107 fails to assert anything other than generalized concerns of adverse publicity, and such generalized concerns do not outweigh the presumption of public access. *Zabolotsky v. Experian*, No. 19-CV-11832-GHW, 2021 WL 106416, at *3 (S.D.N.Y. Jan. 12, 2021).

### A. Doe 171 Failed to Assert a Privacy Interest That Overcomes the Presumption of Public Access.

In ruling on Doe 171's objections, the district court directly addressed Doe 171's assertions regarding her privacy interests and appropriately determined that these interests did not overcome the presumption of public access. Doe 171's identity is already known. She is Emmy Tayler, and as set forth below, she has already been publicly associated with Jeffrey Epstein and Ghislaine Maxwell.

> i. *The District Court Correctly Concluded Doe 171 Is Responsible for Placing Much of the Information She Seeks to Keep Redacted in the Public Domain.*

The district court determined that Doe 171's own federal lawsuit publicized much of the information that she now seeks to keep sealed. In ruling to unseal documents referencing Doe 171, the district court noted "on July 19, 2022, [Doe 171] filed a federal lawsuit against Julie Brown, the reporter, and Harper Collins, alleging that Ms. Brown's book, *Perversion of Justice*, contains allegedly defamatory statements about [Doe 171] and her alleged association with Jeffrey Epstein." Doe 171 App. at 217. The district court noted that Doe 171's publicly-filed complaint "republishes certain allegedly defamatory statements" and states that "'from 1997 to 2001, she was employed in London and then in New York as an assistant to Ghislaine Maxwell.'" Doe 171 App. at 217. The Court also noted that several other public sources, including testimony from Ms. Maxwell's trial transcript, refer to Doe 171's identity. Doe 171 App. at 217.

Doe 171 continually tries to hide information that is contained in publicly-available court filings, which is anathema to the public right of access. Even in her brief, Doe 171 redacts portions of the district court's *public* ruling that was made in open court. *See* Doe 171 Br. at 13. The district court's ruling appears in its entirety, unredacted, in the record and appendices of this appeal, yet Doe 171 is still redacting portions of it. *See* Doe 171 App. at 212-28 (unredacted transcript of the court's ruling). Doe 171 also redacts public statements by the news media, without any basis for doing so. *See* Doe 171 Br. at 8 (redacting the contents of news reports, after describing them as "global news headlines").

Doe 171 complains that this Court did not provide her with an opportunity to respond before unsealing summary judgment filings nearly four years ago. Notice is not required, and even if it were, this is entirely irrelevant to whether the district court properly unsealed the entirely different set of judicial documents that are at issue in this appeal. *See* Doe 171 Br. at 8. While a third party need not be consulted before a court releases judicial documents that are improperly sealed, in the proceedings that have led to *this* appeal, Doe 171 *was* given an opportunity to respond and, in fact, *did* respond. Doe 171 App. at 214-17 (summarizing Doe 171's submission to the district court). Thus, her complaints about being surprised by the unsealing of her name four years ago have no bearing whatsoever on this appeal.

What is relevant is that Doe 171 has placed her identity, and the factual and legal issues at issue here, in the public domain. Where the factual and legal issues pertaining to the documents a party seeks to keep private "are already a part of the public domain… there is no discernible interest in concealing a portion of the evidence related to those issues." *Moroughan v. Cnty. of Suffolk*, No. 12CV0512JFBAKT, 2021 WL 280053, at *4 (E.D.N.Y. Jan. 24, 2021).

Even if a portion of the information contained in the documents had not yet been disclosed, Doe 171 cannot choose to share certain information in litigation she initiates, and simultaneously attempt to shield information from the public when she deems it unfavorable to her. Ms. Tayler cannot use the legal system as a sword in one instance and a shield in another. There is no basis for sealing this information. *See United States v. Cohen*, No. 18-CR-0602, 2019 WL 3226988, at *1 (S.D.N.Y. July 17, 2019) ("[T]he involvement of most of the relevant third-party actors is now public knowledge, undercutting the need for continued secrecy."); *see also United States v. Basciano*, Nos. 03-CR-0929. 05-CR-0060, 2010 WL 1685810, at *3-4 (E.D.N.Y. Apr. 23, 2010) (privacy interest in sealing documents was weakened by the fact that the public was already aware of the relevant information); *see also Moroughan*, 2021 WL 280053, at *4 ("[G]iven the critical nature of those issues in this litigation and their presence in other public documents, … the public

has a strong interest in access to *all the evidence* surrounding those issues in the Court's Opinion ….") (italics in original).

