# 22-3042-cv(L), 22-3050-cv(to CON)

United States Court of Appeals
For the Second Circuit

VIRGINIA GIUFFRE,
*Plaintiff-Appellee,*

*v.*

SHARON CHURCHER, JEFFREY EPSTEIN,
*Respondents*,

*v.*

GHISLAINE MAXWELL,
*Defendant*,

*v.*

JOHN DOE 107, JOHN DOE 171,
*Objectors-Appellants*,

*v.*

JULIE BROWN, MIAMI HERALD MEDIA COMPANY,
*Intervenors-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**REDACTED REPLY BRIEF FOR OBJECTOR-APPELLANT DOE 107**

Richard W. Levitt
Levitt & Kaizer
40 Fulton Street 17th Floor
New York, New York 10038
(212) 480-4000
*Attorneys for Objector-Appellant John Doe 107*

# TABLE OF CONTENTS


A. The documents in question enjoy, at most, a low presumption in favor of public access .......... 1

B. The district court clearly erred when it found that Doe 107 presented only "generalized concerns of adverse publicity." .......... 2

C. Doe 107's unchallenged concerns outweigh the public's interest in learning her identity. .......... 3

Conclusion .......... 5

Certificate of Compliance .......... 6


# TABLE OF AUTHORITIES


**Cases** **Page(s)**

*Brown v. Maxwell,* 929 F.3d 41 (2d Cir. 2019) .......... 1, 2, 5

**REPLY BRIEF ON BEHALF OF APPELLANT DOE 107**

This brief is submitted on behalf of Objector-Appellant Doe 107 in reply to the briefs on appeal filed on behalf of Plaintiff-Appellee Virginia Giuffre and Interveners-Appellees Julia Brown and Miami Herald Media Company. *See* Doc. 128, Giuffre Brief; Doc. 130, Miami Herald Brief.[1] None of the Appellees directly address the principal arguments we make in support of our request that the documents identifying Doe 107 remain sealed or, if unsealed, omit her name.

**A. <u>The documents in question enjoy, at most, a low presumption in favor of public access.</u>**

In our initial brief, we demonstrate that the documents in question, catalogued at pp. 5-6, were attached to discovery motions – not to a dispositive motion such as motion for summary judgment – and that the portions of those documents identifying Doe 107 were of little or no relevance to those motions. *See* Doe 107's Initial Brief (Doc. 113) at 13-15. As this Court explained in *Brown v. Maxwell:*

> Thus, while evidence introduced at trial or in connection with summary judgment enjoys a strong presumption of public access, documents that "play only a negligible role in the performance of Article III duties" are accorded only a low presumption that "amounts to little more than a prediction of public access absent a countervailing reason."

*Brown v. Maxwell,* 929 F.3d 41, 49–50 (2d Cir. 2019) (footnotes omitted).

---

[1] Unless otherwise noted, references to "Doc." are to this case, 22-3042.

Appellees do not specifically address these arguments and Doe 107's analysis therefore remains unchallenged. At most, then, these documents enjoy only a low presumption in favor of public access, *i.e.*, a presumption that "amounts to little more than a prediction of public access absent a countervailing reason." *Id.*

**B. <u>The district court clearly erred when it found that Doe 107 presented only "generalized concerns of adverse publicity."</u>**

The district court rejected Doe 107's opposition to unsealing because it found that she had presented only "generalized concerns of adverse publicity" and that "the information contained in these excerpts is not particularly salacious…" A.146. This finding was clearly erroneous. In particular, in addition to observing the salacious – and, we assert, false – nature of certain of the documents in question, which allege, inter alia, Doe 107 [redacted] Doe 107 also asserted that disclosure of her identity could put her physical welfare in danger because she lives overseas in a culture in which honor killings present a "real risk":



Additionally, she said, she already has [redacted]:



She concluded:



A.155-56.

