MANDATE

22-3050
*Doe 171 v. Giuffre*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2ⁿᵈ day of August, two thousand twenty-three.

PRESENT: JOSÉ A. CABRANES,
              ROSEMARY S. POOLER,
              REENA RAGGI,
                     *Circuit Judges.*

---

DOE 171,

        *Objector-Appellant,*                           22-3050

        v.

VIRGINIA L. GIUFFRE,

        *Plaintiff-Appellee,*

        v.

JULIE BROWN and MIAMI HERALD MEDIA COMPANY,

        *Intervenors-Appellees.*\*

---

\* The Clerk of Court is directed to amend the caption as set forth above.

1

MANDATE ISSUED ON 08/23/2023

| | |
|---|---|
| **FOR OBJECTOR-APPELLANT:** | COURTNEY CAPRIO (Jeffrey W. Gutchess, *on the brief*), AXS Law Group PLLC, Miami, FL. |
| **FOR PLAINTIFF-APPELLEE:** | SIGRID S. MCCAWLEY, Boies Schiller Flexner LLP, Fort Lauderdale, FL. |
| **FOR INTERVENTORS-APPELLEES:** | CHRISTINE WALZ (Scott D. Ponce, *on the brief*), Holland & Knight LLP, Miami, FL & New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Objector-Appellant Doe 171 appeals from the November 18, 2022 order unsealing certain litigation materials that identify her. She argues that the District Court abused its discretion in unsealing those materials principally by giving undue weight to the effect of prior disclosures of Doe 171's identity, failing to "include a 'particularized' or 'individualized' review" of materials to balance the public's interest in monitoring federal courts' exercise of their powers against "countervailing private interests," and "failing to consider international comity." Doe 171 Br. at 20, 25, 30 (capitalization normalized). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"In reviewing a district court's order to seal or unseal, we examine the court's factual findings for clear error, its legal determinations de novo, and its ultimate decision to seal or unseal for abuse of discretion." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). "A district court abuses its discretion if it (1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *Klipsch Grp., Inc. v. ePRO E-Com. Ltd.*, 880 F.3d 620, 627 (2d Cir. 2018) (internal quotation marks and citation omitted).

The District Court did not abuse its discretion in ordering the unsealing of certain litigation materials that identify Doe 171. In "announc[ing] its rulings on the unsealing of documents associated" with Doe 171, the District Court stated that its "findings are a result of [its]

particularized review of each document it has considered." App'x 213, 216.[1] The District Court then went through each document individually and stated whether the document would be sealed or unsealed.[2] As to Doe 171, the District Court acknowledged that it "is generally inclined to protect the identities of victims of sexual abuse, even in the face of a presumption of public access." *Id.* at 217. The District Court nevertheless found unsealing of certain litigation materials identifying Doe 171 warranted because her identity was already public knowledge, as was much of the information in the litigation materials. *Id.* We find no abuse of discretion in that conclusion.

We likewise reject Doe 171's assertion that the District Court abused its discretion by "failing to consider international comity." Doe 171 Br. at 30 (capitalization normalized). Doe 171 forfeited her international comity argument by failing to raise it before the District Court. *See* Confidential App'x 167–74 (failing to mention "international comity" or any analogous phrase in submission to the District Court). Even if Doe 171 referred to her purported legal rights in her home country, "stating an issue without advancing an argument" is not enough to avoid forfeiture. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998); *see Mota v. Castillo*, 692 F.3d 108, 118 (2d Cir. 2012) (noting that "passing reference" to issue insufficient to avoid forfeiture). Although we may excuse Doe 171's forfeiture to avoid a "manifest injustice," *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008), no injustice is present here, given the nature and extent of already-public information regarding Doe 171.

In sum, the District Court did not abuse its discretion in unsealing certain litigation materials that identify Doe 171.

---

[1] Doe 171 submitted an *ex parte* letter to the District Court which contained her arguments against unsealing. *See* Confidential App'x at 167–74.

[2] The District Court explained that the relevant materials were "largely discovery motions and related papers [for] which [the] presumption of public access is somewhat less weighty than for a dispositive motion," but that access to the materials was "nevertheless important to the public's interest in monitoring federal courts' exercise of their Article III powers." App'x at 214. In assessing each document, the District Court kept this "presumption of public access in mind" and weighed it against "countervailing interests" advanced by Doe 171. *Id.*; *see Brown v. Maxwell*, 929 F.3d 41, 49–50 (2d Cir. 2019). Applying this balancing test, the District Court unsealed 28 of 30 judicial documents mentioning Doe 171.

## CONCLUSION

Having reviewed all of the arguments raised by Doe 171 on appeal and finding them to be without merit, we **AFFIRM** the November 18, 2022 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4