    *ii.*    *Doe 171's Assertion that the District Court Should Have Applied Foreign Privacy Law Is Contrary to the First Amendment.*

Finally, with respect to Doe 171's suggestion that the district court erred by failing to consider international comity, the comity that Doe 171 proposes would violate the First Amendment. Although Doe 171's brief is full of redactions, it appears that she seeks to invoke two laws from the United Kingdom: the Sexual Offences (Amendment) Act § 1 (1992) and the Sexual Offences (Amendment) Act § 5 (1992). It does not appear that Doe 171 raised this argument below.[1] Even if she had, the district court was correct not to apply foreign privacy laws to supersede decades of First Amendment precedent regarding the unsealing of judicial records in U.S. courts.

Once information is "publicly revealed" or "in the public domain," courts cannot constitutionally restrain its dissemination. *The Fla. Star v. B.J.F.*, 491 U.S. 524, 535 (1989). Doe 171's identity was openly discussed in the November 18, 2022

---

[1] As with prior filings, counsel for Intervenors have not seen the Does' objections submitted to the court under seal and have seen only the redacted versions of the underlying documents that are available on the public docket. Intervenors submit this response based on the known portions of the documents as well as the parties' public representations as to their contents. Therefore, Intervenors also join the arguments of Ms. Giuffre in favor of unsealing.

hearing transcript of a *public* hearing in this matter and her own lawsuits have publicly associated her with Mr. Epstein and Ms. Maxwell. This information has already been disseminated widely. It would violate Supreme Court precedent to place such information back under a shroud of secrecy, and how such information might be treated under foreign law – including being protected by a British-style prior restraint – is of absolutely no consequence. [2]

For these reasons, there is no basis to keep documents concerning allegations of Doe 171's involvement in sexual abuse private. Doe 171 fails to establish that the requisite standard necessary to succeed on the merits of this appeal. The district court did not abuse its discretion in finding that the presumption of public access outweighed Doe 171's privacy concerns regarding information she previously chose to make public.

### B. Doe 107 Has Failed to Assert Anything Other Than Generalized Concerns of Adverse Publicity.

Like Doe 171, Doe 107 fails to establish any abuse of process in the district

---

[2] In the similar context of defamation, U.S. law will not recognize foreign judgments restricting speech abroad, finding that enforcing those judgements would "circumvent First Amendment protections." *See* 28 U.S.C.A. § 4101, *et seq*.; H.R. REP. 111-154, 3, 2010 U.S.C.C.A.N. 812, 814 (noting that "British law permits at least some injunctions against speech that would be condemned as an unconstitutional prior restraint if issued in the United States.") For these same reasons, British laws favoring privacy over free speech have no place in a U.S. court's determination whether to unseal judicial documents in its own courts.

court's reasoning.

First, Doe 107 incorrectly asserts that the district court ordered the unsealing of Doe 107's name *and* address, when in fact, the district court only ordered the unsealing of Doe 107's name. In the district court's November 18, 2022 order, the court specifically stated, in referring to unsealing documents, "to the extent that this document contains personal information, such as addresses and that sort of thing, that personal information should be redacted." Doe 107 App. at 144. Thus, Doe 107's address was never ordered to be unsealed, and any arguments asserting that it was should be disregarded.

With respect to Doe 107's name, the district court found that Doe 107's "generalized concerns of adverse publicity do not outweigh the presumption of public access." Doe 107 App. at 146. The district court made specific, well-reasoned findings on the record, determining that documents containing information concerning Doe 107 were judicial records that should be unsealed. To overturn the district court's ruling, Doe 107 would need to show that the court abused its discretion in concluding that the documents concerning Doe 107 be unsealed. Doe 107 has failed to do so.

Now, for the first time, Doe 107 asserts that the materials should be sealed because any association with this matter would place her in danger in her culturally conservative home-country. Because Doe 107 did not make this argument below,

she cannot make it now, for the first time, on appeal. *See United States v. Stillwell*, 986 F.3d 196, 200 (2d Cir. 2021) ("It is… a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."). Regardless, this generalized assertion made for the first time in an appellate brief – which appears to be unaccompanied by any supporting evidence, and untied to any specific disclosure of information – is wholly insufficient to warrant sealing a document. Doe 107 has not provided any basis to reverse the district court's order.

## <u>CONCLUSION</u>

For the foregoing reasons, Intervenors respectfully request that the Court affirm the district court's order unsealing the judicial records relevant to Doe 171 and Doe 107.

Dated: April 19, 2023
   New York, New York

Respectfully submitted,

HOLLAND & KNIGHT, LLP

/s/ Christine N. Walz
Christine N. Walz
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
Fax: 212.385.9010

Scott D. Ponce
701 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: 305.374.8500
Fax: 305.789.7799

*Attorneys for Intervenors*

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because it contains 4, 250 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times Roman 14-point font.

Dated: April 19, 2023
    New York, New York

Respectfully submitted,

HOLLAND & KNIGHT, LLP

/s/ Christine N. Walz
Christine N. Walz
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
Fax: 212.385.9010

Scott D. Ponce
701 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: 305.374.8500
Fax: 305.789.7799

*Attorneys for Intervenors*