Certainly, Doe 107's proffer went far beyond the general, descending to particulars that plausibly supported her belief that her physical well-being would be at risk were her identity revealed. Neither the Appellees below, nor the district court challenged these very specific assertions, which therefore remain unrebutted.

### C. Doe 107's unchallenged concerns outweigh the public's interest in learning her identity.

Against the – at most – "low" presumption of public access afforded the documents in question, and the even lower presumption of public access afforded to Doe 107's identity, lies the weighty concerns Doe 107 proffered to the district court, excerpted above. Appellees spend most of the argument portion of their briefs claiming that Doe 107's co-appellant Doe 171 has failed to demonstrate that the

district court abused its discretion in ordering unsealing and offer only brief discussion of Doe 107's arguments. In fact, neither of Appellees' briefs so much as mentions Doe 107's specific concerns quoted above, a failure pregnant with the admission that those concerns are valid and weighty. Instead, they fall back on the district court's decision, which found that Doe 107's "generalized concerns of adverse publicity" did not outweigh the presumption of public access," a conclusion that – like Appellees' briefs – simply ignores the very specific concerns expressed by Doe 107. *See* Doc. 128, Giuffre Br. at 13 ("Doe 107's current argument is essentially that the District Court somehow did not adequately appreciate the countervailing interests Doe 107 presented."); Doc. 130, Miami Herald Br. at 11 ("Doe 107 fails to assert anything other than generalized concerns of adverse publicity, and such generalized concerns do not outweigh the presumption of public access.").[2]

Nor does either brief address Doe 107's suggestion that, if this Court were to find there exists a public right of access to the documents in question it should release those documents with Doe 107's identity redacted. *See* Doc. 113, Doe 107's Initial

[2] The Miami Herald asserts that "Now, for the first time, Doe 107 asserts that the materials should be sealed because any association with this matter would place her in danger in her culturally conservative home-country. Because Doe 107 did not make this argument below, she cannot make it now, for the first time, on appeal." Doc. 130, Miami Herald Br. at 17-18. Of course, this is not accurate, as the same arguments regarding the physical danger posed by Doe 107's culturally conservative home environment were made to the district court. *See* A.155-56.

Brief at 18 ("We say, let The Miami Herald publish their salacious so-called 'facts' if they wish, but they should not be permitted to put a face and a name to them.").[3]

For all these reasons, this Court should find that the district court's factual findings were clearly erroneous and that it abused its discretion when it ordered the subject documents to be unsealed.

**Conclusion**

For all the foregoing reasons, the Order of the district court should be reversed and the Court should either leave the subject documents sealed, or grant Doe 107's "narrowly tailored" (*Brown v. Maxwell*, 929 F.3d at 47) request that her name and address[4] be redacted from any documents that are unsealed.

Dated: May 2, 2023

Respectfully submitted,

Richard W. Levitt
Levitt & Kaizer
*Attorneys for Objector-Appellant*
*John Doe 107*

---

3 Not irrelevant is that Ms. Giuffre's strident, personal, and harmful accusations against Professor Alan Dershowitz ended with her public statement acknowledging, "I now recognize I may have made a mistake in identifying Mr. Dershowitz." https://www.nytimes.com/2022/11/08/nyregion/epstein-victim-giuffre-dershowitz.html

4 Intervenor-Appellee Miami Herald correctly observes (at p. 17 of its brief) that the district court has ordered that Doe 107's address be redacted from document 423-4. *See* Doe 107's Appendix at A.144.

**Certificate of Compliance**

I certify pursuant to FRAP 32 and Local Rule 32.1 (a)(4)(A) that that the foregoing reply brief was prepared on a computer using Microsoft Word. The proportionally spaced typeface, font size and spacing used was the following:

Name of Typeface: Times New Roman
Point Size: 14
Line Spacing: Double

The total number of words in the brief, based upon Microsoft word count, exclusive of the cover, table of contents, table of authorities, and signature is 1,241.

Dated: May 2, 2023

Z. Segal
Zachary Segal